FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 22 PM 4: 12

1  Law Offices of Albert Maffei
   ABA No. 5311009
2  8328 Lake Otis Parkway
   Anchorage, Alaska 99507
3  (907) 277-2503
   Attorney for Defendants , Albert Maffei, Bonita Maffei,
4  Maffei Family Limited Partnership and Maffei, Inc.
   Profit Sharing Trust
5
                IN THE UNITED STATES DISTRICT COURT
6
                   FOR THE DISTRICT OF ALASKA
7
8  LUMBERMENS MUTUAL CASUALTY          )
   COMPANY,                            )
9                                      )
              Plaintiff,               )  Case No. A03-0262 CV (JWS)
10                                     )
   vs.                                 )
11                                     )
   ALBERT MAFFEI; BONITA MAFFEI;       )
12 MAFFEI FAMILY LIMITED PARTNER-      )
   SHIP; MAFFEI, INC. PROFIT SHARING   )
13 TRUST; and GEORGE E. GOERIG,        )
                                       )
14            Defendants.              )
                                       )
15 _____
16           MOTION TO DISMISS AS TO TWO DEFENDANTS

17           COME NOW the defendants, Bonita Maffei and Maffei, Inc. Profit

18 Sharing Trust, by and through their attorney, Albert Maffei, and hereby move the above

19 Honorable Court for an order dismissing the plaintiff's complaint as to said defendants on

20 the grounds that the complaint fails to state a cause of action against the said defendants.

21           This motion is supported  by the memorandum of counsel filed herewith,

22 and the Affidavits of Bonita  Maffei and Albert Maffei.

23

24                                     1

25 Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

55

1

2                 DATED at Anchorage, Alaska, this 22nd day of December,  2005.

3                       LAW OFFICE OF ALBERT MAFFEI

4                 By:

5                     Albert Maffei
                    Attorney For Defendants

6                     Albert Maffei, Bonita F. Maffei,
                    Maffei Family Limited Partnership, and

7                     Maffei, Inc. Profit Sharing Trust

8

9

10 Certificate of Service

11 I hereby certify that a true an correct copy
Of the foregoing was served
On December 22, 2005,  by hand delivery/mail to:

12 Frank Pifffner, Esq. and
Michael Geraghty, Esq.

13 By:
Albert Maffei

14

15 Alaska Bar No. 5311009

16

17

18

19

20

21

22

23

24                         2

25 Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1   Law Offices of Albert Maffei
    ABA No. 5311009
2   8328 Lake Otis Parkway
    Anchorage, Alaska 99507
3   (907) 277-2503

4                   IN THE UNITED STATES DISTRICT COURT

5                       FOR THE DISTRICT OF ALASKA

6   LUMBERMENS MUTUAL CASUALTY        )
    COMPANY,                          )
7                                     )
                                      )
8           Plaintiff,                )  Case No. A03-0262 CV (JWS)
                                      )
9   vs.                               )
                                      )
10  ALBERT MAFFEI; BONITA MAFFEI;     )
    MAFFEI FAMILY LIMITED PARTNER-    )
11  SHIP; MAFFEI, INC. PROFIT SHARING )
    TRUST; and GEORGE E. GOERIG,      )
12                                    )
            Defendants.               )
13  _____  )

14              MEMORANDUM IN SUPPORT OF
15                  MOTION TO DISMISS

16  **STATEMENT OF FACTS.**

17          The plaintiff, Lumbermens Mutual Casualty Company, filed a Complaint

18  against Albert Maffei, Bonita F. Maffei, Maffei Family Limited Partnership, Maffei, Inc.

19  Profit Sharing Trust and George E. Gorig, defendants, on November 10, 2003.

20          The gist of the action is that the defendants fraudulently conveyed real

21  property and other assets to the Maffei Family Limited Partnership and Maffei, Inc. Profit

22  Sharing Trust in violation of AS 34.40.010.  This action was stayed until the completion

23

24                                    1

25  Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1   of the action entitled "Remtech, Inc., Ex. Rel., plaintiff, v. Lumbermens Mutual Casualty

2   Company, et al, defendants, Case No. A01-309 CIV (JWS). That action culminated in a

3   jury verdict and judgment in favor of the plaintiff, Lumbermens Mutual Casualty

4   Company, and against defendants, Albert Maffei, individually, and Luciano Enterprises,

5   LLC, on February 16, 2005 for the final sum of $1,577,738.72.

6           The plaintiff, Lumbermens Casualty Company has filed a lis pendens and

7   the judgment in recording districts where the Maffei Family Limited Partnership held

8   assets.

