FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 22  PM 4: 10

Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
(907) 277-2503
Attorney for Defendants, Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei, Inc. Profit
Sharing Trust

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. A03-0262 CV (JWS) ) |
| vs. | ) ) MOTION TO COMPEL PLAINTIFF |
| ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNER-SHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG, | ) TO MAKE DISCLOSURES, AND FOR ) SANCTIONS [RULE 37(a)2(B)] ) RULE 37(a)4, RULE 37.1 (LOCAL ) RULES)] ) |
| Defendants. | ) ) |

COMES NOW defendant Albert Maffei, and hereby moves the above Honorable Court an order compelling the plaintiff, Lumbermens Mutual Casualty Company (Lumbermens) to make discovery as required under Rule 33 FRCP.

Defendant Albert Maffei is also requesting the Court levy expenses and sanctions against the plaintiff Lumbermens as provided in provided in Rule 37(a)4, and Local Rule 37.1.

This motion is supported by the memorandum of defendant and affidavit of Albert Maffei.

1

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

56

DATED at Anchorage, Alaska this 21st day of December, 2005.

LAW OFFICE OF ALBERT MAFFEI

By: _____
Albert Maffei
Attorney for Defendants
ABA No. 5311009

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by (hand delivery)/~~mail to~~:
Frank Pfiffner and
Michael Geraghty, Esq.
This 22 day of December, 2005

By _____
Albert Maffei

2

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 22 PM 4: 10

1  Law Offices of Albert Maffei
   ABA No. 5311009
2  8328 Lake Otis Parkway
   Anchorage, Alaska 99507
3  (907) 277-2503
   Attorney for Defendants, Albert Maffei, Bonita Maffei,
4  Maffei Family Limited Partnership, Maffei ,Inc. Profit
   Sharing Trust
5

6  LUMBERMENS MUTUAL CASUALTY  )
   COMPANY,                    )
7                              )
           Plaintiff,           ) Case No. A03-0262 CV (JWS)
8                              )
9  vs.                         ) GOOD FAITH CERTIFICATE
                                )
10 ALBERT MAFFEI; BONITA MAFFEI; )
   MAFFEI FAMILY LIMITED PARTNER- )
11 SHIP; MAFFEI, INC. PROFIT SHARING )
   TRUST; and GEORGE E. GOERIG, )
12                              )
                                )
13         Defendants.           )
                                )

14

15         The undersigned counsel certifies that a conference with opposing counsel
16 would not resolve the issues in question and that it is necessary to file the motion to
17
18 compel discovery.

19         The undersigned believes that the motion will be opposed by
20 Lumbermens.

21         The parties agree that opposition to the motion and any reply are to be
22
23 served and filed as provided in D. AK. LR 7.1.

24
25

1

Lumbermens v. Maffei, Case N. A03-0262 CV (JWS)

1  DATED this 21st day of December, 2005.

2  LAW OFFICE OF ALBERT MAFFEI

3

4  By: _____
   Albert Maffei

5  Attorney for Defendants
   ABA No. 5311009

6  CERTIFICATE OF SERVICE

7  I hereby certify that a true and correct copy
   of the foregoing was served by hand delivery/mail to:
   Frank Pfiffner and
8  Michael Geraghty, Esc.
   This 22st day of December 2005
9  By _____
   Albert Maffei
10

11

12

...

25

2

Lumbermens v. Maffei, Case N. A03-0262 CV (JWS)

|   |   |   |
|---|---|---|
| 1 | Law Offices of Albert Maffei<br>ABA No. 5311009 | |
| 2 | 8328 Lake Otis Parkway<br>Anchorage, Alaska 99507 | |
| 3 | (907) 277-2503<br>Attorney for Defendants, Albert Maffei, Bonita Maffei, | |
| 4 | Maffei Family Limited Partnership, Maffei ,Inc. Profit<br>Sharing Trust | |
| 5 | | |

