FRANK A. PFIFFNER
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-263-8241
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty
Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>                Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>                Defendants. | 3:03-cv-00262-JWS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL AND FOR SANCTIONS**

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)
Page 1 of 13

## INTRODUCTION

Defendant Albert Maffei ("Maffei") has moved to compel the production of documents and answers to the interrogatories that he served on Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") on or about August 24, 2005. (Defendant's Ex. A.) He asserts that Lumbermen's responses dated September 26, 2005, were inadequate. (Defendant's Ex. B.) Maffei's motion is without merit for three principal reasons. First, Maffei is collaterally estopped from re-litigating issues that were determined adversely to him in the first case (A01-309 CIV (JWS)) relative to the formation, authenticity, and discovery relative to the Agreement of Indemnity ("GIA"). Second, Maffei is asking for irrelevant information in that Lumbermen's conduct (the subject of the discovery requests) is not at issue in this case. Some of the relevant issues in this litigation are whether Maffei made fraudulent conveyances, participated in a conspiracy to make fraudulent conveyances, or aided and abetted the making of fraudulent conveyances. Since the Maffei Family Limited Partnership ("MFLP") came into existence on November 21, 2001, and there was a general assignment of Maffei assets to the MFLP on that date, any intent issues relative to the fraudulent conveyances would have been formed on or before November 21, 2001. Maffei's discovery directed at subsequent events is irrelevant to any issue in this litigation. Third, most of the documents requested by Maffei have already been produced. Maffei's discovery requests

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

ignore Lumbermens' disclosures in this case and the documents that were produced in the first case.

## FACTS

Lumbermens has made extensive document disclosures in this case. On February 27, 2004, Lumbermens made initial disclosures that included production of all documents from the first case. (Ex. 1.) Lumbermens made supplemental disclosures on March 8, 2004; April 19, 2004; and April 22, 2004. (Exs. 2 – 4.) The April 19, 2004, disclosures were particularly extensive in that they included over 10,000 pages of the original UBIC claims file that had been sent to Texas for use in the Mapco litigation less privileged documents.[1] All of the disclosure documents have been and are available for review by Maffei.

The Darren Thomas October 23, 2001, letter that plays prominently in Maffei's discovery requests (Ex. A, Request for Production Nos. 1 and 2) was utilized by Maffei as Trial Exhibit 401 in the first case. (Ex. 5.) Contrary to the assertions of Maffei (Memorandum in Support of the Motion to Compel at 2 and Ex. 6 at ¶ 9), copies of the

---

[1] Mapco provided a letter of credit to Lumbermens so that the Cold Bay Project payment and performance bonds could be issued. There was litigation between Mapco and Lumbermens in the United States District Court, Western District of Texas, San Antonio Division, Civil Action No. SA02CV836, relative to the call on the letter of credit.

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

October 23, 2001, letter have been produced as LUM – 632, LUM – 656, LUM1-000708 and LUM1-000711 in the first case. (Ex. 7.) From the UBIC files, it appears that Maffei did not properly produce the attachments to the October 23, 2001, letter. (Ex. 5.) UBIC's files include a federal express airbill addressed to Maffei and dated October 23, 2001, with following documents that include not only the letter and the copy of the GIA with the missing paragraphs seven through 20 but also the Maffei and Luciano Exterprise LLC financial documents from the files of FIA.[2] (Ex. 8.) The compilation of documents in Exhibit 8 corresponds to Mr. Thomas' October 23, 2001, statement that he is sending, "other miscellaneous financial documentation concerning Luciano General and the other personal indemnitors." (Ex. 5.)

As noted above, the disclosures from the first case as well as disclosures in this case including copies of the GIA as produced in the normal course of business and during the first case have been produced and remain available for inspection. (Ex. A, Request for Production No. 3.)

The requested Bruce Dickstein November 25, 2002, affidavit (Ex. A, Request for Production No. 4) was attached to Lumbermens' motion for partial summary

---

[2] Universal Bonding Insurance Company ("UBIC"), a business unit of the Kemper Insurance Companies, of which Lumbermens is also a part, handled the payment bond claims for the Project. First Indemnity of America ("FIA") is the entity named in the GIA. FIA's underwriting file was Trial Exhibit 218 in the first case.

