**Lumbermens Mutual
Casualty Company**

Administrative Office:
518 Stuyvesant Avenue
P.O. Box 615
Lyndhurst, NJ 07071-0615
Tel: (201) 438-7223
Fax: (201) 531-0201

October 23, 2001

**VIA FEDERAL EXPRESS**

Mr. Albert Maffei
729 N. Street
Anchorage, Alaska 99501

Re:   **Principal:   Luciano Enterprises d/b/a/ L.G. General Contractors**
      **Obligee:    United States Government Air Force Material Command**
      **Project:    White Alice Radar Restoration Project,**
                    **U.S. Air Force Contract No. F41624-01-C-8066**
      **Bond No.:   L-500333**

Dear Mr. Maffei

In connection with the above matter, as requested enclosed please find copies of the above payment bond, the indemnity agreement you had executed and other miscellaneous financial documentation concerning Luciano General and the other personal indemnitors.

Please contact us if you have any questions.

Very truly yours,

Darren W. Thomas, Esq.

cc:    Mr. Paul Alongi, Sr. (Via Fax 973-331-9341)



DEFENDANT'S
EXHIBIT

CASE
NO. A01-309 CV
(JWS)
EXHIBIT
NO. 401

Exhibit 5
Page 1 of 12
Case No. 3:03-cv-00262-JWS

| PERFORMANCE BOND (See instructions on Reverse) | DATE BOND EXECUTED (Must be same or later then date of contract) | FORM APPROVED OMB NO. |
|---|---|---|
| Bond No. LF500333 | 10 August 01 | 9000-0045 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405.

**PRINCIPAL (Legal name and business address)**
Luciano General
3331 W. 31st Avenue
Anchorage, AK 99517

**TYPE OF ORGANIZATION("X" one)**
☐ INDIVIDUAL      ☐ PARTNERSHIP
☐ JOINT VENTURE   ☒ CORPORATION

**STATE OF INCORPORATION**
Alaska

**SURETY(IES) (Name(s) and business address(es))**
Lumbermens Mutual Casualty Company
1 Kemper Drive
Long Grove, Illinois 60049

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 2 | 527 | 030 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 21 June 01 | F41624-01-C-8066 |

**OBLIGATION:**
We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**
The Principal has entered into the contract identified above.

**THEREFORE:**
The above obligation is void if the Principal —
(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS:**
The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

Luciano General

| | 1. *[signature]* Edwin Luciano (Seal) | 2. (Seal) | 3. (Seal) | CORPORATE SEAL |
|---|---|---|---|---|
| Signature(s) | | | | |
| Name(s) & Title(s) (Typed) | 1. Edwin N. Luciano Owner | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | 1. (Seal) | 2. (Seal) | CORPORATE SEAL |
|---|---|---|---|
| Signature(s) | | | |
| Name(s) (Typed) | 1. | 2. | |

**CORPORATE SURETY(IES)**

| SURETY A | Name & Address | Lumbermens Mutual Casualty Company 1 Kemper Drive, Long Grove, Illinois 60049 | STATE OF INC. IL | LIABILITY LIMIT $ 100% | |
|---|---|---|---|---|---|
| | Signature(s) | 1. *[signature]* | | 2. | CORPORATE SEAL |
| | Name(s) & Title(s) (Typed) | 1. Pat J. Moore Attorney-in-Fact | | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION NOT USABLE
S-1816/GEEF 3/00

Page 1 of 2

STANDARD FORM 25 (REV.5-96)
Prescribed by GSA
FAR (48 CFR) 53.228(b)

Exhibit 5
Page 2 of 12
Case No. 3:03-cv-00262-JWS-

## CORPORATE SURETY(IES) (Contin...)

| | | | STATE OF INC. | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|
| **SURETY B** | Name & Address | | | | CORPORATE SEAL |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| **SURETY C** | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| **SURETY D** | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| **SURETY E** | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| **SURETY F** | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |
| **SURETY G** | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | |

| BOND PREMIUM > | RATE PER THOUSAND $ 3.5 % of Contract Amount | TOTAL $ 88,446.00 |
|---|---|---|

