Paul D. Stockler
Law Offices of Paul D. Stockler
705 Christensen Drive
Anchorage, AK 99501
(907) 277-8564

Attorney for defendant Edwin Negron Luciano
And Luciano Enterprises LLC, d/b/a
LG General Contractors and/or Luciano General
Third-Party Defendants
Gina B. Luciano and Albert Maffei

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the Use and Benefit of REMTECH, INC., a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LUMBERMEN'S MUTUAL CASUALTY CO., a foreign corporation, LUCIANO ENTERPRISES, INC., dba LG GENERAL CONTRACTORS and/or LUCIANO GENERAL; EDWIN NEGRON LUCIANO, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. A01-309 CIV (JWS) <br> ) <br> ) <br> ) AFFIDAVIT OF ALBERT MAFFEI <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

PAUL D. STOCKLER
705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

1

Exhibit 6
Page 1 of 11
Case No. 3:03-cv-00262-JWS

| | |
|---|---|
| LUMBERMEN'S MUTUAL CASUALTY COMPANY, | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| GINA B. LUCIANO and ALBERT MAFFEI, | )<br>)<br>) |
| Third-Party Defendants. | )<br>)<br>) |
| EDWIN NEGRON LUCIANO AND LUCIANO ENTERPRISES, L.L.C., , D/B/A LG GENERAL CONTRACTORS AND/OR LUCIANO GENERAL | )<br>)<br>)<br>)<br>) |
| Counterclaimant, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| REMTECH, INC., a Washington Corporation, | )<br>)<br>)<br>) |
| Counterclaim-Defendant. | )<br>) |

| | |
|---|---|
| STATE OF ALASKA | ) |
| | ) ss. |
| THIRD JUDICIAL DISTRICT | ) |

Albert Maffei, being duly sworn, states as follows:

1. I am one of the Third-Party Defendants in above-entitled action, and that Gina Luciano is my daughter.

2. Affiant has attended the depositions of Edwin Luciano, Eric Olsen, Paul Templeton, Keith Carpenter, Mark Dunn and Linda Fellows. Affiant did not attend the deposition of Bruce Dickstein, who has filed an Affidavit in support of the motion for

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

summary judgment, nor has affiant attended any of the persons deposed in New Jersey or in any part of the eastern states.

Affiant has also reviewed the 2,000 plus pages of documents provided by Lumbermens in their initial and supplemental disclosures.

3. This affidavit is based on affiant's personal knowledge and in opposition to a Motion For Partial Summary Judgment by Lumbermens Mutual Casualty Company [Lumbermens] against the Third Party Defendants.

4. Affiant has read the Affidavit of Bruce Dickstein who states that he is claims counsel for certain companies alleged therein. That this is the first notice that affiant has learned that the Universal Bonding Insurance Company and Kemper Insurance Companies are anyway involved. (Paragraph 1, page 1, Dickstein affidavit) All of the correspondence received by affiant is from Lumbermens, usually under the signature of Mr. Dickstein.

5. Mr. Dickstein states, under oath, that Exhibit A attached to his affidavit is a true and accurate copy of the indemnity agreement with First Indemnity of America Insurance Company (GIA) and inures to the benefit of Lumbermen's. (Paragraph 3 of pages 2, 3, Dickstein affidavit) Affiant disputes that fact.

6. Affiant executed the indemnity agreement on the 13th day of August, 2001 after the bond had been issued on August 10, 2001. The bond was delivered to Linda Fellows, contracting officer for the Cold Bay project, at Elmendorf Air Force Base at some time during the workings hours on the 13th day of August, 2001. Working hours for Linda Fellows at Elmendorf Air Force Base were from 8:00 o'clock a.m. to 5:00

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

3

Exhibit 6
Page 3 of 11
Case No. 3:03-cv-00262-JWS

o'clock p.m. Affiant executed an indemnity agreement late in the evening of the 13th at a time after the bond had already been delivered to Linda Fellows.

