Source: Public Records > People, ...siness & Asset Locators > Real Property Loca... > Combined, Deed Transfers & Tax Assessor Records > $ Combined Deed Transfers, Tax Assessor Records and Mortgage Records ⓘ
Terms: albert w/3 maffei (Edit Search)

✎ Select for FOCUS™ or Delivery
☐

MAUI COUNTY, HI

### *** THIS DATA IS FOR INFORMATION PURPOSES ONLY ***

### PROPERTY TRANSFER RECORD FOR MAUI COUNTY, HI

**Buyer:** MAFFEI FAMILY LTD PARTNERSHIP (Partnership), Tenants in Severalty

**Buyer Mailing Address:** 731 N ST, ANCHORAGE, AK 99501

**Seller:** MAFFEI, ALBERT (Married Man)

***************************** SALES INFORMATION
*****************************

**Sale Date:** 3/26/2002

**Recorded Date:** 3/28/2002

**Sale Price:** $ 240,900 (Full Amount Computed From Transfer Tax)

Total Transfer Tax: $ 240.90

**Document Number:** 2791152

**Deed Type:** WARRANTY DEED

**Assessor's Parcel Number:** 4-6-002-007

**Legal Description:** PARTIAL LOT; LOT: 1; UNIT: 125; SEC/TWN/RNG/MERIDIAN: LAHAINA SHORES; RECORDER'S MAP REFERENCE: MB9983 PG485

Brief Description: CONDOMINIUM MAP #361&219 LAND COMMISSION AWARD #4452 APANA 3 TO H KALAMA ROYAL PATENT #7860 LAND0013

***************************** PROPERTY DESCRIPTION
*****************************

**Land Use:** CONDOMINIUM

**Lot Size:** 8325 SQ FT

GG0035

Source: Public Records > People, Business & Asset Locators > Real Property Locator > Combined, Deed Transfers & Tax Assessor Records > $ Combined Deed Transfers, Tax Assessor Records and Mortgage Records ⓘ
Terms: albert w/3 maffei (Edit Search)
View: Full
Date/Time: Thursday, October 31, 2002 - 7:46 PM EST

**EXHIBIT** *A*

Exhibit 9
Page 20 of 46
Case No. 3:03-cv-00262-JWS

**Page___/__ of___/___**

**HUGHES THORSNESS PC**

**HUDDLESTON & BAUMAN LLC**
ATTORNEYS AT LAW

November 5, 2002

Direct Dial:
**(907) 263-8241**
E-mail: FAP@htlaw.com

**VIA FACSIMILE**

Paul D. Stockler
705 Christensen Drive
Anchorage, AK 99501

Re:  *Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al.*
     Our File No. 8172-1

Dear Paul:

Lumbermens requests that you advise your clients during the pendency of this lawsuit to refrain from making any transfers of assets as defined in Alaska's fraudulent transfer statute and to undo any transfers that have been made in violation of the fraudulent transfer statute. AS 34.40.010 provides that

> Except as provided in AS 34.40.110, a conveyance or assignment, in writing or otherwise, of an estate or interest in land, or in goods, or things in action, or of rents or profits issuing from them or a charge upon land, goods, or things in action, or upon the rents or profits from them, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, or a bond or other evidence of debt given, action commenced, decree or judgment suffered, with the like intent, as against the person so hindered, delayed, or defrauded is void.

On March 28, 2002, Mr. Maffei transferred Unit 125 of Lahaina Shores from himself to the Maffei Family Ltd Partnership. In light of the pending litigation and possible additional future litigation against Mr. Maffei relating to possible GIA liability on performance bond obligations for the Cold Bay project, the transfer above was fraudulent. If this transaction is not undone, Lumbermens will seek all remedies to void this and any other such transfers and sue any lawyer who assisted Mr. Maffei in

Exhibit 9
Page 21 of 46
Case No. 3:03-cv-00262-JWS

550 WEST SEVENTH AVENUE, SUITE 1100, ANCHORAGE, ALASKA 99501-3563
TELEPHONE (907) 274-7522 · FACSIM
http://www.htlaw.co

GG0036

**EXHIBIT** *B*
Page ___1___ of ___2___

Paul D. Stockler
November 25, 2002
Page 2

Case 3:03-cv-00262-JWS   Document 61-12   Filed 01/31/2006   Page 22 of 27

HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
ATTORNEYS AT LAW

any such transfer pursuant to *Willner's Fuel Distributors, Inc. v. Noreen*, 882 P.2d 399 (Alaska 1994), and *Summers v. Hagen,* 852 P.2d 1165 (Alaska 1993).

Very truly yours,

HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN  LLC

By *Frank A. Pfiffner*

Frank A. Pfiffner

FAP:lob/178322

GG0037

Exhibit 9
Page 22 of 46
Case No. 3:03-cv-00262-JWS

EXHIBIT *B*

Page 2 of 2

Frank A. Pfiffner
ABA No. 7505032
HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
550 West Seventh Avenue, Suite 1100
Anchorage, Alaska  99501-3563
Telephone:  (907) 274-7522
Attorneys for Lumbermens Mutual Casualty
Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the Use and Benefit of REMTECH, INC., a Washington corporation, | |
| Plaintiff, | Case No. A01-309 CIV (JWS) |
| vs. | |
| LUMBERMEN'S MUTUAL CASUALTY CO., a foreign corporation, LUCIANO ENTERPRISES, INC. dba LG GENERAL CONTRACTORS and/or LUCIANO GENERAL; EDWIN NEGRON LUCIANO, | **AFFIDAVIT OF FRANK A. PFIFFNER** |
| Defendants. | |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| GINA B. LUCIANO and ALBERT MAFFEI, | |
| Third-Party Defendants. | |

GG0038

'GHES THORSNESS POWELL
'DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
0 WEST SEVENTH AVENUE
SUITE 1100
CHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

*AFFIDAVIT OF FRANK A. PFIFFNER (Re: Motion for Partial Summary Judgment)*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/180806)*                **Page 1 of 4**

Exhibit 9
Page 23 of 46
Case No. 3:03-cv-00262-JWS

# AFFIDAVIT OF FRANK A. PFIFFNER

STATE OF ALASKA

THIRD JUDICIAL DISTRICT

ss.

I, Frank A. Pfiffner, being duly sworn, state as follows:

1.      I am the attorney for Defendant Lumbermens Mutual Casualty Company ("Lumbermens") in the above referenced litigation.

2.      This affidavit is based on my personal knowledge in support of Lumbermens' Motion for Partial Summary Judgment on Issue of Collateral Security.

