FRANK A. PFIFFNER
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual
Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>                    Defendants. | <br><br><br><br><br><br><br><br><br><br>3:03-cv-00262-JWS |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AS TO TWO DEFENDANTS

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

## INTRODUCTION

Defendants Bonita Maffei ("Bonita") and the Maffei, Inc. Profit Sharing Trust ("the Trust") have moved to dismiss the Complaint of Lumbermens Mutual Casualty Company ("Lumbermens") as to each of them and Defendant George Goerig ("Goerig") has joined in the Motion to Dismiss with respect to the RICO claim.[1]  The Motion to Dismiss should be denied.  Lumbermens has pled viable claims for making fraudulent conveyances, a conspiracy to commit fraudulent conveyances, aiding and abetting fraudulent conveyances, RICO violations, and injunctive relief.  In particular the conspiracy and aiding and abetting claims are tort claims separate from the actual real and personal property conveyances at issue in the case.  Defendants have not met the high burden for prevailing on a Motion to Dismiss.  The Motion to Dismiss should not be converted to a summary judgment motion because Maffei is simply seeking legal determinations.  To the extent that the Motion to Dismiss is converted to a summary judgment motion, it should be denied because there are genuine issues of material fact and, in any event, Lumbermens should be granted a Fed. R. Civ. P. 56(f) continuance to take

---

[1]  The Motion to Dismiss references the Complaint; however the operative pleading is the Amended Complaint, which was approved by the Court on April 1, 2004. (Docket No. 29.)  However, the case was stayed shortly thereafter and none of the defendants has answered the Amended Complaint.  Albert Maffei ("Maffei") and Goerig are technically in default for failure to answer the Amended Complaint.  Bonita and the Trust are not obligated to answer the Amended Complaint until the ruling on the Motion to Dismiss.

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)

the depositions of the relevant participants in the dispute and to obtain all relevant documents. Bonita and the Trust are indispensable parties by virtue of their present status in that Bonita is the general partner of the Maffei Family Limited Partnership ("MFLP") and controls all of the fraudulently conveyed assets and the Trust also has an alleged ownership interest in certain property. The RICO claim is more than adequate to withstand a Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

In its First Claim for Relief, Lumbermens asserts claims for relief against Maffei and Bonita for fraudulently conveying all of their real and personal property to the MFLP, which was created on November 21, 2001. (*See* Ex. 14 to Plaintiff's Opposition to Defendants' Motion to Compel and for Sanctions.) Lumbermens contends that these conveyances were accomplished for the purpose of delaying, hindering and defrauding Lumbermens from collecting the $1,577,738.72 judgment it has recovered against Maffei in A01-309 CIV (JWS).

By letter dated November 12, 2001, Lumbermens made demand against Maffei for collateral security in the amount of $1,100,000 pursuant to the terms of the applicable agreement of indemnity ("GIA"). (Ex. 1.) That demand letter was sent to Maffei by certified mail return receipt requested and was apparently signed for by Maffei on November 20, 2001. (Ex. 2.)

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

On November 21, 2001, one day after receipt of the November 12, 2001, demand letter, an associate at Defendant George Goerig's law office prepared the MFLP, had Maffei and Bonita execute the agreement as general and limited partners, and sent the certificate of limited partnership to Juneau for approval by the State Department of Commerce and Economic Development. (Ex. 3.)  The limited partnership agreement was approved by the State of Alaska on the following Monday, November 26, 2001.  (Ex. 4.)  In anticipation of the approval of the limited partnership, on November 21, 2001, Maffei and Bonita executed a general assignment of all of their real and personal property of MFLP. (*See* Ex. 14 to Plaintiff's Opposition to Defendants' Motion to Compel and for Sanctions.)

On Friday, November 23, 2001, the first business day after Thanksgiving (November 22, 2001), Maffei, Bonita, and the Trust started the process of conveying their real property to the MFLP by warranty deeds and their personal property interests by assignments and title transfers.  (Ex. 5.)  Some of the real property conveyed to the MFLP was parcels with the following addresses: 729 N St., Anchorage, Alaska; 118 E. 54th Ave., Anchorage, Alaska; 120 E. 54th Ave., Anchorage, Alaska; 122 E. 54th Ave., Anchorage, Alaska; Units 502-504, Alyeska North Condominium; and Unit 125, Lahiana Shores Condominium, Lahiana, Maui, Hawaii.  In the Amended Complaint, Lumbermens claims that the

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 4 of 33

foregoing properties were owned by Maffei; however Bonita signed all of the deeds as a grantor. Lumbermens also alleged in the Amended Complaint that Maffei and Bonita owned real property referred to as 731 N St., Anchorage, Alaska, and their current residence and office located at 8328 Lake Otis Parkway.

On Friday, November 23, 2001, there was also an exchange of interests in real property owned in part by Albert Maffei and the Trust, Maffei's law corporation profit sharing trust. (Ex. 6.) The properties, both of which were located in the Palmer Recording District, were exchanged such that the property in the Trust was conveyed by Maffei, as the trustee of the Trust, to himself and then immediately reconveyed to the MFLP. Another Palmer property, which was owned in part by Maffei, was then conveyed to the MFLP. This property has been sold and, pursuant to stipulation of the parties, Maffei's share of the proceeds (slightly in excess of $50,000) has been deposited into the registry of the Court.

