any 'sale or advertisement of goods or services'" is incorrect. (Motion to Dismiss at 12.) The "sale of goods or services" contemplated by Lumbermens in its complaint involves the sale of legal services by George Goerig. Such services are clearly within the purview of AS 45.50.471.

Be that as it may, Lumbermens concedes that it does not appear that it was a "consumer" in the transactions alleged in its complaint. Therefore, in light of <u>Grass v. Credito Mexiccano, S.A.</u>, 797 F.2d 220 (5th Cir. 1986), Lumbermens' concedes that its fifth claim for relief based on Alaska's Unfair Trade Practices Act does not state a claim upon which relief can be granted.

By so conceding, Lumbermens does not mean to suggest that the defendants did not commit violations of Alaska's Unfair Trade Practices Act in this case. Lumbermens is merely stating that at this point in time these allegations have been insufficiently pled.

Further, Lumbermens' is by no means suggesting that its complaint is deficient in any other respect. The remainder of Lumbermens' claims are sufficiently well pled to withstand scrutiny under Fed. R. Civ. P. 12(b)(6).

### E. Lumbermens Has Alleged a "Pattern of Racketeering" Sufficient to State a RICO Claim for Relief.

Contrary to defendants' assertions, Lumbermens' complaint states ample facts to demonstrate a "pattern of racketeering." According to the Supreme Court in <u>H.J.</u>

HES THORSNESS POWELL
LESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
IORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

Exhibit 8
Page 1 of 13
Case No. 3:03-cv-00262-JWS

**LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)    Page 11 of 32

Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989), a pattern of racketeering can be established when at least two racketeering predicates are related *and* amount to, or threaten the likelihood of, continued criminal activity. Id. at 238-39 (emphasis in original). In the case at hand, Lumbermens' complaint adequately pleads both. "It is not the number of predicates but the relationship that they bear to each other or to some external organizing principle that renders them 'ordered' or 'arranged.'" Id. at 238. In addition to the relationship between the predicates there must also be continuity. Id. at 239. "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 242. The United States Supreme Court stated:

> The limits of the relationship and continuity concepts that combine to define a RICO pattern, and the precise methods by which relatedness and continuity or its threat may be proved, cannot be fixed in advance with such clarity that it will always be apparent whether in a particular case a 'pattern of racketeering activity' exists.

Id. 243.

1. **Lumbermens Has Sufficiently Pled Facts Demonstrating a Threat of Repetition and Which Are Sufficient to Show Open-Ended Continuity.**

Lumbermens' complaint describes at least 25 instances wherein defendants took steps to convey Mr. Maffei's assets to other persons or entities where Lumbermens' ability to recover would be precluded or impaired. (Complaint at ¶¶29-61.) These events includes creating the Maffei Family Limited Partnership (Complaint at ¶29) and

HES THORSNESS POWELL
ILESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

**LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)   Page 12 of 32

Exhibit 8
Page 2 of 13
Case No. 3:03-cv-00262-JWS

transferring into that partnership numerous pieces of real property from Mr. Maffei individually and Mr. Maffei and his wife jointly (Complaint at ¶¶ 30-52), transferring real property owned by Mr. Maffei individually into the Maffei, Inc. Profit Sharing Trust (Complaint at ¶¶53-55), and selling real property previously conveyed into the Maffei Family Limited Partnership to third parties. (Complaint at ¶¶ 57-58.)

Defendants assert that Lumbermens has not sufficiently pled facts which demonstrate a threat of repetition necessary for proving open-ended conduct. (Motion to Dismiss at 14.) However, defendants' past conduct demonstrates the threat of repetition of these actions in the future. Defendants claim that "[i]nasmuch as the individual defendants have already (allegedly) fraudulently transferred the real estate into the defendant limited partnership and profit sharing trust, the wrongful act is complete." (Motion to Dismiss at 14.) Defendants fail to note that Mr. Maffei still possesses real property which has not yet been transferred. Hence Lumbermens has pled a claim for injunctive relief against the defendants asking that the court prevent them from engaging in any additional activity to fraudulently convey real property or assets. (Complaint at ¶¶99-102.)

