IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, </br></br> Plaintiff, </br></br> v. </br></br> ALBERT MAFFEI, BONITA MAFFEI, MAFFEI FAMILY LIMITED PARTNERSHIP, MAFFEI, INC. PROFIT SHARING TRUST, and GEORGE E. GOERIG, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No.: 3:03-cv-00262-JWS |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION**

On December 22, 2005, Defendant Albert Maffei filed a Motion to Dismiss as to Two Defendants. On January 6, 2006, Defendant George Goerig filed a Joinder Motion seeking dismissal with respect to Plaintiff's Fifth Claim for Relief of the Amended Complaint, which alleges that defendant, George Goerig ("Goerig"), engaged in activities prohibited under 18 U.S.C. § 1961-1968 ("RICO"). On January 31, 2006, Plaintiff filed its Opposition to Defendants' Motion to Dismiss as to Two Defendants.

Plaintiff relies primarily on the cases of *Gutierrez v. Givens,* 989 F. Supp. 1033, 1041 (S.D. Cal. 1997), and *Fortney v.*

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.*; Case No. 3:03-cv-262-JWS; Page 1 of 9

*Kuipers,* 1999 U.S. Dist. LEXIS 2273 (N.D. Ill. Feb. 19, 1999) in support of its opposition to Defendant's Motion to Dismiss the RICO claim. Plaintiff argues that Goerig has failed to meet the heavy burden of a 12(b)(6) motion because the allegations contained in the complaint have been sufficiently plead.

However, Plaintiff's opposition must fail because the applicable test determining civil RICO liability against an attorney established in *Reves v. Ernst & Young,* 507 U.S. 170 (1993) must be applied to this question. Under *Reves,* a plaintiff must show that a defendant was actively involved in the direction and control of an alleged RICO enterprise for liability to attach.

## II. __ARGUMENT__

Defendant's motion as to Count V of the Amended Complaint should be granted because Plaintiff has failed to assert an adequate claim against Goerig under the RICO Act. Plaintiff's opposition relies on several cases in an attempt to defeat Defendant's Rule 12(b)(6) motion. However, the cases cited are distinguishable from the case at hand and illustrate precisely why the RICO claim against Goerig should be dismissed.

Plaintiff argues that Defendant's reliance on the landmark case of *Reves v. Ernst & Young,* 507 U.S. 170 (1993), is not applicable at this stage because the Court is deciding a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

12(b)(6) motion as opposed to conducting a "post-trial" analysis.

To support this position, Plaintiff cites the case of *Gutierrez v. Givens* in which the court dealt with an identical motion to dismiss in a RICO claim. The *Gutierrez* court stated that, "while the standard for attorney involvement may be difficult to establish later in this action, to survive a motion to dismiss, Plaintiff's need only set forth sufficient allegations in a well-pleaded complaint." *Gutierrez v. Givens*, 989 F. Supp. 1033, 1041 (S.D. Cal. 1997). However, in the previous paragraph the court observed that "the *Reves* test, as reiterated in *Baumer*, should be used to determine the potential liability of these five defendants." *Id.* The five defendants the court was referring to were five attorneys, and the motion the court was deciding was a 12(b)(6) motion to dismiss RICO claims, which is the exact scenario in front of this Court.

The court observed that the Ninth Circuit has tended toward a narrow interpretation of attorney liability, citing *Webster v. Omnitriton Intern, Inc.,* in which the Circuit affirmed a grant of summary judgment for an attorney defendant in a civil RICO action who had been involved in a pyramid scheme. *Webster v. Omnitrition Intern, Inc.,* 79 F.3d 776, 789 (9th Cir. 1996). While the attorney had significant involvement within the

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.*; Case No. 3:03-cv-262-JWS; Page 3 of 9

enterprise, serving as an Assistant Secretary and appearing in promotional videos to vouch for the product, the panel affirmed the grant of summary judgment. *Id.*

The *Gutierrez* court denied the motion to dismiss because the defendant attorneys held some part in directing the affairs of the RICO enterprise. The court stated that, "Tedder was allegedly an owner, director, or other officer of many of the holding companies involved in the scheme." Also, the defendant stood to reap substantial profits from his activities, well beyond any amounts received for typical attorney representation. *Gutierrez* at 1041-42.

In the case at bar, Goerig's involvement with the MFLP consisted solely of drafting the paperwork that created the entity. According to Plaintiff's complaint, Goerig also drafted several warranty deeds conveying property to Albert and Bonita Maffei as general partners of the MFLP. (Amended Complaint pgs. 8-14). Approximately two weeks later, Mr. Maffei filed "corrected warranty deeds", changing the deeds drafted by Goerig and transferring title to the property from him and his wife individually to the MLFP. According to the Amended Complaint, Mr. Maffei continued transferring his property into the MFLP, family trust, and to other individuals through November 2002. (Amended Complaint pgs. 8-16).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Reading Plaintiff's Complaint, it is difficult to elevate Goerig's involvement as an estate planning attorney, to that of a willing conspirator in this alleged RICO enterprise. It should be obvious that Goerig was simply performing his duties as an estate planning attorney when he drafted the paperwork creating the MFLP. Furthermore, Goerig drafted and filed the warranty deeds transferring title to property to Albert and Bonita Maffei as general partners. The subsequent action of recording the corrected deeds is what rendered the property allegedly "untouchable" to Plaintiff, and Goerig was not involved in that decision.

