RECEIVED

AFTER 4:31 P.M.

RECEIVED

FEB 1 7 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

1 | Law Offices of Albert Maffei
ABA No. 5311009
2 | 8328 Lake Otis Parkway
Anchorage, Alaska 99507
3 | (907) 277-2503
Attorney for Defendants , Albert Maffei, Bonita Maffei,
4 | Maffei Family Limited Partnership, Maffei ,Inc. Profit
Sharing Trust
5 |

6 | LUMBERMENS MUTUAL CASUALTY    )
COMPANY,                       )
7 |                                )
          Plaintiff,             )  Case No.: 3-03-cv-00262-JWS
8 |                                )
9 | vs.                            )
                                   )
10 | ALBERT MAFFEI; BONITA MAFFEI;  )
MAFFEI FAMILY LIMITED PARTNER-    )
11 | SHIP; MAFFEI, INC. PROFIT SHARING )
TRUST; and GEORGE E. GOERIG,      )
12 |                                )
13 |          Defendants.          )
                                   )

14 |
15 | REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AS TO TWO DEFENDANTS

16 |        Lumbermens states in its Introduction that in particular the conspiracy and

17 | aiding and abetting claims are tort claims separate from the actual real and personal

18 | property conveyances at issue in the case.  What Lumbermens fails to state is that all of

19 | the claims alleged including the conspiracy, and aiding and abetting claims stem from

20 | the alleged fraudulent transfers of property to the partnership.  Therefore, if Bonita

21 | prevails on the fraudulent conveyance claims, then the other allegations become moot.

22 |

23 |

24 | Reply To Plaintiff's Opposition To Defendants' Motion
25 | To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

Page 1 of 29

1     Lumbermens further states that defendants have not met the high burden

2   for prevailing on the motion to dismiss.  However, Lumbermens fails to explain what the

3   high burden might be.  Lumbermens further states that the motion to dismiss should not

4   be converted to a summary judgment motion because Maffei is simply seeking legal

5   determinations.  This, in the first place, is Bonita's motion and the Trust's motion, and not

6
7   the motion of Maffei.  Secondly, the purpose of converting the motion to summary

8   judgment is to make legal determinations.  Fed. R. Civ. P. 56(c), provides in part, as

9   follows:

10              . . . The judgment sought shall be rendered forthwith if the pleadings,
11          depositions, answers to interrogatories, and admissions on file, together
            with the affidavits, if any, show that there is no genuine issue as to any
12          material fact and that the moving party is entitled to a judgment as a
13          matter of law. . . .

14     Lumbermens further states that if the motion is converted, there are

15   genuine issues of material fact which Lumbermens intends to prove by depositions of the

16   relevant participants in the dispute and obtain all relevant documents.  In other words,

17   Lumbermens admits at the moment that they have failed to file any opposing affidavits.

18
19     Lumbermens further states that Bonita and the Trust are indispensable

20   parties by virtue of their present status in that Bonita is the general partner of the MFLP

21   and controls all the fraudulent conveyed assets.  However, the MFLP is a separate entity

22   and Bonita, insofar as she is the general partner, is subject to any order of this Court

23   against the partnership without being named as a personal party defendant.

24
    Reply To Plaintiff's Opposition To Defendants' Motion
25   To Dismiss As To Two Defendants
    Lumbermens Mutual Casualty Company v. Maffei, et al
    Case No. A03-0262 CV (JWS)

1        The Trust definitely does not have any ownership in any property that is

2  the subject matter of the alleged fraudulent transfer claims. Also the RICO claim is a

3  racketeering claim which was never intended to apply to this type of an action as shown

4  by the previous memorandum supporting the motion to dismiss.

5

6                **FACTUAL AND PROCEDURAL BACKGROUND**

7        Lumbermens states that the conveyances where accomplished when the

8  MFLP was created on November 21, 2001 for the purposes of delaying, hindering and

9  defrauding Lumbermens from collecting their judgment which was not entered until

10  February, 2005, four years later.

11

12        Lumbermens recites the letter of November 12, 2001, by Mr. Thomas to

13  Mr. Maffei which has no reference to the letter dated October 23, 2001. Omitting the one

14  letter and stressing the other does nothing to further the litigation by Lumbermens.

15  Lumbermens gives great weight to the fact that Maffei received the letter from Mr.

16  Thomas on November 20, 2001, and on the next day, the MFLP was prepared by Goerig,

17  and immediately thereafter the conveyances were made to the limited partnership. The

18  MFLP, (Ex. 3 to Lumbermens' opposition) indicates that the agreement contains 48 pages

19  with a considerable amount of personal information. Assuming as correct that Maffei

20

21  received the certified mail, then Maffei would have had to obtain an appointment with

22  Goerig, and then Goerig would have a conference with Maffei in order to get the facts to

23  support the preparation of the drafting of the MFLP. Although there is no proof that this

24

25  Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

1  could not have been accomplished in such a short time, it is obvious that in reality, it

2  would have been very difficult, and Lumbermens has absolutely no proof that the

3  scenarios they describe had occurred. It should also be noted that Mr. Thomas, in his

4
   letter of November 12th, made no reference to his previous letters where he submitted to
5
6  Maffei, on Maffei's request, a three-page copy of the GIA.

7         At page 5 of Lumbermens opposition, Lumbermens admits that there was

8  an exchange of property between the Trust and Maffei. Maffei's affidavit filed with the

9  motion to dismiss clearly shows that the properties were considered to be of equal value.

