RECEIVED

AFTER 4:20 P.M.

RECEIVED

FEB 17 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

1   Law Offices of Albert Maffei
    ABA No. 5311009
2   8328 Lake Otis Parkway
    Anchorage, Alaska 99507
3   (907) 277-2503
    Attorney for Defendants , Albert Maffei, Bonita Maffei,
4   Maffei Family Limited Partnership, Maffei, Inc. Profit
    Sharing Trust
5

6   LUMBERMENS MUTUAL CASUALTY  )
    COMPANY,  )
7                              )
           Plaintiff,      )  Case No.: 3:03-cv-0262-JWS
8                              )
9   vs.                      )REPLY TO PLAINTIFF'S OPPOSITION
                           )TO DEFENDANTS'MOTION
10   ALBERT MAFFEI; BONITA MAFFEI;  )TO COMPEL AND FOR SANCTIONS
    MAFFEI FAMILY LIMITED PARTNER-  )
11   SHIP; MAFFEI, INC. PROFIT SHARING  )
    TRUST; and GEORGE E. GOERIG,  )
12                              )
13           Defendants.     )
    —————————————————————)
14

## INTRODUCTION

15

16        Lumbermens states that Albert Maffei's (Maffei) responses were

17   inadequate for three reasons. The first two reasons, collateral estoppels and irrelevant

18   information, were stated in the objections filed by Lumbermens. However, the third

19   reason alleging that most of the documents requested by Maffei have already been

20   produced is not set out in the objections. See Objections To Defendant Albert Maffei's

21   First Discovery Request To Plaintiff Mutual Casualty Company, at page 2 of 7, and in
22

23   response to Request For Production No. 1, which objection is repeated to each Request

24   For Production and Interrogatory thereafter. Lumbermens further states that any intent

25   Reply to Plaintiff's Opposition To Defendants' Motion To Compel
    And For Sanctions
    Lumbermens Mutual Casualty Company v. Albert Maffei, et al
    Case No. A03-0262 CV (JWS)

1  issues relative to the fraudulent conveyances would have been formed on or before

2  November 21, 2001 and that Maffei's discovery directed at subsequent events is

3  irrelevant to any issue in this litigation is not exactly correct since the conveyances to the

4
   partnership continued though March 26, 2002, which is the same time that Lumbermens
5
6  was filing its initial disclosures with the same three page document that was contained in

7  the letter from Darren Thomas dated October 23, 2001.

8                                    **FACTS**

9          Lumbermens states that it has made extensive document disclosures in this

10 case; that initial disclosures were made on February 27, 2004 which included a

11
   production of all documents from the first case (Lumbermens' Ex. 1); and supplemental
12
13 disclosures on March 8, 2004, April 19, 2004, and April 22, 2004 (Lumbermens' Exs. 2-

14 4). Lumbermens states that the April 19, 2004 disclosures are particularly extensive and

15 that they included over 10,000 pages of the original UBIC claims file that had been sent

16
   to Texas for use in the Mapco litigation, less privileged documents. The initial
17
18 disclosures, (Lumbermens' Ex. 1, at page 11) gives the name of Darren Thomas as a

19 witness, however, it fails to identify any of the documents that are requested by Maffei.

20          Pages 13, 14, and 15 (Lumbermens' Ex. 1) contain disclosures which were

21 filed in the Remtech case and are totally irrelevant to this case. Maffei's Request for

22 Production and Interrogatories are limited to this particular case. The Supplemental

23
   Disclosures, ( Lumbermens; Exs. 2-4) particularly Exhibit 4, references certain
24

25 Reply to Plaintiff's Opposition To Defendants' Motion To Compel
   And For Sanctions
   Lumbermens Mutual Casualty Company v. Albert Maffei, et al
   Case No. A03-0262 CV (JWS)

1  documents containing LUM numbers. Exhibit 4 contains over 10,000 exhibits, and is

2  voluminous, and would be time consuming for Maffei to view these records most of

3  which are totally irrelevant. Again Maffei is requesting only certain specific documents

4  and is requesting only answers to certain specific Interrogatories.

