Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for
Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>          Defendants. | 3:03-cv-00262-JWS |

## MOTION FOR PERMISSION TO OBTAIN APPRAISAL

Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") requests that

the court issue an order compelling Defendants Albert Maffei, Bonita Maffei, and the

*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Page 1 of 14

Maffei Family Limited Partnership ("Maffei Defendants") to make their property located in Maui, Hawaii and identified in Lumbermens' Complaint available for appraisal by Lumbermens. The basis for Lumbermens' request is set forth below.

## FACTS

In December of 2001, Lumbermens Mutual Insurance Co. ("Lumbermens") filed a third-party complaint (hereafter "the underlying action") against Luciano Enterprises, LLC and Albert Maffei ("Maffei"), alleging among other things, that Maffei had breached a general indemnity agreement with First Indemnity of America Insurance Company which inured to the benefit of Lumbermens. In November, 2003, Lumbermens filed its complaint in this action, alleging that Albert Maffei, with the assistance of his wife, Bonita, and his attorney, George Goerig, had fraudulently conveyed real and personal property into a family trust in order to avoid meeting Maffei's financial obligations to Lumbermens under the general indemnity agreement. Among the properties identified by Lumbermens in its complaint was the following parcel:

> Apartment No. 125 of that certain Condominium Project known as "LAHAINA SHORES," as shown on Condominium Map No. 219 filed in the Bureau of Conveyances of the State of Hawaii and Condominium Map No. 361 filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, and described in the Declaration of Horizontal Property Regime dated June 14, 1974, recorded in the Bureau of Conveyances of the State of Hawaii, in Book 9983, Page 485, and also filed on the Office

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Page 2 of 14

of the Assistant Registrar of the Land Court as Document No. 686530, as the same may be amended.[1]

The Complaint filed by Lumbermens alleged that Albert Maffei was the sole legal owner of the leasehold interest in the subject property and that on March 28, 2002, Maffei conveyed the property to the Maffei Family Limited Partnership, and that this conveyance, together with similar conveyances of properties owned by Maffei in Alaska, constituted a fraudulent conveyance and was done with the intent to hinder, delay, and defraud Lumbermens, in violation of AS 34.40.010.[2]  Lumbermens requested that either the conveyances be declared void and that the property be transferred to Lumbermens, or that damages be awarded to Lumbermens in place of the properties.[3]

On February 16, 2005, the United States District Court for the District of Alaska entered judgment against Luciano Enterprises, LLC and Albert Maffei in the underlying action in the sum of "$1,485,696.16, together with prejudgment interest in the amount of $46,102.16, attorney's fees in the amount of $38,486.50 and plaintiff's cost of action in the amount of $7,453.19, for a total judgment of $1,577,738.72 with postjudgment interest thereon at the rate of 2.96% as provided by law."[4]  Because this court may not ultimately have jurisdiction over the property located in Hawaii, Lumbermens has

---

[1] *See* Complaint filed by Lumbermens on November 10, 2003, at ¶ 41.
[2] *See* November 10, 2003 Complaint of Lumbermens at ¶¶41-43.
[3] *See* November 10, 2003 Complaint of Lumbermens at ¶¶65-66.
[4] *See* Judgment in Civil Case A01-0309 CV (JWS), a copy of which is attached hereto as Exhibit A.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

retained an appraiser to evaluate the Lahaina Shores Condominium so that, in the event the court is not able to order transfer of the property, it will have adequate information on which to award damages.[5] The appraiser has informed counsel for Lumbermens that an appraisal report can be produced approximately two weeks after the inspection.[6]

The current deadline for the production of expert reports in this case is May 22, 2006.[7] On February 23, 2006, counsel for Lumbermens wrote to counsel for the Maffei Defendants and requested, in accordance with Rule 34, that Lumbermens' expert be permitted to enter upon the Hawaii property for the purpose of inspecting the property and preparing an appraisal.[8] Counsel's request was rebuffed by the Maffei Defendants' attorney/Defendant Albert Maffei.[9] A second request was subsequently made to the Maffei Family Limited Partnership and its attorney, Albert Maffei.

