Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for
Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>             Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>             Defendants. | 3:03-cv-00262-JWS |

**AFFIDAVIT OF FRANK A. PFIFFNER**

| | |
|---|---|
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss. |

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Affidavit of Frank A. Pfiffner
(8172-3/244852)

**Ex. B, p. 1 of 3**

Page 1 of 3

Frank A. Pfiffner, being first duly sworn upon oath, deposes and states:

1. I represent Plaintiff Lumbermens Mutual Casualty Company in the above-styled lawsuit.

2. On February 23, 2006, I contacted Mr. Ted Kesaj, Valley Isle Appraisal, in Wailuku, Hawaii, to inquire regarding his ability to perform an appraisal of Unit 125 in the Lahaina Shores Condominium development. A copy of Mr. Kesaji's Curriculum Vitae is attached hereto as Exhibit 1.

3. I was informed by Mr. Kesaji that he could inspect the property, conduct the appropriate market analysis, and provide an appraisal report approximately two weeks after his inspection of the property.

4. Also on February 23, 2006, I prepared and sent a letter to Mr. Albert Maffei, counsel for the Maffei Family Limited Partnership and Bonita Maffei in the above-referenced action, as well as a defendant in the same case, and requested that a certified appraiser retained by Lumbermens be permitted to enter upon the premises, Unit 125 of the Lahaina Shores Condominium, for the purpose of inspecting the property and preparing an appraisal. A copy of my February 23, 2006 correspondence is attached hereto as Exhibit 2.

5. I was notified by letter dated February 25, 2006, that the request of Lumbermens to enter upon the property for inspection and appraisal was denied. A copy

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Affidavit of Frank A. Pfiffner
(8172-3/244852)

Ex. B, p. 2 of 3

Page 2 of 3

of Mr. Maffei's correspondence to me dated February 25, 2006, is attached hereto as Exhibit 3.

6. Mr. Kesagi has been retained by Lumbermens to conduct the inspection and appraisal of Unit 125 of the Lahaina Shores Condominium, and is awaiting permission from the Maffei Family Limited Partnership to do so.

Further affiant sayeth not.

DATED at Anchorage, Alaska this 29th day of March, 2006.

_____
Frank A. Pfiffner

SUBSCRIBED AND SWORN to before me this 29 day of March, 2006.

_____
NOTARY PUBLIC in and for the State of
Commission Expires: 4-28-07

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Affidavit of Frank A. Pfiffner
(8172-3/244852)

Page 3 of 3                                                      Ex. B, p. 3 of 3

APPRAISAL QUALIFICATIONS

Ted Kesaji, CRA #158
Valley Isle Appraisal
823 Alua Street, #201
Wailuku, Hawaii 96793
PH: (808) 244-5429  FAX: (808) 242-4700

**ASSOCIATION MEMBERSHIPS**

Candidate Member – Appraisal Institute
   Honolulu Chapter – December 1978

**EXPERIENCE & EDUCATION**

State Certified Residential Appraiser (CRA #158) – September 1991

Independent Fee Appraiser – January 1988

Previously associated with the following:

Staff Appraiser
ACM, Real Estate Appraisers, Inc.
January 1986 – December 1987

Real Property Appraiser IV
Maui County – Real Property Division
March 1980 – December 1985

Manager – Appraisal Department
American Savings Bank, F.S.B.
August 1976 – March 1980

Educated:

University of Hawaii, Honolulu, HI
Maui Community College, Kahului, HI
Kamehameha School for Boys, Honolulu, HI

Successfully completed the following:

