Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for
Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>             Plaintiff,<br><br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>             Defendants. | 3:03-cv-00262-JWS |

**MOTION FOR PERMISSION
TO FILE SECOND AMENDED COMPLAINT**

An amendment to the complaint is necessary for the purposes of accuracy

and clarification as a result of (1) the entry of judgment in the underlying action; and (2)

information obtained during the course of discovery in this case.[1]  There is, thus, good cause for the proposed amendment.[2]

## FACTS

In December of 2001, Lumbermens filed a third-party complaint (hereafter "the underlying action") against Luciano Enterprises, LLC and Albert Maffei ("Maffei"), alleging among other things, that Maffei had breached a general indemnity agreement ("GIA") with First Indemnity of America Insurance Company ("FIA") which inured to the benefit of Lumbermens.  In November, 2003, Lumbermens filed its complaint in this action, alleging that Albert Maffei, with the assistance of his wife, Bonita, and his attorney, George Goerig, had fraudulently conveyed real and personal property into a family limited partnership in order to avoid meeting Maffei's financial obligations to Lumbermens under the GIA.

On February 16, 2005, the United States District Court for the District of Alaska entered judgment against Luciano Enterprises, LLC and Albert Maffei in the underlying action in the sum of "$1,485,696.87, together with prejudgment interest in the amount of $46,102.16, attorney's fees in the amount of $38,486.50 and plaintiff's cost of action in

---

[1] A copy of the Second Amended Complaint proposed by Lumbermens Mutual Insurance Co. ("Lumbermens") is attached hereto as Exhibit A.
[2] Plaintiff attempted to obtain the consent of all the parties to the proposed amendment. *See* Correspondence from Frank A. Pfiffner to counsel for the defendants dated February 22, 2006, a copy of which is attached hereto as Exhibit B.  Maffei refused his consent. *See* Letter from Albert Maffei to Frank A. Pfiffner dated February 25, 2006, a copy of which is attached hereto as Exhibit C.

the amount of $7,453.19, for a total judgment of $1,577,738.72 with postjudgment interest thereon at the rate of 2.96% as provided by law."[3] On these facts, an amendment of the complaint in this action is necessary to bring its allegations in line with the newly established facts.

In the proposed amended complaint, Lumbermens has added Paragraphs 23 and 24, which identify the aforementioned judgment as the more specific basis for relief.[4] Similarly, entries in Paragraphs 26, 73, 96, and 105 merely add reference to the judgment obtained in the underlying action in order to clarify the basis for the relief sought.[5] Likewise, language is added to Paragraph 26 establishing the res judicata effect of the judgment.[6] Each of these additions was obviously unavailable at the time the prior complaint was filed.

Additional facts obtained by Lumbermens during the discovery process in this case are also incorporated in the new amended complaint. For instance, during the course of discovery, Lumbermens has learned that beginning on November 21, 2001, not only were Albert Maffei's assets moved to the Family Limited Partnership, but the assets of Bonita Maffei were transferred as well. These facts are incorporated through the addition of clarifying language in Paragraphs 27 and 29.[7] In similar fashion, Lumbermens learned

---

[3] A copy of Judgment in Civil Case A01-0309 CV (JWS) is attached hereto as Exhibit D.
[4] *See* Exhibit A, ¶¶23-24.
[5] *See* Exhibit A, ¶¶ 26, 73, 96, and 105.
[6] *See* Exhibit A, ¶ 26.
[7] *See* Exhibit A, ¶¶ 27 and 29.

that Albert Maffei was in possession of an additional piece of property, which ought to have been included in the listing provided in the original complaint. The newly identified property is included now in Paragraphs 56-58, as are automobiles owned and transferred by Albert and Bonita Maffei, which Lumbermens learned of after its complaint was filed.[8]

Finally, the new amended complaint proposed by Lumbermens provides some simple clarification for Lumbermens' claims against the Maffei Family Limited Partnership ("MFLP") by incorporating within the applicable paragraphs a statement identifying the appropriate statutes under which the partnership is responsible and liable for the actions of its partners. The argument is implicit in Lumbermens original complaint, but is added in the proposed amendment for purposes of clarification.[9]

Lumbermens acknowledges that the proposed amendment comes after the scheduling order deadline for amending pleadings,[10] but argues below that the information obtained through discovery in the underlying case was diligently sought and obtained, and that the judgment entered in the underlying case, together with the new information, provides the good cause required under Fed. R. Civ. P. 16(b) for the amendment of pleadings after the pretrial scheduling deadline. Moreover, there are no new claims proposed by Lumbermens, and no revisions which will prejudice any of the

---

[8] *See* Exhibit A, ¶¶ 60-61, 63.
[9] *See* Exhibit A, ¶¶ 75, 82, and 90.

defendants in this action. Therefore, amendment of the existing complaint in this action is appropriate.