9

10          The Complaint contained seven claims for relief.

11          The First Claim For Relief alleges that defendants violated AS 34.40.010

12  by allegedly transferring certain real property and other assets to the Maffei Family

13  Limited Partnership.

14          The Maffei Family Limited Partnership was created in November of 2001,

15  and a Certificate of Registration by the State of Alaska, Department of Commerce,

16  Community And Economic Development, Division Of Banking, Securities, and

17  Corporations was issued on November 26, 2001.

18          Bonita F. Maffei is a general partner, and Albert Maffei and Bonita F.

19  Maffei are limited partners. All of the conveyances including the initial conveyance and

20  any corrected conveyances were dated November 13, 2002 through March 26, 2002.

21

22

23

24                                      2

25  Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

The Second Claim For Relief alleges that the defendants participated in a fraudulent conveyance scheme to convey real property owned by Albert Maffei and Bonita F. Maffei to the Maffei Family Limited Partnership.

The Third Claim For Relief alleges that defendants aided and abetted each other to commit fraudulent conveyances and did in fact fraudulently convey real property.

The Fourth Claim For Relief alleges that George Goerig, attorney, committed malpractice and negligence in participating in the alleged fraudulent conveyances.

The Fifth Claim for relief alleges that defendants engaged in unfair trade practices in violation of AS 45.50.471(12). This claim has been voluntarily dismissed by plaintiff.

The Sixth Claim For Relief provides that defendants engaged in activities prohibited by 18 U.S.C. § 1072(a)-(d).

The Seventh Claim For Relief alleges that Lumbermens has been irreparably harmed by the actions of the defendants and that Lumbermens requests, in addition to its damages, injunctive relief.

Defendants filed an answer to the Complaint, which puts all of the allegations of the complaint aforementioned at issue.

3

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

**ARGUMENT.**

   This motion is made under Federal Rules Civil Procedure 12 (b)(6) and Rule 56. Rule 56 may be appropriate since defendants are producing affidavits and other materials in support of the motion for failure to state a claim. <u>Ford Motor Co. v. Summit Motor Prods., Inc.</u>, 930 F.2d 277 (3d Cir.) cert denied, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 342 (1991). Rule 12(b)(6) provides that failure to state a claim upon which relief can be granted is a defense that may be asserted by motion at the option of the pleader. Federal Rule 12(b) provides:

> . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

   If the Court, in its discretion, converts the motion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, then the Court must determine whether or not there is a genuine issue as to a material fact or facts requiring trial to which all of the foregoing arguments would apply. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2nd 202 (1986)

   The claims for relief concern conveyances to the Maffei Family Limited Partnership which were executed and dated in November, 2001.

4

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1  The plaintiff, Lumbermens, bases its claim on the alleged fact that

2  Lumbermens was an intended third-party beneficiary pursuant to paragraph 14 of the

3  General Indemnity Agreement, hereinafter referred to as "GIA", and that, by that

4  provision, the GIA inures to the benefit of Lumbermens.  Lumbermens further alleges

5  that security for the issuance of the payment and performance bonds was the personal

6  assets of Albert Maffei including, but not limited to, the property referenced in the

7  Complaint which should have been available to Lumbermens pursuant to the terms of the

8  GIA.

9  Except for the Sixth Claim For Relief under 18 U.S.C. §§ 1961-1968 and

10  the Fifth Claim For Relief (Unfair Trade Practices) AS 45.50.471, which was dismissed,

11  all other claims are based on AS 34.40.010 which provides, as follows:

12  

13  **Sec. 34.40.010.  Invalidity generally.**  Except as provided in AS
   34.40.110, a conveyance or assignment, in writing or otherwise, of an
14  estate or interest in land, or in goods, or things in action, or of the rents or
   profits issuing from them or a charge upon land, goods, or things in action,
15  of upon the rents or profits from them, made with the intent to hinder,
   delay, or defraud creditors or other persons of their lawful suits, damages,
16  forfeitures, debts, or demands, or a bond or other evidence of debt given,
   action commenced, decree or judgment suffered, with the like intent, as
17  against the persons so hindered, delayed, or defrauded is void.  (§ 22-4-1
   ACLA 1949; am § 7 ch 6 SLA 1997)
18  

19  In accordance with Rule 81(e) of the Federal Rules of Civil Procedure, the

20  Court must refer to the judicial decisions of the State of Alaska construing the above

21  statute.