| | | |
|---|---|---|
| 6 | LUMBERMENS MUTUAL CASUALTY COMPANY, | ) )  |
| 7 |  | ) |
| 8 | Plaintiff, | ) Case No. A03-0262 CV (JWS)<br>) |
| 9 | vs. | )MEMORANDUM IN SUPPORT OF<br>)MOTION TO COMPEL PLAINTIFF |
| 10 | ALBERT MAFFEI; BONITA MAFFEI;<br>MAFFEI FAMILY LIMITED PARTNER- | )TO MAKE DISCLOSURES, AND FOR<br>)SANCTIONS [RULE 37(a)2(B)] |
| 11 | SHIP; MAFFEI, INC. PROFIT SHARING<br>TRUST; and GEORGE E. GOERIG, | )RULE 37(a)4, RULE 37.1 (LOCAL<br>)RULES)] |
| 12 |  | ) |
| 13 | Defendants. | )<br>) |
| 14 | | |

15  1. Defendant Albert Maffei served on Lumbermens a document entitled

16 "First Discovery To Plaintiff Lumbermens Mutual Casualty Company". A copy of the

17 document is attached hereto marked Exhibit A and made a part of this memorandum.

18  2. Lumbermens served their Objections To Defendant Albert Maffei's

19

20 First Discovery To Plaintiff Lumbermens Mutual Casualty Company by document served

21 by mail on the 26th day of September, 2005. A copy is attached, marked Exhibit B and

22 made a part hereof.

23  The Interrogatories and Request For Production center around the actions

24

25 of Darren W. Thomas and Bruce Dickstein. Both at the time in question were employees

1

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

of Lumbermens. The questions are referring to a three-page document which was presented to Maffei, and in the initial disclosures of Lumbermens as a true and authentic document.

The objection states that "[a]ll issues relative to the agreement of indemnity signed by Albert Maffei (authenticity, completeness or otherwise) have been determined adversely to defendant Maffei in Case No. A01-309 Civ (JWS) and defendant Maffei is issue precluded and collaterally estopped from litigating (through discovery or otherwise) the matters raised in this discovery request. The requested discovery is not relevant to any disputed issue in this case and cannot reasonably lead to the discovery of relevant evidence."

These objections are repeated to each Request For Production and to each Interrogatory.

The objections are not well taken. First, Darren Thomas has never been deposed, and has not appeared at the trial of the case cited by Lumbermens.

Secondly, Lumbermens has failed to produce the letter from Darren Thomas dated October 23, 2001, either in their initial disclosures or in their supplemental disclosures.

Third, the gist of Lumbermens' complaint is that Albert Maffei made fraudulent conveyances with the intent to hinder, delay and defraud Lumbermens, Albert Maffei's principal creditor, and was in violation of AS 34.40.010. Lumbermens


...

complaint further states that Albert Maffei intentionally and outrageously defrauded Lumbermens.

The complaint is brought under the fraudulent transfer statute of Alaska, AS 34.40.010 which provides as follows:

> **Invalidity generally.** Except as provided in AS 34.40.110, a conveyance or assignment, in writing or otherwise, of an estate or interest in land, or in goods, or things in action, or of rents or profits issuing from them or a charge upon land, goods, or things in action, or upon the rents or profits from them, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, or a bond or other evidence of debt given, action commenced, decree or judgment suffered, with the like intent, as against the persons so hindered, delayed, or defrauded is void. ( §22-4 ACLA 1949: am § 7 ch 6 SLA 1997) (emphasis added)

Since the statute and the allegations in the complaint rely on intent, then to explore that issue, the defendant must discover all matters that have reference to intent.