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

judgment on collateral security in the first case. In addition, Maffei sent a copy of the affidavit to George Goerig, his lawyer. (Ex. 9.) Goerig has produced the affidavit with attachments as part of his Initial Disclosures in this case. (*Id.*)

In the prior case, the jury determined that Exhibit 210 was the GIA that Maffei signed. (Ex. 10.) Maffei has not challenged that finding on appeal. (Ex. 11) Maffei appears to want to re-litigate the form, content and authenticity of GIA and of his signature, all of which were resolved against him by the jury in the first case. He explained as much in the Memorandum in Support of the Motion to Compel at 1 and 2 as follows:

> The Interrogatories and Requests for Production center around the actions of Darren W. Thomas and Bruce Dickstein. Both at the time in question were employees of Lumbermens. The questions are referring to a three page document which was presented to Maffei, and in the initial disclosures of Lumbermens as a true and authentic document. [Emphasis added.]

Bruce Dickstein identified Darren Thomas in the trial of the first case and also identified his own position with UBIC. (*See* Ex. 12 and Ex. A, Interrogatory Nos. 1, 2, and 5.)

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

ARGUMENT

I. **MAFFEI IS COLLATERALLY ESTOPPED FROM RE-LITIGATING THE AUTHENTICITY OF THE GIA AND ISSUES RELATED TO THE PRODUCTION OF THE GIA.**

The doctrine of res judicata bars a second lawsuit in its entirety, whereas collateral estoppel precludes relitigation of specific legal or factual issues necessarily determined in a prior suit. As discussed by the U.S. Supreme Court in *Federated Department Stores, Inc. v. Moite*, 452 U.S. 394, 398 (1981):

> There is little to be added to the doctrine of res judicata as developed in the case law of this court. <u>A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.</u> … Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overturned in another case. … [Emphasis added, citations omitted.]

The Ninth Circuit Court of Appeals addressed the application of collateral estoppel to a federal court judgment in *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996), as follows:

> To foreclose relitigation of an issue under federal law:
>
> (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

> must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

The foregoing criteria fit the facts of the present litigation between Lumbermens and Maffei like a hand in a glove. The issues of Maffei's liability under the GIA and his signing of a complete version of the GIA without any missing pages were litigated at length in the first case, the parties are the same, and the issues litigated in the first case relative to the authenticity of the GIA were core issues in the dispute.[3] Each and every Maffei discovery request is at least in part addressed to these issues and how it was that Lumbermens produced a version of the GIA that had pre-printed paragraphs seven through 20 missing from the document. These issues were resolved in the first case by the jury verdict and by pre-trial rulings. (*See* Ex. 10 and Ex. 13.) As such, well established federal law bars the relitigation of those very issues in the second case under the doctrine of collateral estoppel.

---

[3] The fact that Maffei has appealed the judgment in the first case is of no consequence to the application of res judicata and collateral estoppel. *See* Wright, Miller & Cooper, Federal Practice and Procedure 2d §4433 at 78-79 (2002) ("the bare fact of taking an appeal is no more effective to defeat preclusion than a failure to appeal").

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

II.   **MAFFEI HAS REQUESTED INFORMATION THAT IS NOT RELEVANT TO THE PRESENT LITIGATION.**

Mr. Maffei also takes umbrage with Plaintiff's objections based on the Fed. R. Civ. P. 26 standard that the evidence either be relevant or lead to the discovery of admissible evidence. Maffei sees this as a fraudulent conveyance action under AS 34.40.10.  (*See* Memorandum in Support of Motion to Compel at 3.)   However, Lumbermens has also stated claims for conspiracy to commit fraudulent conveyances and aiding and abetting fraudulent conveyances.  Each of these claims is a separate cause of action.  *See Summers v. Hagen*, 852 P.2d 1165 (Alaska 1993) (establishes a separate claim for relief for participating in a fraudulent conveyance scheme).  However, each of these claims relates in some way to Maffei's intent in forming the MFLP on November 21, 2001. (Ex. 14.)  The present action insofar as the present motion is concerned does not relate to Lumbermens' conduct or events that occurred subsequent to November 21, 2001.  Thus, Darren Thomas conduct after November 21, 2001 (Ex. A, Request for Production No. 2); disclosures and copies of the indemnity agreement production in the first case (Ex. A, Request for Production No. 3); and Bruce Dickstein's November 25, 2002, affidavit (Ex. A, Request for Production No. 4 and Interrogatory Nos. 6 and 7) simply are not relevant to any issue in the pending litigation.  The same can be said of Interrogatory Nos. 3, 4, 6, 7, and 9.  (Ex. A.)  They are simply not relevant to any issue in

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/241646)

the present litigation. What Bruce Dickstein and/or Darren Thomas did relative to copies of the GIA with the missing pre-printed paragraphs seven through 20 has no bearing on any intent that Maffei might have had or not had.