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated

"SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

| PAYMENT BOND | DATE BOND EXECUTED (Must be same or later than date of contract) | FORM APPROVED OMB NO. |
|---|---|---|
| (See Instructions on Page 2) | | |
| Bond No. LF500333 | 10 August 01 | 9000-0045 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION("X" ONE) | | | | |
|---|---|---|---|---|---|
| Luciano General | ☐ INDIVIDUAL | | ☐ PARTNERSHIP | | |
| 3331 W. 31st Avenue | ☐ JOINT VENTURE | | ☒ CORPORATION | | |
| Anchorage, AK 99517 | STATE OF INCORPORATION | | | | |
| | Alaska | | | | |

| SURETY(IES) (Name(s) and business(es) address) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| Lumbermens Mutual Casualty Company | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| 1 Kemper Drive | 2 | 527 | 030 | 00 |
| Long Grove, Illinois 60049 | CONTRACT DATE | | CONTRACT NO. | |
| | 21 June 01 | | F41624-01-C-8066 | |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | 1. | 2. | 3. | |
|---|---|---|---|---|

| Luciano General | | PRINCIPAL | | |
|---|---|---|---|---|
| Signature(s) | 1. *Edwin Luciano* (Seal) | 2. (Seal) | 3. (Seal) | CORPORATE SEAL |
| Name(s) & Title(s) (Typed) | 1. Edwin N. Luciano Owner | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | | |
|---|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) | |
| Name(s) (Typed) | 1. | 2. | |

| CORPORATE SURETY(IES) | | | | |
|---|---|---|---|---|
| S U R E T Y A | Name & Address | Lumbermens Mutual Casualty Company 1 Kemper Drive, Long Grove, Illinois 60049 | STATE OF INC. IL | LIABILITY LIMIT $ 100% |
| | Signature(s) | 1. *Pat J. Moore* | 2. | CORPORATE SEAL |
| | Name(s) & Title(s) (Typed) | 1. Pat J. Moore Attorney-in-Fact | 2. | |

| NSN 7540-01-152-8061 PREVIOUS EDITION IS USABLE S-1817/GEEF 7/99 | 25-205 Page 1 of 2 | Exhibit 5 Page 4 of 12 Case No. 3:03-cv-00262-JWS | STANDARD FORM 25 -A (REV.10-98) Prescribed by GSA FAR (48 CFR) 53.228(c) |
|---|---|---|---|

## CORPORATE SURETY(IES) (Continued)

| | | | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|---|---|
| **S U R E T Y  B** | Name & Address | | | | | $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | | |
| **S U R E T Y  C** | Name & Address | | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | | |
| **S U R E T Y  D** | Name & Address | | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | | |
| **S U R E T Y  E** | Name & Address | | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | | |
| **SURETY  F** | Name & Address | | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | | |
| **S U R E T Y  G** | Name & Address | | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed herein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed CORPORATE SURETY(IES)." In the space designated

"SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seals," and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Exhibit 5
Page 5 of 12
Case No. 3:03-cv-00262-JWS

**KEMPER.**

Home Office: Long Grove, IL 60049                                      POA NO: LM 20320

# POWER OF ATTORNEY

Know All Men By These Presents:

That the Lumbermens Mutual Casualty Company, (hereinafter called the "Company") a corporation organized and existing under the laws of the State of Illinois, and having its principal office in Long Grove, Illinois, does hereby appoint

**Pat J. Moore & Bryan Moore in the City of San Antonio in the State of Texas**

its true and lawful agent(s) and attorney(s)-in-fact, to make, execute, seal, and deliver during the period beginning with the date of issuance of this power and ending on the date specified below, unless sooner revoked for and on its behalf as surety, and as its act and deed:

**ANY AND ALL BONDS AND UNDERTAKINGS PROVIDED THE AMOUNT OF NO ONE BOND OR UNDERTAKING EXCEEDS FIVE MILLION DOLLARS ($5,000,000.00)**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXCEPTION: NO AUTHORITY is granted to make, execute, seal and deliver any bond or undertaking which guarantees the payment or collection of any promissory note, check, draft or letter of credit.

This authority does not permit the same obligation to be split into two or more bonds in order to bring each such bond within the dollar limit of authority as set forth herein.

This appointment may be revoked at any time by the Company.

The execution of such bonds and undertakings in pursuance of these presents shall be as binding upon the said Company as fully and amply to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office in Long Grove, Illinois.