7. All copies of the indemnity agreement clearly show that Luciano, the general contractor, and the Indemnitors executed an indemnity agreement with First Indemnity Of America Insurance Company [FIA].

8. Mr. Dickstein, in his affidavit, refers to paragraph 14 which appears at page 2 of Exhibit A attached to his affidavit (hereinafter referred to as Exhibit "A").

9. After signing the indemnity agreement, affiant did not retain a copy. In October of 2001, after affiant had received several letters (copies not attached) from Lumbermens signed by Darren W. Thomas, Esq. and Bruce Dickstein relative to the liability under the indemnity agreement, affiant requested from Lumbermens a copy of the Payment And Performance Bond and a copy of the indemnity agreement that affiant had executed. Attached to this affidavit marked Exhibit A is a letter from Darren W. Thomas, Esq. of Lumbermens dated October 23, 2001 advising that he is enclosing a copy of the payment and performance bond, and the indemnity agreement that affiant had executed, and other miscellaneous financial documentation concerning Luciano General and other personal indemnitors. (Same letter is Lum 632 and Lum 656 Lumbermen's initial disclosures 3-13-02.) Exhibit B attached to this affidavit is a true copy of the indemnity agreement which accompanied said letter. (Exhibit B is not contained in Lumbermen's disclosures.)

PAUL D. STOCKLER
705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

In accordance with Rule 26(a) (1), Federal Rules of Civil Procedure, Lumbermens, in their initial disclosures, produced three copies of the indemnity agreement. They are attached to this affidavit in the order that they were produced:

1. LUM [Lumbermen's] 635, 636 and 637, as Exhibit C.

2. LUM-874, 875 and 876, and attached hereto as Exhibit D.

3. Letter sent by facsimile by Darren W. Thomas, Esq. of Lumbermens to Sharon Bickford, Contracting Officer, Department of the Air Force, San Antonio, Texas, containing the indemnity agreement as LUM-1709, 1710, 1711, 1712, 1713 and 1714, and attached hereto as Exhibit E.

Exhibits B, C, D and E are exactly the same and contain three pages, the title page, the signature page and the acknowledgment page. Page 2 of Exhibit "A" is not included in any of the exhibits produced by Lumbermen's initial disclosures or supplemental disclosures.

10. Affiant's deposition was taken by Lumbermens on December 13, 2002. In that deposition, at page 13, lines 7 through 10, affiant was asked, and answered the following question. "Question: I've had a document marked as Exhibit 160, Mr. Maffei. Is this a copy of the GIA that you signed on August 13th? Answer: Yes." And, at page 27, the following question and answer was given: "Did you review exhibit 160 before you signed it? Answer: Yes I did." At that deposition when those questions were asked of affiant, affiant mistakenly assumed that Exhibit 160 was the same agreement that was forwarded to your affiant by Darren W. Thomas, Esquire, of Lumbermens on October 23, 2001. (Exhibits A and B to this affidavit.)

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8584
FAX (907) 272-4877

11. In November, 2002, affiant requested the services of attorney Richard L. Waller of Brown, Waller & Gibbs, P.C., an expert in interpreting indemnity agreements requesting his legal opinion regarding the indemnity agreement in relation to this litigation.

12. At Mr. Waller's request, affiant sent, by facsimile, (attached as Exhibit F herein) the three-page document contained in affiant's files (Exhibit B herein).

On December 23, 2002, Mr. Waller called and stated to affiant that he needed the second page of the indemnity agreement.

Affiant then, through counsel, obtained the four-page document (Exhibit "A" and Exhibit 160).

On December 24, 2002, affiant forwarded to Mr. Waller, by facsimile, the four-page document. A copy of the facsimile cover sheet and the four pages of the document transmitted are attached as Exhibit G.

When affiant received the second page of the GIA from counsel, (Page 2 of Exhibit 160 and page 2 of Exhibit "A") to the best remembrance and knowledge of affiant, that was the first time that affiant had seen said page. Affiant realizes at this time that the said page is contained in Exhibit 160 which was handed to affiant at his deposition, and affiant mistakenly stated Exhibit 160 was a copy of the GIA that affiant had signed.