3.      I took the deposition of Keith Carpenter in Spokane, Washington, on December 9 and part of December 10, 2002.

4.      During his testimony on December 10, 2002, Mr. Capenter for the first time on behalf of Remtech, Inc. provided Lumbermens with a revised contractual damage calculation in the principal amount of $1,328,258.88. This claimed amount is the sum of the service agreement, spare parts agreement, and rental agreement claims.

5.      The two-page damage summary was marked as Exhibit 154 in the Carpenter deposition. Various supporting documents for the damage calculation were also included as part of Exhibit 154. A true and accurate copy of the two-page damage summary is attached hereto as Exhibit A.

JONES THORSNESS POWELL
DOUGLESTON & BAUMAN LLC
ATTORNEYS AT LAW
0 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

GG0039

*AFFIDAVIT OF FRANK A. PFIFFNER (Re: Motion for Partial Summary Judgment)*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/180806)*          **Page 2 of 4**

Exhibit 9
Page 24 of 46
Case No. 3:03-cv-00262-JWS

Dated: _12·26·02_                    _Frank A. Pfiffner_

                                     Frank A. Pfiffner

SUBSCRIBED AND SWORN to before me this _26ᵀᴴ_ day of December,

2002.



NOTARY PUBLIC in and for Alaska
My Commission Expires: _5/17/2006_

ᴺᴱˢ THORNESS POWELL
ᴅLESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
ᴴORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

GG0040

*AFFIDAVIT OF FRANK A. PFIFFNER (Re: Motion for Partial Summary Judgment)*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/180806)*                    Page 3 of 4

                                     Exhibit 9
                                     Page 25 of 46
                                     Case No. 3:03-cv-00262-JWS

Certificate of Service

On the _20th_ day of December, 2002,
a true and correct copy of the
foregoing was ☒ mailed
☐ hand-delivered ☐ faxed to:

John C. Black
Michael S. Bissell
McCormick, Dunn & Black, P.S.
Fernwell Building, Suite 200
W. 505 Riverside Avenue
Spokane, Washington  99201

☒ mailed ☐ hand-delivered ☐ faxed to

Raymond H. Royce
Law offices of Royce & Brain
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska  99503-3678

☐ mailed ☒ hand-delivered ☐ faxed to

Paul D. Stockler
705 Christensen Drive
Anchorage, AK 99501

_Pattie Hopp_
PATTIE HOPP

HES THORNESS POWELL
DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
CHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

GG0041

*AFFIDAVIT OF FRANK A. PFIFFNER (Re: Motion for Partial Summary Judgment)*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/180806)*                    **Page 4 of 4**
                                                          Exhibit 9
                                                          Page 26 of 46
                                                          Case No. 3:03-cv-00262-JWS

Ex. 5

# REMTECH DAMAGE CALCULATIONS
## As of December 9, 2002

## SERVICES AGREEMENT

| Invoice # | Amount |
|-----------|--------|
| 4498 | $3,875.00 |
| 4499 | $6,714.00 |
| 4500 | $18,815.10 |
| 4505 | $20,247.57 |
| 4506 | $5,985.75 |
| 4507 | $13,852.00 |
| 4509 | $11,847.25 |
| LG Payment | $25,000.00 |
| | $56,336.67 Subtotal |

Subtotal does not include late fees (1.5% per month), interest at the highest statutory rate, collection costs or other damages Remtech may be entitled to under law.

## PARTS PRICING AGREEMENT

| Invoice # | Amount |
|-----------|--------|
| 4508 | $2,096.00 |
| 4529 | $44,738.46 |
| | $46,834.46 Subtotal |

Subtotal does not include interest at the highest statutory rate, collection costs or other damages Remtech may be entitled to under law.

## RENTAL AGREEMENT

| Amount | |
|--------|--------|
| $625,000.00 | Lump sum minimum rental price |
| $500,000.00 | Additional monthly rental (November to March) |
| $4,118.53 | Insurance premium |
| $95,969.22 | Return costs |
| $1,225,087.75 | Subtotal |

Subtotal does not include late fees (1.5% per month), interest at the highest statutory rate, collection costs or other damages Remtech may be entitled to under law.

GG0042   Exhibit 9
Page 27 of 46
Case No. 3:03-cv-00262-JWS

EXHIBIT A
Page ____ of 2

## RENTAL AGREEMENT INSURANCE COST

$5,372.00 Additional annual premium
  66.67% 8 months
$3,581.33 Cost of additional premium for rental term.
  $537.20 Administrative charge (15%)
$4,118.53 Total


## RENTAL AGREEMENT RETURN COSTS

$15,763.00 Barge Insurance
  $824.00 Alaska Railroad Corporation
$1,350.00 Alan & Letty Truck Rental
$6,015.00 Aleutian Services
$49,208.33 Anderson Tug & Barge
$3,192.00 City of Cold Bay
$6,368.59 North Star Terminal & Stevedor
$13,248.30 Labor
$95,969.22 Total

GG0043

Frank A. Pfiffner
ABA No. 7505032
HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
550 West Seventh Avenue, Suite 1100
Anchorage, Alaska 99501-3563
Telephone: (907) 274-7522

Attorneys for
Lumbermens Mutual Casualty Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the Use and Benefit of REMTECH, INC., a Washington corporation, | |
| Plaintiff, | Case No. A01-309 CIV (JWS) |
| vs. | |
| LUMBERMEN'S MUTUAL CASUALTY CO., a foreign corporation, LUCIANO ENTERPRISES, INC. dba LG GENERAL CONTRACTORS and/or LUCIANO GENERAL; EDWIN NEGRON LUCIANO, | **AFFIDAVIT OF BRUCE DICKSTEIN** |
| Defendants. | |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| GINA B. LUCIANO and ALBERT MAFFEI, | |
| Third-Party Defendants. | |

Hughes Thorsness Powell
Huddleston & Bauman LLC
ATTORNEYS AT LAW
550 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

GG0044

*AFFIDAVIT OF BRUCE DICKSTEIN*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/179496)*                              **Page 1 of 5**

Exhibit 9
Page 29 of 46
Case No. 3:03-cv-00262-JWS

STATE OF NEW JERSEY

County of Mercer

ss.

I, Bruce Dickstein, being duly sworn, state as follows:

1.    I am and have been, at all relevant times to this litigation, the vice president and general claims counsel of Universal Bonding Insurance Company ("UBIC"). UBIC currently operates as essentially a business unit of Kemper Insurance Companies. Kemper Insurance Company's "surety arm" is Lumbermens Mutual Casualty Company ("Lumbermens") and it is from Lumbermens that UBIC procured the issuance of the bond applicable to this litigation. UBIC is solely responsible for handling the Remtech claim. I am and have been, at all relevant times to this litigation, the person at UBIC responsible for handling and/or supervising the Remtech claim. My business address is Princeton Forrestal Village, 155 Village Boulevard, Suite 201, Princeton, NJ 08540.