The factual allegations in Lumbermens' Complaint regarding the foregoing conveyances were in large part admitted by the non-Goerig Defendants with respect to the properties listed in ¶¶ 30, 33, 36, 39, 41, 42, 47, 50, 54 and 59 of the Complaint. However, with respect to ¶¶ 30, 33, 36, and 41, the Defendants denied that Maffei was the sole owner and alleged that Bonita retained a "marital interest." For example, Defendants' answer to ¶ 30 which provided:

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 5 of 33

30. The allegations contained in paragraph 30 of plaintiff's complaint are admitted with the exception that Bonita Maffei had at all relevant times a marital interest in the subject property.

The same factual allegations were made in the First Amended Complaint, but none of the Defendants has filed an answer to the First Amended Complaint.

## ARGUMENT

## I.    DEFENDANTS DO NOT MEET THE HEAVY BURDEN FOR PREVAILING ON A MOTION TO DISMISS.

The legal standard for prevailing on a motion to dismiss for failure to state a claim is a high one in that the Court has to conclude that there is no set of facts that Plaintiff can prove to support its claims for relief.   Moreover, all allegations in the Complaint must be accepted as true and all inferences must be found in favor of Plaintiff as the non-moving party.   As stated in *Everest & Jennings v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994):

> We review de novo a district court's dismissal of an action on the merits for failure to state a claim…. On review, we apply the same standard as the district court. Thus, accepting the facts as stated by the nonmoving party from the record and drawing all inferences in its favor, we analyze whether it is "'beyond doubt that the plaintiff can prove no set of facts in support of his or her claim.'"    [Emphasis added, citations omitted.]

Likewise, in *Keams v. Tempe Tech. Inst.*, 39 F.3d 222, 224 (9th Cir. 1994), the Court stated:

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

> Although both sides submitted additional materials or referred to materials outside the pleadings, the district court elected not to convert the motion into one for summary judgment, and resolved it entirely on the basis of whether the claim stated by the complaint was preempted. … <u>A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law and is reviewed de novo. … All allegations of material fact must be taken as true and be construed in the light most favorable to the nonmoving party."</u>    [Emphasis added, citations omitted.]

More recently, the same standards were followed in *Holst v. City of Portland*, 2004 U.S. Dist. LEXIS 9076 (D. Or. 2004):

> <u>A motion to dismiss for failure to state a claim under FRCP 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief."</u> … The court must treat all facts alleged in the complaint as true. … All doubts are resolved in favor of the nonmoving party. [Emphasis added, citations omitted.]

Maffei claims that Bonita cannot be sued for making a fraudulent conveyance in violation of AS 34.40.010 because she did not own any assets that were conveyed to the MFLP.  The problem with that argument is that it flies in the face of the facts as alleged and the transfer deeds.  Bonita signed all deeds as grantor expressly stating that she was conveying property interests to the MFLP including, but not limited to, those properties where she claimed to have a tenancy by the entirety interest.  Fraudulent conveyances suits are determined on the basis

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 7 of 33

of circumstantial evidence irrespective of what defendants say after the fact particularly where, as here, numerous badges of fraud are evident. *See* Amended Complaint at ¶ 67 and *First National Bank of Fairbanks v. Enzler*, 537 P.2d 517, 522 (Alaska 1975)(badges of fraud defined). In *Nerox Power Systems, Inc. v. M-B Contracting Co., Inc.*, 54 P.3d 791, 796 (Alaska 2002), the Alaska Supreme Court noted the fact specific inquiries in a fraudulent conveyance action:

> The prohibition against fraudulent conveyances has been codified in Alaska law. <u>The intent to defraud through a conveyance "is a question of fact usually to be proved by circumstantial evidence." Many circumstantial factors can indicate the existence of fraud.</u> "Badges of fraud must be viewed within the context of each particular case."

In light of the disputed facts of ownership, the fraudulent conveyance claim should not be dismissed as to Bonita and the Trust. Besides, contrary to Maffei's contention, there is much more to the litigation against Bonita and the Trust than the fraudulent conveyance claim.

## II.  BONITA AND THE TRUST HAVE INDEPENT LIABILITY BASED ON THE CONSPIRACY AND AIDING AND ABETTING CLAIMS FOR RELIEF.

Alaska has recognized a tort claim for conspiracy to commit a fraudulent conveyance. *See Summers v. Hagen*, 852 P.2d 1165, 1169-70 (Alaska 1993)(established a separate claim for relief for participating in a fraudulent

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 8 of 33

conveyance scheme).  Under Alaska law one does not need to make a fraudulent conveyance in order to be liable for conspiracy to commit a fraudulent conveyance.  The elements of the claim are:

> (1) An unlawful agreement;
> (2) The specific intent of each participant in the scheme to hinder, delay and defraud a creditor of one who participated in the scheme;
> (3) A common pursuit to the unlawful agreement;
> (4) Damages caused by the acts committed pursuant to the unlawful agreement.