"Open-ended continuity is shown by 'past conduct that by its nature projects into the future with a threat of repetition.'" Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1528 (9th Cir. 1995) (citations omitted). Inferring continued activity from previous conduct is an acceptable means of establishing continuity in the Ninth Circuit.

HES THORSNESS POWELL
DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
:HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)
(8172-3/206225)                     Page 13 of 32

Exhibit 8
Page 3 of 13
Case No. 3:03-cv-00262-JWS

For example, in Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 194 (9th Cir. 1987), the Ninth Circuit held that four predicate acts that spanned a two month period satisfied the continuity requirement since the predicate acts posed "a threat of continuing activity because they covered up a whole series of alleged kickbacks and receipts of favors, occurred over several months, *and in no way completed the criminal scheme.*" Id. (emphasis added); see also California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1469 (9th Cir. 1987) (continuity requirement satisfied with predicate acts that spanned five months); Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450-451 (9th Cir. 1991) (three episodes of forgery over a 13 month period sufficient to establish a racketeering pattern).

Similarly, in Ikuno v. Yip, 912 F.2d 306, 308 (9th Cir. 1990), the Ninth Circuit found open-ended continuity based on two filings of false annual reports for a phantom commodity trading company. Id. at 309. In Ikuno there were only two predicate acts in a twelve month span. Id. Yet the Ninth Circuit found a threat of continuity because there was no evidence that the defendant would have stopped filing false reports had the company not ceased doing business. Id. at 309.

In Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1529 (9th Cir. 1995), the court determined that continuity existed based on the fact that there was no evidence that defendants would have halted their scheme absent intervening factors. Id. at 1529. The court explained that the defendants' actions demonstrated that if they had not been

HES THORSNESS POWELL
DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
J WEST SEVENTH AVENUE
SUITE 1100
:HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

*LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)                    Page 14 of 32

Exhibit 8
Page 4 of 13
Case No. 3:03-cv-00262-JWS

"fortuitously interrupted by termination," the predicate acts could have recurred indefinitely. Id. at 1530.

This line of reasoning is not confined to the Ninth Circuit. In United States v. Busacca, 936 F.2d 232, 238 (6th Cir. 1991), the Sixth Circuit held that fortuitous interruption of criminal acts does not preclude a finding of open-ended continuity. Id. The Sixth Circuit stated that:

> It may be established by any number of possibilities, such as by showing that the related predicates themselves involve a distinct threat of long term racketeering activity, either implicit or explicit, or by showing that the predicate acts or offenses are a part of an ongoing entity's regular way of doing business. Thus, the threat of continuity need not be established solely by reference to the predicate acts alone; facts external to the predicate acts may, and indeed should, be considered. In sum, the totality of the circumstances surrounding the commission of the predicate acts are considered to determine whether those acts pose a threat of continuing criminal activity.

Id. at 238. In Busacca, the defendant misappropriated checks over a two and a half month period but was then removed from his position as Trustee. Id. The Sixth Circuit decided that the manner in which the predicate acts occurred could recur indefinitely whenever the defendant had expenses to pay. Id. The court reasoned that since the defendant was willing to disregard established procedures, conceal his activities, and misappropriate money there was a continued threat of criminal conduct. Id.

;HES THORSNESS POWELL
)LESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
:HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)
(8172-3/206225)            Page 15 of 32

Exhibit 8
Page 5 of 13
Case No. 3:03-cv-00262-JWS

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In this case, in light of past conduct of fraudulent conveyances and the fact that Mr. Maffei still owns assets which have not been fraudulently conveyed, there is a high likelihood of continuing fraudulent activity. Lumbermens' complaint sufficiently sets forth facts and allegations sufficient to prevent a Rule 12(b)(6) dismissal on this issue.