This court should look to the binding decision in *Webster v. Omnitrition* in which the Ninth Circuit Court of Appeals applied the *Reves* test and upheld the summary judgment decision in favor of the attorney defendant on the RICO claims. In the case at hand, Plaintiff has failed to sufficiently plead the necessary facts to show Goerig was an active participant in the alleged RICO enterprise. Plaintiff's Amended Complaint simply shows that Goerig was acting in his capacity as an estate planning attorney to set up the MFLP, nothing more. Goerig had nothing to gain from setting up the partnership other than his normal attorney's fees.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.*; Case No. 3:03-cv-262-JWS; Page 5 of 9

Plaintiff also cites a case from the Northern District of Illinois.  In *Fortney v. Kuipers,* 1999 U.S. Dist. LEXIS 2273 (N.D. Ill. Feb. 19, 1999), the court refused to dismiss a RICO claim against an attorney.  However, the case at hand is distinguishable from *Fortney.*  The attorney in *Fortney* was involved with the alleged RICO enterprise over a span of three years in which he facilitated various property transactions, each resulting in a distinct injury.

The *Fortney* court found that, "the broad construction of the RICO conspiracy provision should not be used by the courts to criminalize mere association with an enterprise." *Fortney v. Kuipers, et al,* 1999 U.S. Dist. LEXIS 2273, 28 (N.D. Ill. Feb. 19, 1999) (quoting *Goren v. New Vision Intern., Inc.,* 156 F.3d 721, 732 (7th Cir. 1998)).  Plaintiff's allegations in the Amended Complaint are doing exactly what the *Fortney* court warns against.  Plaintiff is attempting to criminalize Goerig's actions as an estate planning attorney and boot strap him into the RICO claim, claiming that he was a willing participant in an alleged RICO enterprise.

Goerig's limited time involved in creating the MFLP (no more than a few weeks) fails to establish his involvement in a pattern of racketeering in which he subsequently received

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.;* Case No. 3:03-cv-262-JWS; Page 6 of 9

income. Accordingly, Goerig's Motion to Dismiss the RICO claims against him should be granted.

### III. CONCLUSION

The Ninth Circuit applies a presumption against attorney involvement when faced with RICO allegations. *Gutierrez* at 1042. In addition, federal courts have established that RICO was intended to combat organized crime, not provide a federal cause of action and treble damages to every tort plaintiff. *Id.* at 1039. When evaluating a motion to dismiss, "the court need not accept every allegation in the complaint as true; rather the court should examine whether conclusory allegations follow from the description of the facts as alleged by the plaintiff." *Id.* at 1038 (quoting *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992)).

Plaintiff is doing just that, making conclusory allegations from the description of the facts. As stated in the Amended Complaint, Goerig drafted the documents creating the MFLP and also drafted warranty deeds placing title to property individually to Mr. and Mrs. Maffei as general partners. His involvement as the attorney was limited in nature and lasted only a short time.

In comparison, the MLFP continued to exist and continued receiving property without the assistance of Mr. Goerig. Goerig

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.;* Case No. 3:03-cv-262-JWS; Page 7 of 9

did not participate in the management or operation of the MFLP and did not benefit economically from the actions taken by the partnership, if any.

To hold Goerig responsible for the actions taken by the MFLP and those directing it would effectively put every attorney at risk for subsequent actions taken by their clients, even when the attorney did nothing to aid in the alleged illegal actions.

For the reasons stated above, this court should apply the *Reves* test to the issue at hand and grant Defendant's Motion to Dismiss the RICO claim asserted against George Goerig.

DATED this 17th day of February, 2006, at Anchorage, Alaska.

        DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
        Attorneys for George E. Goerig

        /s/ Michael C. Geraghty
By: _____
    Michael C. Geraghty
    Bar No. 7811097
    E-Mail: mgeraghty@dmgz.com
    943 West 6th Avenue
    Anchorage, Alaska 99501
    Telephone: (907) 279-9574
    Facsimile: (907) 276-4231

        /s/ Adolf V. Zeman
By: _____
    Adolf V. Zeman
    Bar No. 0411082
    E-Mail: azeman@dmgz.com

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.*; Case No. 3:03-cv-262-JWS; Page 8 of 9

This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 17th day of February, 2006,
to the following:

| Frank Pfiffner, Esq. | Albert Maffei, Esq. |
|---|---|
| Hughes Thorsness et. al. | Law Offices of Albert Maffei |
| 3900 C Street, Suite 1001 | 8328 Lake Otis Parkway |
| Anchorage, AK 99503 | Anchorage, AK 99507 |

```
       /s/ Juliana Wood
By _____
       Juliana Wood
```

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

100660 – Reply to Plaintiff's Opposition to Motion to Dismiss.
*Lumbermens v. Maffei et. al.;* Case No. 3:03-cv-262-JWS; Page 9 of 9