10 The exchange property eventually received by the MFLP is the property mentioned

11
   where said property was sold, and Maffei's proceeds have been deposited into the
12
13 Registry of the Court. Lumbermens has a Lis Pendens on both properties. It is

14 impossible to determine Lumbermens' reasoning in this matter except to say that it is pure

15 harassment. The question here is why does Lumbermens claim an interest in the Trust

16 property when the Trust has no obligation to Lumbermens, has no involvement in any of

17
   the proceedings, participated in a truly legal and legitimate activity for which
18
19 Lumbermens can show no harm. The Trust should be dismissed from the lawsuit and the

20 Lis Pendens on its property should be removed.

21        Lumbermens then states that, with respect to ¶¶ 30, 33, 36 and 41, the

22 defendants denied that Maffei was the sole owner and alleged that Bonita Maffei retained

23 a martial interest. However, the response furnished by Lumbermens does not conform to

24
   Reply To Plaintiff's Opposition To Defendants' Motion
25 To Dismiss As To Two Defendants
   Lumbermens Mutual Casualty Company v. Maffei, et al
   Case No. A03-0262 CV (JWS)

the actual allegations set forth on page 6 of the opposition.  In that allegation, the

defendants admit the allegations contained in paragraph 30 of the Complaint, and then

raise the fact that Bonita Maffei had a marital interest in the property which certainly

does not mean that Maffei still was not the sole owner.  Defendants will be filing an

Answer to the First Amended Complaint, and on these subject paragraphs, defendants

will admit the allegations without claiming any marital interest for the reason that statutes

and the legal precedents of Alaska do not provide for a  "marital interest".

AS 34.15.010(b) requires that in a deed or conveyance of the family home

or homestead by a married man or a married woman, the husband and wife shall join in

the deed or conveyance.  §§ (c) states as follows:

> The requirement that a spouse of a married person join in a deed or
> conveyance of the family home or homestead does not create a proprietary
> right, title or interest in the spouse not otherwise vested in the spouse.

Mr. Stockler, Maffei's prior attorney who filed the Answer the Complaint,

might have been considering the rights of a spouse in a divorce action under AS

25.24.160.

## ARGUMENT

**I.    DEFENDANTS DO NOT MEET THE HEAVY BURDEN FOR
       PREVAILING ON A MOTION TO DISMISS**

Lumbermens states that all allegations in the complaint must be accepted

as true and all inferences must be found in favor of plaintiff as the non-moving party is

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

1   the criteria set forth in the cases cited in pages 6 and 7 of the opposition. The position of

2   Bonita and the Trust are that by Lumbermens' pleadings, even if accepted as true, fail to

3   state a claim against Bonita and the Trust.

4
5           In ¶¶ 30, 33, 36, Lumbermens alleges that Maffei was the sole legal owner

6   of the properties alleged. ¶¶ 31, 32, 34, 35, 37, 38 of Lumbermens First Amended

7   Complaint each state exactly the same that "by warranty deed, Albert Maffei and Bonita

8   Maffei (although she had no ownership interest in the property) conveyed the real

9   property . . . "

10          The Court must therefore determine whether or not these allegations set

11  forth in the complaint allege a cause of action against Bonita.

12
13          In *Summers v. Hagen*, 852 P.2d 1165, 1169 (Alaska 1993), the Court

14  adopted the reasoning of the Arizona Court of Appeals in *McElhanon v. Hing,* 151 Ariz,

15  386, 728 P.2d 256 (App. 1985), which case relied *Dalton v. Meister,* 71 Wis.2d 504, 239

16  N.W.2d 9, 17-19, (1976), which held that because the Uniform Fraudulent Conveyance

17  Act made fraudulent conveyance of the <u>debtor's property to the grantee</u>  a definite legal

18  wrong, that wrong would be could be the subject of a civil conspiracy.

19
20          In other words, the conveyance must be of the debtor's property, and it

21  must be to a grantee who is also a party to the action.

22          In this case, Bonita was neither involved in the conveyance of the debtor's

23  property, nor was it a conveyance to her as a grantee.

24  Reply To Plaintiff's Opposition To Defendants' Motion
25  To Dismiss As To Two Defendants
    Lumbermens Mutual Casualty Company v. Maffei, et al
    Case No. A03-0262 CV (JWS)

1    The only participation of Bonita was the execution of a conveyance where

2    she had no legal interest.  The undersigned has found no case or any other authority that

3    provides that a person who has no interest in property and conveys the same is subject to

4    a fraudulent conveyance action.  The cases cited by Lumbermens on pages 6, 7, and 8

5    have therefore no relevance here for the reason that Bonita does not challenge the

6    allegations, but accepts the facts as stated by Lumbermens, the non-moving party.  These

7    allegations against Bonita should be dismissed since they allege no basis for any legal

8    action against her.

9

10   **II.    BONITA AND THE TRUST HAVE INDEPENDENT LIABILITY**
11   **BASED ON THE CONPIRACY AND AIDING AND ABETTING**
     **CLAIMS FOR RELIEF.**

12

13   Lumbermens cites the Alaska case of *Summers v. Hagan* regarding the

14   requirements that a plaintiff must establish in order to prove liability for participation in a

15   fraudulent conveyance scheme.    (Page 9 of Lumbermens' opposition)

16   The items that plaintiff must establish according to *Summers* are for the

17   purpose of assessing damages against Bonita.  However, Lumbermens fails to discuss the

18   elements of the claim in relationship to this case.  For example, what is the unlawful

19   agreement that is referenced in the elements?  What is the specific intent of each

20   participant in the scheme to hinder, delay and defraud a creditor of one who participated

21   in the scheme, in other words, Bonita or the Trust.  A common scheme, pursuant to the

22   unlawful agreement, again referring to an unlawful agreement which is not alleged, and

23

24   Reply To Plaintiff's Opposition To Defendants' Motion
25   To Dismiss As To Two Defendants
     Lumbermens Mutual Casualty Company v. Maffei, et al
     Case No. A03-0262 CV (JWS)

1   damages caused by the acts committed pursuant to the unlawful agreement. What

2   Lumbermens does not produce is the paragraph of the case following the requirements

3   that the plaintiff must establish on page 1170 of the *Summers* case, is quoted as follows:

4

5       The party against whom damages are claimed must be guilty of actual
        fraud, as opposed to constructive fraud. That is, [the party against whom
6       damages are claimed] must know that the transfer will leave the debtor
        insolvent, that the transfer is for less than fair value, and the purpose of the
7       transfer is to hinder delay or defraud the creditor plaintiff.