5

6  Regarding the letter from Darren Thomas dated October 23, 2001,

7  Lumbermens refers to the letter being introduced in the other action where the issues

8  were totally different from the issues in this case. The issues in that case were regarding

9  the authenticity of the indemnity agreement; whereas, in this case, the issues are whether

10  or not Maffei fraudulently conveyed his assets to a family partnership. In addition to

11  that, it now appears, at page 4 of the opposition, that there is an allegation that Maffei did

12  not properly produce all of the attachments to the October 23, 2001 letter. This is the

13  first time that this argument has arisen and that is exactly why Request For Production

14  No. 1 should be answered by Darren Thomas. Mr. Thomas should furnish all documents

15

16  that he believes accompanied the letter of October 23, 2001.

17  Lumbermens then states that the disclosures from the first case as well as

18  disclosures in this case including copies of GIA produced in the normal course of

19

20  business and during the first case have been produced and remain available for

21  inspection. Again, Maffei repeats that the time and effort to review over 10,000

22  documents which may or may not be relevant since they have not been produced in this

23  case, but produced in another case are burdensome to Maffei. Maffei is only requesting

24

25  Reply to Plaintiff's Opposition To Defendants' Motion To Compel
And For Sanctions
Lumbermens Mutual Casualty Company v. Albert Maffei, et al
Case No. A03-0262 CV (JWS)

1    certain very selective information which leads to Maffei's intent in November and

2    December of 2001 and up to March of 2002.

3            Lumbermens refers to Bruce Dickstein's affidavit which was filed in the

4    other case.  This is not what Maffei is requesting.  Maffei is requesting the circumstances

5    surrounding the manner in which the indemnity agreement was obtained by Mr.

6    Dickstein in December of 2001.  Maffei should be entitled to information regarding

7    whether or not  Mr. Thomas and Mr. Dickstein believed that the copy of the GIA sent to

8    Maffei in October was a true and correct copy of the original, and, if not, when did the

9    two parties discover that it was not a true and correct document, and what they do to

10    correct the problem.  Maffei also requires information why Darren Thomas, on

11    November 12, 2001, sent a letter by certified mail to Maffei  advising that the claimant

12    had filed a lawsuit against Lumbermens, and that Lumbermens was demanding that

13    Maffei post collateral in the amount of $1,100,000 when he had previously provided

14    Maffei with a document that showed no liability to Lumbermens.

15            At page 5 of their opposition, Lumbermens further states that Maffei is re-

16    litigating the form, content and authenticity of the GIA and of his signature which were

17    resolved against him by the jury in the first case.  This is not Maffei's position.  Maffei is

18    not attempting to re-litigate the authenticity of the GIA.

19            Maffei is simply attempting to obtain from Lumbermens Darren Thomas'

20    and Bruce Dickstein's knowledge of the circumstances surrounding the letter of October

25    Reply to Plaintiff's Opposition To Defendants' Motion To Compel
     And For Sanctions
     Lumbermens Mutual Casualty Company v. Albert Maffei, et al
     Case No. A03-0262 CV (JWS)

1   23, 2001, which is authored by Darren W. Thomas and, according to testimony from Mr.

2   Dickstein, was reviewed by him, which letter specifically stated that the indemnity

3   agreement was the agreement Maffei had executed.

4
          Further, on page 5 of the objections, Lumbermens refers to Bruce
5
6   Dickstein identifying Darren Thomas in the trial of the first case and identifying his

7   position. However, as stated herein, Darren Thomas was never deposed, and Darren

8   Thomas has never been served with Interrogatories or with Request For Production of

9   documents. Therefore Maffei is totally unaware of Darren Thomas's status of mind or

10  reasons for the inconsistent letters to Maffei which misrepresented to Maffei that he owed

11
    an obligation to Lumbermens, when, in fact, the evidence from the Thomas letter of
12
13  October 23, 2001 was totally contrary.