Time is running out to perform the necessary inspection of the subject property and to prepare an expert report in this matter, so Lumbermens is forced to seek the

---

[5] *See* Affidavit of Frank A. Pfiffner, a copy of which is attached hereto as Exhibit B, at ¶ 6.
[6] *See* Affidavit of Frank A. Pfiffner, a copy of which is attached hereto as Exhibit B, at ¶ 3.
[7] *See* Order Approving Stipulation for Extending Dates signed by the court March 14, 2006, a copy of which is attached hereto as Exhibit C.
[8] *See* Correspondence from Frank A. Pfiffner to Albert Maffei, counsel for the Maffei Defendants, dated February 23, 2006, a copy of which is attached to the Affidavit of Frank A. Pfiffner, Exhibit B, as Exhibit 2.
[9] *See* Correspondence from Albert Maffei to Frank A. Pfiffner dated February 25, 2006, a copy of which is attached to the Affidavit of Frank A. Pfiffner, Exhibit B, as Exhibit 3.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)
Page 4 of 14

assistance of the court to expedite this matter by compelling the Maffei Family Limited Partnership to make the property in Maui available for inspection.

## ARGUMENT

### I.     LUMBERMENS IS ENTITLED TO ARGUE THE VALUE OF THE PROPERTY TO THE JURY AS A BADGE OF FRAUD.

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Rule 26(a)(5) provides that parties may obtain discovery by permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes. Rule 34 allows the discovering party to enter upon land for the purpose of "inspection and measuring, surveying, photographing, testing or sampling the property . . . ." Finally, Rule 26(b)(1) further provides that the court, for good cause, may order the discovery of any matter relevant to the subject matter involved in the action.

Lumbermens has asserted claims against the Maffei Defendants and George Goerig for fraudulent conveyance and conspiracy to commit fraudulent conveyance respectively. Alaska has recognized eight "badges of fraud" which may provide circumstantial evidence of a fraudulent conveyance: inadequate consideration; transfer in anticipation of an impending suit; insolvency of the transferor; failure to record; a

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Page 5 of 14

Fine

transfer encompassing substantially all of the transferor's property; a transfer completely depleting the transferor's property; and the relationship between the parties to the sale.[10]

The value of the property in relation to the debt owed by Albert Maffei to Lumbermens through the general indemnity agreement, as proven in the underlying action, is strong circumstantial evidence of the intent of Maffei to hinder, delay and defraud Lumbermens in its attempt to recover its expenses under the general indemnity agreement. It is especially telling given the timing of the transfer, following as it did so closely on the heels of the notification to Maffei of his obligations. The value of the Lahaina Shores Condominium is also directly related to the question of whether inadequate consideration was paid for the transfer. There is no apparent basis for determining the value of the Lahaina Shores Condominium at this time, however, aside from the appraisal proposed by Lumbermens.

Lumbermens intends to argue the value of the properties wrongfully transferred by Albert and Bonita Maffei into the Family Limited Partnership as evidence of his intent to hinder and defraud Lumbermens. The best evidence of the value of the property is an appraisal. Together with the appreciation rates for homes in the Maui area, the appraisal will assist in determining the value of the property at the time it was hidden by Albert Maffei in the Partnership.

---

[10] *Pattee v. Pattee*, 744 P.2d 658, 660 (Alaska 1987) (*citing Gabaig v. Gabaig*, 717 P.2d 835, 839 n.6 (1986)). *See also Zok v. Estate of Collins*, 84 P.2d 1005, 1008-09 (Alaska 2004) (discussing badges of fraud in a fraudulent conveyance action).

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Page 6 of 14

Federal Rule of Civil Procedure 34 provides the appropriate mechanism for obtaining an inspection of the property at issue. Lumbermens has attempted through correspondence to assert its right to inspect and evaluate the property and has been rebuffed by counsel for the Maffei Defendants, Albert Maffei. The superficial and insincere response by Albert Maffei was that (1) he does not have title to the condominium, and (2) even if he did he would not permit an appraisal because Lumbermens should be forced to await a judgment in this action. As counsel for the Maffei Defendants, Albert Maffei is required to receive discovery requests, including requests to enter upon property, and to appropriately respond. Moreover, Lumbermens already has a judgment against Maffei setting down his debt to Lumbermens. His response was not appropriate and is a typical attempt to hide from his obligations. That is why this case is pending in the first place.