Society of Real Estate Appraisers (SREA) Course 101 "Introduction to Appraising Real Property" Arizona State Univ – December 1976
American Institute of Real Estate Appraisers (AIREA) Course VIII "Appraising the Single Family Residence" Univ of Colorado – June 1978
Society of Real Estate Appraisers (SREA) "Creative Financing and Cash Equialency Seminar" Honolulu – January 1982
Society of Real Estate Appraisers (SREA) "Appraisers Guide to the Uniform Residential Appraisal Report" & "Professional Practice and the Society of Real Estate Appraisers" Honolulu – 1987
Society of Real Estate Appraisers (SREA) "Market Extractions" San Francisco – July 1988
American Association of Certified Appraisers "Small Residential Income Report" & "Environmental Hazards Seminar" San Jose – February 1990
Fannie Mae "Property and Appraisal Analysis Seminar" Honolulu – March 1990
Office of Thrift Supervision – Dept of Treasury "Real Estate Appraisal Reform" Honolulu – September 1990
HI Chapter of the Appraisal Institute "Standards of Professional Practice, Parts A & B" Honolulu – March 1991
HI Chapter of the Appraisal Institute "FHMC/FNMA: A Current Mfair", "Arbitration Procedures, Principles & Pitfalls" & "Residential Real Estate Analysis" Honolulu – 1992
HI Chapter of the Appraisal Institute "FIRREA and Its Impact on Appraisers" Honolulu – June 1992
American Institute of Real Estate Appraisers (AIREA) "Valuation of Leased Fee Interest" & "Valuation Of Leasehold Interest" Honolulu – May 1993
San Diego Chapter of the Appraisal Institute "Apartment Analysis" & "Residential Subdivision Analysis" San Diego – September 1993
HI Chapter of the Appraisal Institute "The Appraiser Guide to the Uniform Residential Appraisal Report" Honolulu – Nov 1993
Orange County Chapter of the Appraisal Institute"The URAR According to the USPAP", "Defensive Appraising", "Appraisal Business Management" & "Critical Building Inspection" Anaheim – May 1994
HI Chapter of the Appraisal Institute "Understanding Limited Appraisals – General & Residential" Honolulu – August 1994
The Beckman Company "Technical Inspections of Real Estate" Oakland – September 1994
HI Chapter of the Appraisal Institute "Fundamentals of Relocation Appraising" Honolulu – December 1995
HI Chapter of the Appraisal Institute "Alternative Residential Reporting Forms" & "Standards of Professional Practice, Part B" Honolulu – September 1996
HI Chapter of the Appraisal Institute "Detrimental Conditions of Hawaii" Honolulu – July 1997
HI Chapter of the Appraisal Institute "Standards of Professional Practice, Part C" Honolulu – September 1997
HI Chapter of the Appraisal Institute "Appraising from Blueprints and Specifications" Honolulu – April 1998

**Ex. 1, p. 1 of 3**

HI Chapter of the Appraisal Institute "Litigation Skills of Appraising: An Overview" Honolulu – May 1998
The Appraisal Institute "Supporting Sales Comparison Grid Analysis" Scottsdale, AZ – October 1998
The Acheson Appraisal Class "FHA Update" Kailua-Kona – Feb 1999
HI Chapter of the Appraisal Institute "Case Studies in "Residential Highest & Best Use" Honolulu – March 2000
Nat'l Assn of Review Appraisers & Mtg Underwriters (NARAIMU) "Principles & Techniques of Appraisal Review" Honolulu – June 2000
HI Chapter of the Appraisal Institute "Appraisal of Non-Conforming Uses" Honolulu – October 2000
HI Chapter of the Appraisal Institute "Fannie Mae – Current Appraisal Issues" Honolulu – May 2002
HI Chapter of the Appraisal Institute "Scope of Work", "Serving the Client – Using Streamlined Appraisal Forms" & "Residential Appraisal Review" Honolulu – July 2002
HI Chapter of the Appraisal Institute "National Uniform Standard of Professional Practice (USPAP – update course) Honolulu – May 2003
HI Chapter of the Appraisal Institute "FHA Appraisal Inspection from the Ground Up & What Every Appraiser Should Know" Honolulu – November 2003
HI Chapter of the Appraisal Institute "Fannie Mae Residential Appraisal Presentation" Honolulu – July 2004
Hignite Training Service "National USPAP Course" Kahului – September 2003
US Dept of HUD "FHA Update 2004 – Appraisal Inspection" Honolulu – September 2004
HI Chapter of the Appraisal Institute "Reappraising, Readdressing & Reassigning" & "Scope of Work: Where Are We Now?" Honolulu – October 2004
The Acheson Appraisal Class "Adjustment Techniques" Lihue – December 2004
HI Chapter of the Appraisal Institute "Appraisal Consulting: A Solutions Approach for Professionals Hawaii Index No. HI-04-55" & "Real Estate Finance, Value & Investment Performance" Honolulu – February 2005
HI Chapter of the Appraisal Institute "Professional's Guide to Uniform Residential Appl. Report" Lahaina, Maui – June 2005