## ARGUMENT

Fed. R. Civ. P. 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; **and leave shall be freely given when justice so requires.**[11]

Fed. R. Civ. P. 15(a) calls for liberal amendment to the pleadings at least prior to the good cause amendment deadline in a scheduling and planning order.[12] Amendment is particularly appropriate where additional information became available only after the filing of the complaint.

Fed. R. Civ. P. 16(b) provides in relevant part:

> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

"Good cause" considers the diligence of the party seeking the amendment.[13] Moreover, "the focus of the inquiry is upon the moving party's reasons for seeking modification."[14]

---

[10] The deadline for amending was actually August 4, 2005, per the scheduling order entered by the court July 15, 2005.
[11] (Emphasis added).
[12] *Foman v. Davis, Executrix*, 371 U.S. 178 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2002).
[13] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[14] *Id. See also Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).

The court may also consider the degree to which modification would prejudice the other parties to the action.[15] Because Lumbermens offers good cause to demonstrate the bases for amending its complaint, i.e., the entry of a judgment in the underlying action and the addition of material obtained during discovery, and because there is no prejudice to any of the parties by virtue of the proposed amendment, amendment of the complaint is appropriate.

### I. THE JUDGMENT ENTERED IN THE UNDERLYING ACTION PROVIDES THE PRIMARY JUSTIFICATION FOR AMENDING THE CURRENT COMPLAINT.

Lumbermens was a creditor of Albert Maffei's when the MFLP was created, and when Maffei began wrongfully moving all of his assets into the MFLP. While general creditors have a cause of action at the time of a fraudulent conveyance,[16] their claim must eventually be reduced to judgment.[17] At the time the original complaint was filed in this action, a judgment had not yet been entered in the underlying action. The right to relief was based on Lumbermens "claims" rather than a judgment.

Lumbermens has now reduced its claim to a judgment in the underlying action against Albert Maffei of more than $1.5 million, with post-judgment interest accruing

---

[15] *Id.*
[16] *Summer v. Hagen*, 852 P.2d 165, 1170 n.6 (Alaska 1993).
[17] *Id.*

daily.[18]  It is appropriate to amend the complaint, therefore, to identify the judgment as a proper basis for Lumbermens' requested relief.

The third-party complaint in the underlying action alleged that Albert Maffei was obligated to Lumbermens under the GIA that he had entered into with FIA.  The present action alleges that in an attempt to avoid paying his obligations to Lumbermens under the GIA, Albert Maffei, with the assistance of his wife, Bonita, and his attorney, George Goerig, wrongfully transferred all of his property into the MFLP, created the day after he was notified by Lumbermens of a $1.1 million collateral security obligation.  The judgment in the underlying case provides not only confirmation of Lumbermens' right to relief, but also strong evidence relating to the motive of the Maffei Defendants in hurriedly transferring their assets into a separate entity in order to hide them from Lumbermens.

The amendment sought by Lumbermens is intended to add information available only after obtained in discovery and through entry of the judgment in the underlying action.  Lumbermens obviously could not previously identify the judgment in its complaint because the judgment had not been entered.  There is no apparent basis for contesting Lumbemens diligence in pursuing its judgment in the underlying action and its reasonableness in requesting that the judgment now be incorporated into the complaint in this action.

---

[18] *See* Exhibit D.

## II. THE PROPOSED AMENDMENT ADDS INFORMATION OBTAINED DURING DISCOVERY IN THIS CASE.

Throughout the proposed amended complaint offered by Lumbermens, information has been inserted that was obtained during discovery in this matter. For example, Lumbermens has learned that beginning on November 21, 2001, not only were Albert Maffei's assets moved to the Family Limited Partnership, but also assets of Bonita Maffei were transferred as well. The language of the complaint has been amended to more accurately reflect the facts on this issue as understood by Lumbermens.[19] Lumbermens also learned that Albert Maffei was in possession of an additional piece of property which ought to have been included in the listing provided in the original complaint and has added this property to the complaint as well.[20]

Lumbermens has been diligent in this action in seeking out information both formally and informally throughout discovery, but the Maffei Defendants have not met their discovery obligations in a timely manner. Such behavior has delayed obtaining information that is important in this action, information which should clearly have been disclosed through the prompt supplementation of initial disclosures and in responses to discovery requests. For example, Lumbermens did not learn until August 12, 2005, that Albert Maffei had attempted to withdraw as a general partner from the MFLP – in April

---

[19] *See* Exhibit A, ¶¶ 27 and 29.
[20] *See* Exhibit A, ¶¶ 56-58.