22  

23  

24  5

25  Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

## A. THE COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT, BONITA F. MAFFEI

The plaintiff, in Paragraph 64 of its Complaint, alleges that Albert Maffei and Bonita Maffei executed conveyances of their jointly owned real property assets to the Maffei Family Limited Partnership and the Maffei, Inc. Profit Sharing Trust which meets the "badges of fraud" test to establish that the conveyances were fraudulent. Paragraph 69 provides that Bonita Maffei with the other defendants participated in a fraudulent conveyance scheme. In Paragraph 70 the plaintiff alleges a conspiracy to commit fraudulent conveyances by Bonita Maffei and the remainder of the defendants. Paragraph 75 of the plaintiff's Compliant alleges that Albert Maffei and Bonita Maffei, and the other defendants aided and abetted each other to commit fraudulent conveyances. Paragraph 77 states that Bonita Maffei and the other defendants aided and abetted each other to commit fraudulent conveyances. Paragraph 91 alleges that Bonita Maffei and the other defendants engaged in activities prohibited by 18 U.S.C. § 1962(a)-(d). Paragraph 95 alleges that Bonita Maffei and the other defendants used the United States post office to execute their fraudulent scheme of conveying assets to the Maffei Family Limited Partnership. Paragraph 96 alleges that Bonita Maffei and the other defendants engaged in a patter of racketeering activity.

All of these allegations have been denied and are at issue in this case.

6

1     In West Federal Civil Rules Handbook 2001, by Baicker-McKee Janssen

2  and Corr, under Rule 12(b)(6),  under the author's commentary on Rule 12(b)(6) at page

3  288, states as follows:

4

5

> A motion to dismiss for failure to state a claim is the distant descendant of the common law demurrer. It tests the legal sufficiency of a party's claim for relief. The Rule's purpose is to permit trial courts to terminate lawsuits 'that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity.' [1]

6

7

8     The first claim against defendant Bonita Maffei is the Second Claim for

9  Relief alleging conspiracy to commit a fraudulent conveyance.

10     Black's Law Dictionary, Fourth Edition, defines civil conspiracy as

11  follows:

12

> The term 'civil' is used to designate a conspiracy which will furnish ground for a civil action, as where, in carrying out the design of the conspirators, overt acts are done causing legal damage, the person injured has a right of action.

13

14

15     In order to determine whether or not Bonita Maffei conspired to commit a

16  fraudulent conveyance, one must review the allegations in light of the facts asserted.

17  Paragraphs 31, 32, 34, 35, 37, 38, 51, 52 of plaintiff's complaint allege that Bonita Maffei

18  conveyed certain real properties although she had no ownership in the property.  If Bonita

19  F. Maffei had no interest in the properties, then she could not possibly or legally conspire

20  or commit a fraudulent conveyance.

21

22  _____

23  [1] *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

24                                         7

25  Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1            All of the other allegations concerning conveyances by Bonita Maffei

2  clearly show that all that she transferred in the properties was her recorded interest. Since

3  Bonita Maffei was not a party to Case No. A01-309 CIV (JWS), she could not be

4  considered to be obligated to Lumbermens Mutual Casualty Company in any way and,

5  therefore, by conveying <u>her interest</u> in the properties which she legally owned, she

6  committed no fraudulent act. There is no allegation that Albert Maffei conveyed the

7  properties to Bonita Maffei and then she conveyed them to the partnership. Bonita

8
  Maffei conveyed only her interest, which is not subject to any judgment or execution by
9

10  Lumbermens Mutual Casualty Company.

11           The Third Claim For Relief alleges that Bonita Maffei aided and abetted a

12  fraudulent conveyance. The allegations are that Bonita Maffei and the other defendants

13  aided and abetted each other to commit fraudulent conveyances and in fact, did

14  fraudulently convey real property and other assets to the Maffei Family Limited

15  Partnership. The plaintiff further states that Bonita Maffei and the others were aware of

16  their role as a part of an overall scheme to defraud Lumbermens at the time that they

17  aided and abetted each to commit fraudulent conveyances and, in fact, did fraudulently

18  convey real property to the Maffei Family Limited Partnership.