The Alaska Supreme Court has issued opinions regarding the intent required by the above statute. First National Bank of Fairbanks v. Enzler, 537 P.2d 517, is a case involving the transfer of property by a husband to his wife when the husband had as a contingent creditor the First National Bank of Fairbanks. The Court took into consideration the badges of fraud as set out in the Oregon case of Evans v. Trude, 240 P.2d 940 (1952), setting out circumstantial facts which may combined to prove the ultimate fact of intent to defraud creditors, it enumerated eight badges of fraud. The Court discussed each item and, at page 524, stated, as follows:

> . . . In the context of proving an intent to defraud creditors, there must be a distinction made between the transfer of property by a contingent debtor

3

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

who, while aware of the possibility of owing a debt at some future time, reasonably concludes that the possibility will not arise, and the debtor who believes a suit is in the offing and who, in anticipation thereof, conveys property. The bona fide nature of the transfer in the former case is significantly less subject to suspicion than in the latter.

The Court, at page 525, stated, as follows:

On the whole, while there are facts in the instant case which tend to cast suspicion on the bona fide nature of the transfer, they are not such as to allow us to say that the trial court's finding was clearly erroneous. We thus affirm the lower court's decision that the transfer by Mr. Enzler of all his assets to his wife was not done with the intent to defraud the Bank and, therefore, is not void under AS 34.40.010. [1]

Lumbermens' objections further state that defendant Maffei is issue precluded and collaterally estopped from litigating (through discovery or otherwise) the matters raised in this discovery request. That is purely nonsense. The issues in the other case were the authenticity of the final agreement of indemnity that was produced long after Maffei was alleged to have made fraudulent conveyances. In order to understand defendant Maffei's intent, the triers of fact must attempt to place themselves in the same situation that Maffei was in in October and November of 2001.

In order to do that, it is necessary to have in this particular case all of the evidence that may shed light on this particular issue.

Lumbermens further states that request for discovery is not relevant to any disputed issue in this case and cannot reasonably lead to the discovery of relevant evidence. Again this is nonsense.

As stated, Darren Thomas was never deposed and the answers to these Interrogatories and Requests For Production are necessary in order to determine whether

4

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

or not the defendants should go to the great expense of taking the deposition of Darren W. Thomas. The letter from Darren Thomas and his answers to the interrogatories leads to direct evidence on the question of intent.

The Affidavit of Bruce Dickstein and the surrounding circumstances of how and when Mr. Dickstein received the indemnity agreement is also relevant to the issues of the defendants. Mr. Dickstein's responses are particularly relevant to establish the date that the various copies of the indemnity agreement were received by him, and to establish the date, and how that may or may not relate to the dates of the Darren Thomas letter in October 23, 2001.

Mr. Dickstein testified in the case cited by Lumbermens to the fact that he reviewed all incoming mail and outgoing mail of his department.

According to Rule 26(b)(1) of the Federal Rules, the parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

Said Rule further provides that relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead the to the discovery of admissible evidence. The questions submitted and the production requested are simple and to the point, and the matters required for production are all available to Lumbermens.

Rule 37.1(b) of the Local Rules sets out the standard for imposition of sanctions. Lumbermens has willfully refused to give the information requested. There is

5

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)

1. no objection that it is burdensome, or that the evidence is not in their possession, or cannot be obtained. Lumbermens merely states that the matters addressed are not relevant to the issues in this case. Obviously they are not relevant to Lumbermens; however, they are relevant to Maffei since these matters establish the frame of mind that Maffei was in at the time the conveyances were made and also whether he considered Lumbermens to be a creditor as required by the statute.

The purpose of the objections and refusal to answer are made for the purpose of harassment and delay, and expense to defendants, and an attempt by Lumbermens to discourage defendant Albert Maffei from pursuing his right to legitimate discovery

Defendant therefore requests that the Court enter an order requiring Lumbermens to provide answers to the Interrogatories and provide the documents requested for production, and that the Court also consider whether sanctions should be imposed, whether or not attorney's fees should be granted.

Respectfully submitted this 21st day of December, 2005.

LAW OFFICE OF ALBERT MAFFEI

By: _____
Albert Maffei
Attorney for Defendants
ABA No. 5311009

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by hand delivery/mail
Frank Pfiffner and
Michael Geraghty, Esq.
This 22nd day of December, 2005
By _____

6

Lumbermens v. Maffei, Case No. A03-0262 CV (JWS)