Because it is the intent of Maffei and his wife that are in part at issue, their respective intents had to have been formed at or about the time of the formation of the MFLP and the conveyance of all of their individually and jointly owned real and personal property to the MFLP.[4] Moreover, and most importantly, the intent formed at that time had to have been based on the knowledge and information that was available to and known by Maffei at that time as well. If Maffei was ignorant of what would be said or thought by Mr. Thomas or by his supervisor, Mr. Dickstein, when the fraudulent conveyances were made, then any information that he might impart now would be totally irrelevant to the universe of knowledge and information available to Mr. and Mrs. Maffei at the only time that it mattered, i.e., at the time that the conveyances were made. To the extent that it is relevant, the October 23, 2001, letter with attachments has been produced by Maffei as Trial Exhibit 401 and by Lumbermens. (Exs. 7 and 8.)

---

[4] Intent to defend through a conveyance "is a question of fact usually to be proved by circumstantial evidence." *Nerox Power System, Inc. v. M-B Contracting Co., Inc.*, 54 P.3d 791, 796 (Alaska 2002).

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

### III. THE INFORMATION REQUESTED BY MAFFEI HAS ALREADY BEEN PROVIDED TO HIM.

Maffei has asked for documents that have already been produced to him. Lumbermens has produced extensive disclosures. (*See* p. 3 *supra*.) To the extent that Lumbermens has any documents, they have been and are available to Maffei. The Darren Thomas October 23, 2001, letter has been produced. (*Id.*) Incidentally, Maffei's argument that the missing page from the GIA attached to the October 23, 2001, would have led Maffei to conclude that he had no potential liability to Lumbermens makes no sense in the context of the present lawsuit. If Maffei truly believed he had no liability to Lumbermens, he would have expressed that view in writing, which he did not, and he would not have needed to form a family limited partnership on the day before Thanksgiving shortly after receiving Lumbermens' collateral security demand for $1,100,000 in a letter dated November 12, 2001, or have conveyances prepared for the transfer of assets to that family limited partnership on the day after Thanksgiving when everyone else was out Christmas shopping.

The Dickstein November 25, 2002, affidavit was part of the first case, was available through the disclosures in this case, and was even provided by Maffei to Goerig who produced the document as a disclosure in this case. (*See* pp. 3-4 *supra*.) Maffei

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

Page 10 of 13

should not be expecting any additional production through his harassing discovery request. (Ex. A, Request for Production No. 4.)

In the first case Bruce Dickstein provided the information requested in Interrogatory Nos. 1, 2, and 5. (*See* p. 5 *supra*.) Further disclosure of that information in this case should not be required.

IV.    **SANCTIONS ARE NOT WARRANTED.**

Lastly, Maffei has requested the imposition of sanctions and attorney's fees against Plaintiff for its refusal to produce documents that are already in Maffei's possession, and which, together with his desired interrogatory responses, are designed merely to replow old ground with respect to the scope, substance, and authenticity of the GIA that the jury in the first case determined to be authentic.

Likewise Maffei's request for sanctions based upon Plaintiff's relevance objections is also without merit since it simply does not matter what Mr. Dickstein or Mr. Thomas would say now, or what they might have said to each other at the time Maffei and his wife, Bonita, were scurrying around, like rats leaving a sinking ship, trying to create a family limited partnership and to convey all of their worldly possessions to that family limited partnership while most other Alaskans were enjoying a Thanksgiving dinner and plotting out their Christmas shopping for the post 2001 Thanksgiving

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)

Page 11 of 13

weekend. There is simply no basis for the imposition of sanctions or the award of attorney's fees against Plaintiff under these circumstances.

## CONCLUSION

Maffei's Motion to Compel and for Sanctions should be denied. The discovery requests were appropriately objected to on a collateral estoppel basis. The discovery sought irrelevant information. In any event, to the extent that relevant information exists, it has already been disclosed by Lumbermens.

DATED at Anchorage, Alaska, this 31st day of January, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Plaintiff
        Lumbermens Mutual Casualty Company

By:   s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska 99503
       Telephone: 907-263-8241
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/241646)
Page 12 of 13

Certificate of Service

      I hereby certify that on January 30, 2006, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Compel and for Sanctions was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033


s/ Frank A. Pfiffner_____


      I hereby certify that on January 30, 2006, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Compel and for Sanctions was served via U.S. mail on:

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

s/ Frank A. Pfiffner_____


Plaintiff's Opposition to Defendants' Motion To Compel and for Sanctions
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/241646)