THIS APPOINTMENT SHALL CEASE AND TERMINATE WITHOUT NOTICE AS OF _____ **JULY 31, 2002** _____.

This Power of Attorney is executed by authority of a resolution adopted by the Executive Committee of the Board of Directors of the Company on February 23, 1988 at Chicago, Illinois, a true and accurate copy of which are hereinafter set forth and is hereby certified to by the undersigned Secretary as being in full force and effect:

"VOTED, That the chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, or the Secretary shall have the power and authority to appoint agents and attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings, obligatory in the nature thereof, and any such officers of the Company may appoint agents for acceptance of process."

This Power of Attorney is signed, sealed and certified by facsimile under and by authority of the following resolution adopted by the Executive Committee of the Board of Directors of the Company at a meeting duly called and held on the 23rd day of February, 1988:

"VOTED, That the signature of the Chairman of the Board, the President, any Vice President, or their appointees designated in writing and filed with the Secretary, and the signature of the Secretary, the seal of the Company, and certifications by the Secretary, may be affixed by facsimile on any power of attorney or bond executed pursuant to resolution adopted by the Executive Committee of the Board of Directors on February 23, 1988 and any such power so executed, sealed and certified with respect to any bond or undertaking to which it is attached, shall continue to be valid and binding upon the Company."

In Testimony Whereof, the Lumbermens Mutual Casualty Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officers, this November 30, 1998.

Attested and Certified:                                               Lumbermens Mutual Casualty Company

*Robert P. Harnes*                    *(seal)*                    *J. S. Kemper III*

Robert P. Harnes, Secretary                   **by**                   J.S. Kemper, III, Exec. Vice President

Exhibit 5
Page 6 of 12
Case No. 3:03-cv-00262-JWS

(BLUE SHADED AREA INDICATES AUTHENTICITY)

SEP. 5.2001  12:09PM  RE TCH, INC                                    NO.546   P.

AUG.15.2001 11:13AM  REMTECH, INC
AUG-15-01 WED 10:14 AM  AK_FLOW_B_COMPANY+0+0+00  FAX NO. 907 272 5197  NO.232   P.

| PAYMENT BOND | DATE BOND EXECUTED (Must be same of later than date of contract) | FORM APPROVED OMB |
|---|---|---|
| (See Instructions on Page 2)<br>Bond No. LF508333 | 10 August 01 | 9000-00 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, DC Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address)<br>Luciano General<br>3311 W. 31st Avenue<br>Anchorage, AK 99517 | TYPE OF ORGANIZATION ("X" ONE) |
|---|---|
| | ☐ INDIVIDUAL        ☐ PARTNERSHIP |
| | ☐ JOINT VENTURE    ☒ CORPORATION |
| | STATE OF INCORPORATION<br>Alaska |

| SURETY(IES) (Name(s) and business(es) address) | PENAL SUM OF BOND | | |
|---|---|---|---|
| Lumbermens Mutual Casualty Company<br>1 Kemper Drive<br>Long Grove, Illinois 60049 | MILLION(S) | THOUSAND(S)<br>527 | HUNDRE<br>00 |

| CONTRACT DATE<br>31 June 01 | CONTRACT NO.<br>641624-01-C |
|---|---|

OBLIGATION:
We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:
The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:
The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

Exhibit 5
Page 7 of 12
Case No. 3:03-cv-00262-JWS

| | PRINCIPAL<br>Luciano General | | |
|---|---|---|---|
| Signature(s) | *Edwin Luciano* (Seal) | (Seal) | (Seal) |
| Name(s) &<br>Title(s)<br>(Typed) | Edwin N. Luciano<br>Owner | | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) |
| Name(s)<br>(Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| S<br>U | Name &<br>Address | Lumbermens Mutual Casualty Company<br>1 Kemper Drive, Long Grove, Illinois 60049 | STATE OF INC.<br>IL | LIABILITY LIMIT<br>$ 100% |
|---|---|---|---|---|
| | Signature(s) | 1. *Pat J. Moore* | 2. | |
| | Name(s) &<br>Title(s)<br>(Typed) | 1. Pat J. Moore<br>Attorney-in-Fact | 2. | |

NSN 7540-01-152-8061
PREVIOUS EDITION IS USABLE
S-181 (GEEF 7/90)