13. Exhibit "A" is the same document as Exhibit 160. Both contain the same discrepancies. For example, the pages are not in chronological order. The pages which appear to have been sent by facsimile from FIA to Lumbermens are numbered

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

6

Exhibit 6
Page 6 of 11
Case No. 3:03-cv-00262-JWS

facsimile numbers 1, 3, 2 and 3. The top of each page shows the date and time the pages were sent by facsimile from FIA. Three of the pages show that they were sent by facsimile on 12 01 at 05:15 p. All three pages contain the same date and time. Immediately behind the first page, the page of the exhibit marked p.3, (page 3) (page 2, Exhibit "A") the top of the page shows that the page was sent by facsimile on a different date and at a different time.

Again referencing page 2 of Exhibit "A", if you turn the page upside down, you will note the following: "Apr-10-02 03:50 p.m. from UNIVERSAL BONDING +2015310201 T-992 P.03/05 F-515" This is a facsimile from Universal Bonding to Lumbermens. The facsimile number noted is the facsimile number on Lumbermen's letterhead. This notation does not appear on any of the other pages of Exhibit "A" or any other copy of the indemnity agreement produced in this case.

The top of page 1 of Exhibit "A" to the Affidavit Of Bruce Dickstein, under "Agreement Of Indemnity", contains the following language: "This Agreement Of Indemnity, made and entered into this 10th day of August, 2001, by Luciano Enterprises dba Luciano General, L.L.C. 3132 Post Road, Anchorage, Alaska, 99501 (hereinafter called the Contractor) and Albert Maffei, 729 N Street, Anchorage, Alaska, 99501, and Edwin N. Luciano and wife Gina B 1331 S. 31st Ave., Anchorage, Alaska, 99517 (hereinafter called the indemnitors, if any) and First Indemnity Of America Insurance Company Parsippany, New Jersey" [referred to as the surety].

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

14  The indemnity agreements attached hereto as Exhibits B, C, D, and E clearly show that the agreements are entered into with FIA and do not contain the name of Lumbermens, Kemper Insurance, Universal Bonding Insurance Company.

15. Since the preparation of the foregoing affidavit, new matters have arisen which require some attention. On January 30, 2003, when affiant had prepared this affidavit for a response to the motion for partial summary judgment, attorney Stockler presented affiant with a letter from counsel for Lumbermens dated January 28, 2003 which enclosed yet another version of the indemnity agreement. This agreement contains four pages and Lumbermens represents that this is the agreement signed by Indemnitors. This agreement was produced in a response to a records deposition of Insurance and Bonds, Inc. of San Antonio, Texas, who is the agency that procured the bond.

Some background is needed to explain why affiant believes that the document is not credible. While preparing this affidavit, your affiant made telephone calls to both FIA and Insurance And Bonds, Inc. On January 14, 2003, your affiant telephoned FIA attempting to locate the corporate secretary that is shown to have attested the document as a witness. In talking to several people at FIA, none were able to identify the person who attested and witnessed the document. Affiant was then transferred to the bond agent whose name is Pat Lynch who informed affiant that he had a copy of the indemnity agreement. Affiant requested that Pat Lynch send the copy, by facsimile, to affiant's office. Affiant gave Mr. Lynch his facsimile number. Affiant did not receive the facsimile promised. Affiant then telephoned Mr. Lynch again on January 15, 2003

Paul D. Stockler
705 Christensen Drive
Anchorage, Alaska 99501
Telephone (907) 277-8564
Fax (907) 272-4877

and asked why he had not forwarded to your affiant the copy of the indemnity agreement. Mr. Lynch stated that legal counsel had advised him not to send the agreement to affiant, the legal counsel being Paul Alongi, Sr.