2.    This affidavit is based on my personal knowledge in support of a motion for summary judgment by Lumbermens Mutual Casualty Company ("Lumbermens") against Luciano Enterprises, L.L.C., Edwin Negron Luciano, Gina Luciano, and Albert Maffei.

3.    Luciano Enterprises, L.L.C., Edward Negron Luciano, Gina A. Luciano, and Albert Maffei entered into a general indemnity agreement ("GIA") with First Indemnity of America Insurance Company ("FIA") whereby, in consideration of the

HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
ATTORNEYS AT LAW
550 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

*AFFIDAVIT OF BRUCE DICKSTEIN*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/179496)*                                   *Page 2 of 5*

Exhibit 9
Page 30 of 46
Case No. 3:03-cv-00262-JWS   GG0045

issuance of the payment and performance bonds, Luciano Enterprises, L.L.C., Edwin Negron Luciano, Gina A. Luciano, and Albert Maffei (hereinafter referred to as "indemnitors") agreed to exonerate and indemnify FIA for all losses including costs and attorney's fees that may be sustained by FIA as a result of any claims under the payment or performance bonds on the project referenced in the plaintiff's complaint (the Remedial Action Project at the former Cold Bay White Alice Communication System Site at Cold Bay, Alaska, Contract No. F41624-01-6-8066)(hereinafter "the project"). A true and accurate copy of the GIA is attached hereto as Exhibit A.

4.     The GIA inures to the benefit of Lumbermens by virtue of the language in paragraph 14 which provides that if the surety procures the execution of the bonds by other sureties, the terms and conditions of the GIA inure to the benefit of the other surety. FIA procured the payment and performance bonds for the project through UBIC. A true and accurate copy of the payment bond is attached hereto as Exhibit B.

5.     The GIA provides in paragraph two that collateral security payments shall be made to the surety by the indemnitors on payment bond claims when and to the extent that the surety has set reserves for the claims.

6.     Lumbermens has previously set reserves for payment bond claims on the project in the amount of $609,000 as alleged in Lumbermens cross-claims and third-party claims against the indemnitors.

HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
ATTORNEYS AT LAW
550 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

*AFFIDAVIT OF BRUCE DICKSTEIN*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/179496)*                                **Page 3 of 5**

Exhibit 9
Page 31 of 46
Case No. 3:03-cv-00262-JWS

GG0046

7.    Lumbermens has also demanded additional collateral security from the indemnitors as a result of the size of plaintiff's claims in this litigation. In a letter dated October 10, 2001, Lumbermens demanded $800,000 as collateral security from the indemnitors. The amount of Lumbermens' demand for collateral security increased to $1,100,000 by virtue of a letter dated November 12, 2001, from Lumbermens to the indemnitors. The increased collateral security demand occurred as a result of the amount demanded in Remtech's complaint. The letters dated October 10, 2001, and November 12, 2001, are attached hereto as Exhibits C and D respectively.

8.    Lumbermens has not yet made any collateral security demand against the indemnitors relating to the performance bond on the project because the Government has not given Lumbermens notice of any potential performance bond claim.

9.    The indemnitors have failed to provide Lumbermens any collateral security for the payment bond claims on the project and have otherwise failed or refused to make any payments to Lumbermens.

Dated:    November 25, 2002    _____
                                Bruce Dickstein

SUBSCRIBED AND SWORN to before me this ____ day of November, 2002.

_____
NOTARY PUBLIC in and for
the State of New Jersey, County of Mercer
My Commission Expires: _____

Hughes Thorsness Powell
Huddleston & Bauman LLC
ATTORNEYS AT LAW
550 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

AFFIDAVIT OF BRUCE DICKSTEIN
Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)
(8172-1/179496)                                 Page 4 of 5

GG0047

SANDRA A. PULIDO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 17, 2007

Exhibit 9
Page 32 of 46
Case No. 3:03-cv-00262-JWS

Certificate of Service

On the 20th day of December, 2002,
a true and correct copy of the
foregoing was [X] mailed
[ ] hand-delivered [ ] faxed to:

John C. Black
Michael S. Bissell
McCormick, Dunn & Black, P.S.
Fernwell Building, Suite 200
W. 505 Riverside Avenue
Spokane, Washington  99201

[X] mailed  [ ] hand-delivered [ ] faxed to

Raymond H. Royce
Law offices of Royce & Brain
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska  99503-3678

[ ] mailed  [X] hand-delivered [ ] faxed to

Paul D. Stockler
705 Christensen Drive
Anchorage, AK 99501

_Pattie Hopp_
PATTIE HOPP

JOHES THORSNESS POWELL
DOLESTON & BAUMAN LLC
ATTORNEYS AT LAW
50 WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

Exhibit 9
Page 33 of 46
Case No. 3:03-cv-00262-JWS

*AFFIDAVIT OF BRUCE DICKSTEIN*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al. / Case No. A 01 309 CIV (JWS)*
*(8172-1/179430)*                **Page 5 of 5**

GG0048

P-1

The indemnitors and the contractor recognize that this is a legal document and that each has had the opportunity to review the same with any person of their choice including an attorney. By executing this document, each acknowledges such review or an intentional waiver there of.

# FIRST INDEMNITY OF AMERICA
# INSURANCE COMPANY
# OR ANY QUOTA SHARE PARTNER

PJL
8-22-01

### AGREEMENT OF INDEMNITY

THIS AGREEMENT of Indemnity, made and entered into this ___10th___ _____ day of

____August____ , 20 _01_ , by Luciano Enterprises, dba

(insert full name and address of Contractor)

Luciano General, L.L.C. 2132 Post Road, Anchorage, Alaska 99501 (hereinafter called the Contractor) and

Albert Maffei 729 N. Street, Anchorage, Alaska 99501

(insert full names and addresses of Indemnitors, if any)

Edwin N. Luciano and wife Gina B.

1331 W. 31st Ave., Anchorage, Alaska 99517 _____ (hereinafter called the Indemnitors, if any) and

FIRST INDEMNITY OF AMERICA INSURANCE COMPANY Parsippany, New Jersey (hereinafter called Surety or Company). The Contractor and Indemnitors are sometimes referred to hereinafter collectively as the "Undersigned."