*Id.*  Since Maffei does not address this separate claim in his Motion to Dismiss and since Lumbermens has pled properly a claim for relief for conspiracy to commit a fraudulent conveyance (*See* Amended Complaint, Second Claim for Relief), the motion should be denied as to this claim.

In *Halbersam v. Welch*, 705 F.2d 472, 477-79 (D.C. Cir. 1983), the United States Court of Appeals for the District of Columbia Circuit has done a masterful job of explaining the difference between conspiracy and aiding and abetting liability.  Conspiracy liability is that defined in *Summers v. Hagen*, 852 P.2d 1165, 1169-70 (Alaska 1993).  On the other hand, aiding and abetting liability does not require an agreement among parties.  The elements of an aiding and abetting claim, which was recognized in *Halbersam*, are:

> (1) The party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 9 of 33

> overall illegal or tortuous activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation.

*Id.* at 477.

An aiding and abetting claim for relief was adopted in the face of a similar motion to dismiss by the Third Circuit in *Morganroth & Morganroth v. Norris, McLaughlin & Marcus*, P.C., 331 F.3d 406 (3rd Cir. 2003). While there is no specific Alaska authority on the subject of an aiding and abetting claim, Lumbermens believes that the above cases are "good law" and consistent with the views of the Alaska Supreme Court in *Summers v. Hagen*, 852 P.2d 1165 (Alaska 1993). Lumbermens has set forth a viable aiding and abetting claim in its Third Claim for Relief in the Amended Complaint. Maffei has not addressed this subject in the Motion to Dismiss. Maffei's efforts to obtain dismissal of the conspiracy and aiding and abetting claims should be denied.

In any event, Bonita is the prime target for conspiracy and aiding and abetting claims. She signed the deeds as grantor. She is the sole general partner of the MFLP after Maffei's resignation in 2003. (Ex. 7.) In fact, Bonita legally controls all of the assets that have been fraudulently conveyed.

Bonita was also a facilitator for at least two of the fraudulent conveyances due to the ownership of those parcels as tenants by the entirety.

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

(Ex. 5.) One of the attributes of ownership as tenants by the entirety is that neither of the tenants can convey their interest in real property held in that form without the concurrence of the other tenant. *See* Thompson on Real Property, § 33.08(b) at 158 (2d Thomas ed. 1998). Thus, Bonita in essence had an alleged "veto" power over the tenancy by the entirety conveyances. She exercised her power so that the assets would have the most protection possible from the claims of Lumbermens.

### III.    IF THE MOTION TO DISMISS IS TREATED AS A SUMMARY JUDGMENT MOTION, THERE ARE GENUINE ISSUES OF MATERIAL FACT OR, ALTERNATIVELY, THE COURT SHOULD GRANT A RULE 56(F) CONTINUANCE.

Through the Motion to Dismiss, Defendants are making legal claims for dismissal of Bonita, the Trust, and the RICO claims against Goerig. There should be enough legal support to deny the Motion to Dismiss on legal grounds. Defendants suggest that the Court may wish to convert the Motion to Dismiss into a Motion for Summary Judgment relative to the claims against Bonita and the Trust. Such a conversion is unnecessary because Defendants legal arguments ar without merit. However, if the Court elects to make such a conversion, there are genuine issues of material fact that preclude summary judgment in favor of Bonita and the Trust.

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 11 of 33

Fraudulent conveyance claims, including conspiracy and aiding and abetting claims, are fact specific claims, not normally resolved on summary judgment much less on a motion to dismiss. *Nerox Power Systems, Inc. v. M-B Contracting Co., Inc.*, 54 P.3d 791, 796 (Alaska 2002). In the Amended Complaint and in the exhibits submitted herewith, Lumbermens has set forth sufficient badges of fraud to justify a trial on the fraudulent conveyance claim as well as the conspiracy and aiding and abetting claims no matter what Maffei and Bonita say in affidavits. The plain facts are that Maffei got a collateral security demand for $1,100,000 and the day after receiving the demand Maffei and Bonita in conjunction with the Trust and with the help of Goerig created the MFLP and assigned all of their worldly possession to the MFLP without any consideration whatsoever. Over the next year, Maffei and Bonita effectuated the property transfers through various deeds and other conveyances. The Trust allegedly exchanged one property for another for no apparent reason and without consideration. Of course, the property transferred out of the Trust has now been sold and Maffei is hoping to obtain the cash that is now in the registry of the Court.

If the facts of record are not enough to convince the Court that factual issues abound, Lumbermens should be granted, and hereby requests, a Fed. R. Civ. P. 56(f) continuance for 45 days to accomplish discovery. This case has

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

not proceeded smoothly. The case was stayed for a year until Lumbermens obtained the judgment against Maffei. There was an additional several month delay while Goerig worked out representation issues with his counsel. Since then both sides have propounded discovery requests. Maffei is not satisfied with Lumbermens discovery responses and has moved to compel. Lumbermens is not satisfied with the Maffei discovery responses and will soon file a motion to compel because Maffei has claimed an attorney client privilege and has not produced documents detailing his relationship with Goerig on the basis of the attorney client privilege, which has been waived by the fraud allegations by Lumbermens.