### 2. Lumbermens Has Sufficiently Pled Facts to Show the Existence of Closed-Ended Continuity.

According to defendants, Lumbermens has only pled a series of predicate acts whereby defendants, in the past, over a "closed" period of time, engaged in a series of real estate transfers from Mr. and Mrs. Maffei to the limited liability partnership and the profit sharing trust. (Motion to Dismiss at 15.) This is not the case, but even *if* Lumbermens were *only* pleading a past set of predicate acts over a "closed" period of time, Lumbermens' complaint would still be sufficient to support its RICO claim.

Defendants' primary argument is that "[a] 'closed' period of continuity of criminal activity is insufficient to constitute the required 'pattern' where there is but a single scheme directed at a single victim with no potential to extend to others." (Motion to Dismiss at 15.) The problem with this argument is twofold. First, it is factually

HES THORSNESS POWELL
DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
I WEST SEVENTH AVENUE
SUITE 1100
CHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)                    Page 16 of 32

Exhibit 8
Page 6 of 13
Case No. 3:03-cv-00262-JWS

incorrect, and second, it is based on an erroneous legal principle no longer supported by case law.

Defendants' suggestion that there is but a single scheme directed at a single victim is an unduly narrow interpretation of the facts alleged in Lumbermens' complaint. Although Lumbermens brings this complaint on its own behalf, this circumstance does not negate the fact that the fraudulent transfers, which may succeed in placing Mr. Maffei's assets outside of the reach of Lumbermens, also preclude recovery by any other present or future debtor of Mr. Maffei. Lumbermens is a single victim of defendants' fraudulent acts, but that does not mean that Lumbermens is the *only* victim of those acts.

Defendants cite Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1516 (10th Cir. 1990), wherein the court found no RICO claim because the defendant's actions were "directed at one individual with no potential to extend to other persons or entities." Id. This case is clearly distinguishable from the situation at hand. *Every* creditor of Albert Maffei is harmed by the fraudulent conveyances. His acts are directed at any and all persons or entities to whom he is or will soon become indebted to. See generally Fortney v. Kuipers, 1999 U.S. Dist. LEXIS 2273 *23-24 (N.D. Ill. 1999) (plaintiff adequately pled close-ended continuity even though complaint did not specifically list other victims).

Defendants' argument is also flawed because it is primarily based on non-controlling and out of date case law, much of which has been expressly or impliedly overruled by the Supreme Court's holding in H.J. Inc. Northwestern Bell Telephone Co.,

HUGHES THORSNESS POWELL HOLESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
ANCHORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)
(8172-3/206225)          Page 17 of 32

Exhibit 8
Page 7 of 13
Case No. 3:03-cv-00262-JWS

492 U.S. 229 (1989). Defendants cite <u>Jones v. Lampe</u>, 845 F.2d 755, 758 (7th Cir. 1988), which found that the plaintiff's claim was insufficient because the facts can support "but a single scheme." <u>Id.</u> The court explained that "although we have recognized on rare occasions that 'the mere fact that the predicate acts relate to only one overall scheme does not mean that the acts automatically fail to satisfy the pattern requirement,' . . . this case . . . is not an exception to that general rule." <u>Jones v. Lampe</u>, 845 F.2d 755, 758 (7th Cir. 1988). Similarly, defendants rely on <u>Allington v. Carpenter</u>, 619 F. Supp. 474 (C.D. Cal. 1985), which was decided under the same erroneous standard. The Ninth Circuit has expressly rejected <u>Allington</u>'s 'multiple criminal episode' theory of pleading a pattern of racketeering activity." <u>United Energy Owners Committee, Inc. v. U.S. Energy Management Systems, Inc.</u>, 837 F.2d 356, 360 (9th Cir. 1988).