8           Therefore, Lumbermens cannot rely on circumstantial evidence.

9   Lumbermens must establish actual fraud on the part of Bonita and the Trust.

10          If the Court determines that this matter should be considered under Rule

11  56 as a motion for summary judgment, then the Court must review the affidavit of Bonita

12  which has not been opposed, nor has Lumbermens filed any contrary affidavits.

13
14  Therefore her statements must be taken as true.

15          The aiding and abetting claims are contained in the Second Claim For

16  Relief (pages 18-20 of First Amended Compliant) and the abetting claim is the Third

17  Claim For Relief (pages 21-23 of Firs Amended Complaint). Lumbermens cites

18
    *Summers v. Hagen* as authority to establish the conspiracy to commit fraudulent
19
20  conveyance claim. That case and all the Alaskan cases cited were cases where the

21  debtor/grantor conveyed property to a third party who is involved in the litigation. This

22  case differs on the grounds that Maffei made no direct conveyance to Bonita. His

23  conveyances were all to the MFLP. Bonita acquired no interest in Maffei's property by

24  Reply To Plaintiff's Opposition To Defendants' Motion
    To Dismiss As To Two Defendants
25  Lumbermens Mutual Casualty Company v. Maffei, et al
    Case No. A03-0262 CV (JWS)
                    Page 8 of 29

1    joining in conveyances where she had no interest, and the others where Bonita was

2    transferring her own separate property.

3           There has been no Alaska case cited that meets this set of facts.

4           Lumbermens states that Maffei did not address this separate claim in his

5    Motion to Dismiss and that since Lumbermens properly plead the claim for relief for

6

7    conspiracy, and aiding and abetting, that that part of the complaint should not be

8    dismissed.  This is rather ridiculous since both the conspiracy, and the aiding and abetting

9    claim are directly connected to the alleged fraudulent transfers and are so alleged in the

10   First Amended Complaint.  Therefore if the Court dismisses the fraudulent conveyance

11   claims as constituting a claim for relief, then the claims on conspiracy, and aiding and

12

13   abetting fail likewise.

14           In addition to that, however, the Court must consider whether or not

15   creating the MFLP was an unlawful agreement.

16           George Goerig, attorney, who is one of the defendants in this action, is

17   known to be an expert in estate planning, in answers to plaintiff's discovery request, at

18

19   page 11, stated as follows:

20           Interrogatory No. 3:  Did you every consider that the creation of the
             Maffei Family Limited Partnership and the transfer of assets to it might be
21           fraudulent conveyances?  If so, what did you in light of that consideration.

22           Answer:  No.  It is difficult to contemplate how the transfer of assets
             owned by individuals in their personal capacity to themselves as general
23           partners in a limited partnership constitutes a 'fraudulent conveyance.'

24   Reply To Plaintiff's Opposition To Defendants' Motion
25   To Dismiss As To Two Defendants
     Lumbermens Mutual Casualty Company v. Maffei, et al
     Case No. A03-0262 CV (JWS)

1

2

That is, however, a very standard estate planning tool especially where, as her, the interest of the general partner converts to a limited partnership interest at the time of his or her death.

3

4

5

Lumbermens has not alleged or stated how and in what respects the MFLP is an unlawful agreement.

6

Lumbermens cites *Halbersam v. Welch*, at page 9 of their opposition, as

7 authority to explain the difference between conspiracy, and aiding and abetting. In

8 reviewing that case, the undersigned states that that case is far from similar to this case on

9 the factual situation. *Halbersam* was a case involving a lady who conspired, or aided

10 and abetted her male roommate in committing a burglary which resulted in the death of

11 the occupant of the premises. The cases alleged civil conspiracy to commit burglary

12 which resulted in murder. The Court relies on cases involving assault and battery, arson

13 for a church damaged by fire by a 13 year old boy, kidnapping, and other particular bad

14

15 or opprobrious acts. The Court also noted that the concept of aid and abetting has turned

16 up frequently in the securities law violation cases. *Halbersam* further provides that civil

17 conspiracy includes to participate in an unlawful act, or a lawful act in a unlawful

18 manner. Lumbermens' allegations, however, allege only that the acts were committed

19 pursuant to the unlawful agreement [creating the MFLP]. In addition, Lumbermens states

20

21 that the transfer of real and personal property by applicable warranty deeds is unlawful

22 agreement.

23

Therefore, the Court must examine:

24

25

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

Page 10 of 29

1      1. Whether or not creating the MFLP was unlawful as to Bonita and the

2  Trsut;

3      2. Whether the creation, and execution, and recording of the warranty

4  deeds were unlawful as to Bonita and the Trust.

5      If we use Goerig's analysis, creating the MFLP is not per se an unlawful

6  agreement. Likewise, the creation of warranty deeds is not per se unlawful agreement.

7  Going back to the allegation of fraudulent conveyances, the allegations by Lumbermens

8  are that Bonita executed certain deeds where she had no interest, and transferred her

9  interest, by deed, on other properties where she had a legal interest. Therefore Bonita's

10 signature was not even necessary where she had no interest for the conveyance to be

11 absolute, and Bonita, in effect, transferred nothing by virtue of signing those deeds to the

12 MFLP. Bonita also executed deeds where she conveyed her interest in the properties to

13 the partnership. Bonita is not a debtor to Lumbermens. Bonita could convey her

14 property to anyone she wished to convey it to without any interference from

15 Lumbermens. Therefore, it was not unlawful for her to convey her interest in the

16 properties where she held an interest to the MFLP.