14                               **ARGUMENT**

15  **I.    MAFFEI IS COLLATERALLY ESTOPPED FROM RE-LITIGATING**
         **THE AUTHENTICITY OF THE GIA AND ISSUES RELEGATED TO**
16       **THE PRODUCTION OF THE GIA.**

17

18        Lumbermens' arguments that Maffei is attempting to re-litigate the issues

19  of the other case are inappropriate, misleading, and totally contrary to the reasons for

20  discovery submitted by Maffei.

21
    **II.   MAFFEI HAS REQUESTED INFORMATION THAT IS NOT RELEVANT**
22       **TO THE PRESENT LITIGATION.**

23        Lumbermens refers to separate causes of action and separate claims for
24

25  Reply to Plaintiff's Opposition To Defendants' Motion To Compel
    And For Sanctions
    Lumbermens Mutual Casualty Company v. Albert Maffei, et al
    Case No. A03-0262 CV (JWS)

1   relief, however, Lumbermens admits that all of these are claims related to Maffei's intent

2   in forming the MFLP.  Then Lumbermens goes on to state that matters requested in the

3   Interrogatories and Requests For Production are not relevant without any substantial

4
    basis.  In *AM International, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255 [1981], at page 6
5
6   the Court stated, as follows:

7              The test for relevance in the discovery area is an extremely broad one.  'It
               is not too strong to say that a request for discovery should be considered
8              relevant if there is any possibility the informant sought may be relevant to
               the subject matter of the action.' 8 Wright & Miller, Federal Practice and
9              Procedure, Civil § 2008 (1970), See *Midland-Ross Corp. v. United
10             Steelworkers of America,* 83 F.R.D 426 (W.D. Pa. 1979); *In re Folding
               Carton Antitrust Litigation*, 83 F.E.D. 251 (N.D.Ill. 1978).
11
               Lumbermens argues that Maffei is seeking discovery under the fraudulent
12
13  conveyance claim when Lumbermens has also stated claims for conspiracy to commit

14  fraudulent conveyances and aiding and abetting fraudulent conveyances.  Maffei is not

15  required to request discovery on each and every claim of the amended complaint.  Maffei

16  has the right to identify particular claims at which the discovery is directed.
17
               Lumbermens goes on to state that the present actions so far as the present
18
19  motion is concerned does not relate to Lumbermens' conduct or events that occurred

20  subsequent to November 21, 2001.  Yet, on the following page, page 9 of the objections,

21  states that because the intent of Maffei and his wife that are in part at issue, their

22  respective intents had to have been formed at or about the time of the formation of the

23

24

25  Reply to Plaintiff's Opposition To Defendants' Motion To Compel
    And For Sanctions
    Lumbermens Mutual Casualty Company v. Albert Maffei, et al
    Case No. A03-0262 CV (JWS)

1   MFLP <u>and the conveyance of all their individually and jointly real and personal property</u>

2   <u>to the MFLP.</u> (emphasis added)

3          As stated earlier, the last conveyance was in March of 2002. Therefore it

4

5   is relevant to request information at least up to that date. Lumbermens, by its own

6   admission in its objection, submits the October 23, 2001 letter with attachments as

7   Exhibits 7 and 8. (See p. 9 of the opposition.) Therefore the question is why did

8   Lumbermens refuse to provide the letter and attachments as requested by defendant

9   Maffei?

10          In that regard, Lumbermens has stated that Maffei did not produce all the

11

12   documents with the Thomas letter of October 23, 2001. Therefore, in response to the

13   Interrogatories, Mr. Thomas must answer and state what significance are the attached

14   documents that would have alerted Maffei that GIA accompanying the letters was not a

15   true copy of the original.

16          Lumbermens has also asserted that Maffei should have known that a page

17

18   was missing by virtue the numbering sequence. Therefore Maffei should be entitled to

19   the information from both Mr. Thomas, the author of the letter, and his supervisor, Mr.