The request by Lumbermens to enter upon the property was properly made and is reasonably calculated to lead to the discovery of admissible evidence – the value of the property fraudulently transferred by Maffei into the Family Limited Partnership. Consider the following possible presentation to the jury:

> Albert Maffei entered into an agreement to stand good for his son-in-law's investment. On November 20, 2001,[11] pursuant to the terms of the agreement he had signed with the bank,

---

[11] Although the letter demanding that Maffei make good on the $1.1 million obligation is dated November 12, 2001, it was provided by certified mail and was signed for on November 20, 2001.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

> Maffei was informed that his son-in-law was in default, and that Maffei's guarantee was being called to the tune of $1.1 million. ***The next day***, Maffei, with the help of his attorney, George Goerig, created the Maffei Family Limited Partnership and transferred property from his name into the Partnership – property valued at **X.** The property included:
>
> Alpine Apartment Nos. 502-504 of Alyeska North, worth $X;
>
> Property in the Spruce Heights Subdivision, valued at $X;
>
> Property in Palmer, Alaska, valued at $X;
>
> Within two months he had transferred the rest of his real property, with a value of $X.
>
> Mr. Maffei never did pay Lumbermens the money he agreed in the general indemnity agreement to pay them. In February, 2004, a jury found that he should have.

Lumbermens is entitled to make this argument. In order to make this argument, Lumbermens must determine the value of the subject properties. The request to inspect the Lahaina Shores Condominiums is not unduly burdensome or otherwise outside the bounds of reasonable discovery. It is clearly reasonably calculated to lead to the discovery of admissible evidence and should be permitted by the court.

**II.    THE LOCATION OF THE LAHAINA SHORES CONDOMINIUM MAKES ITS VALUATION NECESSARY.**

Lumbermens has asserted that Albert and Bonita Maffei, with the assistance of their attorney, George Goerig, fraudulently conveyed all of their property to the Maffei Family Limited Partnership in order to avoid meeting their financial obligations to

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Page 8 of 14

Lumbermens. Five of the six real properties identified in Lumbermens' complaints against the Maffei Defendants and Goerig are located in Alaska. The remaining property is located in Hawaii, possibly beyond the jurisdiction of the court.

Under AS 34.40.010,

> a conveyance or assignment, in writing or otherwise, of an estate or interest in land, or in goods, or things in action, or of rents or profits issuing from them or a charge upon land, goods, or things in action, or upon the rents or profits from them, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, or a bond or other evidence of debt given, action commenced, decree or judgment suffered, with the like intent, as against the persons so hindered, delayed, or defrauded is void.[12]

Where the statutory remedy for fraudulent conveyance (declaring the conveyances void) is inadequate to make the plaintiff whole, damages are to be awarded, ***and are to be the lesser of the value of the property or the remaining debt***.[13] Lumbermens has requested in its complaints that the court either order the real property transfers by Albert and Bonita Maffei void and transfer said property to Lumbermens in satisfaction of its claims/ judgment, or, in the event that the property has already been transferred to a third party or is otherwise beyond the jurisdiction of the court, Lumbermens has requested that damages be awarded.

---

[12] *Nerox Power Systems, Inc. v. M-B Contracting Co., Inc.*, 54 P.3d 791, 804 (Alaska 2002) (*citing* AS 34.40.010).
[13] *Summers v. Hagen*, 852 P.2d at 1070.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

While general creditors have a cause of action at the time of a fraudulent conveyance,[14] their claim must be reduced to judgment before it can be asserted.[15] Lumbermens has reduced its claim to a judgment in the underlying action against Albert Maffei of more than $1.5 million.[16]  Therefore, the amount of the debt can be easily computed by applying the interest rate cited in the judgment.  Unfortunately, that is only half the information required in order to determine the amount of damages to be awarded, in the event that a transfer of the property cannot be completed.  The value of the property must be ascertained.

Bonita Maffei, the Maffei Family Limited Partnership, and George Goerig are charged by Lumbermens with having conspired with Albert Maffei to execute the fraudulent transfer and are potentially liable under the theory of conspiracy, to the same extent as Albert Maffei.[17]  In the event that the fraudulent conveyance remedy, declaring the conveyances void, is inadequate, these parties will likewise be liable for the lesser of the value of the property or the remaining debt.  The court cannot determine the extent of the damages authorized under this common law rule if it does not know the value of the property.