**Appraiser License Certificate**





# HUGHES BAUMAN PFIFFNER
## GORSKI & SEEDORF, LLC
### ATTORNEYS AT LAW

*Est. 1939*

Direct Dial:
**(907) 263-8241**
E-mail: FAP@hbplaw.net

February 23, 2006

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

Re:   *Lumbermens Mutual Casualty Company v. Maffei, et al.*
      Our File No. 8172-3

Dear Mr. Maffei:

On behalf of Lumbermens, I am in the process of retaining a certified appraiser to conduct a fair market value appraisal of Unit 125 of the Lahaina Shores Condominium. The appraisal of this property is needed because the property is not subject to the direct jurisdiction of the United State District Court for the District of Alaska. If, for some reason, the property cannot be or is not transferred to Lumbermens when the court enters a judgment finding that the transfer of title from you to the Maffei Family Limited Partnership was a fraudulent conveyance, the measure of damages against the defendants will be the current fair market value of the property. That value can best be established through the appraisal process.

I request your authorization and permission to conduct the appraisal. If you give your consent, I will notify you of the name of the appraiser and his schedule for doing the appraisal. Obviously the schedule would have to be coordinated with any occupancy of the unit. I am advised that it will take about two weeks to get the appraisal after the inspection occurs. Because of the current March 20 deadline for expert reports (a deadline that may again be extended per my February 10, 2006, letter), I need to know whether the Maffei Family Limited Partnership will consent to the appraisal. If not, I will make a prompt motion for the appraisal so that, to the extent possible, I can keep the expert reports on track for whatever the expert report deadline is.

Ex. 2, p. 1 of 2

3900 C STREET, SUITE 1001, ANCHORAGE, ALASKA 99503
TELEPHONE (907) 274-7522 · FACSIMILE (907) 263-8320
http://www.hbplaw.net

Albert Maffei
February 23, 2006
Page 2

**HUGHES BAUMAN PFIFFNER**
**GORSKI & SEEDORF, LLC**
ATTORNEYS AT LAW

---

    At your earliest convenience, please provide me with your position on the appraisal issue. If you have any questions, please do not hesitate to contact me.

Very truly yours,

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

By *[signature]*
Frank A. Pfiffner

FAP:cah/243454
cc: Michael C. Geraghty

Ex. 2, p. 2 of 2

# ALBERT MAFFEI
ATTORNEY AT LAW

TELEPHONE (907) 277-2503
FAX (907) 277-1239

8328 LAKE OTIS PARKWAY
ANCHORAGE, ALASKA 99507

P.O. BOX 100674
ANCHORAGE, ALASKA 99510-0674

February 25, 2006

Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 10901
Anchorage, AK 99503

☐ HD OTHER _____
RECEIVED
FEB 2 8 2006
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

RE: Lumbermens v. Maffei et al
Your File 8172-3

Dear Mr. Pfiffner:

By this letter, I will attempt to answer all your correspondences from January 5, 2006 through February 23, 2006.

1. The fax sent me on January 5, 2006 containing the stipulation for entry of protective order regarding certain evidence has been signed, which has been previously signed by Mr. Geraghty and yourself. The signed stipulation is enclosed.