Motion For Permission To File Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242858)                                    Page 8 of 12

of 2003.[21] Such behavior highlights a primary issue in this case – the dilatory conduct of Maffei in responding to discovery.

Lumbermens propounded discovery requests on all Maffei Defendants on December 1, 2003 and December 3, 2003.[22] Request for Production No. 10, therein, requested that the Maffei Defendants produce "all documents that indicate who are the limited and general partners in the MFLP and what their ownership interests and rights are."[23] No response at all was forthcoming from Maffei on this crucial information until he provided his responses on August 12, 2005.[24] At that time, Lumbermens learned that Maffei had ineffectively attempted to withdraw as a general partner of the MFLP.[25]

To demonstrate the diligence by Lumbermens and the obstacles presented by Maffei's dilatory conduct, Lumbermens sent a document request to the Corporations Supervisor at the Department of Community and Economic Development, Corporations Section, to obtain a copy of the entire file relating to the MFLP.[26] The package received by Lumbermens in response to its subpoena did not include a certificate of amendment. As a result, Lumbermens has now included in its proposed amendment the statutory

---

[21] *See* Maffei's Initial Disclosures and his discovery responses dated August 12, 2005, a copy of which are attached hereto as Exhibit E, with signed withdrawal paperwork attached thereto.
[22] A copy of Lumbermens' December 1, 2003 and December 3, 2003, discovery requests are attached hereto as Exhibit F.
[23] *See* Exhibit F.
[24] *See* Exhibit E.
[25] Maffei attempted to secretly withdraw as a general partner from the MFLP without filing a certificate of amendment as required under AS 32.11.020. *See* Exhibit E.

provisions regarding the obligations of partnerships for the actions of their partners in order to establish that Maffei's actions were not effective.[27]

In summary, Lumbermens has propounded discovery on the parties in a timely fashion and has conducted its own discovery of other sources likely to have relevant information in this action. Only through such discovery has Lumbermens obtained information which it now seeks to incorporate into the complaint. The delay of other parties, including Mr. Maffei, in producing relevant documents cannot be permitted to effectively prohibit the inclusion of the relevant facts and law in the complaint in this case. Therefore, Lumbermens requests that the court permit the amendment proposed.

### III. NO PREJUDICE IS BORNE BY THE DEFENDANTS AS A RESULT OF THE PROPOSED AMENDMENT.

The amendment proposed by Lumbermens does not seek to add any new parties to this action. Nor does it attempt to add claims for relief which would force the parties to conduct new or different discovery in the case. Neither does it attempt to assert a new legal theory for which the parties were previously unaware. In essence, all the amendment does is attempt to reconcile the allegations in the complaint to the facts which have been discovered or otherwise established since the original complaint was filed.

Lumbermens has identified for the court and the parties the specific paragraphs which have been revised in the complaint. The revisions are not due to dilatory or

---

[26] A copy of the July 22, 2003 document request is attached hereto as Exhibit G.
[27] See Exhibit A, ¶¶ 75, 82, and 90.

sluggish behavior by Lumbermens.  They are based on information which was either newly discovered (such as the attempted withdrawal of Albert Maffei as general partner of the MFLP) or newly created (such as the entry of the judgment in the underlying action).

Because there are no new parties to be added, and no new claims to be investigated, the proposed amendment should not result in any alteration of the existing trial schedule.  Discovery should still be completed on time and the parties should still be prepared to move to trial.  In sum, there is no prejudice to anyone from the proposed amendments to the complaint, and Lumbermens asks that the court permit the filing of same.

## CONCLUSION

Rule 16(b) provides that amendment of a pleading may be granted where good cause is shown by the requesting party for the amendment.  Lumbermens shows the court that there has been new information discovered during the case which belongs in the complaint, and that the entry of judgment in the underlying action likewise should be placed in the complaint as a basis for recovery.  The motion to amend should be granted.

DATED at Anchorage, Alaska, this 3rd day of April, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Plaintiff Lumbermens
        Mutual Casualty Company


By:   s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska 99503
       Telephone: 907-274-7522
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

## Certificate of Service

I hereby certify that on April 3, 2006, a copy of the Motion For Permission To File Second Amended Complaint was served electronically on:


Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507


s/ Frank A. Pfiffner

Motion For Permission To File Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242858)        Page 12 of 12