19
            Again the same argument applies as to the allegation of conspiracy.
20
  Bonita F. Maffei can neither aid nor abet a fraudulent conveyance if she either had no
21

22  interest in the property or transferred her own personal interest in the property to the

23  partnership.

24                              **8**

1    A number of Alaska cases have interpreted the aforementioned statute.  In

2 First National Bank of Fairbanks v. Enzler, 537 P.2d 517, 521, 522 (Alaska 1975),  in

3 which case, the Court was determining whether or not the husband's transfer to his wife

4 of all of his assets while the First National Bank was a contingent creditor was a

5 fraudulent conveyance, the Court stated, as follows:

6
7    . . . The law in Alaska is that in cases such as this, the intent to defraud
     will not be presumed.  [2] Rather, it is a question of fact usually to be proved
     by circumstantial evidence.  Appellants refer the court to *Evans v. Trude,*
8    [193 Or, 648, 240 P.2d 940 (1952).  See also *Matheson v. Patenaude,* 8
     Alaska 238, 241 (D.Alaska 1930)] as a case in which many of the
9    circumstantial facts which may be combined to prove the ultimate fact of
     intent to defraud are enumerated.
10

11   The badges of fraud here are as clearly apparent as they are
     multitudinous.  The compelling ones in terms of long-recognized indicia
12   of fraud are: (1) The consideration . . . is inadequate . . . (2) The transfer of
     the property was in anticipation of a pending suit . . . ..  (3) The transferor-
13   debtor was insolvent . . . ..  (4) There was a failure to record the instrument
     within a reasonable length of time . . . ..  (5) The conveyance was a transfer
14   of all or substantially all the debtor's property . . . ..  (6) The retention of
     possession of the premises by the grantor from the date of the execution of
15   the deed . . . stands unexplained . . . ..  (7)  The transfer so completely
     depleted the assets of . . . [the debtor] that his creditor . . . has thereby
16   been hindered and delayed in recovering any part of his judgment . . . (8)
     The relationship of the parties becomes an additional badge of fraud when
17   there also appear other circumstances which of themselves incite distrust
     and suspicion . . ..
18

19   While such facts as these are to be considered in determining whether a
     transfer will be found fraudulent, we have indicated that the weight to be
20   accorded these facts will vary depending on the case.

21      The Enzler case quotes Blumenstein, supra, as follows:

22   _____

23 [2] Blumenstein v. Phillips Ins. Center, Inc., 490 P.2d 1213, 1218 (Alaska, 1971)

24                                       9

25 Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1
2
3
      Badges of fraud must be viewed within the context of each particular case, and where their presence is satisfactory accounted for, or where their existence is not inconsistent with a construction of the transaction as a valid one, they deserve to be accorded little weight.

4      These badges of fraud would be impossible to assess against defendant,

5  Bonita Maffei since Bonita Maffei has never been a creditor of Lumbermens and this

6  Court cannot set aside any conveyances of her separate property.

7      <u>Summers v. Hagen</u>, 852 P.2d 1165, 1169 (Alaska 1993) followed the

8  minority rule regarding a person's participation in a fraudulent conveyance scheme

9  allowing one who has been legally harmed to recover damages from the party causing the

10  harm where the existing equitable remedy of voiding the transfer is inadequate. In the

11  instant case, the Complaint alleges that Lumbermens relied on the financial statement of

12  Albert Maffei in issuing the bond. That financial statement does not contain any of the

13  properties that Bonita Maffei transferred to the partnership and therefore her transfers

14  could hardly be determined to be a scheme or a participation in a fraudulent conveyance.

15

16      The <u>Summers</u> case further stated at page 1169, as follows:

17
18
      We hold that to prove liability for participation in a fraudulent conveyance scheme, a plaintiff must establish:

19
20
21
      (1) an unlawful agreement;
(2) The specific intent of each participant in the scheme to hinder, delay and defraud a creditor of one who participated in the scheme;
(3) Acts committed pursuant to the unlawful agreement;
(4) Damages caused by the acts committed pursuant to the unlawful agreement.

22

23

24                      10

25  Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1        See[3] *McElhanon*, 728 P.2d at 266.

2

                The party against whom damages are claimed must be guilty of
3        actual fraud, as opposed to constructive fraud. That is, [the party
against whom damages re claimed] must know that the transfer
4        will leave the debtor insolvent, that the transfer is for less than fair
value, and that the purpose of the transfer is to hinder, delay, or
5        defraud the . . . creditor-plaintiff.