25-205
Page 1 of 2

STANDARD FORM
Prescribed by GSA
FAR (48 CFR) 53.22

| PAYMENT BOND (See Instructions on Page 2) Bond No. LFS0D333 | DATE BOND EXECUTED (Must be same as that than date of contract) 10 August 01 | FORM APPROVED OMB NO. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405 and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

**PRINCIPAL (Legal name and business address)**
Luciano General
3331 W. 31st Avenue
Anchorage, AK 99517

**TYPE OF ORGANIZATION ("X" ONE)**
☐ INDIVIDUAL  ☐ PARTNERSHIP
☐ JOINT VENTURE  ☒ CORPORATION

**STATE OF INCORPORATION**
Alaska

**SURETY(IES) (Name(s) and business(es) address)**
Lumbermens Mutual Casualty Company
1 Kemper Drive
Long Grove, Illinois 60049

| PENAL SUM OF BOND | | | |
|---|---|---|---|
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| 2 | 537 | 030 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 21 June 01 | F41624-01-C-5066 |

**OBLIGATION:**
We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**
The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**
The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

Exhibit 5
Page 8 of 12
Case No. 3:03-cv-00262-JWS

**PRINCIPAL**

| | Luciano General | | | |
|---|---|---|---|---|
| Signature(s) | 1. *Edwin Luciano* (Seal) | 2. (Seal) | 3. (Seal) | CORPORATE SEAL |
| Name(s) & Title(s) (Typed) | Edwin N. Luciano Owner | | | |

**INDIVIDUAL SURETY(IES)**

| | | | |
|---|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) | |
| Name(s) (Typed) | 1. | 2. | |

**CORPORATE SURETY(IES)**

| S U R E T Y A | Name & Address | Lumbermens Mutual Casualty Company 1 Kemper Drive, Long Grove, Illinois 60049 | STATE OF INC. IL | LIABILITY LIMIT $ 100% | |
|---|---|---|---|---|---|
| | Signature(s) | 1. *Pat J. Moore* | 2. | | CORPORATE SEAL |
| | Name(s) & Title(s) (Typed) | 1. Pat J. Moore Attorney-in-Fact | 2. | | |

NSN 7540-01-192-4061
PREVIOUS EDITION IS USABLE
5-101(V)CEEF 7/94

28-205
Page 1 of 2

STANDARD FORM 25-A (REV.10-98)
Prescribed by GSA
FAR (48 CFR) 53.228(c)

## CORPORATE SURETY(IES) (Continued)

| | | | | STATE OF INC. | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|---|
| **S U R E T Y B** | Name & Address | | | | | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | |
| **S U R E T Y C** | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | |
| **S U R E T Y D** | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | |
| **S U R E T Y E** | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | |
| **S U R E T Y F** | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(s) | 1. | | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. | | 2. | | |
| **S U R E T Y G** | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
| | Signature(r) | 1. | | 2. | | |
| | Name(s) & Title(r) (Typed) | 1. | | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require pre-written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated

"SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seals," and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Exhibit 5
Page 9 of 12
Case No. 3:03-cv-00262-JWS

# FIRST INDEMNITY OF AMERICA
# INSURANCE COMPANY
# OR ANY QUOTA SHARE PARTNER

### AGREEMENT OF INDEMNITY

*PJL 8-22-01*

THIS AGREEMENT of indemnity, made and entered into this _____10th_____ day of _____ August _____, 20 _01_, by Luciano Enterprises, dba
(insert full name and address of Contractor)
Luciano General, L.L.C. 2132 Post Road, Anchorage, Alaska 99501
Albert Maffei 729 N. Street, Anchoraage, Alaska 99501 (hereinafter called the Contractor) and
(insert full names and addresses of Indemnitors, if any)
Edwin N. Luciano and wife Gina B.
3331 W. 31st Ave., Anchorage, Alaska 99517 _____ (hereinafter called the Indemnitors, if any) and
FIRST INDEMNITY OF AMERICA INSURANCE COMPANY Parsippany, New Jersey (hereinafter called Surety or Company). The Contractor and Indemnitors are sometimes referred to hereafter correctively as the "Undersigned."