Affiant, on January 15, 2003, placed a telephone call to Insurance And Bonds, Inc. at San Antonio, Texas. The persons that affiant talked to there were unable to identify the person who attested and witnessed the indemnity agreement. Affiant was then referred to the executive handling the account. That person's name was Pat Moore who is also the attorney-in-fact for Lumbermens, and signed the bond on behalf of Lumbermens. Mr. Moore explained that FIA had prepared the indemnity agreement and bond, and the said documents were hand delivered to Anchorage by Michael Padrone. Mr. Moore further stated to me that he advised Mr. Padrone not to release the bond until the indemnity agreement had been signed. Mr. Moore further stated that he would search the files for the GIA and would send it by facsimile to affiant. Affiant gave him his facsimile number. Mr. Moore did not return affiant's call, and on January 16, 2003, affiant telephoned Insurance And Bonds, Inc. and requested to talk to Pat Moore, and was advised that he had stepped out for a minute, and affiant left his name and number to telephone your affiant.

Mr. Moore did return the telephone call the following day, January 17, 2003. Mr. Moore advised affiant that he searched his files and could not find a copy of the GIA.

16. In its Motion for Partial Summary Judgment, at page 4 thereof, Lumbermens states that affiant fraudulently transferred some of his property in an

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877

9

Exhibit 6
Page 9 of 11
Case No. 3:03-cv-00262-JWS

attempt to move it beyond the reach of his creditors. Lumbermens refers to the letter of its attorney dated November 5, 2002, which cites AS 34.40.110. The Motion for Partial Summary Judgment requests that the transfer be undone without any reference to any legal precedent other than the Alaska statute cited. Affiant states that there was no transfer and no intent to defraud creditors. The parcel of property mentioned in the motion was exchanged for an interest in a limited family partnership.

17. The partnership agreement was part of affiant's estate planning. Affiant has been married to Bonita Maffei since January 20, 1976. Bonita is 23 years younger than affiant. During the marriage, affiant and his wife have each held property in their own individual names, jointly, and as tenancy by the entirety. Affiant and his wife have discussed estate planning for a number of years. Each of us has children of a prior marriage.

18. Prior to the commencement of any action against affiant, affiant and his wife decided that this was an opportune time to do some estate planning. To assist us in the planning of our estates, we retained George Goerig of Goerig and Associates, an attorney in Anchorage, Alaska who specializes in estate planning to advise and prepare estate-planning documents. Attorney Goerig advised that he would recommend we enter into a family limited partnership agreement. We agreed, and Mr. Goerig prepared the Limited Partnership Agreement, and it was executed on the 21st day of November, 2001. Both my wife and affiant exchanged assets for an interest in the partnership. The interests exchanged were equal to the value of the asset exchanged for a partnership interest. In other words, my wife and your affiant have retained the same properties, only

PAUL D. STOCKLER

705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8584
FAX (907) 272-4877

in a different form. One of the properties exchanged was the Hawaii property as set forth in the motion, and for which affiant received in exchange a limited partnership interest based on the value of the exchanged property.

19. Concurrently with the filing of this affidavit, indemnitors have filed a motion to allow them to amend their answer to include a counterclaim. If the motion to amend were granted, then, by virtue of the proposed counterclaim, other genuine issues of material fact would be presented, as well as legal issues. The allegations are: (1) that indemnitors should not be held liable for Lumbermen's negligent acts; (2) that Lumbermens breached the covenant of good faith and fair dealing which is implied in every contract in the state of Alaska; (3) that the Third-Party Complaint does not state a cause of action upon which relief can be granted; (4) that indemnitors are entitled to punitive damages against Lumbermens.

This affidavit is supported by a memorandum filed herewith.

Dated this 26th day of February, 2003.

_Albert Maffei_
Albert Maffei

SUBSCRIBED AND SWORN to before me, this 26th day of February, 2003 by ALBERT MAFFEI.

Notary Public in and for Alaska
My commission expires: 12/06/2004

PAUL D. STOCKLER
705 CHRISTENSEN DRIVE
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-8564
FAX (907) 272-4877