### WITNESSETH:

WHEREAS, the Contractor, in the performance of contracts and the fulfillment of obligations generally, whether in its own name solely or as co-venturer with others, may desire, or be required to give or procure certain surety bonds, undertakings or instruments of guarantee, and to renew, or continue or substitute the same from time to time; or new bonds, undertakings or instruments of guarantee with the same or different penalties, and/or conditions, may be desired or required, in renewal, continuation, extension or substitution thereof; any one or more of which are hereinafter called Bonds; or the Contractor and Indemnitors may request the Surety to refrain from cancelling said Bonds; and

WHEREAS, at the request of the Contractor and the Indemnitors and upon the express understanding that this Agreement of Indemnity should be given, the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Contractor; and

WHEREAS, the Indemnitors have substantial, material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from cancelling said Bonds;

THEREFORE, in consideration of the premises the Contractor and Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the Surety, its successors and assigns, as follows:

### PREMIUMS

FIRST: The Contractor and Indemnitors will pay to the Surety in such manner as may be agreed upon at premiums and charges of the Surety for the Bonds in accordance with its rate filings, its manual of rates, or as otherwise agreed upon, until the Contractor or Indemnitors shall serve evidence satisfactory to the Surety of its discharge or release from the Bonds and all liability by reason thereof.

### INDEMNITY

SECOND: The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) by reason of having executed or procured the execution of the Bonds, (2) by reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) in enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. Unless otherwise agreed. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and the Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

### ASSIGNMENT

THIRD: The Contractor, the Indemnitors hereby consenting, will assign, transfer and set over, and does hereby assign, transfer and set over to Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract to become effective as of the bond covering such contract, but only in the event of (1) any abandonment, forfeiture or breach of any contracts referred to in the Bonds or of any breach of any said Bonds; or (2) of any breach of the provisions of any of the paragraphs of this Agreement; or (3) of a default in discharging such other indebtedness or liabilities when due or (4) of any assignment by the Contractor for the benefit of creditors, or of the appointment, or of any application for the appointment, of a receiver or trustee for the Contractor whether insolvent or not; (5) or any proceeding which deprives the Contractor of the use of any of the machinery, equipment, plant, tools or material referred to in section (b) of this paragraph; or (6) of the Contractor's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisoned if the Contractor be an individual; (a) All the rights of the Contractor in, and growing in any manner out of all contracts referred to in the Bonds, or in or growing in any manner out of the Bonds; (b) All the rights, title and interest of the Contractor in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the Bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all said sites; (c) All the rights, title and interest of the Contractor in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and all surety bonds supporting such subcontracts; (d) All actions, causes of actions, claims and demands whatsoever which the Contractor may have or acquire against any subcontractor, laborer or materialman, or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts and against any surety or sureties of any subcontractor, laborer, materialman; (e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Contractor has an interest.

### TRUST FUND

FOURTH: If any of the Bonds are executed in connection with a contract which by its terms or by law prohibits the assignment of the contract price, or any part thereof, the Contractor and Indemnitors covenant and agree that all payments received for or on account of said contract shall be held as a trust fund in which the Surety has an interest, for payment of obligations incurred in the performance of the contract and for labor, materials, and services furnished in the prosecution of the work provided in said contract or any authorized extension or modification thereof; and, further, it is expressly understood and declared that all monies due and to become due under any contract or contracts covered by the Bonds are trust funds, whether in the possession of the Contractor and Indemnitors or otherwise, for the benefit of and for payment of all such obligations in connection with any such contract or contracts for which the Surety would be liable under any of said Bonds, which said trust also inures to the benefit of the Surety for any liability or loss it may have or sustain under any said Bonds, and this Agreement and declaration shall also constitute notice of such trust. The Contractor further agrees that this contract proceeds from any bonded contract shall be maintained and segregated in a separate account apart from the general funds of the contractor. The surety shall have the right at any time to examine and review such accounts in accordance with the purposes and intent of this agreement.

### DECLINE EXECUTION

FIFTH: Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Contractor and Indemnitors agree to make no claim to the contrary in consideration of the Surety's receiving this Agreement; and if the Surety shall execute a Bid or Proposal Bond, it shall have the right to decline to execute any and all of the bonds that may be required in connection with any award that may be under the proposal for which the Bid or Proposal Bond is given and such declination shall not diminish or alter the liability that may arise by reason of having executed the Bid or Proposal Bond.

### TAKEOVER

SIXTH: In the event any breach, delay or default asserted by the obligee in any said Bonds, or the Contractor has suspended or ceased work on any contract or contracts covered by any said Bonds, or failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance, Contractor's conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Contractor, or the appointment of a receiver or trustee for the Contractor, or the property of the Contractor or in the event of an assignment for the benefit of creditors of the Contractor, or if any action is taken by or against the Contractor under the National Bankruptcy Act, or any similar bankruptcy law, or should reorganization or arrangement proceedings be filed by or against the Contractor under said Act, or if any action is taken by or against the Contractor under said Act, or if any action is taken by or against the Contractor under the insolvency laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contractor and Indemnitors shall promptly, upon demand pay to the Surety all losses, and expenses so incurred.

EXHIBIT A

Page 1 of 4

GG0049

Exhibit 9
Page 34 of 46
Case No. 3:03-cv-00262-JWS

## CHANGES

SEVENTH: The Surety is authorized and empowered, without notice to or knowledge of the Indemnitors to assent to any change whatsoever in the Bond and/or any contracts referred to in the Bonds, and/or in the general conditions, plans and/or specifications accompanying said contracts, including, but n limited to, any change in the time for the completion of said contracts and to payments or advances thereunder before the same may be due, and to exec or to take any assignment or assignments, to execute or consent to the execution of any continuations, extensions or renewals of the Bonds and to exec any substitute or substitutes therefor, with the same or different conditions, provisions and obligations and with the same or larger or smaller penalties. It bel expressly understood and agreed that the indemnitors shall remain bound under the terms of this Agreement even though any such assent by the Sure does or might substantially increase the liability of said Indemnitors.

## ADVANCES

EIGHTH: The Surety is authorized and empowered to guarantee loans, to advance or lend to the Contractor any money, which the Surety may see f for the purpose of any contracts referred to in, or guaranteed by the Bonds; and all money expended in the completion of any such contracts by the Suret or lent or advanced from the time to the Contractor, or guaranteed by the Surety for the purposes of any such contracts, and all costs, and expenses incurr by the Surety in relation thereto, unless repaid with legal interest by the Contractor to the Surety when due, shall be presumed to be a loss by the Surety h which the Contractor and the Indemnitors shall be responsible, notwithstanding that said money or any part thereof should not be so used by the Contracto

## BOOKS AND RECORDS

NINTH: At any time, and until such time as the liability of the Surety under any and all said bonds is terminated, the Surety shall have the right to reasonabl access to the books, records, and accounts of the Contractor and Indemnitors; and any bank depository, materialman, supply house or other person, firm or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.