The case languished for several months while counsel worked on other matters. Now Lumbermens' counsel is not able to take the depositions of Maffei and Bonita because of Bonita's recent surgery and recovery time. (Docket No. 58.) Indeed in an order to extend deadlines for this motion, the Court has allowed Lumbermens the opportunity to file a supplemental memorandum after deposing Bonita. (Docket No. 59.) The same result should apply to Maffei and Goerig and his staff (the associate who prepared the MFLP and the legal assistants who assisted in this process and the transfer of assets). Lumbermens plans to depose all of these referenced individuals as soon as practicable. The depositions

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

will undoubtedly provide additional information that can be used in opposition to the Motion to Dismiss.

## IV.  BONITA  AND  THE  TRUST  ARE  NECESSARY  AND INDISPESABLE PARTIES.

Bonita and the Trust claim that they have no liability and no interest in the litigation.  However, in their Answer to the Complaint, Defendants allege that Bonita had marital interests in certain of the properties that were fraudulently conveyed to the MFLP.  Moreover, Bonita continues to have direct interests in the fraudulently conveyed property in that she is one of the two limited partners and the only general partner of the MFLP, which was the transferee of all but one of the fraudulent conveyances at issue in this case.  The other fraudulent conveyance involved the exchange of real property located in Palmer that was removed from the Trust and then reconveyed to the MFLP.  Bonita is a necessary and indispensable party, whose presence is required to meet fundamental principles of due process of law when the Court orders the reconveyance of the fraudulently conveyed properties from the MFLP to Lumbermens.

Significantly, all of the conveyances of real and personal property to the MFLP named the MFLP as the grantee or transferee.  Therefore, upon completion of the transfers, and subject to being rescinded as fraudulent conveyances, the property conveyed and assigned to the MFLP became

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 14 of 33

partnership property as provided in AS 32.06.203-204, AS 32.11.890, and AS 32.11.900(12), and the partner's received a partnership interest in the MFLP as provided in AS 32.11.900(12):

> (12) "partnership interest" means a partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets;

As such, the property interests of the general and limited partners, when they transfer real and personal property to a general partnership (AS 32.06.203-204), or a limited partnership (AS 32.11.890, 900(12)), are transformed to a personal property interest distinct from the contributed property and the contributing partner no longer has an individual interest in the property acquired by the partnership. *See* AS 32.06.203.

In light of Bonita's interests as a general partner and her separate interests as a limited partner, when the jury reaches its verdict finding that all of the transfers to the MFLP were fraudulent, and the Court issues a judgment requiring the MFLP to turn over its assets to Lumbermens, Bonita's partnership interests are going to be adversely affected, since her partnership interests are dependent on the ability of all of the partnership property to generate profits and to be available for distribution to its partners.

These same factors will apply to the Trust since it too is the transferee of a fraudulent conveyance when its trustee, Maffei, withdrew one

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 15 of 33

parcel of real property in Palmer from the Trust and then conveyed it to the MFLP. He then conveyed his interest in another parcel of real property located in the Palmer Recording District to the Trust. This "exchange" resulted in two conveyances, one or both of which were fraudulent, to two protected entities, the Trust and the MFLP.

Because of the impact of a judgment requiring the rescission of a fraudulent conveyance on the transferee, it is well established that the transferee is a necessary and indispensable party. This result is clearly the law in Alaska, but it is also a legal principle well grounded in federal law. *See Thomas, Head and Greisen Employers Trust v. Buster*, 95 F.3d 1449 (9th Cir. 1996), and *Sylvester v. Sylvester*, 723 P.2d 1253, 1259 (Alaska 1986). *Accord Jones v North West Telemaerketing, Inc.*, 136 F. Supp. 2d 1166 (D. Or. 2001)(relying on *Thomas, Head and Greisen Employers Trust v Buster, supra,* and *American Bonding Co. of Baltimore v Stilwell*, 276 P.2d 415 (Or. 1954)("Since the grantee of the property acquires an interest therein by reason of the conveyance, such grantee is a necessary and indispensable party to any proceeding brought to subject the property to the debt.").

The federal courts have applied the Fed. R. Civ. P. 19 analysis to cases involving fraudulent conveyances and have concluded that the transferee of a fraudulent conveyance is, at the very least a necessary, if not, an indispensable

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 16 of 33

party. *See American Greyhound Racing, Inc. v Hull*, 305 F.3d 1015 (9th Cir. 2002)(in depth general discussion to the indispensable party analysis); *In re Allustiarte*, 786 F.2d 910, 919-920 (9th Cir. 1986); and *Nastro v. D'Onofrio*, 263 F. Supp. 2d 446, 450 (D. Conn. 2003)(trustee of an off shore spendthrift trust was a necessary party to a fraudulent conveyance action).