Soon after <u>United Energy</u>, the United States Supreme Court expressly rejected the "single scheme" requirement in <u>H.J. Inc. v. Northwestern Bell Telephone Co.</u>, 492 U.S. 229, 241 (1989). In <u>H.J. Inc.</u>, the court held that RICO's continuity requirement does not mean that there must be multiple criminal schemes in the commission of the predicate acts; rather continuity may be established with predicate acts that are part of a single scheme. <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1528 (9th Cir. 1995). Defendants' entire argument that Lumbermens' complaint is inadequate because it alleges the existence of single scheme to defraud is rendered meaningless by the holding of <u>H.J. Inc.</u>

HES THORSNESS POWELL
LESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

**LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)                         Page 18 of 32

Exhibit 8
Page 8 of 13
Case No. 3:03-cv-00262-JWS

After analyzing facts quite similar to those in the case at hand, the court in Fortney v. Kuipers, 1999 U.S. Dist. LEXIS 2273 (N.D. Ill. 1999), found that the plaintiff successfully pled a closed-ended continuous enterprise. Id. at *24. In that case, Fortney sued the Kuipers for personal injuries she suffered in an accident. Id. at *3-4. After determining that their assets were at risk, the Kuipers and their attorney took steps to sell, liquidate, and otherwise conceal their assets, including a substantial amount of the Kuipers' real property. Id. This concealment scheme involved, among other things, transferring property interests to the Kuipers' relatives. Id. Fortney brought suit against the Kuipers claiming violation of RICO and civil conspiracy. Id. The Kuipers moved to dismiss the complaint. Id.

In discussing whether Fortney's claim met the pattern of racketeering requirement for a RICO claim, the court first explained that:

> The relationship part of this "continuity plus relationship" test requires that the predicate acts be "committed somewhat closely in time to one another, involve the same victim, or involve the same type of misconduct." Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."

Id. at *19-20. In considering Fortney's complaint, the court noted that:

> Fortney does not rely on blanket statements or sweeping allegations devoid of detailed, factual support in establishing this agreement. Rather, she cites specific property holdings Wade and Kim received in furtherance of Dale and Bev

HES THORSNESS POWELL
DLESTON & BAUMAN LLC
ATTORNEYS AT LAW
I WEST SEVENTH AVENUE
SUITE 1100
HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)
(8172-3/206225)   Page 19 of 32

Exhibit 8
Page 9 of 13
Case No. 3:03-cv-00262-JWS

>Kuipers' asset-shifting plan. Fortney lists all dates of the property transferals, as well as the title and percentage of property interest Wade and Kim Kuipers agreed to accept in the transfer.

Id. at *15.

The court first analyzed Fortney's complaint under the "relatedness" prong and found that "Fortney's complaint demonstrates a unified group of schemes designed to conceal the assets of Dale and Bev Kuipers from Fortney and the Kuipers' bankruptcy estate." Id.

The court then addressed the issue of continuity, explaining that:

>Fortney has pled at least twenty distinct acts, each resulting in a distinct injury with additional money fraudulently transferred from Dale and Bev Kuipers' estate. While each act does not necessarily demonstrate a separate scheme, Dale and Bev Kuipers allegedly used several different tactics to conceal their assets. . . . Although the ultimate goal of each maneuver remained the same, the various tactics employed support a theory of separate enterprise schemes. Fortney does not specifically list all victims of the racketeering activity, but Dale and Bev Kuipers' other bankruptcy creditors could be additional victims of the alleged conspiracy. Fortney has satisfactorily plead a closed-ended continuous enterprise.

Id. at *23-24 (citations omitted).

Just as in Fortney, Lumbermens' complaint does not rely on blanket statements or sweeping allegations but instead cites specific property holdings transferred from Mr. Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust. Lumbermens also lists all dates of the property transfers, as well as the

;HES THORSNESS POWELL
OLESTON & BAUMAN LLC
ATTORNEYS AT LAW
1 WEST SEVENTH AVENUE
SUITE 1100
:HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

Exhibit 8
Page 10 of 13
Case No. 3:03-cv-00262-JWS

*LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)    Page 20 of 32

title and percentage of property interest the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust accepted in the transfer. And just as in Fortney, the defendants began this wholesale shift of assets only after they were threatened with liability from a pending claim. Lumbermens' complaint adequately states a RICO claim for relief.

### 3. The Predicate Acts Were Committed Over a Sufficient Period of Time to Establish a Pattern of Racketeering Necessary to Sustain a RICO Claim.