17     Lumbermens also states that Bonita was also a facilitator in two alleged

18 fraudulent conveyances because she owned these parcels as a tenant by the entireties, and

19 therefore had an alleged veto power over the tenancy by the entirety conveyances. What

20 Lumbermens fails to understand is, and perhaps they have not read Bonita's affidavit

21 Reply To Plaintiff's Opposition To Defendants' Motion
22 To Dismiss As To Two Defendants
23 Lumbermens Mutual Casualty Company v. Maffei, et al
24 Case No. A03-0262 CV (JWS)

1    because, in that affidavit, Bonita states that the forming of the partnership and her transfer

2    of her property to the partnership was to further her estate planning. That statement

3    contained in the affidavit has never been controverted by Lumbermens. Lumbermens'

4    only argument is their unsupported statement that Bonita exercised a power so that the

5
6    assets would have the most protection possible from the claims of Lumbermens. This

7    statement is made without the support of any credible evidence whatsoever.

8    **III.    IF THE MOTION TO DISMISS IS TREATED AS A SUMMARY**
     **JUDGMENT MOTION, THERE ARE GENUINE ISSUES OF**
9    **MATERIAL FACT, OR ALTERNATIVELY, THE COURT SHOULD**
     **GRANT A RULE 56(f) CONTINUANCE.**
10

11            Lumbermens makes a number of assumptions stating that there is enough

12    legal support to deny the motion to dismiss and that, if the Court decides to convert the

13    motion to one for summary judgment, that there are genuine issues of material fact that

14    preclude summary judgment. These are all baseless statements.
15
16            Lumbermens further states that fraudulent conveyance claims, including

17    conspiracy, and aiding and abetting claims are for specific claims not normally resolved

18    on summary judgment much less on a motion to dismiss, citing *Nerox Power Systems,*

19    *Inc.*, an Alaska case. The undersigned fails to find any such conclusion in the said case.

20    The case was an appeal from a judgment entered by a judge tried case, and not on a

21
22    motion for summary judgment. Therefore, it is extremely unlikely that the Court would

23    make such a statement. Lumbermens further states that in the Amended Complaint and

24
25    Reply To Plaintiff's Opposition To Defendants' Motion
      To Dismiss As To Two Defendants
      Lumbermens Mutual Casualty Company v. Maffei, et al
      Case No. A03-0262 CV (JWS)

              Page 12 of 29

1    exhibits, it has set forth sufficient badges of fraud to justify a trial on the fraudulent

2    conveyance claim as well as the conspiracy, and aiding and abetting claims no matter

3    what Maffei and Bonita say in affidavits.  In the first place, the fraudulent conveyance

4
     claims regarding the motion to dismiss are against Bonita; not against Albert Maffei.
5
     Secondly, Lumbermens dismissing the affidavits of Maffei and Bonita as having no
6
7    consequence has attempted to controvert the affidavits without any legal basis.  If

8    Lumbermens believes that the affidavits are inappropriate, then it should have moved to

9    strike the affidavits or file its own affidavits.  However, since Lumbermens did not, it has

10   waived these objections.  As it now stands, the Maffei and Bonita affidavits are

11
     uncontradicted.  Lumbermens further states the day after Maffei received the demand for
12
13   collateral as security, Maffei and Bonita in conjunction with the Trust and with the help

14   of Goerig, created the MFLP and assigned all their worldly possessions to the MFLP

15   without any consideration whatsoever.  This is an unsupported statement.  Lumbermens

16   has produced no evidence that Maffei received the demand for collateral and then the

17
     next day went to Goerig's office and created the MFLP.  This is nothing but an
18
19   unsupported conclusion reached by Lumbermens.  Lumbermens also states that the

20   Maffeis assigned all their worldly possessions to the MFLP without any consideration

21   whatsoever.  Any attorney should know better than to make such a statement.  As Goerig

22   stated in his response to discovery, the assets transferred to the partnership were

23   exchanged for an interest in the partnership.  That has been concluded by all sensible
24
     Reply To Plaintiff's Opposition To Defendants' Motion
25   To Dismiss As To Two Defendants
     Lumbermens Mutual Casualty Company v. Maffei, et al
     Case No. A03-0262 CV (JWS)

1 people that that is an adequate consideration.  It is the same as person forming a

2 corporation and transferring his assets to the corporation in exchange for a share of stock.

3 Stock represents the sane value of the assets that are placed in the corporation.  The same

4
5 applies to partnerships.  It is difficult to understand the reasoning behind Lumbermens'

6 assertion that the Trust, by exchanging property for property of like value is without

7 consideration.  Persons can trade or exchange properties however they wish whether for

8 like value or not.  Lumbermens then goes on to make the ridiculous statement that the

9 property transferred out of the Trust has now been sold and Maffei is hoping to obtain the

10 cash that is now is the registry of the Court.  How is that relevant to the motion to dismiss

11
12 Bonita and the Trust.

13         Lumbermens requests a continuance to take certain depositions.  We have

14 no problem with this and are ready to sign a stipulation which has been presented to

15 allow the continuance.

16

17

18 **IV.    BONITA AND THE TRUST ARE NECESSARY AND
        INDISPENSABLE PARTIES.**

19         Lumbermens is relying on the previous answer submitted by Mr. Stockler

20 that raised the question of a marital interest in certain properties.  This matter has been

21
22 addressed in thisresponse heretofore, and will be addressed in the Answer to the First

23 Amended Complaint.  Lumbermens further states that Bonita continues to have a direct

24
25 Reply To Plaintiff's Opposition To Defendants' Motion
   To Dismiss As To Two Defendants
   Lumbermens Mutual Casualty Company v. Maffei, et al
   Case No. A03-0262 CV (JWS)

                        Page 14 of 29

interest in the fraudulently conveyed property in that she is one of the two limited

partners and the only general partner of the MFLP, which was the transferee of all but

one of the fraudulent conveyances at issue in this case.   Bonita's only financial interest is

her share in the partnership as a limited partner, which is the share that represents the

property that Bonita transferred to the MFLP; not any of Maffei's property.  As far as

being general partner, Bonita technically remains in this case since the MFLP has not

been dismissed.  Regarding the Trust, Lumbermens has failed to recognize the transaction

where an even trade of properties was made.  The Trust has no interest in the property

that it conveyed to Maffei, which then conveyed by Maffei to the MFLP.  The Trust has

no connection to the MFLP, nor has the Trust conveyed any assets to the MFLP.