20   Dickstein, who Maffei believes reviewed the documents. Did they also fail to recognize

21   that the document may have had a page missing and, if so, what did they do to remedy it?

22   The relevance here is how can Maffei be held to be be cognizant of the missing page if

23   Mr. Thomas and Mr. Dickstein were not aware of it.

24

25   Reply to Plaintiff's Opposition To Defendants' Motion To Compel
And For Sanctions
Lumbermens Mutual Casualty Company v. Albert Maffei, et al
Case No. A03-0262 CV (JWS)

**III.    THE INFORMATION REQUESTED BY MAFFEI HAS ALREADY
        BEEN PROVIDED TO HIM.**

Lumbermens should not be allowed to argue this point since this was not

one of Lumbermens' objections to the Request For Production and Interrogatories.  In

addition to that argument, Maffei further argues that the initial disclosures and the

supplemental disclosures referred to particularly Exhibit 4 contained documents which

are referenced under a LUM number without any further identification and, in addition,

Exhibit 4, according to the objections filed by Lumbermens, contains over 10,000

documents.   Maffei should not be required to examine thousands of documents simply to

determine whether they are in response to a Request For Production or  Interrogatories.

In *Matthews v. USAIR, Inc.* 882 F. Supp. 274, 275 (1995) The Court made the following

remarks in its Opinion:

> . . . A magistrate is afforded broad discretion with respect to discovery
> matters because no one factor controls discovery disputes, rather the
> magistrate must balance the need for the information sought against the
> burden of producing it and the exposure to irreparable harm.

At page 275, the Court further stated as follows:

> Although Fed.R.Civ.P. 33 permits a party to answer interrogatories with
> business records as long as the burden of deriving the answer from the
> documents is equal among the parties, 'the Rule does not permit a party to
> answer simply by directing the seeking party an undifferentiated mass of
> business records which may or may not answer the interrogatory.' (cases
> cited) . . .

In this case, it is obvious from the objections and the exhibits filed by

Lumbermens that it would require Maffei an inordinate amount of time to sift through all

Reply to Plaintiff's Opposition To Defendants' Motion To Compel
And For Sanctions
Lumbermens Mutual Casualty Company v. Albert Maffei, et al
Case No. A03-0262 CV (JWS)

1

2 of the documents mentioned by reference to a LUM number to determine whether or not

3 they are in answer to the Interrogatories and Request For Production.

4
Lumbermens states the Dickstein affidavit dated November 25, 2002
5
6 which is filed in the first case was available through disclosures in this case, and was

7 even provided by Maffei to Goerig who produced the document as a disclosure in this

8 case. Although that statement is true, the following statement that Maffei should not be

9 expecting any additional production through his harassing discovery request is untrue.

10 Maffei certainly is not harassing Lumbermens. In fact, the harassment runs the other
11
way. In any event, the production of the affidavit is preliminary and is required in order
12
13 for Mr. Dickstein to answer Interrogatories numbers 5, 6 and 7. Lumbermens further

14 states that in the first case, Bruce Dickstein provided the information requested in

15 Interrogatories numbers 1, 2 and 5 and that further disclosure of that information in this

16 case should not be required. Interrogatories numbers 1 and 2 are preliminary to the

17 Interrogatories that follow and Maffei should not be required to resort to the first case for
18
information that is readily available and can be easily produced by Lumbermens.
19
20 Interrogatory number 5 requires a production of a document which, to the best knowledge

21 of Maffei, has never been answered or produced in either case.

22

23

24

25 Reply to Plaintiff's Opposition To Defendants' Motion To Compel
And For Sanctions
Lumbermens Mutual Casualty Company v. Albert Maffei, et al
Case No. A03-0262 CV (JWS)

## V.      SANCTIONS ARE NOT WARRANTED.

Sanctions and attorney's fees against plaintiff are warranted in this case.  It required the motion of Maffei before any of the documents that are exhibits attached to the opposition were produced.