---

[14] *Summer v. Hagen*, 852 P.2d 165, 1170 n.6 (Alaska 1993).
[15] *Id.*
[16] *See* Exhibit A.
[17] *See generally*, *Summers v. Hagen*, 852 P.2d at 1169-70.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

### III.   AN ORDER PERMITTING AN APPRAISAL OF THE LAHAINA SHORES CONDOMINIUM WOULD NOT PREJUDICE THE DEFENDANTS.

As set forth above, Lumbermens is entitled to enter upon the Lahaina Shores Condominium property under Rule 34. That an appraisal is conducted as a result of the inspection of the property is irrelevant to the leasehold interest of the Maffei Defendants and would result in no greater inconvenience to a tenant of the property than an inspection to insure that the fraudulently transferred parcel is in good condition. It is obvious that Lumbermens has the right to determine whether the property it claims was wrongfully hidden by Maffei is in good condition and not suffering waste. There is no basis for denying Lumbermens access to the property identified in the complaint.

Lumbermens has retained an appraiser already, and the appraiser is standing by, awaiting instructions to visit the property and conduct his appraisal.[18] Even so, the process, including inspection, evaluation and production of a report will take more than two weeks.[19] The report itself will provide expert opinion in this case, and as such must be provided by May 22, 2006, the date stipulated to by the parties and confirmed by the court for providing expert disclosures. It should also be anticipated that a deposition of the appraiser will be sought by the Defendants subsequent to the production of the appraisal report. Timeliness is critical.

---

[18] See Exhibit B, Paragraphs 2-6.
[19] See Exhibit B, Paragraph 3.

*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Albert Maffei's continued attempts to hide assets from Lumbermens, first in November, 2001, and now during this litigation, just provide further demonstration of the behavior for which a judgment was entered in the underlying litigation. Maffei promised to stand good for the loans to his son-in-law. When his guarantee was called due to the failure of his son-in-law to pay his obligations, Maffei started hiding his assets in the Family Limited Partnership. He is still trying to hide them.

## **CONCLUSION**

The Federal Rules of Civil Procedure establish the right for parties to seek discovery relevant to the claims and defenses in the case. Rule 34 specifically provides for the entry upon land for inspection and other purposes. The value of property transferred by Albert and Bonita Maffei in the weeks following notification that they owed Lumbermens $1.1 million is relevant and is circumstantial evidence of their intent to hinder and defraud Lumbermens. Lumbermens should be permitted to make this obvious argument to the jury, and can only do so effectively with evidence regarding the value of all the property transferred, including the property in Hawaii. Lumbermens provided a request to Maffei, individually and as the attorney for the Maffei Defendants, to enter upon the property in Maui for the purpose of obtaining an appraisal. Maffei refused.[20]

---

[20] A second request has been propounded on the Maffei Family Limited Partnership and Maffei and is still pending.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Damages is an aspect of Lumbermens claims in this case. Lumbermens has asserted claims that, when proven, should result in the transfer of property back to Albert and Bonita Maffei, the transfer of property within the jurisdiction of the court from the Maffeis to Lumbermens, and an assessment of any additional damages appropriate under the law, to be paid by the Defendants. Such an assessment can only be made with knowledge regarding the value of the property, including the property in Hawaii.

An appraisal is not burdensome. It is not overly intrusive. It is not extraordinary. It is directly related to the claims, defenses, and arguments in this case. Lumbermens therefore requests that the court order that an appraisal of the Lahaina Shores Condominium be permitted. Counsel for Lumbermens further certifies through his signature below that he has attempted in good faith to obtain the permission of the Maffei Defendants to appraise the property before turning to the court for assistance.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)

Page 13 of 14

DATED at Anchorage, Alaska, this 29th day of March, 2006.

           HUGHES BAUMAN PFIFFNER
           GORSKI & SEEDORF, LLC
           Attorneys for Plaintiff Lumbermens
           Mutual Casualty Company


By: s/ Frank A. Pfiffner
   Frank A. Pfiffner
   3900 C Street, Suite 1001
   Anchorage, Alaska  99503
   Telephone: 907-274-7522
   Facsimile: 907-263-8320
   FAP@hbplaw.net
   ABA No. 7505032

## Certificate of Service

I hereby certify that on March 29, 2006, a copy of the Motion for Permission to Obtain Appraisal was served electronically on:


Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507



s/ Frank A. Pfiffner




*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Permission to Obtain Appraisal
(8172-3/244794)