2. Your letter dated February 9, 2006. This letter is either instructive or threatening. Assuming it is instructive, you should be advised that I have read the Order From Chambers a number of times. Although I do not agree with Judge Sedwick's conclusions particularly regarding the conclusion that Albert Maffei's interest is subject to a lien of the judgment in this case (A01-309). The statute only provides that it is subject to a charging order. The last sentence of Judge Sedwick's Order dated the 20th day of September, 2005 was far beyond the statutory requirements and apparently it is his interpretation. Whatever my interpretation, I intend to follow Judge Sedwick's Orders, and I have done so, and I do not need your instructions.

3. On February 10, 2006, there are two letters. First I will address the three-page letter. On the second page of the letter, you set out a proposed change in the Scheduling Order regarding the witness list, and discovery, and supplementing the motion to dismiss. I have no objection to extending the deadlines mentioned in that letter. However, I believe that they are conservative, and I would suggest extending the deadlines for at least one further month since you have accommodated yourself, but failed to understand that I may wish to depose Mr. Thomas and Mr. Dickstein. Therefore I would believe that the extension for discovery end August 30th.

Regarding the two-page letter concerning discovery, I have now answered interrogatories numbers 1 and 2.

Ex. 3, p. 1 of 3

Frank A. Pffifner
RE: Your file 8172-3
February 25, 2006
Page Two

As to interrogatories numbers 4 through 6, I will respond to those after March 15, 2006 after the Court has made its decision as to whether the Maffei, Inc. Profit Sharing Trust will be dismissed..

The request on the Profit Sharing Trust I also believe to be irrelevant. Whatever the pages 4 and 10 contain do not add to any discoverable evidence.

4. On February 22, 2006, there are two letters. I will address first the letter concerning the proposal changing the scheduling order which I have already addressed. I have also received your proposed Second Amended Complaint which I have reviewed and I would oppose the amendment which appears to me to be totally unnecessary.

If you will review my answer to the Amended Complaint, you will note that I have already addressed the fact that judgment was entered. Any other reference to the judgment would be immaterial to the case.

The second letter is one again concerning the Court Order signed by Judge Sedwick which should have been a charging order rather than a lien. However, as I have previously stated, that appears to be the law at the moment and I intend to comply with it. It may well be a subject of appeal depending on what occurs in the future.

5. Your letter of February 23, 2006. In that letter, you propose retaining a certified appraiser to appraise the Lahaina Shores condominium. The letter is addressed to me personally. First, I would remind you that I do not have title to that condominium. Therefore I am not able to give a request or authorization and permission to conduct the appraisal. As you well know, the partnership owns the property; not myself. All I have is a limited partnership interest. Secondly, even if I were able to give the permission and authorization, I would not grant it. This is a blatant disregard of the status of the second case. Until and if you get a judgment in Lumbermen's favor, that would be the time to address this matter. I would therefore advise you that you should not send an appraiser to the property without the partnership's consent, and I will so advise the management that if your appraiser approaches the property, that appraiser will be denied access until such time as you receive the consent from the proper party which is the Maffei Family Limited Partnership.

I have reviewed your third discovery request mailed on the 16th day of February, 2006. I find it to be offensive, burdensome, and beyond the limits of discovery. You are

Ex. 3, p. 2 of 3

Frank A. Pffifner
RE: Your file 8172-3
February 25, 2006
Page Two Three

requiring that I again produce documents regarding George Goerig even though they have already been produced. This is totally contrary to your own position taken regarding my request to compel Lumbermens to answer our discovery requests. In the opposition, Lumbermens states to the Court that the items requested are either introduced in the other case, or have been previously introduced in the instant case.

I intend to file a motion for a protective order, or simply follow your procedure and refuse to answer the interrogatories and produce the documents.

I consider this to be harassment. I will not tolerate it.

Very truly yours,

LAW OFFICE, LLC

Albert Maffei

AM/bfm
Enclosure