6        *McElhanon*, 728 P.2d at 273.

7        The McElhanon case is an Arizona case decided in 1985.

8        In Enzler, the Court found that the badges of fraud are either not present or

9 there exists an adequate explanation of their presence.

10        In the case before the Court, the Court must find:

11        (1) The consideration is inadequate. Bonita Maffei transferred her interest

12 in property in exchange for an interest in a family partnership of equal value.

13        (2) The transfer of the property was in anticipation of a pending suit.

14 There was no actual or pending suit against Bonita Maffei.

15

16        (3) The transferor or debtor was insolvent. This cannot be proven since

17 the interest that Bonita Maffei received in the partnership equaled the value of the

18 properties she placed in the partnership.

19        (4) There was a failure to record the instrument within a reasonable length

20 of time. This is not disputed.

21

22 _____

23 [3] *McElhanon v. Hing,* 151 Ariz. 386, 728 P.2d 256 (App.1985)]

24                     11

25 Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1    (5)  The conveyance was a transfer of all or substantially all of the debtor's

2    property.  Bonita Maffei was not a debtor and, in any case, it was not a transfer of

3    property since the exchange was of equal value.

4    (6)  Retention of possession of the premises by the grantor from the date

5    of execution of the deed is explained since Bonita Maffei became a general partner of the

6    family partnership.

7    (7)  That the transfers have completely depleted the assets of Bonita

8
9    Maffei so that her alleged creditor, the plaintiff, has thereby been hindered and delayed in

10   recovering any part of the judgment.  The judgment is not against Bonita Maffei and

11   Lumbermens is not a creditor of Bonita Maffei.

12   (8)  The relationship of the parties.  While it is admitted that Bonita Maffei

13   is the wife of the judgment debtor, Albert Maffei, Bonita Maffei transferred her

14   properties to the Maffei Family Limited Partnership in order to facilitate their estate

15   planning.

16   The Sixth Claim For Relief is under the federal statute of racketeering.  §

17   1961 defines racketeering activities that includes certain items such as any act or threat

18   involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in

19   obscene matter, or dealing in a controlled substance or listed chemical which is

20   chargeable under state law and punishable by imprisonment for more than one year.  It

21   also relates to bribery, sports bribery, embezzlement from pension and welfare funds,

22   extortionate credit transactions, fraud and related activity in connection with

23

24                                          12

1    identification documents, fraud and related activity in connection with access devices,

2    transmission of gambling information, mail fraud, and so forth.  As can be seen from the

3    foregoing, the racketeering activities are mainly criminal.

4             Racketeering has to be considered an ongoing enterprise that is separate

5    from the pattern of racketeering activity in which it engages. <u>Standard Chlorine of</u>

6    <u>Delaware, Inc. v. Sinibaldi</u>, D.Del. 1992, 821 F.Supp.232;  <u>The Limited, Inc. v. McCrory</u>

7    <u>Corp.</u>, S.D.N.Y. 1988, 683 F.Supp. 387; <u>Medallion TV Enterprises, Inc. v. SelecTV of</u>

8    <u>California, Inc.</u>, C/D/Ca;/ 1097. 627 F.Supp. 1290.

9

10            Under the allegations of the Complaint, it would be impossible to describe

11   the Maffei Family Limited Partnership as an ongoing organization engaged in

12   racketeering activity.  The only possible connection would be relating to mail fraud.

13   Executing a deed where the person had no interest or where the person transferred her

14   own interest to a partnership and then mailed the deed by United States mail to the

15   recording office can hardly be held to be considered racketeering.

16            Paul D. Stockler, former attorney for the defendants in this case, submitted

17   a brief in support of a motion to dismiss, which brief is dated the 18th day of December,

18   2003.  Pages 13 through 19 of that brief are attached as an addendum to this

19   memorandum as Exhibit A, and are included in this memorandum by reference thereto.

20            **B. <u>MAFFEI, INC. PROFIT SHARING TRUST</u>**

21            The only involvement by the Trust is under Paragraph 54 of the Complaint

22   where the plaintiff alleges that Albert Maffei conveyed his interest in certain real

23

24                                    13

25   Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1  property to the Maffei, Inc. Profit Sharing Trust by warranty deed dated November 23,

2  2001.