## WITNESSETH

WHEREAS, the Contractor, in the performance of contracts and the fulfillment of obligations generally, whether in its own name solely or as co-venturer with others, may desire, or be required to give or procure certain surety bonds, undertakings or instruments of guarantee, and to renew, or continue or substitute the same from time to time; or new bonds, undertakings or instruments of guarantee with the same or different penalties, and/or conditions, may be desired or required, in renewal, continuation, extension or substitution thereof; any one or more of which are hereinafter called Bonds; or the Contractor and Indemnitors may request the Surety to refrain from cancelling said Bonds;

WHEREAS, at the request of the Contractor and the Indemnitors and upon the express understanding that this Agreement of Indemnity should be given, the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Contractor; and
WHEREAS the Indemnitors have substantial, material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from cancelling said Bonds. NOW, THEREFORE, in consideration of the premises the Contractor and Indemnitors do for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the Surety, its successors and assigns, as follows:

## PREMIUMS

...RST: The Contractor and Indemnitors will pay to the Surety in such manner as may be agreed upon all premiums and charges of the Surety for the Bonds in accordance ...with its rate filings, its manual of rates, or as otherwise agreed upon, until the Contractor or Indemnitors shall serve evidence satisfactory to the Surety of its discharge or release from the Bonds and all liability by reason thereof.

## INDEMNITY

SECOND: The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety, unless otherwise agreed. In the event of any payment by the Contractor and Indemnitors further agree that in any accounting between the Surety and the Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability , necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

## ASSIGNMENT

THIRD: The Contractor, the Indemnitors hereby consenting, will assign, transfer and set over, and does hereby assign, transfer and set over to Surety , as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract to become effective as of the bond covering such contract, but only in the event of (1) any abandonment, forfeiture or breach of any contracts referred to in the Bonds or of any breach of any said Bonds; or (2) of any breach of the provisions of any of the paragraphs of this Agreement; or (3) of a default in discharging such other indebtedness or liabilities when due or (4) of any assignment by the Contractor for the benefit of creditors, or of the appointment, or of any application for the appointment, of a receiver of trustee for the Contractor whether insolvent or not; (5) or any proceeding which deprives the Contractor of the use of any of the machinery, equipment, plant, tools or material referred to in section (b) of this paragraph; or (6) of the Contractor's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisoned if the Contractor be an individual; (a) All the rights of the Contractor in, and growing in any manner out of all contracts referred to in the Bonds, or in or growing in any manner out of the Bonds; (b) All the rights, title and interest of the Contractor in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all of said sites; (c) All the rights, title and interest of the Contractor in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts; (d) All actions, causes of actions, claims and demands whatsoever which the Contractor may have or acquire against any subcontractor, laborer or materialman, or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts and against any surety or sureties of any subcontractor, laborer, or materialman; (e) Any and all ...entages retained and any and all sums that may be due or hereafter become due or hereafter become due on account of any and all contracts referred to in the Bonds all other contracts whether bonded or not in which the Contractor has an interest.

## TRUST FUND

FOURTH: If any of the Bonds are executed in connection with a contract which by its terms or by law prohibits the assignment of the contract price, or any part thereof, the Contractor and Indemnitors covenant and agree that all payments received for or on account of said contract shall be held as a trust fund in which the Surety has an interest, for payment of obligations incurred in the performance of the contract and for labor, material, and services furnished in the prosecution of the work provided in said contract or any authorized extension or modification thereof; and, further, it is expressly understood and declared that all monies due and to become due under any contract or contracts covered by the said trust funds, whether in the possession of the Contractor and Indemnitors of otherwise, for the benefit of and for payment of all such obligations in connection with any such contract or contracts for which the Surety would be liable under any of said Bonds, which said trust also inures to the benefit of the Surety for any liability or loss it may have or sustain under any said Bonds, and this Agreement and declaration shall also constitute notice of such trust. The contractor further agrees that contract proceeds from any bonded contract shall be maintained and segregated in a separate account apart from the general funds of the contractor. The surety shall have the right at any time to examine and review such accounts in accordance with the purposes and intent of this agreement.

## DECLINE EXECUTION

FIFTH: Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Contractor and Indemnitors agree to make no claim to the contrary in consideration of the Surety's receiving this Agreement; and if the Surety shall execute a Bid or Proposal Bond, it shall have the right to decline to execute any and all of the bonds that may be required in connection with any award that may be under the proposal for which the Bid or Proposal Bond is given and such declination shall not diminish or alter the liability that may arise by reason of having executed the Bid or Proposal Bond.