## WAIVER OF DEFENSES

TENTH: The Indemnitors and the Contractor further expressly agree that in the event of an action at law by the Company against them to recover pursuan to the terms of this agreement, in consideration of the Company having agreed to provide bonds each will not raise as a defense in any jurisdiction the righ of homestead nor claim any exemption as the result of an action for divorce or separation and hereby expressly waives the defense of the entire controvers doctrine in any jurisdiction in which the same may be raised and specifically waive any defense based on any applicable statute of limitation.

## NOTICE OF EXECUTION

ELEVENTH: The indemnitors hereby waive notice of the execution of said Bonds and of the acceptance of this Agreement, and the Contractor and the Indemnitors hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as notice of any and all liabilit of the Surety under said Bonds, and any and all liability on their part hereunder, to the end and effect that, the Contractor and the Indemnitors shall be an continue liable hereunder, notwithstanding any notice of any kind of which they might have been or be entitled, and notwithstanding any defenses they migh have been entitled to make.

## SECURITY AGREEMENT

TWELFTH: The Indemnitors herein consent to identification as the debtor for the purposes of the filing of this agreement as a Financing Statement and to the identification of the Company as the Secured party. The Indemnitors hereby create a lien pursuant to the provisions of the Uniform Commercial Code in favor of the Company to be secured by the filing of this agreement according to law which said lien attaches upon the filing hereof to all present and future contract proceeds due and owing to it or to become due and owing to it under any contract, whether bonded by the Company or not, to the full extent of any and all obligations the Indemnitor or the Contractor may have to the Company. Further, the Indemnitor and the Contractor hereby create a lien in favor of the Company in all of their property described herein, to the fullest extent permitted by law upon the filing hereof until the complete satisfaction of all of the obligations of the Indemnitor and the Contractor to the Company.

The Surety is hereby specifically empowered to make, file, and record any instrument including real and personal mortgages in the name of the Indemnitors encumbering any property, real or personal, known to the Surety to be owned by the Indemnitor and which is lawful collateral for the purposes expressed in this agreement.

## SETTLEMENTS

THIRTEENTH: The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

## SURETIES

FOURTEENTH: In the event the Surety procures the execution of the Bonds by other sureties, or executes the Bonds with co-sureties, or reinsures any portion of said Bonds with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

## SUITS

FIFTEENTH: Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit of the recovery of judgment upon any cause of action, shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

## OTHER INDEMNITY

SIXTEENTH: That the Contractor and the Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hereafter, with or without notice to or knowledge of the Contractor and the Indemnitors accepted or released other agreements of Indemnity or collateral in connection with the execution or procurement of said Bonds, from the Contractor or Indemnitors or others, it being expressly understood and agreed by the Contractor and the Indemnitors; that any and all other rights which the Surety may have or acquire against the Contractor and the Indemnitors and/or others under any such other or additional Agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Surety under this Agreement.

## INVALIDITY

SEVENTEENTH: In case of any of the parties mentioned in this Agreement fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. It is understood and agreed by the Contractor and Indemnitors that the rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the Surety may have or acquire against the Contractor and Indemnitors or others whether by the terms of any other Agreement or by operation of law or otherwise. If any term or provision of this Agreement shall be declared invalid or unenforceable the remainder of this Agreement or the remainder of this Agreement shall not be affected thereby and each term and provision of the Agreement shall remain valid and enforceable.

## ATTORNEY IN FACT

EIGHTEENTH: The Contractor and Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all of the rights of the Contractor and Indemnitors assigned, transferred and set over to the Surety in this Agreement, and in the name of the Contractor and Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Contractor and Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety as such attorney-in-fact.

## SERVICE OF PROCESS

The Indemnitors and the Contractor hereby constitute and appoint _____ as their agent for service of process to receive for them and on their behalf all process in connection with any action instituted by the Surety against them or any of them in any court of competent jurisdiction. With respect to any action brought by the Surety on this Agreement in a jurisdiction in which one or more of them are domiciled, are doing business or are found, each of the Undersigned not in the jurisdiction hereby designates each of the Undersigned in such jurisdiction as his agent to receive on his behalf service of process in such action. Each of the undersigned further agree that each will be bound by service of process by regular or certified mail in every jurisdiction which so permits in any action by the SURETY.

## TERMINATION

NINETEENTH: This Agreement may be terminated by the Contractor or Indemnitors upon thirty days' written notice sent by registered mail to the Surety at its administrative office, but any such notice of termination shall not operate to modify, bar, or discharge the Contractor or the Indemnitors as to the Bonds that may have been theretofore executed.

## MODIFICATION

TWENTIETH: This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed to form a part hereof.

Exhibit 9
Page 35 of 46
Case No. 3:03-cv-00262-JWS

GG0050

EXHIBIT 1
Page 2 of 4

**RESERVE-DEPOSIT**

TWENTY-FIRST: If for any reason the Surety 'deem it necessary to set up or to increase a reserve ...... over any possible liability or loss for which the Undersigned will be obligated to indemnify the S...ry under the terms of this Agreement, the Undersign...... ....will deposit with the Surety, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to the Surety for such liability or loss. The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement. Surety shall have no obligation to invest, or to provide a return on, the deposit. The undersigned shall be entitled to the return of any unused portion of the deposit upon termination of the liability of the Surety on the Bonds and the performance by the Undersigned of all obligations to the Surety under the terms of this Agreement. The Surety's demand shall be sufficient it sent by Registered or Certified Mail to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, whether or not actually received.

**SUBORDINATION OF INDEMNITORS**

TWENTY-SECOND: The Indemnitors shall have no rights of indemnity against the Contractor or his property until the Contractor's obligations to the Surety under this Agreement have been satisfied in full.

**NOTICE OF CLAIMS**

TWENTY-THIRD: The Undersigned shall immediately notify Surety in writing upon becoming aware of any demand, notice or proceeding which may result in liability to Surety under any Bond.

**DISCHARGE FROM SURETYSHIP**

TWENTY-FOURTH: The Undersigned will, at any time upon the request of the Surety, procure the discharge of Surety from any Bond and from all liability by reason thereof. Surety may, at any time, take such action as it deems necessary or proper to obtain its release from any and all liability under any Bond.

**DEFINITIONS**

TWENTY-FIFTH: As used in this Agreement, words in the singular include the plural and words in the plural include the singular. The masculine pronoun shall be read as feminine or neuter as circumstances require. The word "person" shall mean and include individuals, partnerships, corporations and associations.
The terms "contract" shall include all documents comprising the contract documents including general and special conditions, specifications and drawings.
The word "Bond" shall mean a contract of suretyship, guaranty of indemnity, an agreement or consent to provide such a contract and the continuation, extension, alteration, renewal or substitution of such a contract, agreement or consent.