It should be noted that Bonita and the Trust are already parties, and as such, could be kept in this litigation even if they were not indispensable, but were merely "necessary" pursuant to Fed. R. Civ. P. 19(a).   As discussed in *American Greyhound Racing, Inc. v Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002), and Rule 19(a), a party is a necessary one if that party has a legally protected interest that would be impaired by the litigation.

### A.   Bonita is a Necessary and Indispensable Party.

Applying the forgoing criteria to the facts at hand, it is reasonably clear that Bonita has an interest, if not an outright property right, in her partnership interests, both as a general partner and as a limited partner.  Those interests and rights will be jeopardized in this litigation when the Court orders the reconveyance of all or even a portion of the real and personal property conveyed to the MFLP. Furthermore, there is no one else to represent those interests since Bonita is the only remaining general partner of the MFLP.   (Ex. 7.)   As provided by

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 17 of 33

AS 32.11.120, a limited partner such as Maffei will lose his limited partner status if he participates in the control of the business.   There is no exception in AS 32.11.120 permitting a limited partner to control litigation involving the limited partnership.  Thus, Bonita must remain as a party because of her status as the general partner of the MFLP.

**B.     The Trust is a Necessary and Indispensable Party.**

For the same reasons, the Trust is a necessary and indispensable party to this litigation, since it has an interest in the property that was fraudulently conveyed to it by Maffei as part of his exchange of properties located in the Palmer Recording District.   Maffei has argued that the conveyance to the Trust was not fraudulent, since there was consideration for the transfer in the form of a conveyance from the Trust to Maffei individually.   However, this exchange transaction does not pass muster under the "badges of fraud" analysis used by the Alaska Supreme Court in *Sylvester v Sylvester*, 723 P.2d 1253, 1258 n.5 (Alaska 1986), in that:

> 1. the consideration was inadequate;
> 2. the transfer of the property was in anticipation of a pending suit;
> 3. the transferor was insolvent;
> 4. there was a failure to record the instrument within a reasonable length of time (not applicable here);
> 5. the conveyance was a transfer of all or substantially all of the debtor's property;

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 18 of 33

6. the retention of possession of the premises by the grantor from the date of the execution of the instrument stands unexplained;

7. the transfer so completely depleted the debtor's assets that his creditor has been hindered and delayed in recovering her judgment; and

8. the relationship of the parties.

Applying the badges of fraud to the exchange transaction between Maffei, the Trust and the MFLP is very revealing. Maffei's contention that there was consideration for the transfer is erroneous for at least two reasons. First, there was no consideration to the Trust to trade the properties. What benefit was there to the trust to owning one property and giving one up to Maffei who thought so highly enough about it to want it in his MFLP? The only apparent benefit was to Maffei who preferred to have his interest in the liberated parcel protected in his newly formed MFLP. In all likelihood, given Maffei's fiduciary duties as a trustee of the Trust, this transaction was a breach of those duties due to a conflict of interest.

Secondly, there was a lack of consideration by virtue of the intended conveyance of the liberated property to the MFLP where it was protected from execution by a judgment creditor, which was the purpose for creating the limited partnership and engaging in the fraudulent conveyances in the first instance. *See* AS 32.11.340. The concept behind receiving consideration for a transfer is that one asset has turned into another which can be levied upon to satisfy a judgment.

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 19 of 33

The value of the property while owned by the MFLP is substantially less to a judgment creditor than it would be if it had remained in Maffei's hands.

Furthermore, there were actually three conveyances required to accomplish the exchange, one from the Trust to Maffei, a second one from Maffei to the MFLP, and a third one from Maffei to the Trust. If a judgment lien had been recorded in the Palmer Recording District when this exchange took place, the lien of that judgment would have attached to both properties during various phases of the three conveyances, since Maffei was in title at three different times.

Moreover, as a trustee of the Trust, Maffei retains control over the parcel transferred to the Trust and as a general and limited partner of the MFLP, he also retained control over the parcel transferred to the MFLP.

The exchange also occurred shortly after Maffei learned of the second demand from Lumbermens dated November 12, 2001 in which Lumbermens demanded that he post collateral worth $1.1 million. (Ex. 1.) The fact that not all of the real and personal property, including the Trust property, was listed in Maffei's financial statement is of no consequence since the GIA gives Lumbermens rights to all Maffei's property to the extent necessary to satisfy a claim under the GIA. *See, e.g.,* GIA ¶¶ 2, 12, and 28 (Ex. 9 to Plaintiff's Opposition to Defendants' Motion to Compel and for Sanctions at 34-37.)

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 20 of 33

## V.    THE INDIVIDUAL DEFENDANTS ARE LIBLE TO PLAINTIFF UNDER 18 U.S.C 1961 *ET SEQ.*

### A.    Schemes to defraud are covered by 18 U.S.C. 1961 *et seq.*

Defendants' conspiracy to defraud Lumbermens and other creditors by hiding assets is exactly the type of behavior contemplated by 18 U.S.C. § 1961 *et seq.*  Section 1962(d) of Title 18 provides that it is unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."   Subsection "c" provides that it is unlawful for any person associated with any enterprise, the activities of which affect, interstate commerce, "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ."  Section 1861(b) of Title 18 specifically defines racketeering as any act indictable under 18 U.S.C. § 1341.  Section 1341 makes it a violation of federal law to use the U.S. mail to further a scheme or artifice to defraud.   Maffei's actions in defrauding his creditors, including Lumbermens, by using his assets to induce the underwriting of the subject project, and then conspiring with the other Defendants to hide his assets, are predicate acts in furtherance of a RICO conspiracy.