The primary difference between Fortney and the case at hand is the length of time over which the predicate acts occurred. In Fortney, the court noted that the property transfers took place over the span of a number of years, and explained that "[i]n several recent cases, the Seventh Circuit has placed great importance on the length of time the alleged predicate acts have spanned." Id. at *22. The court stated that, in the Seventh Circuit, "duration is perhaps the closest thing we have to a brightline continuity test." Id.

Similarly, defendants' in this case argue that a pattern of racketeering activity cannot be found in light of the "brief length of time" during which these property transfers took place. While this position may be favored in the Seventh Circuit, it has been expressly rejected by the Ninth Circuit. In Allwaste, Inc. v. Hecht, 65 F.3d 1523 (9th Cir. 1995), the court disagreed with defendant's position that closed-ended continuity requires that predicate acts continue for at least one year. Id. at 1528. The

LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)
(8172-3/206225)             Page 21 of 32

Exhibit 8
Page 11 of 13
Case No. 3:03-cv-00262-JWS

Ninth Circuit explained that "[t]he problem with Defendants' argument is that it misconstrues the flexible continuity requirement under RICO by creating a bright line, one-year rule." Id. The court in Allwaste went on to hold that plaintiff's ability to show that the predicate acts occurred over the span of "as much as thirteen months" would have demonstrated "that the criminal activity spanned a 'substantial period of time' and, therefore would have satisfied the continuity requirement." Id.

In August 2001, Mr. Maffei induced First Indemnity of America Insurance Company ("FIA") to underwrite the payment and performance bonds that are at issue in the underlying legal action by providing FIA with a financial statement warranting a net worth of $1,617,233. (Complaint at ¶19.) In November 2001 defendants engaged in the first of a series of predicate acts creating the Maffei Family Limited Partnership (Complaint at ¶28.) Defendants then proceeded to spend the next year transferring various parcels of real property to this Family Limited Partnership as well as the Maffei Inc. Profit Sharing Trust. (Complaint at ¶¶29-61.)

In light of the Ninth Circuit's holding in Allwaste that "*as much as* thirteen months" constituted a "substantial period of time," and in light of the Ninth Circuit's admonishment that "precise guidelines cannot be set to determine the existence of a pattern of racketeering activity," Lumbermens' complaint sufficiently establishes close-ended continuity insofar as it is required to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6). See generally, Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("A complaint

HES THORSNESS POWELL
LESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

**LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)     Page 22 of 32

Exhibit 8
Page 12 of 13
Case No. 3:03-cv-00262-JWS

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("It may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test").

Defendants' claim that "[a]nother factor militating against a finding of the necessary 'pattern of racketeering activity' is the brief length of time the alleged predicate acts were committed." (Motion to Dismiss at 17.) This argument is completely at odds with the Ninth Circuit's repeated holdings that a pattern of racketeering can exist in situations wherein the predicate acts occurred over a relatively short time span. See Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 194 (9th Cir. 1987) (four predicate acts spanning a two month period found sufficient); California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1469 (9th Cir. 1987) (continuity requirement satisfied with predicate acts that spanned five months); Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450-451 (9th Cir. 1991) (three episodes of forgery over a 13 month period sufficient to establish a racketeering pattern); Ikuno v. Yip, 912 F.2d 306, 308 (9th Cir. 1990) (two predicate acts in a twelve month span found sufficient); See also United States v. Busacca, 936 F.2d 232, 238 (6th Cir. 1991) (predicate acts occurring over a two and a half month period). Lumbermens' complaint presents a viable RICO claim.

HES THORSNESS POWELL
OLESTON & BAUMAN LLC
ATTORNEYS AT LAW
WEST SEVENTH AVENUE
SUITE 1100
HORAGE, ALASKA 99501
(907) 274-7522
(907) 263-8320 FAX

**LUMBERMENS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al./Case No. A03-0262 CV (JKS)*
(8172-3/206225)                    Page 23 of 32

Exhibit 8
Page 13 of 13
Case No. 3:03-cv-00262-JWS