Lumbermens further states that Bonita is a necessary and indispensable party whose

presence is required to meet fundamental principles of due process of law when the Court

orders the reconveyance of the fraudulently conveyed properties from the MFLP to

Lumbermens.   AS 32.06.203 provides:

> Property acquired by a partnership is property of the partnership and not of
> the partners individually.

AS 32.06.301 provides:

> [E]ach partner is an agent of the partnership for the purpose of its business
> . . .

S 32.06.306(c) provides

>  An obligation of a partnership incurred while the partnership is a limited
>  liability partnership, whether arising in contract, in tort, or otherwise, is

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

1    solely the obligation of the partnership. A partner is not personally liable,
     directly or indirectly, by way of contribution or otherwise, for the
2    obligation solely by reason of being or acting as a partner. . . .

3    AS 32.06.501 provides:

4
5    A partner is not a co-owner of partnership property and does not have an
     interest in partnership property that can be transferred, either voluntarily
6    or involuntarily.

7    AS 32.06.502 provides:

8
9    The only transferable interest of a partner in a partnership is the partner's
     share of the profits and losses of the partnership and the partner's right to
10   receive distributions. The interest is personal property.

11   AS 32.11.170(a) provides:

12   Except as provided in this chapter or in the partnership agreement, a
     general partner of a limited partnership has the rights and powers and is
13   subject to the restrictions of a partners in a partnership without limited
14   partners.

15   AS 32.11.320 provides:

16   A partnership interest is personal property.

17   Lumbermens states that in light of Bonita's interest as a general partner

18   and her separate interest as a limited partner, when the jury reaches its verdict finding that
19

20   all of the transfers to MFLP were fraudulent and the Court issues a judgment requiring

21   the MFLP to turn over its assets to Lumbermens, Bonita's partnership interests are going

22   to be adversely affected since her partnership interests are dependent on the ability of all

23   of the partnership property to generate profits and to be available for distribution to its

24   Reply To Plaintiff's Opposition To Defendants' Motion
25   To Dismiss As To Two Defendants
     Lumbermens Mutual Casualty Company v. Maffei, et al
     Case No. A03-0262 CV (JWS)

1    partners.  If the jury does come back with such a verdict, then the partnership will transfer

2    to the respective parties the property that they are entitled to.  Bonita's property should be

3    returned to her.  This does not require Bonita's participation in this litigation since she

4
     would be required to effect the transfers by virtue of the fact that she is the general
5
6    partner, and the general partner, as stated, conducts the business of the corporation and is

7    authorized to make the transfers.  That does not require her to be a party to this action.

8            Again, Lumbermens applies this same scenario to the Trust and states that

9    Maffei withdrew one parcel of real property in Palmer from the Trust and then conveyed

10   it to the MFLP.   Maffei did not withdraw the property from the partnership, Maffei

11
     simply exchanged properties which Maffei considered to be of like value.  For some
12
13   reason, Lumbermens believes that exchanged property was also fraudulent because it

14   went to a protected entity, the Trust.  Why does Lumbermens not understand that an

15   exchange of like valued property is sufficient consideration for the transfer.  In effect,

16
     Lumbermens has been benefited by the fact that the exchange property to the partnership
17
18   has been sold, and now $50,000.00 remains in the registry of the Court.  Had the property

19   not been exchanged, the Trust would have been entitled to the $50,000.00.  Doesn't

20   Lumbermens see that point?  Lumbermens argues that independent parties are governed

21   by trust law.  Legally, trusts are treated entirely differently from partnerships.  The trustee

22   in a trust is a fiduciary and holds title to the assets of the trust as a trustee.  Under the

23
     definitions set out in AS 13.36.390(1)(B)(i), it defines a party in interest as each trustee
24
25   Reply To Plaintiff's Opposition To Defendants' Motion
     To Dismiss As To Two Defendants
     Lumbermens Mutual Casualty Company v. Maffei, et al
     Case No. A03-0262 CV (JWS)

1  serving at the time of an irrevocable trust.  There is no such provision in the Uniform

2  Partnership statutes.

3  ### A.  Bonita is a Necessary and Indispensable Party.

4  It is difficult to understand Lumbermens' position in this regard stating

5

6  that the interest of Bonita will be jeopardized with the Court orders the reconveyance of

7  all or even a portion of the real and personal property conveyed to the MFLP.  Why is

8  Lumbermens concerned about Bonita's interest being jeopardized?  In the first place,

9  AS 32.11.370 provides that dissolution occurs on the entry of a decree of judicial

10 dissolution.  AS 32.11.400 provides for the distribution of assets where the partners first

11

12 receive the return of their contributions.  In this case, the transfer of Bonita's property

13 sould be transferred to her or if the property is sold, her share of the proceeds.

14 Lumbermens states that there would be no one else to represent the interest of Bonita

15 since Bonita is the only remaining general partner in the MFLP. It is the MFLP that has

16 the interest and the MFLP is a party to this litigation.  This statement that Bonita must

17 remain as a party because of status as a general partner of the MFLP is absurd.  The

18 MFLP is a party.  Bonita is the general partner.  Any judgment against the MFLP does

19 not require Bonita to be a party to this action.  Bonita would still be a general partner and

20

21 subject to the ruling the Court regarding the partnership and its assets.