Lumbermens has also added a third reason for refusing to answer the Request For Production and Interrogatories which has added more burden to this matter. In *Equal Employment Opportunity Commission v. Klockner*, 168 F.R.D 233, 1996, the Court, pursuant to Rule 37(a)(4), the losing party should be required to pay the other sides expenses including reasonable attorney's fees and costs. Mr. Pfiffner, on behalf of Lumbermens, cannot respond without adding some snide remarks at page 11 characterizing Maffei and wife as scurrying around like rats leaving a sinking ship, trying to create a family limited partnership and to convey all their worldly possessions to that family limited partnership while most other Alaskans were enjoying a Thanksgiving dinner and plotting out their Christmas shopping for the post 2001 Thanksgiving weekend.  These are unacceptable cowardly remarks which are totally unnecessary, demeaning, and improper for a legal document.  It appears that Mr. Pfiffner is attempting to influence the Court by these scandalous remarks which are totally inappropriate.

This type of statement alone characterizes the disposition and attitude of not only the attorney, but the plaintiff, Lumbermens.

Reply to Plaintiff's Opposition To Defendants' Motion To Compel
And For Sanctions
Lumbermens Mutual Casualty Company v. Albert Maffei, et al
Case No. A03-0262 CV (JWS)

1    This is exactly their attitude in denying legitimate discovery which could

2  have been accomplished by Lumbermens in far less time and far less annoyance,

3  expense, and controversy by simply responding to clear unequivocal Requests For

4
   Production and Interrogatories which are not burdensome, and readily available to the
5
   plaintiff.
6

7                              **CONCLUSION**

8    The Interrogatories and Request For Production submitted by Maffei to

9  Lumbermens are unambiguous, straightforward, and require very little effort to answer.

10 The broad requirement of discovery should allow Maffei to inquire of both Darren

11
   Thomas and Bruce Dickstein whether they knew or simply overlooked the fact that, as
12
13 they allege, page 2 was missing from the GIA when it was sent to Maffei.  The status of

14 the mind of these two parties who are experts in the field of indemnity agreements is

15 relevant  and necessary to determine whether Maffei was prudent in accepting the GIA

16 without questioning its authenticity.

17
     The deposition of Mr. Thomas has never been taken in either this case or
18
19 the first case,  nor has he produced any documents or answered any Interrogatories.

20 Maffei could take his deposition and avoid all of these problems, however, Mr. Thomas

21 is in New Jersey, and it is obvious that for Maffei to take a deposition in New Jersey, it

22 would be time consuming, expensive and burdensome; whereas, the response to the

23
   discovery requests in this matter are not burdensome.  The opposition taken by
24

25 Reply to Plaintiff's Opposition To Defendants' Motion To Compel
   And For Sanctions
   Lumbermens Mutual Casualty Company v. Albert Maffei, et al
   Case No. A03-0262 CV (JWS)

1   Lumbermens is truly non-productive when it is compared to the time and effort to answer

2   the Interrogatories and Requests For Production as opposed to the lengthy opposition

3   with numerous exhibits filed by Lumbermens.

4
            The Court should therefore grant the motion to compel with sanctions.
5
            Respectfully submitted this 17th day of February, 2006.
6

7                                   LAW OFFICES, LLC

8
                            By: _____
9                                   Albert Maffei
10                                  Attorney for Defendants
                                    ABA No. 5311009
11
    CERTIFICATE OF SERVICE
12
    I hereby certify that a true and correct copy
    of the foregoing was served by hand delivery/ mail to:
13   Frank Pfiffner and
    Michael Geraghty, Esq.
14   The 17th day of February, 2006

    By_____
15      Albert Maffei

16

17

18

19

20

21

22

23

24

25   Reply to Plaintiff's Opposition To Defendants' Motion To Compel
    And For Sanctions
    Lumbermens Mutual Casualty Company v. Albert Maffei, et al
    Case No. A03-0262 CV (JWS)