3      What plaintiff fails to show is that on that same date, November 21, 2001,

4  the Profit Sharing Trust conveyed by warranty deed to the Maffei Family Limited

5  Partnership an interest in another property which was, in fact, in exchange for equal value

6  of properties between the profit sharing trust and the partnership.  Attached as Exhibit B

7  are copies of the deeds showing the transactions.  Therefore, the Maffei, Inc. Profit

8  Sharing Trust should not be a party to this action under any of the circumstances set forth

9

10  in the Complaint.

11      Respectfully submitted at Anchorage, Alaska, this 22nd day of

12  December, 2005.

13      LAW OFFICE OF ALBERT MAFFEI

14      By: _____
        Albert Maffei

15      Attorney For Defendants
    Albert Maffei, Bonita F. Maffei,

16      Maffei Family Limited Partnership, and
    Maffei, Inc. Profit Sharing Trust

17

18  CERTIFICATE OF SERVICE
I hereby certify that a true and correct

19  Of the foregoing was served by hand delivery/mail
On Frank Pfiffner, Esq.
And Michael Geraghty, Esq.

20  This 22nd day of December, 2005

21  _____
By:  Albert Maffei

22

23  Alaska Bar No. 5311009

24               14

25  Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1  Law Offices of Albert Maffei
   ABA No. 5311009
2  8328 Lake Otis Parkway
   Anchorage, Alaska 99507
3  (907) 277-2503
   Attorney for Defendants , Albert Maffei, Bonita Maffei,
4  Maffei Family Limited Partnership and Maffei, Inc.
   Profit Sharing Trust
5
   LUMBERMENS MUTUAL CASUALTY   )
6  COMPANY,                     )
                                )
7        Plaintiff,             )  Case No. A03-0262 CV (JWS)
                                )
8  vs.                          )  AFFIDAVIT OF ALBERT MAFFEI
                                )
9                               )
   ALBERT MAFFEI; BONITA MAFFEI; )
10 MAFFEI FAMILY LIMITED PARTNER- )
   SHIP; MAFFEI, INC. PROFIT SHARING )
11 TRUST; and GEORGE E. GOERIG, )
                                )
12                              )
        Defendants.            )
13 _____)

14 STATE OF ALASKA            )
                             ) ss.
15 THIRD JUDICIAL DISTRICT    )

16

17        Albert Maffei, being first duly sworn upon oath, deposes and says:

18        That I am one of the defendants in the above-entitled action.

19        That Maffei, Inc. Profit Sharing Trust is a defendant in above-entitled

20 action.

21        Albert Maffei has no interest in the profit sharing trust since he has

22 received all distributions out of the trust that Albert Maffei was entitled to.  This was all

23 distributed in 1985, long before this action was ever even thought of.

24        Albert Maffei was the trustee of the profit sharing trust and, as such,

25 signed and executed documents which traded certain real estate from Albert Maffei's

                                    1

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1   name to the profit sharing trust, and likewise, the profit sharing trust transferred a

2   property of which was considered to be equal value.  The profit sharing trust was the

3   owner of a 25% interest in a property (hereinafter referred to as the Kashwitna property)

4   containing approximately 168 acres and described as Government Lot One (1), Section

5   18, Township 21 North, Range 4 West, Seward Meridian, and Government Lots Two (2)

6   and Three (3), Section 12, and Government Lot One (1), Section 13, in Township 21

7   North , Range 5 West, Seward Meridian, Palmer Recording District, Third Judicial

8   District, State of Alaska.

9               Albert Maffei had an undivided one-half interest in property described as:

10              The South one-half of the North one-half of the Northwest one-quarter of

11  the Southwest one-quarter (S1/2 N 1/2 NW 1/4 SW 1/4) and the North one-half of the

12  South one-half of the Northwest one-quarter of the Southwest one-quarter (N 1/2 S 1/2

13  NW 1/4 SW 1/4).  That property is owned in partnership with Melvin H. Benton and

14  Marianne D. Benton (hereinafter referred to as the Benton property).

15              The property owned by the profit sharing trust was a 25% interest in the

16  Kashwitna property which was owned by six separate partners.

17              As trustee of the profit sharing trust, Albert Maffei believed that a transfer

18  to the profit sharing trust of the Benton property in exchange for the trust's interest in the

19  Kashwitna property would be beneficial to both parties. The transfer was based on the

20  fact that both properties were of equal value.

21              This affidavit is made in support of the motion to dismiss the profit

22  sharing trust from the action since the profit sharing trust has absolutely no interest in the

23  litigation.