## TAKEOVER

SIXTH: In the event of any breach, delay or default asserted by the obligee in any said Bonds, or the Contractor has suspended or ceased work on any contract or contracts covered by any said Bonds, or failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance, Contractor's conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Contractor, or the appointment of a receiver or trustee for the Contractor, or the property of the Contractor or in the event of an assignment for the benefit of creditors of the Contractor, or if any action is taken by or against the contractor under or by virtue of the National Bankruptcy Act, or any similar bankruptcy law, or should reorganization or arrangement proceedings be filed by or against the Contractor under said Act, or if any action is taken by or against the Contractor under the insolvency laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contractor and Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

Exhibit 5
Page 10 of 12
Case No. 3:03-cv-00262-JWS

TWENTY-FIRST: ,If for any reason the Surety deem it necessary to set up or to increase a reserve over any possible liability or loss for which the Undersigned will be obligated to indemnify the Surety under the terms of this Agreement, the Undersigned will deposit with the Surety, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to the Surety for such liability or loss. The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned may be or become liable. The Surety shall have indemnify the Surety under the terms of this Agreement. Surety shall have no obligation to invest, or to provide a return on, the deposit. The undersigned shall be entitled to the return of any unused portion of the deposit upon termination of the liability of the Surety on the Bonds and the performance by the Undersigned of all obligations to the Surety under the terms of this Agreement. The Surety's demand shall be sufficient if sent by Registered or Certified Mail to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, whether or not actually received.

## SUBORDINATION OF INDEMNITORS

TWENTY-SECOND: The Indemnitors shall have no rights of indemnity against the Contractor or his property until the Contractor's obligations to the Surety under this Agreement have been satisfied in full.

## NOTICE OF CLAIMS

TWENTY-THIRD: The Undersigned shall immediately notify Surety in writing upon becoming aware of any demand, notice or proceeding which may result in liability to Surety under any Bond.

## DISCHARGE FROM SURETYSHIP

TWENTY-FOURTH: The Undersigned will, at any time upon the request of the Surety, procure the discharge of Surety from any Bond and from all liability by reason thereof. Surety may, at any time, take such action as it deems necessary or proper to obtain its release from any and all liability under any Bond.

## DEFINITIONS

TWENTY-FIFTH: As used in this Agreement, words in the singular include the plural and words in the plural include the singular. The masculine pronoun shall be read as feminine or neuter as circumstances require. The word "person" shall mean and include individuals, partnerships, corporations and associations.

The terms "contract" shall include all documents comprising the contract documents including general and special conditions, specifications and drawings.

The word "Bond" shall mean a contract of suretyship, guaranty of indemnity, an agreement or consent to provide such a contract and the continuation, extension, alteration, renewal or substitution of such a contract, agreement or consent.

## REPRESENTATIONS

TWENTY-SIXTH: The undersigned represent to the Surety that they have carefully read the entire agreement and that there are no other agreements or understandings which in any way lessen or modify the obligations set forth herein.

TWENTY-SEVENTH: The undersigned agree that this agreement shall be governed by the laws of the State of New Jersey.

## FINANCIAL INFORMATION

TWENTY-EIGHTH: The undersigned hereby covenant and agree that the Surety will be given immediate notice of the transfer of hypothecation of any principal asset of the undersigned. The undersigned further agree that will provide annual financial statements of each at least annually, in form acceptable to the Surety, which statement shall be certified as accurate and truthful.

## NOTICE OF ASSIGNMENT OR HYPOTHECATION

TWENTY-NINTH: The undersigned each agree that the surety will be given immediate notice in writing of the assignment or hypothecation of contract funds relating to or arising out of any bonded contract.

IN WITNESS WHEREOF, we have hereunto set our hands and seals the day and year first above written.