**REPRESENTATIONS**

TWENTY-SIXTH: The undersigned represent to the Surety that they have carefully read the entire agreement and that there are no other agreements or understandings which in any way lessen or modify the obligations set forth herein.

TWENTY-SEVENTH: The undersigned agree that this agreement shall be governed by the laws of the State of New Jersey.

**FINANCIAL INFORMATION**

TWENTY-EIGHTH: The undersigned hereby covenant and agree that the Surety will be given immediate notice of the transfer of hypothecation of any principal asset of the undersigned. The undersigned further shall provide annual financial statements of each at least annually, in form acceptable to the Surety, which statement shall be certified as accurate and truthful.

**NOTICE OF ASSIGNMENT OR HYPOTHECATION**

TWENTY-NINTH: The undersigned each agree that the surety will be given immediate notice in writing of the assignment or hypothecation of contract funds relating to or arising out of any bonded contract.

IN WITNESS WHEREOF, we have hereunto set our hands and seals the day and year first above written.

ATTEST OR WITNESS:

Luciano Enterprises dba Luciano General, L.L.C.
(Full Name of Contractor)

_____    By _____ (MEMBER)
Corporate Secretary    ATTEST    (Corporate Officer) Edwin N. Luciano  Owner

_____    _____ 038 536    Title _____ (SEAL)
WITNESS    (Signature Corporate Officer Individually)  Edwin N. Luciano  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

_____    Gina B. Luciano
WITNESS    (Type or Print Additional Indemnitor Name) AOL 564 4300
                Sign _____  574349473
                Drivers Lic. # B0127 19 A04    SS#
Albert Maffei                           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
                (Type or Print Additional Indemnitor Name)

_____    Sign _____
WITNESS    Drivers Lic. #                    SS#

_____    (Type or Print Additional Indemnitor Name)
WITNESS    Sign _____
                Drivers Lic. #                SS#

_____    (Type or Print Additional Indemnitor Name)
WITNESS    Sign _____
                Drivers Lic. #                SS#

_____    (Type or Print Additional Indemnitor Name)
WITNESS    Sign _____
                Drivers Lic. #                SS#

GG0051                    EXHIBIT A

Exhibit 9
Page 36 of 46
Case No. 3:03-cv-00262-JWS

Page___ 3 of 4

P - 3

## For Acknowledgment of Contractor's Signature
### INDIVIDUAL ACKNOWLEDGMENT

TE OF _____
UNTY OF _____
n this _____ day of _____, in the year 20 ____, before me personally come(s)

n known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me
_____ he _____ executed the same.
____ed and sworn before me this _____ day
____, 20 _____

_____ (Seal)
(Notary Public)

My commission expires: _____

### CORPORATE ACKNOWLEDGMENT

TE OF Alaska
UNTY OF Anchorage
n this 13 th day of August, in the year 20 01, before me personally comes
n known, who, being by me duly sworn, deposes and says that he resides in the City of Anchorage, Alaska
he is the President MEMBER _____ of the Luciano Enterprises dba Luciano General, LLC
rporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation, that the seal affixed to the said
hument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by
order.
____ed and sworn before me this 13 th day
Aug. , 20 01.

_____
My commission expires: 3/24/2002          (Notary Public)

NOTARY PUBLIC STATE OF ALASKA — EDITH A. DOUGLAS

## For Acknowledgment of Indemnitor's Signature's
### INDIVIDUAL ACKNOWLEDGMENT

TE OF Alaska
UNTY OF Anchorage
n this 13 th day of August, in the year 20 01, before me personally come(s)
uin N. and Gina B. Luciano
ne known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) me
t _____ t hey _____ executed the same.
____ed and sworn before me this 13 th day
aug. 20 01.

_____
My commission expires: 3/24/2002          (Notary Public)

NOTARY PUBLIC STATE OF ALASKA — EDITH A. DOUGLAS

## For Acknowledgment of Indemnitor's Signature's
### INDIVIDUAL ACKNOWLEDGMENT

TE OF Alaska
UNTY OF Anchorage
n this 13 th day of August, in the year 20 01, before me personally come(s)
lbert Maffei
ne known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me
nt _____ he _____ executed the same.
gned and sworn before me this 13 th day
August , 20 01.

_____
My commission expires: 3/24/2002          (Notary Public)

NOTARY PUBLIC STATE OF ALASKA — EDITH A. DOUGLAS

### CORPORATE ACKNOWLEDGMENT

TE OF _____
UNTY OF _____
n this _____ day of _____, in the year 20 ____, before me pe___
ne known, who, being by me duly sworn, deposes and says that he resides in the City of _____
nat he is the _____ of the _____
t corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation, that the seal affixed to the said
strument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by
n order.
gned and sworn before me this _____ day
____, 20 _____

_____ (Seal)
(Notary Public)

My commission expires: _____

GG0052

Exhibit 9
Page 37 of 46
Case No. 3:03-cv-00262-JWS

EXHIBIT A
Page 4 of 4

PAYMENT BOND
(See Instructions on Page 2)

Bond No. LF500333

DATE BOND EXECUTED (Must be same or then date of contract)

10 August 01

FORM APPROVED OMB NO.

9000-0045

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data source gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of t collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to t Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" ONE) | |
|---|---|---|
| Luciano General<br>3331 W. 31st Avenue<br>Anchorage, AK 99517 | ☐ INDIVIDUAL<br>☐ JOINT VENTURE | ☐ PARTNERSHIP<br>☒ CORPORATION |

STATE OF INCORPORATION

Alaska

| SURETY(IES) (Name(s) and business(es) address) |
|---|
| Lumbermens Mutual Casualty Company<br>1 Kemper Drive<br>Long Grove, Illinois 60049 |

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 2 | 527 | 030 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 21 June 01 | F41624-01-C-8066 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bi ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bi ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Sure binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the f amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal furnishing labe material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | PRINCIPAL | Luciano General | | |
|---|---|---|---|---|
| Signature(s) | 1. *Edwin Luciano* (Seal) | 2. (Seal) | 3. (Seal) | CORPORATE SEAL |
| Name(s) & Title(s) (Typed) | 1. Edwin N. Luciano Owner | 2. | 3. | |

| | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) | |
| Name(s) (Typed) | 1. | 2. | |

| | | CORPORATE SURETY(IES) | | | |
|---|---|---|---|---|---|
| S U R E T Y A | Name & Address | Lumbermens Mutual Casualty Company<br>1 Kemper Drive, Long Grove, Illinois 60049 | STATE OF INC.<br>IL | LIABILITY LIMIT<br>$ 100% | CORPORATE SEAL |
| | Signature(s) | 1. *Pat J. Moore* | 2. | | |
| | Name(s) & Title(s) (Typed) | 1. Pat J. Moore<br>Attorney-in-Fact | 2. | | |