With facts strikingly similar to those at bar, the court in *Fortney v. Kuipers*, 1999 U.S. Dist. LEXIS 2273 (N.D. Ill. 1999), found the Plaintiff's RICO claim to be pled adequately.  *Id.* at *17.  In *Fortney*, the Plaintiff alleged, among

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)

other things, that Wade and Kim Kuipers violated 18 U.S.C. § 1962 (c) and (d) by participating in a conspiracy to liquidate and conceal assets from Fortney and the bankruptcy trustee when the Kuipers were sued by Fortney for damages stemming from a personal injury. *Id.* at *3-4. A RICO Plaintiff alleging a violation of § 1962(c) must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985) (footnote omitted). The Complaint by Fortney, which alleged a conspiracy between the Kuipers and their attorney, Boose, to liquidate and/or conceal their personal assets to prevent their attachment by the plaintiff, satisfied 18 U.S.C. § 1962(c) and (d).

Maffei is accused of conspiring with his wife, Bonita, and with his attorney, Goerig, to defraud Lumbermens by (1) inducing FIA to underwrite the Project through the issuance of Project payment and performance bonds and then (2) hiding all of his personal assets which were used as an inducement. Maffei defrauded Lumbermens out of approximately $1.5 million. To suggest that such behavior is not serious enough to warrant treatment under the federal RICO statutes rings hollow and is not supported by applicable law.

**B.    The RICO enterprise is separate from the predicate acts.**

Defendants either misunderstand the law or the facts when they trumpet the following refrain: "Racketeering has to be considered an ongoing

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 22 of 33

enterprise that is separate from the pattern of racketeering activity in which it engages." (Defendants' Brief, page 13)(*citing Standard Chlorine of Delaware, Inc. v. Sinibaldi,* 821 F.Supp. 232 (D.Del. 1992)). In *Fortney,* the Court also discussed the ongoing enterprise requirement:

> Boose asserts the lack of enterprise. In support of his contention, he argues: "Where the alleged enterprise is comprised of individuals or separate entities united together, the enterprise must exist as an organization with a structure and goals separate from the predicate acts themselves.
>
> The allegation must be that the predicate acts were performed to further racketeering activity beyond the predicate acts. [citations omitted]. **However, Fortney has alleged a goal-oriented enterprise apart from the individual predicate acts of selling or transferring distinct assets. Fortney cites Dale and Bev's desire to conceal assets from Fortney and the bankruptcy court as the enterprise's primary purpose. The individual sales or transfers are the means to that end; they are the predicate acts to accomplish the overarching goal of asset concealment.**

(Emphasis added). *Fortney v. Kuipers*, 1999 U.S. Dist. LEXIS 2273 at *29-30.

The asset concealment is the goal of the enterprise in the case at bar as well. While Defendants mistakenly attempt to create confusion by referring to the MFLP as the enterprise, neither the MFLP nor the Trust is the enterprise. The relationship of Maffei and Bonita with George Goerig, the MFLP, and the Trust is the enterprise. The goal of that enterprise is, and was, to hide assets from

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 23 of 33

Lumbermens, and possibly from other creditors as well. Each assignment of property to the MFLP or the Trust is a predicate act. The RICO enterprise is separate from the predicate acts.

**C.    Defendants' Exhibit "A" is fraught with inapplicable law and misstatements of fact.**

Defendants have incorporated by reference seven pages of a brief submitted on December 18, 2003, by Paul D. Stockler, their former attorney, in support of the Motion to Dismiss. The excerpt, attached to Defendants' current motion as Exhibit "A," (hereafter referred to as "Defendants' RICO Exhibit") includes factual misstatements as well as statements and principles of law which are not recognized by most jurisdictions including the Ninth Circuit. Direct rebuttals to the arguments contained in Defendants' RICO Exhibit are summarized below and are set forth in more detail in Section E to Plaintiff's January 20, 2004, Opposition to Defendants' Motion to Dismiss, which is attached hereto. (Ex. 8.)

1)    Defendants' RICO Exhibit alleges that Lumbermens has not pled facts demonstrating a threat of repetition for purposes of showing open-ended continuity. (Defendants' RICO Exhibit at 14). Yet Lumbermens' Amended Complaint describes at least 25 instances wherein Defendants took steps to convey Maffei's assets to other persons or entities so as to impair or preclude Lumbermens' ability to recover damages from Maffei. (Plaintiff's Amended

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 24 of 33

Complaint at ¶¶ 30-64.) Such conduct itself establishes the threat of repetition of these actions in the future. And Maffei owns additional property that has not yet been disposed of or transferred. Thus, Lumbermens has asserted a claim for injunctive relief asking that the Court prevent the Defendants from engaging in the same type of predicate acts in the future. (Plaintiff's Amended Complaint at ¶¶ 99-102.) Inferring continued activity from previous conduct is an acceptable means of establishing continuity in the Ninth Circuit. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995); *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450-451 (9th Cir. 1991); *Ikuno v. Yip*, 912 F.2d 306, 308 (9th Cir. 1990); *Sun Savings and Loan Ass'n v. Deirdorff*, 825 F.2d 187, 194 (9th Cir. 1987); and *California Architectural Bldg. Prod. V. Franciscan Ceramic*, 818 F.2d 1466, 1469 (9th Cir. 1987).