22

23

24

25 Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

Page 18 of 29

1

2      **B.  The Trust is a Necessary and Indispensable Party.**

3             It is difficult to respond again to the dissertation that the Trust should

4
       remain a party to this litigation.  Stating that there was no consideration to the Trust to
5
6      trade the property is absolutely ridiculous.  The deed conveying property from Maffei to

7      the Trust (which is described as the Benton property) is certainly the consideration.  So

8      many of the statements are totally unsupported by any factual evidence whatsoever and

9      reach the improper conclusions.  For example, if you follow through with  Lumbermens'

10     argument, then the property which was transferred from the Trust to Maffei, and then to

11
       the MFLP, and was sold, should be the property of the Trust.  Then the Trust should be
12
13     entitled to the $50,000.00 which is in the Registry of the Court and Lumbermens could

14     retain their Lis Pendens on the Benton property.  If this is what Lumbermens wishes to

15     do, I would be more than happy to accommodate them.

16     **V.     THE INDIVIDUAL DEFENDANTS ARE LIABLE TO PLAINTIFF**
               **UNDER 18 U.S.C. 1961 *ET SEQ.***
17

18             **A.  Schemes to defraud are covered by 18 U.S.C. 19976 et seq.**

19             Lumbermens' statement in support of this claim is totally out of context

20     with the true facts and even with all of Lumbermens manipulating the facts, RICO does

21
       not apply.  On page 22 of its opposition, Lumbermens states that Maffei is accused of
22
23     conspiring with his wife, Bonita, and with his attorney, Goerig, to defraud Lumbermens

24
       Reply To Plaintiff's Opposition To Defendants' Motion
25     To Dismiss As To Two Defendants
       Lumbermens Mutual Casualty Company v. Maffei, et al
       Case No. A03-0262 CV (JWS)

                          Page 19 of 29

1   by (1) inducing FIA to underwrite the Project through the issuance of project payment

2   and performance bonds and then (2) hiding all of his personal assets which were used as

3   an inducement. This is so far fetched from the truth that it is appalling. Maffei had

4   absolutely no contact with FIA, Lumbermens or their agents prior to the issuance of the

5

6   bond. Through Luciano and Padrone, Maffei was induced to provide the indemnity

7   agreement. The first time the indemnity agreement was given to Maffei was on the date

8   that he was to sign the document. There are no allegations or support that Goerig or

9   Bonita were in any way involved in the matter concerning the issuance of the bond. As

10  far as hiding personal assets, this is absolutely false. The assets have never been hidden

11  anywhere. They are in plain sight and Lumbermens knows this because they have a

12

13  charging order against Maffei's limited partnership interest, and a Lis Pendens on all of

14  the property not of Maffei, but also of Bonita. Maffei did not defraud Lumbermens out

15  of approximately $1.5 million. Lumbermens did it to themselves. Lumbermens

16  produced a GIA that had three pages with no reference to Lumbermens in any way

17  whatsoever. Maffei, and Bonita, and Goerig are not racketeers, or criminals, or the type

18

19  of persons committing any actions that were ever intended to be covered by RICO.

20  **B. The RICO enterprise is separate from the predicate acts.**

21         Lumbermens cites from the case entitled *Fortney v. Kuipers*, which is an

22  unrecorded Illinois District Court case as authority. Lumbermens further states that the

23

24

25  Reply To Plaintiff's Opposition To Defendants' Motion
    To Dismiss As To Two Defendants
    Lumbermens Mutual Casualty Company v. Maffei, et al
    Case No. A03-0262 CV (JWS)

asset concealment is a goal of the enterprise in the case at bar as well. Again, I must repeat that there has been no concealment as stated earlier herein.

## C. Defendants' Exhibit "A" is fraught with inapplicable law and misstatements of fact.

Lumbermens attacks Paul D. Stockler's brief which was submitted on December 18, 2003 as being inaccurate and not supported by the legal authorities. At page 25 of the plaintiff's opposition, Lumbermens challenges Stockler's assertion that Lumbermens' RICO claim fails because it is a single scheme and single victim. Lumbermens then states that every creditor of Maffei is harmed by the hiding of his assets. What is the basis for such a statement? In the first place, who are the creditors that are harmed and how are they harmed? Maffei would challenge Lumbermens to provide the name of one creditor who is harmed. This is far beyond the purpose of the motion to dismiss Bonita and the Trust since it addresses only the actions of Maffei.

At page 22 of the opposition, Lumbermens states that "Maffei is accused of conspiring with his wife, Bonita, and with his attorney, Goerig, to defraud Lumbermens by (1) including FIA to underwrite the project through the issuance of project payment and performance bonds and then (2) hiding all of his personal assets which were used as an inducement." This is the first knowledge that Maffei has of the allegation of inducement. This is not part of the pleadings either under the claims for relief of aiding an abetting, and conspiracy, and particularly not under the RICO

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

Page 21 of 29

1  allegations.  Therefore, any reference to inducement, which in itself is unsupported,

2  should be stricken, and the Court should not take any notice of that.  Likewise, there is no

3  allegation in either the Complaint or Amended Complaint that Maffei and Bonita were

4
   hiding all of his personal assets, which were used as an inducement.  I find no allegations
5
   that would support either of the two claims.
6

7          After reading many of the cases cited by Lumbermens in their opposition

8  to the Motion To Dismiss and after reviewing Paul Stockler's brief regarding RICO, [Ex.