24              Neither of the two properties mentioned above are included in the

25  financial statement which plaintiff alleges that FIA relied upon as shown in paragraph 19

2

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1   of the Complaint which alleges that Albert Maffei provided FIA with a financial

2   .statement whereby Albert Maffei warranted to FIA that he had and would have a net

3   worth of $1,617.33.

4           Therefore the action should be dismissed as to the Maffei, Inc. Profit

5   Sharing Trust.

6           DATED at Anchorage, Alaska this 22nd day of December, 2005.

7

8           Albert Maffei

9        SUBSCRIBED AND SWORN to before me this 22nd day of December,

10  2005.

11

12           Notary Public in and for Alaska

13           My commission expires 7-7-08

14  CERTIFICATE OF SERVICE

15  I hereby certify that a true and correct copy
of the foregoing was served by hand delivery/mail on
Frank Pfiffner and

16  Michael Geraghty, Esq.
This 22nd day of December, 2005

17  By
     Albert Maffei

18

19

20

21

22

23

24

25

           3

Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
(907) 277-2503
Attorney for Defendants , Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership and Maffei, Inc.
Profit Sharing Trust

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. A03-0262 CV (JWS) ) |
| vs. | ) AFFIDAVIT OF BONITA F. MAFFEI ) |
| ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNER-SHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG, | ) ) ) ) ) |
| Defendants. | ) ) ) |

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT   )

Bonita F. Maffei, being first duly sworn upon oath, deposes and says:

That I am one of the defendants in the above-entitled action.

That I am the wife of Albert Maffei, one of the other defendants.

That I make this affidavit on my own personal knowledge and belief.

That I was not in title, nor had any legal ownership in the properties described as follows:

Lots Two (2), Three (3) and Four (4), Block Four (4), Spruce Heights Subdivision according to the official plat thereof, filed under Plat No. P-216A, Records of the Anchorage Recording District, Third Judicial District, State of Alaska;

1

Lumbermens v. Maffei, A03-0262 CV (JWS)

1    Unit 2 of Northeast 8th and N Building;

2    Apartment No. 125 of that certain condominium project known as Lahaina

3    Shores;

4    Government Lot One (1), Section 18, Township 21 North, Range 4 West,

5    Seward Meridian; Government Lots Two (2) and Three (3), Section 12, Township 21

6    North, Range 5 West, Seward Meridian; and Government Lot One (1), Section 13,

7    Township 21 North, Range 5 West, Seward Meridian, Palmer Recording District, Third

8    Judicial District, State of Alaska.

9    I was the owner and in title on the following properties:

10    Unit 3 of Northeast 8th and N Building;

11    Property located at 8328 Lake Otis Parkway.

12    Unit 3 of Northeast 8th and N Building was our family home, and that

13    property was sold, and the proceeds thereof were used to purchase the property at 8328

14    Lake Otis Parkway, which is now our home.

15    I am the sole owner of Lot 4, Fathree Subdivision.  This property was

16    purchased with my own separate funds.  I manage and control the property.  Albert

17    Maffei's name is on title for the reason that the lending institution required it; however,

18    Albert Maffei has no ownership interest in the property.

19    I am familiar with the financial statement which is referred to by the

20    plaintiff in paragraph 19 of the Complaint. Lot 4, Fathree Subdivison, which I claim to

21    be my separate property, was not included in that financial statement.

22    For many years I have requested my husband, Albert Maffei, to

23    accomplish our estate planning since we both have been previously married, both with

24    children that are not children of this marriage.

25

2

Lumbermens v. Maffei, A03-0262 CV (JWS)

1      My interest and intent in entering into the partnership was to promote our

2  estates and my share of the partnership is based upon my separate contributions to the

3  partnership.

4      DATED at Anchorage, Alaska this 22nd day of December, 2005.

5

6                                                              Bonita F. Maffei

7

8      SUBSCRIBED AND SWORN to before me this 22nd day of December,

9  2005.

10

11                                                              Notary Public in and for Alaska

12                                                              My commission expires 5-15-09

13  CERTIFICATE OF SERVICE

14  I hereby certify that a true and correct copy
    of the foregoing was served
    by hand delivery/mail to:
    Frank Pfiffner and
    Michael Geraghty, Esq.
    This 22nd day of December, 2005

15

16  By
    Albert Maffei

17

18

19

20

21

22

23

24

25

3

Lumbermens v. Maffei, A03-0262 CV (JWS)