ATTEST OR WITNESS:

_(signature)_
Corporate Secretary                     ATTEST

_(signature)_                           WITNESS

_(signature)_                           WITNESS

_(signature)_                           WITNESS

_____                 WITNESS

_____                 WITNESS

_____                 WITNESS

Luciano Enterprises dba Luciano General, L.L.C.
(Full Name of Contractor)
By _(signature)_ Edwin N. Luciano      (MEMBER)
(Corporate Officer)                     Title        (SEAL)
0288316
_(signature)_                           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
(Signature Corporate Officer Individually)
Edwin N. Luciano

Gina B. Luciano
(Type or Print Additional Indemnitor Name)
Sign _(signature)_ Gina B Luciano       AOL 5619300
Drivers Lic. #  G01277 ABL              574349473
                                        SS# 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
Albert Maffei
(Type or Print Additional Indemnitor Name)
Sign _(signature)_ Albert Maffei
Drivers Lic. #                          SS#

(Type or Print Additional Indemnitor Name)
Sign
Drivers Lic. #                          SS#

(Type or Print Additional Indemnitor Name)
Sign
Drivers Lic. #                          SS#

(Type or Print Additional Indemnitor Name)
Sign
Drivers Lic. #                          SS#

Exhibit 5
Page 11 of 12
Case No. 3:03-cv-00262-JWS

For Acknowledgment of Contractor's Signature

**INDIVIDUAL ACKNOWLEDGMENT**

STATE OF _____
    UNTY OF _____
    .n this _____ day of _____, in the year 20_____, before me personally come(s)
_____ to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me
that _____ he_____ executed the same.
Signed and sworn before me this _____ day
of _____, 20 _____.

_____ (Seal)
             (Notary Public)
    My commission expires: _____

**CORPORATE ACKNOWLEDGMENT**

STATE OF _Alaska_
COUNTY OF _Anchnage_
On this _13th_ day of _August_, in the year 20_01_, before me personally comes
_Edwin N. Luciano_
to me known, who, being by me duly sworn, deposes and says that he resides in the City of _Anchorage, Alaska_
that  he is the ~~President~~ _MEMBER_ _____ of the _Luciano Enterprises dba Luciano General_, L
the corporation described in and which executed the foregoing instrument;  that he knows the seal of the said corporation, that the seal affixed to the said
instrument is such corporate seal;  that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by
like order.
Signed and sworn before me this _13th_ day
of _aug._, 20_01_.
          _Edith A. Dauglar_
               (Notary Public)
    My commission expires: _3/24/2002_

*(Notary seal: EDITH A. DOUGLAS, NOTARY PUBLIC, STATE OF ALASKA)*

For Acknowledgment of Indemnitor's Signature's

**INDIVIDUAL ACKNOWLEDGMENT**

STATE OF _Alaska_
COUNTY OF _Anchrage_
On this _13th_ day of _August_, in the year 20_01_, before me personally come(s)
_Edwin N. and Gina B. Luciano_
to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me
that _____ t.hey_____ executed the same.
Signed and sworn before me this _13th_ day
of _aug._, 20_01_.
          _Edith A. Dauglar_
              (Notary Public) (Seal)
    My commission expires: _3/24/2002_

*(Notary seal: EDITH A. DOUGLAS, NOTARY PUBLIC, STATE OF ALASKA)*

For Acknowledgment of Indemnitor's Signature's

**INDIVIDUAL ACKNOWLEDGMENT**

STATE OF _Alaska_
COUNTY OF _Anchurage_
On this _13th_ day of _August_, in the year 20_01_, before me personally come(s)
_Albert Maffei_
to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me
that _____ he_____ executed the same.
Signed and sworn before me this _13th_ day
of _august_, 20_01_.
          _Edith A. Dauglar_
              (Notary Public)
    My commission expires: _3/24/2002_

*(Notary seal: EDITH A. DOUGLAS, NOTARY PUBLIC, STATE OF ALASKA)*

**CORPORATE ACKNOWLEDGMENT**

STATE OF _____
COUNTY OF _____
On this _____ day of _____, in the year 20_____, before me pe_____
_____ to me known, who, being by me duly sworn, deposes and says that he resides in the City of _____
that  he is the _____ of the _____
the corporation described in and which executed the foregoing instrument;  that he knows the seal of the said corporation, that the seal affixed to the said
instrument is such corporate seal;  that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by
like order.
Signed and sworn before me this _____ day
of _____, 20 _____.

_____ (Seal)
             (Notary Public)
    My commission expires: _____

Exhibit 5
Page 12 of 12
Case No. 3:03-cv-00262-JWS