NSN 7540-01-152-8061
PREVIOUS EDITION IS USABLE
S-1817/GEEF 7/99

25-205
Page 1 of 2

STANDARD FORM 25-A (REV.10-98
Prescribed by GSA
FAR (48 CFR) 53.228(c)

GG0053

EXHIBIT B
Page 1 of 3

EX 25

Exhibit 9
Page 38 of 46
Case No. 3:03-cv-00262-JWS

## CORPORATE SURETY(IE) (Continued)

| S U R E T Y B | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | | |

| S U R E T Y C | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | | |

| S U R E T Y D | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | | |

| S U R E T Y E | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | | |

| S U R E T Y F | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | | |

| S U R E T Y G | Name & Address | | | STATE OF INC. | LIABILITY LIMIT $ | CORPORATE SEAL |
|---|---|---|---|---|---|---|
| | Signature(s) | 1. | 2. | | | |
| | Name(s) & Title(s) (Typed) | 1. | 2. | | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)" in the space designated

"SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seals," and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Exhibit 9
Page 39 of 46
Case No. 3:03-cv-00262-JWS

S-1817/GEEF 7/99

Page 2 of 2

STANDARD FORM 25-A (REV. 10-98) BACK

GG0054

EXHIBIT B

Page 2 of 3

# KEMPER.

Home Office: Long Grove, IL 60049

POA NO: LM **20320**

## POWER OF ATTORNEY

Know All Men By These Presents:

That the Lumbermens Mutual Casualty Company, (hereinafter called the "Company") a corporation organized and existing under the laws of the State of Illinois, and having its principal office in Long Grove, Illinois, does hereby appoint

**Pat J. Moore & Bryan Moore in the City of San Antonio in the State of Texas**

its true and lawful agent(s) and attorney(s)-in-fact, to make, execute, seal, and deliver during the period beginning with the date of issuance of this power and ending on the date specified below, unless sooner revoked for and on its behalf as surety, and as its act and deed:

**ANY AND ALL BONDS AND UNDERTAKINGS PROVIDED THE AMOUNT OF NO ONE BOND OR UNDERTAKING EXCEEDS FIVE MILLION DOLLARS ($5,000,000.00)**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXCEPTION: NO AUTHORITY is granted to make, execute, seal and deliver any bond or undertaking which guarantees the payment or collection of any promissory note, check, draft or letter of credit.

This authority does not permit the same obligation to be split into two or more bonds in order to bring each such bond within the dollar limit of authority as set forth herein.

This appointment may be revoked at any time by the Company.

The execution of such bonds and undertakings in pursuance of these presents shall be as binding upon the said Company as fully and amply to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office in Long Grove, Illinois.

THIS APPOINTMENT SHALL CEASE AND TERMINATE WITHOUT NOTICE AS OF _____ **JULY 31, 2002** _____.

This Power of Attorney is executed by authority of a resolution adopted by the Executive Committee of the Board of Directors of the Company on February 23, 1988 at Chicago, Illinois, a true and accurate copy of which are hereinafter set forth and is hereby certified to by the undersigned Secretary as being in full force and effect:

"VOTED, That the chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, or the Secretary shall have the power and authority to appoint agents and attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings, obligatory in the nature thereof, and any such officers of the Company may appoint agents for acceptance of process."

This Power of Attorney is signed, sealed and certified by facsimile under and by authority of the following resolution adopted by the Executive Committee of the Board of Directors of the Company at a meeting duly called and held on the 23rd day of February, 1988:

"VOTED, That the signature of the Chairman of the Board, the President, any Vice President, or their appointees designated in writing and filed with the Secretary, and the signature of the Secretary, the seal of the Company, and certifications by the Secretary, may be affixed by facsimile on any power of attorney or bond executed pursuant to resolution adopted by the Executive Committee of the Board of Directors on February 23, 1988 and any such power so executed, sealed and certified with respect to any bond or undertaking to which it is attached, shall continue to be valid and binding upon the Company."

In Testimony Whereof, the Lumbermens Mutual Casualty Company has caused this Instrument to be signed and its corporate seal to be affixed by its authorized officers, this November 30, 1998.

Attested and Certified:

Lumbermens Mutual Casualty Company

Robert P. Hames, Secretary

by

J.S. Kemper, III, Exec. Vice President

**GG0055**

Exhibit 9
Page 40 of 46
Case No. 3:03-cv-00262-JWS

(BLUE SHADED AREA INDICATES AUTHENTICITY)

EXHIBIT _B_

Page _3_ of _3_

**Lumbermens Mutual Casualty Company**

Administrative Office:
518 Stuyvesant Avenue
P.O. Box 615
Lyndhurst, NJ 07071-0615
Tel: (201) 438-7223
Fax: (201) 531-0201

October 10, 2001

**VIA FASCIMILE 907-272-5197 AND CERTIFIED MAIL RRR**

Mr. Edwin Luciano
Luciano Enterprises, LLC
2132 Post Road
Anchorage, Alaska 99501

**VIA CERTIFIED MAIL RRR**

Mr. Edwin N. Luciano
3331 W. 31st Avenue
Anchorage, Alaska 99517

Ms. Gina B. Luciano
3331 W. 31st Avenue
Anchorage, Alaska 99517

Mr. Albert Maffei
729 N. Street
Anchorage, Alaska 99501

Re:    Principal:    **Luciano Enterprises d/b/a/ L.G. General Contractors**
       Obligee:    **United States Government Air Force Material Command**
       Project:    **White Alice Radar Restoration Project,**
                 **U.S. Air Force Contract No. F41624-01-C-8066**
       Bond No.:    **L-500333**

Dear Indemnitors:

As you are aware, Lumbermens has recently received claims for payment under the payment bond issued for this project. The claims we have received to date are as follows:

Remtech $700,000.00
Polar Supply Co. $53,589.83

In order for the surety to protect its interests and pursuant to its rights under the GIA, demand is hereby made upon all the indemnitors for the posting of collateral in the amount of $800,000.00 to cover the claimed amounts plus any attorney or consultant fees that may be incurred as a direct result of dealing with these claims. The commitment to post the collateral must be made within the next five days and the collateral, in acceptable form must be received with the next fourteen

Exhibit 9
Page 41 of 46
Case No. 3:03-cv-00262-JWS

LUM - 852

GG0056

EXHIBIT C
Page ___ of ___

days. The surety reserves the right to demand additional collateral in the future as this situation develops.