   2) Defendants' RICO Exhibit claims that Lumbermens' RICO claim fails because it is a single scheme with a single victim. (Defendants' RICO Exhibit at 15.) The facts cited by Lumbermens in its Amended Complaint, however, do not limit the damage caused by Defendants' fraudulent conveyance to Lumbermens. Every creditor of Maffei is harmed by the hiding of his assets. His acts are directed at any and all persons or entities to whom he is or will soon become indebted. *See Fortney v. Kuipers*, 1999 U.S. Dist. LEXIS 2273 at *23-24

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 25 of 33

(wherein the court recognized the closed-ended continuity had successfully been pled even though the Complaint did not identify other victims).

Moreover, the legal principle relied on by Defendants – that a single scheme is inadequate to satisfy the pattern requirement under the RICO statutes – has been roundly ridiculed and rejected by courts around the country including the Ninth Circuit (*See United Energy Owners Committee, Inc. v. U.S. Energy Management Systems, Inc.,* 837 F.2d 356, 360 (9th Cir. 1988)) and the United State Supreme Court (*See H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 241 (1989)). In fact, the Court in *H.J. Inc.* specifically found that RICO's continuity requirement does not mean that there must be multiple criminal schemes in the commission of the predicate acts; rather, continuity may be established with predicate acts that are part of a single scheme. *See also Allwaste, Inc. v. Hecht,* 65 F.3d at 1528.

3)     Finally, Defendants' RICO Exhibit complains that the "brief length of time the alleged predicate acts were committed" should prohibit a finding that the necessary pattern of racketeering activity existed. In *Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1528 (9th Cir. 1995), the Ninth Circuit rejected the argument that closed-ended continuity requires predicate acts to continue for more than a year. The court explained: "[t]he problem with Defendants' argument is that it misconstrues the flexible continuity requirement under RICO by creating a

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 26 of 33

bright line, one-year rule." *Id. See also Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194 (9th Cir. 1987) (four predicate acts spanning a two month period found sufficient); *California Architectural Bldg. Prod. v. Franciscan Ceramic*, 818 F.2d 1466, 1469 (9th Cir. 1987) (continuity requirement satisfied with predicate acts that spanned five months); *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450-451 (9th Cir. 1991) (three episodes of forgery over a 13 month period sufficient to establish a racketeering pattern); and *Ikuno v. Yip*, 912 F.2d 306, 308 (9th Cir. 1990) (two predicate acts in a twelve month span found sufficient).

## VI.  Plaintiff Has Asserted An Adequate Claim Against Goerig Under 18 U.S.C. 1961 *et. seq*.

Goerig's arguments focus solely on 18 U.S.C. § 1962(c), overlooking the fact that 18 U.S.C. § 1962 has four subsections and that Lumbermens has pled the violation of any or all of these four sections. (Amended Complaint at 91.)  Therefore to the extent that Goerig's arguments address only §1962(c), they are not sufficient to support a motion to dismiss.

> While the standard for attorney involvement may be difficult to establish later in this action, to survive a motion to dismiss Plaintiffs need only set forth sufficient allegations in a well-pleaded complaint.

*Gutierrez v. Givens*, 989 F. Supp. 1033, 1041 (S.D. Cal. 1997).

Similarly, in *Ifill v. West*, 1999 U.S. Dist. LEXIS 21320, 25-26 (E.D.N.Y. 1999), the Court held that Plaintiffs were entitled to discovery to

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

determine the extent of the roles, if any, that attorneys played in the enterprise alleged in Plaintiff's RICO complaint. The Court explained that:

> It will not always be reasonable to expect that when a defrauded plaintiff frames his complaint, he will have available sufficient factual information regarding the inner workings of a RICO enterprise to determine whether [a defendant] was merely 'substantially involved' in the RICO enterprise or participated in the 'operation or management' of the enterprise.

*Id.* at *25-26 *quoting Friedman v. Hartmann*, 1994 U.S. Dist. LEXIS 9727 (S.D.N.Y. 1994).

In this case, Lumbermens has properly alleged that Goerig created the MFLP and then actively assisted Maffei in managing and directing a fraudulent conveyance scheme. (Amended Complaint at 29 and 94.) It is axiomatic that a Complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The likelihood of success of the case on the merits does not dictate the outcome of a Rule 12(b)(6) motion. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Goerig relies on *Reves v. Ernst & Young*, 507 U.S. 170 (1993), and *Baumer v. Pachl*, 8 F.3d 1341, 1345 (9th Cir. 1993), to support his position that

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 28 of 33

the RICO claim against him should be dismissed.   However, both of these cases are distinguishable.