9  A to defendants' memorandum in support of motion to dismiss] the Court would have to

10 conclude that RICO does not apply in this case particularly regarding Bonita Maffei and

11
   the Trust.  In parts of the opposition, Lumbermens refers simply to Maffei.  Maffei is not
12
   involved in the motion to dismiss.  It appears that *H.J., Inc. v. Northwestern Bell*
13
14 *Telephone Co.*, 492 U.S. 229 is the best authority on this matter.  The decision was

15 rendered by the United States Supreme Court in June of 1989 and all of the cases cited

16 later have referred to this case.  The case was on appeal from the Eighth Circuit where the

17
   Eighth Circuit had dismissed the plaintiff's complaint under Federal Rules of Civil
18
   Procedure 12(b)(6).  The complaint alleged that at different times over the course of at
19
20 least a six year period, the _____ commissioner respondents gave five members of the

21 Minnesota Public Utilities Commission numerous bribes, in several forms, with the

22 objective-in which they were allegedly successful-of causing these commissioners to

23 approve unfair and unreasonable rates for Northwestern Bell.  The lower Court ruled that

24 Reply To Plaintiff's Opposition To Defendants' Motion
   To Dismiss As To Two Defendants
25 Lumbermens Mutual Casualty Company v. Maffei, et al
   Case No. A03-0262 CV (JWS)

1  the petitioner's failure to show that a pattern of racketeering activity existed, approved the

2  motion to dismiss.

3           At page 236 of the Opinion, the Court disagreed with the Eighth Circuit in

4  finding that predicate acts of racketeering may form a pattern only when they are part of

5  separate illegal schemes.  The Court further said, at page 237:

6

7           . . . In our view, Congress had a more natural and commonsense approach
           to RICO's p0attern element in mind, intending a more stringent
8           requirement than proof simply of two predicates, but also envisioning a
           concept of sufficient breadth that it might encompass multiple predicates
9           within a single scheme that were related and that amount to, or threatened
           the likelihood of, continues <u>criminal</u> activity.  (emphasis added)
10

11  The Court further stated:

12           . . . [T]he statement that a pattern 'requires at least' two predicates implies
           'that while two acts are necessary, they may not be sufficient.' . . . (citing
13           *Sedima,* 473 U.S., at 496)

14

15  At page 238, the Court stated:

16           . . . A 'pattern' is an 'arrangement or order of things or activity,' (citing the
           oxford English Dictionary) and the mere fact that there are a number of
17           predicates is no guarantee that they fall into any arrangement or order.  It
           is not the number of predicates but the relationship that they bear to each
18           other or to some external organizing principle that renders them 'ordered'
           or 'arranged'. . . .
19

20  At page 239, the Court stated as follows:

21           . . . RICO's legislative history reveals Congress' intent that to prove a
           pattern of racketeering activity a plaintiff or prosecutor must show that the
22           racketeering predicates are related, and that they amount to or pose a
           threat of continued <u>criminal</u> activity.  (emphasis added)
23

24
   Reply To Plaintiff's Opposition To Defendants' Motion
25  To Dismiss As To Two Defendants
   Lumbermens Mutual Casualty Company v. Maffei, et al
   Case No. A03-0262 CV (JWS)

1   At page 240, the Court stated:

2           . . . To establish a RICO pattern it must also be shown that the predicates
            themselves amount to, or that they otherwise constitute a threat of,
3           continuing racketeering activity. . . .

4   The Court further stated:

5           . . . ('In order to demonstrate the necessary continuity appellants must
6           allege that Northwestern Bell 'had engaged in similar endeavors in the past
            or that [it was] engaged in other criminal activities' . . . A single fraudulent
7           effort or scheme is insufficient').

8   At page 242, the Court stated as follows:

9           . . . What a plaintiff or prosecutor must prove is continuity of racketeering
10          activity, or its threat, simpliciter.  This may be done in a variety of ways,
            thus making it difficult to formulate in the abstract any general test for
11          continuity. . . .

12  The Court further went on to describe continuity, as follows:

13          'Continuity' is both a closed-and open-ended concept, referring either to a
14          closed period of repeated conduct, or past conduct that by its nature
            projects into the future with a threat of repetition. . . .
15
    At page 242, the Court stated as follows:
16
17          . . . A party alleging a RICO violation may demonstrate continuity over a
            closed period by proving a series of related predicates extending over a
18          substantial period of time.  Predicate acts extending over a few weeks or
            months and threatening no future criminal conduct do not satisfy this
19          requirement:  Congress was concerned in RICO with longterm criminal
            conduct.  Often a RICO action will be brought before continuity can be
20          established in this way.  In such cases, liability depends on whether the
21          threat of continuity is demonstrated.  (emphasis added)

22  The Court further stated:

23

24
    Reply To Plaintiff's Opposition To Defendants' Motion
25  To Dismiss As To Two Defendants
    Lumbermens Mutual Casualty Company v. Maffei, et al
    Case No. A03-0262 CV (JWS)
                        Page 24 of 29

1
2

> . . . A RICO pattern may surely be established if the related predicates themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit. . . .

3

The Court further stated:

4
5
6
7

> . . . Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity. In other cases the threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business.

8
9

In n4 at page 243, the Court, in disagreeing with Congress' intent, stated as follows:

10
11

> . . . [W]hen Congress said predicates must demonstrate 'continuity' before they may form a RICO pattern, it expressed an intent that RICO reach activities that amount to or threaten long-term <u>criminal</u> activity. (emphasis added)

12
13

> The Court then found that, under the analysis they had set forth, that the

14

Eighth Circuit was in error and they reversed the judgment. At page 251, Justice Scalia

15

joined in concurring in the judgment and stated as follows:

16
17
18
19
20
21
22
23
24

> Four Terms ago, in *Sedima, S. P. R. L. v. Imrex Co.*, 473 U.S. 479 (1985), we gave lower courts the following four clues concerning the meaning of the enigmatic term 'pattern of racketeering activity' in the Racketeer Influenced and Corrupt Organizations Act (RICO or Act), Pub. L. 91-452, Title IX, 84 Stat. 941, as amended, 18 U.S.C §§ 1961-1968 (1982 ed. and Supp. V). First, we stated that the statutory definition of the term in 18 U.S.C. § 1961(5) implies 'that while two acts are necessary, they may not be sufficient' *Sedima,* 473 U.S. at 496, n. 14. Second, we pointed out that 'two isolated acts of racketeering activity,' 'sporadic activity,' and 'proof of two acts of racketeering activity, without more' would not be enough to constitute a pattern. *Ibid.* Third, we quoted a snippet from the legislative history stating '[i]t is this factor of *continuity plus* relationship which combines to produce a pattern.' *Ibid.* Finally, we directed lower courts'

25

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

1    attention to 18 U.S.C. § 3575(e) which defined the term 'pattern of
conduct which was criminal' used in a different title of the same Act, and
2    instructed them that '[t]his language may be useful in interpreting other
sections of the Act,' 473 U.S., at 496, n. 14.  Thus enlightened, the District
3    Courts and Courts of Appeals set out 'to develop a meaningful concept of
'pattern' ' *id, at 500*, and promptly produced the widest and most persistent
4    Circuit split on an issue of federal law in recent memory, see *e, g., ante,* at
5    235, n. 2. . . .