In addition, to date the indemnitors have refused to provide us with requested documentation and to explain the whereabouts of the proceeds of the first two requisition paid on this project. Again, pursuant to the GIA we demand that this information be provided immediately.

Thank you for your cooperation. Please be guided accordingly.

The Surety continues to reserve all of its rights, interests and defenses and we remind you that in the event the Surety incurs any losses, costs or expenses, the same will be the responsibility of Luciano Enterprises and of each of the Surety's indemnitors.


Very truly yours,



Darren W. Thomas, Esq.


cc:     Mr. Michael Pedron, Mapco (Via Fax 210- 444-9712)
        Mr. Paul Alongi, Sr. (Via Fax 973-331-9341)
        William Walker, Esq. (Via Fax 202-857-7912)
        Edgar Garcia, Esq. (Via Fax 210-735-6889)


GG0057

LUM - 853

*Lumbermens Mutual*
*Casualty Company*

Universal Bonding, Surety Division:
518 Stuyvesant Avenue
P.O. Box 615
Lyndhurst, NJ 07071-0615
Tel:  (201) 438-7223
Fax: (201) 531-0201

**VIA CERTIFIED MAIL RRR**

November 12, 2001

Mr. Edwin Luciano
Luciano Enterprises, LLC
2132 Post Road
Anchorage, Alaska 99501

Mr. Edwin N. Luciano
Ms. Gina B. Luciano
3331 W. 31st Avenue
Anchorage, Alaska 99517

Mr. Albert Maffei
729 N. Street
Anchorage, Alaska 99501

| | | |
|---|---|---|
| Re: | Principal: | **Luciano Enterprises d/b/a/ L.G. General Contractors** |
| | Obligee: | **United States Government Air Force Material Command** |
| | Project: | **White Alice Radar Restoration Project,** |
| | | **U.S. Air Force Contract No. F41624-01-C-8066** |
| | Bond No.: | **L-500333** |
| | Claimant: | **Remtech, Inc.** |

Dear Indemnitors:

Please be advised that the above claimant has filed a lawsuit against Lumbermens in the Federal District Court for the District of Alaska. A copy of the lawsuit is enclosed for your convenience. The lawsuit seeks to recover $1,043,490.90 plus interest and attorney's fees under the above payment bond issued by Lumbermens. We are in the process of retaining counsel in Alaska to defend the action, protect our interests and mitigate our damages. You should cooperate in every way possible to assist us in developing an effective defense to the lawsuit.

In addition, in order for the surety to protect its interests and pursuant to its rights under the GIA, demand is hereby made upon all the indemnitors for the posting of collateral in the amount of $1,100,000.00 to cover the claimed amount in the lawsuit plus interest and attorney's fees. The commitment to post the collateral must be made within the next five days and the collateral, in acceptable form must be received with the next fourteen days.

Please us upon your receipt of this letter to discuss satisfying your indemnity obligations In the interim, kindly note that neither this letter nor our subsequent communications should be

Exhibit 9
Page 43 of 46
Case No. 3:03-cv-00262-JWS

LUM - 59

EXHIBIT D
Page ___ of ___

GG0058

considered an admission of liability in any regard and that the surety reserves all of its rights, interests and defenses concerning this matter.

Very truly yours,

Darren W. Thomas, Esq.

Cc: Jim Cashin, CSHF; Paul Alongi, Sr.; William Walker, Esq.; Edgar Garcia, Esq.; Mapco, Inc.

GG0059

LUM - 60

Exhibit 9
Page 44 of 46
Case No. 3:03-cv-00262-JWS

EXHIBIT $\mathcal{D}$

Page____of____

Frank A. Pfiffner
ABA No. 7505032
HUGHES THORSNESS POWELL
HUDDLESTON & BAUMAN LLC
550 West Seventh Avenue, Suite 1100
Anchorage, Alaska 99501-3563

Telephone: (907) 274-7522
Attorneys for Defendant
Lumbermens Mutual Casualty Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the Use and Benefit of REMTECH, INC., a Washington corporation, | |
| Plaintiff, | Case No. A01-309 CIV (JWS) |
| vs. | |
| LUMBERMEN'S MUTUAL CASUALTY CO., a foreign corporation, LUCIANO ENTERPRISES, INC. dba LG GENERAL CONTRACTORS and/or LUCIANO GENERAL; EDWIN NEGRON LUCIANO, | **ORDER** |
| Defendants. | |
| LUMBERMENS MUTUAL CASUALTY COMPANY, | |
| Third Party Plaintiff, | |
| vs. | |
| GINA B. LUCIANO and ALBERT MAFFEI, | |
| Third-Party Defendants. | |

THIS THORSNESS POWELL
DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
CHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

*ORDER*
*Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al.*
*Case No. A 01 309 CIV (JWS)*
*(8172-1/180345)*                    **Page 1 of 3**

Exhibit 9
Page 45 of 46
Case No. 3:03-cv-00262-JWS
GG0060

## ORDER GRANTING LUMBERMENS' MOTION FOR PARTIAL SUMMARY JUDGEMENT ON ISSUE OF COLLATERAL SECURITY

This matter, having come before the court pursuant to defendant Lumbermens' "Motion for Partial Summary Judgment On Issue of Collateral Security," and the court having considered the same, along with other materials now on file with the court, now, therefore,

IT IS HEREBY ORDERED that defendant's motion is **granted**.

IT IS FURTHER ORDERED that Luciano Enterprises, L.L.C., Edward Luciano, Gina Luciano, and Albert Maffei (collectively "Indemnitors") shall pay to Lumbermens collateral security in the amount of $1,328,258.88.

IT IS FURTHER ORDERED that Luciano Enterprises, L.L.C., Edward Luciano, Gina Luciano, and Albert Maffei (collectively "Indemnitors") shall pay to Lumbermens collateral security in the amount of $1,100,000.00.

IT IS FURTHER ORDERED that Luciano Enterprises, L.L.C., Edward Luciano, Gina Luciano, and Albert Maffei (collectively "Indemnitors") shall pay to Lumbermens collateral security in the amount of $609,000.00.

Dated: _____          _____
                                       John W. Sedwick
                                       U.S. District Court Judge

IIS THORSNESS POWELL
ESTON & BAUMAN LLC
TTORNEYS AT LAW
EST SEVENTH AVENUE
SUITE 1100
ORAGE, ALASKA 99501
(907) 274-7522
907) 263-8320 FAX

Exhibit 9
Page 46 of 46
Case No. 3:03-cv-00262-JWS

GG0061

***ORDER***
***Remtech, Inc. v. Lumbermens Mutual Casualty Company, et al.***
***Case No. A 01 309 CIV (JWS)***
***(8172-1/180345)***          **Page 2 of 3**