First, the *Reves* case involved an analysis which the Court undertook post-trial.   The analysis integrated factual findings and was not based solely on Plaintiff's Complaint nor was it decided under the arduous standards of a Rule 12(b)(6) motion.   In contrast, in the case at hand, Lumbermens has not yet been afforded the opportunity to prove the allegations set forth in its Amended Complaint.   At some future time the standards dictated in *Reves* will be relevant to making a determination in this matter.   However, at this stage an analysis under *Reves* would be premature.

Goerig's second case, *Baumer v. Pachl*, involved a Rule 12(b)(6) Motion to Dismiss.   However, the primary pleading defects noted in *Baumer* are absent in the present case.   In *Baumer*, the Court upheld the lower court's dismissal of the Plaintiff's Complaint due to the fact that, while the Complaint alleged that the attorney Pachl "knowingly aided and abetted ERDY and EPA, in their conduct of the affairs of GHE through a pattern of racketeering activity in violation of Section 1962(d), Title 18 U.S.C.," the Complaint was "bereft of any allegation of 'conspiracy' or 'agreement.'"   *Id.* at 1346.   In the case at hand, Lumbermens' complaint contains specific allegations that Maffei and Goerig conceived and directed the scheme to defraud Lumbermens.

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)

Additionally, in *Baumer*, the attorney had significantly less involvement in the defendant's scheme than Goerig had in the fraudulent conveyance scheme described in Lumbermens' Amended Complaint.  In *Baumer*, the actual scheme may have lasted ten years, but the attorney's involvement "did not begin until 1982 and his role thereafter was at best sporadic." *Id.* at 1344.

Under Rule 12(b)(6) all inferences are to be drawn in favor of the Plaintiff in evaluating the sufficiency of a Complaint.  In this case, Lumbermens has alleged that Goerig created the MFLP which was a considerable part of Defendants' scheme to defraud.  (Amended Complaint at 28-29.)  Further, Lumbermens alleged over 15 property transactions involving the MFLP. (Amended Complaint at 30-64.)  Drawing all inferences in favor of Lumbermens, there is enough factual support for Lumbermens' allegations in paragraphs 90-98 of the Amended Complaint to defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to allow Lumbermens the opportunity to proceed with its claim.

In another case addressing the sufficiency of pleadings by way of a Rule 12(b)(6) motion, the Court declined to dismiss a RICO Complaint against accountants and attorneys because the allegations, while tenuous, still alleged the requisite amount of involvement to support a RICO claim. *Gutierrez*, 989 F. Supp. at 1041-42.  "While Plaintiffs' allegations against some Defendants are minimal,

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 30 of 33

the Complaint does allege that all participated in the operation and management of the conspiracy." *Id.* at 1042.

Similarly, in *Fortney v. Kuipers*, 1999 U.S. Dist. Lexis 2273 (N.D. Ill. Feb. 19, 1999), the Court refused to dismiss a RICO claim alleged against an attorney because the Plaintiff explicitly alleged that the attorney "knew about and agreed to facilitate the scheme and maintain an interest in or control of, or to participate in the affairs of the Enterprise through a pattern of racketeering activity, in order to conceal Dale and Bev's real estate and other assts." *Id.* at *27. The Court held that "Fortney's allegations do not portray Boose's actions simply as those of an innocent attorney unwittingly performing devious services for his clients." *Id.* at *28. The Court concluded that "Fortney's complaint alleges Boose's explicit or implied agreement to participate in the affairs of the enterprise and commit predicate acts in furtherance of the conspiracy goals. Accordingly, a claim is stated against Boose under §1962(d)." *Id.*

With regard to Fortney's 1962(c) claims against Boose, the Court pointed out that "[t]he allegations in Count IX assert not only that Boose performed legal services for Dale and Bev Kupers regarding the transfer of some of their assets, but that he knew and indeed played a role in the general goal of concealing assets from Fortney during her personal injury lawsuit." *Id.* at *30. The Court declined to dismiss the 1962(c) claim on the basis that these allegations

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242166)
Page 31 of 33

were sufficient to state a claim. *Id.* This Court should likewise decline to dismiss the civil RICO claim against Goerig.

## CONCLUSION

For the foregoing reasons, Defendants, Motion to Dismiss As To Two Defendants should be denied.

DATED at Anchorage, Alaska, this 31st day of January, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Plaintiff
Lumbermens Mutual Casualty Company


By:    s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska  99503
       Telephone: 907-274-7522
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)
Page 32 of 33

Certificate of Service

I hereby certify that on January 31, 2006, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants was served electronically on:


Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033


s/ Frank A. Pfiffner

I hereby certify that on January 31, 2006, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants was served by regular U.S. Mail on:

Albert Maffei
8328 Lake Otis Parkway
Anchorage, AK  99507


s/ Frank A. Pfiffner

Plaintiff's Opposition to Defendants' Motion to Dismiss As To Two Defendants
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242166)