6     Therefore, in order for RICO to apply in this case against Bonita Maffei

7 and the Trust, we must look at the pleadings in the Amended Complaint.  ¶92 states that

8 the parties entered into a pattern of conduct as an enterprise of racketeering activity in

9 conspiring to fraudulently convey and in fraudulent conveying real and personal property.

10 ¶93 states that all of said parties received income from a pattern of racketeering activity

11 and used the income or the proceeds of the income in acquisition an interest in enterprises

12 engaged in, or the activities which affect, interstate commerce.  ¶94 stated that on

13 information and belief, the acts of the parties are believed to be beneficiaries in an on-

14 going association-in-fact enterprises function as hierarchical, or consensual decision-

15 making structure.  It further states that all the parties conceived and directed the

16 association-in-fact enterprise as a scheme to defraud Lumbermens.  Bonita Maffei was a

17 principal recipient of benefits of the association-in-fact enterprises and assisted in the

18 fraudulent conveyance of assets.  ¶95 states that the parties used an instrumentality of

19 interstate commerce, the United States Postal Service, to execute their fraudulent scheme

20 of conveying assets.  ¶96 states that the parties engaged in a pattern of racketeering that

21 constitutes a scheme to defraud and involved the U.S. Postal Service.

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

1    The allegations of the Amended Complaint are further that Bonita Maffei
2    executed deeds where she had no interest, and executed deeds wherein she conveyed her
3    interest to the partnership.  There is no connection between the execution of the deeds
4
     and a fraudulent conveyance.  Conveying property where a party had no interest, or
5
6    conveying property where Bonita had an interest which was separate and apart from her
7    husband, Maffei cannot be deemed fraudulent.   The allegations further are that somehow
8    Bonita and the Trust engaged in a racketeering activity of formulating the partnership.
9    To this allegation, I would direct the Court to the affidavit of Bonita attached to the
10   memorandum in support of the motion to dismiss, wherein she states that was her intent
11
     to do estate planning, which affidavit is not controverted in any manner.
12

13   Lumbermens' predicates (that Bonita and the Trust executed deeds)
14   certainly does not show any criminal or defrauding activity, or any racketeering activity
15
     on the part of Bonita or the Trust.  As a matter of fact, there are no allegations that the
16
17   Trust was ever involved forming the partnership or in transferring property to the
18   partnership.  There is no conveyance by the Trust to the partnership.
19
20   The predicates pled by Lumbermens do not lead or prove a pattern of
21   racketeering activity.  The pleadings also fail to establish that a pattern of racketeering
22   can be derived from the predicate.  Nor does Lumbermens establish that the predicates
23   amount to or that they otherwise constitute a continuing racketeering.  Therefore, it
24
     Reply To Plaintiff's Opposition To Defendants' Motion
25   To Dismiss As To Two Defendants
     Lumbermens Mutual Casualty Company v. Maffei, et al
     Case No. A03-0262 CV (JWS)

1 | cannot be concluded under the pleadings that either Bonita or the Trust engaged in RICO

2 | racketeering.

### CONCLUSION

Under Federal Rules of Civil Procedure, Rule 12(b)(6), failure to state a claim upon which relief can be granted, can be dismissed if it is clear that no relief can be granted under any set of facts that could be consistent with the allegations. *H. J., Inc. v. Northwestern Bell Telephone Co., Inc.*, supra. The Court should consider the two affidavits that have been submitted and are attached to the motion to dismiss the amended Complaint as to Bonita and the Trust, and convert the motion to a Rule 56 motion, and the motion to dismiss or for partial summary judgment should be granted on the grounds that there is no material issue of material fact either as to Bonita or the Trust.

In the Prayer For Relief, Lumbermens is requesting judgment voiding the fraudulent conveyances and for an order transferring assets to Lumbermens. The assets that Bonita conveyed to the partnership of her own interest should never be conveyed to Lumbermens since she is not a creditor of Lumbermens. As far as the Trust is concerned, if Lumbermens is sincere in their allegations, then the Trust would agree to enter into a stipulation wherein the properties transferred would be retransferred back, in other words, reversing the previous transfers, whereby the Trust would then be entitled to the $50,000

Reply To Plaintiff's Opposition To Defendants' Motion
To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

1 | in the Registry of the Court which represents the Kashwitna property, and the partnership

2 | would then own the Benton property.

3

4 | Respectfully submitted this 17th day of February, 2006.

5 | LAW OFFICES, LLC

6

7 | By: Albert Maffei

8 | Attorney for Defendants
ABA No. 5311009

9

10

11

12

CERTIFICATE OF SERVICE

13 | I hereby certify that a true and correct copy
of the foregoing was served by hand delivery/mail

14 | Frank Pfiffner and
Michael Geraghty, Esq.
This 17th day of February, 2006

15 | By

16 | Albert Maffei

17

18

19

20

21

22

23

24 | Reply To Plaintiff's Opposition To Defendants' Motion

25 | To Dismiss As To Two Defendants
Lumbermens Mutual Casualty Company v. Maffei, et al
Case No. A03-0262 CV (JWS)

Page 29 of 29