Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for
Lumbermens Mutual Casualty Company

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG, <br><br> Defendants. | 3:03-cv-00262-JWS |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens"), by and through counsel of record, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and alleges as follows:

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)          Page 1 of 32

## I. PARTIES

1.      Lumbermens is, and was at all relevant times, a foreign corporation authorized to do business in the State of Alaska in the business of issuing payment and performance bonds for construction projects and is otherwise fully qualified to maintain these claims.

2.      Lumbermens is, and was at all relevant times, a citizen of the State of Illinois in that it is incorporated in the State of Illinois and has its principal place of business in the State of Illinois.

3.      Albert Maffei is, and was at all relevant times, a citizen of the State of Alaska and an attorney licensed to practice law in the State of Alaska.

4.      Bonita Maffei is, and was at all relevant times, a citizen of the State of Alaska and the wife of Albert Maffei.

5.      The Maffei Family Limited Partnership is, and was at all relevant times, a citizen of the State of Alaska in that it is an Alaska limited partnership that was issued a Certificate of Registration by the State of Alaska, Department of Community and Economic Development, Division of Banking, Securities, and Corporations on November 26, 2001.  The Certificate of Limited Partnership for the Maffei Family Limited Partnership is dated November 21, 2001, and contains the notarized signatures of Albert Maffei and Bonita Maffei as general partners.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)              Page 2 of 32

**Ex. A, p. 2 of 32**

6.     Albert Maffei and Bonita Maffei are, and have been at all relevant times, the general partners of the Maffei Family Limited Partnership.   Albert Maffei purportedly resigned as a general partner of the Maffei Family Limited Partnership in 2003 but the resignation was ineffective.

7.     The Maffei, Inc. Profit Sharing Trust is, and was at all relevant times, a citizen of the State of Alaska in that it is an Alaska trust.

8.     George E. Goerig is, and was at all relevant times, a citizen of the State of Alaska and an attorney licensed to practice law in the State of Alaska.

## II.  JURISDICTION

9.     The amount in controversy of the claims set forth in this Second Amended Complaint exceeds the sum or value of $75,000.00 exclusive of interests and costs.

10.     This court has jurisdiction of the claims set forth in this complaint pursuant to 28 U.S.C. § 1332(a)(1) and 18 U.S.C. §§ 1961-1968.

## III.  FACTUAL ALLEGATIONS

11.     In June, 2001, Luciano Enterprises, L.L.C. entered into a contract with the United States Government for soil remediation and other work on a·project identified as the Remedial Action Project at the former Cold Bay White Alice Communication System Site at Cold Bay, Alaska ("the Project").

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)           Page 3 of 32                    **Ex. A, p. 3 of 32**

12.    The sole member of Luciano Enterprises, L.L.C. is, and was at all relevant times, Edwin Negron Luciano.

13.    Edwin Negron Luciano is, and was at all relevant times, the son-in-law of Albert Maffei.

14.    Gina B. Luciano is, and was at all relevant times, the wife of Edwin Negron Luciano and the daughter of Albert Maffei.

15.    The United States Government demanded that Luciano Enterprises, L.L.C. provide Miller Act payment and performance bonds for the Project.

16.    Gina B. Luciano and Albert Maffei, along with Luciano Enterprises, L.L.C. and Edwin Negron Luciano, entered into an agreement of indemnity ("GIA") on or about August 10, 2001, with First Indemnity of America Insurance Company ("FIA") whereby, in consideration of the issuance of the Project payment and performance bonds, Luciano Enterprises, L.L.C., Edwin Negron Luciano, Gina B. Luciano, and Albert Maffei agreed to exonerate and indemnify FIA for all losses and expenses including costs and attorneys' fees that may be sustained by FIA as a result of any claims under the payment and performance bonds issued for the contract between Luciano Enterprises, L.L.C. and the United States Government for the Project.

17.    FIA secured the Project payment and performance bonds pursuant to an existing business relationship with Universal Bonding Insurance Company ("UBIC") and Lumbermens.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)                 Page 4 of 32                 **Ex. A, p. 4 of 32**

18.    The Project payment and performance bonds were issued by Lumbermens.

19.    As an inducement for FIA to underwrite the Project payment and performance bonds, Albert Maffei provided FIA with a financial statement wherein Albert Maffei warranted to FIA that he had and would have a net worth of $1,617,233 including, but not limited to ownership in his own name of real property at 729 N St., Anchorage, Alaska; 118 E. 54th Ave., Anchorage, Alaska; 120 E. 54th Ave., Anchorage, Alaska; 122 E. 54th Ave., Anchorage, Alaska; Units 502-504, Alyeska North Condominium; and Unit 125, Lahiana Shores Condominium, Lahiana, Maui, Hawaii; ownership with Bonita Maffei of real property at 731 N St., Anchorage, Alaska; securities owned by Albert Maffei and Maffei Inc., Albert Maffei's then existing law firm corporation, with a fair market value of $370,000; and ownership of a deed of trust for real property located at 1261 Hideaway Trail, Anchorage, Alaska.

20.    Generally as a matter of subrogation law, and more specifically, pursuant to paragraph 14 of the GIA, Lumbermens is an intended third-party beneficiary of the GIA in that the GIA provides that the GIA inures to the benefit of Lumbermens, the surety that executed the payment and performance bonds for the Project.

21.    As security for issuance of the Project payment and performance bonds in the event that Luciano Enterprises, L.L.C. did not performs its contract with the United States Government for the Project or in the event that Luciano Enterprises, L.L.C.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 5 of 32                    **Ex. A, p. 5 of 32**

did not pay its Project payment bond creditors, the personal assets of Albert Maffei including, but not limited to, the property referenced hereinabove should have been available to Lumbermens pursuant to the terms of the GIA.

22.    Luciano Enterprises, L.L.C. did not pay all its subcontractors, suppliers, and materialmen on the Project and the United States Government terminated its contract with Luciano Enterprises, L.L.C. for the Project.  As a consequence, claims were made against Lumbermens' payment bond issued for the benefit of Luciano Enterprises, L.L.C. and the other indemnitors.

23.    In Case No. A01-304 (JWS) which was pending in the United States District Court for the District of Alaska, Lumbermens obtained a judgment against Luciano Enterprises, L.L.C. and Albert Maffei in the amount of $1,577.738.72 for incurred losses on the Project.  The losses include payment of payment bond claims on the Project by UBIC on behalf of Lumbermens and the payment of incurred loss adjustment expenses ("LAE") such as attorneys' fees, expert costs, and litigation expenses.

24.    Albert Maffei is liable to Lumbermens for the judgment in Case No. A01-309 (JWS), plus pursuant to the terms and conditions of the GIA, Albert Maffei is also liable to Lumbermens for any additional losses, costs, or expenses including, without limitation, expert fees, attorneys' fees, and litigation expense incurred in connection with

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 6 of 32

Ex. A, p. 6 of 32

the prosecution of this lawsuit and Lumbermens' continuing enforcement of its rights under the GIA.

25.     Generally, and, more specifically, by virtue of letters dated October 10 and November 12, 2001, pursuant to the terms of the GIA, Lumbermens demanded that Albert Maffei post collateral security with Lumbermens for the claims of subcontractors and suppliers on the Project.    In the November 12, 2001, letter Lumbermens demanded that Albert Maffei post collateral security in the amount of $1,100,000.

26.     Albert Maffei failed and refused to post any collateral security for the claims of subcontractors and suppliers on the Project and in light of the judgment against him in Case No. A01-309 (JWS) is precluded from disputing the validity and amount of Lumbermens' judgment against him.  Likewise, the other defendants who are in privity with or have an identity of interests with Albert Maffei are precluded from disputing the validity and amount of Lumbermens' judgment against Albert Maffei.

27.     Instead of paying Lumbermens the contractually required collateral security demanded in the November 12, 2001, Lumbermens letter, Albert Maffei and Bonita Maffei retained attorney George Goerig on November 21, 2001, the day after Albert Maffei received the November 12, 2001, letter by certified mail, to create the Maffei Family Limited Partnership and to convey all of Albert and Bonita Maffei's assets to the Maffei Family Limited Partnership.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)                    Page 7 of 32

Ex. A, p. 7 of 32

28.    George Goerig did in fact create the Maffei Family Limited Partnership and assisted Albert Maffei and Bonita Maffei in conveying their assets to the Maffei Family Limited Partnership.

29.    On November 21, 2001, George Goerig prepared and Albert Maffei and Bonita Maffei signed a general assignment for all of their assets to the Maffei Family Limited Partnership without notice to FIA or Lumbermens in violation of the provisions of the GIA.

30.    From and after July 23, 1973, Albert Maffei was the sole leasehold owner of Alpine Apartment No. 502-504 of Alyeska North Condominium, Anchorage, Alaska. The property is more particularly described as follows:

> Alpine Apartment No. 502-504, of ALYESKA NORTH CONDOMINIUM, as shown on Floor Plans filed in the office of the Recorder for the Anchorage Recording District, Third Judicial District, State of Alaska, on February 6, 1973, Plat No. 73-37, and as identified in Declaration recorded February 6, 1973, in Miscellaneous Volume 214 at Page 123; TOGETHER WITH an undivided 4.2520 percent interest in the common areas, being Lot 3-B, in Block 3, NORTH ADDITION TO ALYESKA SUBDIVISION UNIT NO. 1, in the Anchorage Recording District, Third Judicial District, State of Alaska, and facilities appurtenant to said Alpine Apartment No. 502 – 504 as described in Paragraph 4 of said Declaration.

31.    By warranty deed dated November 23, 2001, and recorded on November 26, 2001, Albert Maffei and Bonita Maffei (although she had no ownership interest in the property) conveyed the real property at Alpine Apartment No. 502-504 of

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)         Page 8 of 32                    Ex. A, p. 8 of 32

Alyeska North Condominium, Anchorage, Alaska, to Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership.

32.    By corrected warranty deed dated December 6, 2001, and recorded on December 6, 2001, Albert Maffei and Bonita Maffei (although she had no ownership interest in the property) conveyed the real property at Alpine Apartment No. 502-504 of Alyeska North Condominium, Anchorage, Alaska, to the Maffei Family Limited Partnership.

33.    Prior to 2001 and at all times before November 26, 2001, Albert Maffei was the sole legal owner of the following described real property:

> Lots Two (2), Three (3), and Four (4), Block Four (4), Spruce Heights Subdivision, according to the official plat thereof, filed under Plat No. P-216A, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.

34.    By warranty deed dated November 23, 2001, and recorded on November 26, 2001, Albert Maffei and Bonita Maffei (although she had no ownership interest in the property) conveyed the real property at Lots Two (2), Three (3), and Four (4), Block Four (4), Spruce Heights Subdivision to Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership.

35.    By corrected warranty deed dated December 6, 2001, and recorded on December 6, 2001, Albert Maffei and Bonita Maffei (although she had no ownership interest in the property) conveyed the real property at Lots Two (2), Three (3), and Four (4), Block Four (4), Spruce Heights Subdivision to the Maffei Family Limited Partnership.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)         Page 9 of 32                    **Ex. A, p. 9 of 32**

36.    From and after December, 1986, Albert Maffei was the sole legal

owner of the following described real property:

> UNIT 2 of N.E. 8th & "N" Building as delineated on the plot
> plan and floor plans filed in the office of the Recorder of the
> Anchorage Recording District, Third Judicial District, State of
> Alaska, on July 28, 1986, as Plat Number 86-133; and as
> identified and described in the Declaration of N.E. 8th & "N"
> Building recorded July 28, 1986, in Book 1462 at page 769,
> and Amendment To Declaration Of N.E. 8th & N Building
> Amending Schedule "A" Table Of Interests dated
> December 29, 1986, and recorded December 31, 1986, in
> Book 1547 at page 552, Anchorage, Recording District;
> TOGETHER with an undivided 12.85% interest in the
> Common Areas; and TOGETHER with those certain Limited
> Common areas to said Unit 2, all as described in said
> Declaration Of N.E. 8th & "N" Building on Lot Seven "B"
> (7-B), Block Eighty-Six, (86), L STREET SLIDE REPLAT, A
> RESUBDIVISION OF Lots 7B & 8A, BLOCK 86, L STREET
> SLIDE REPLAT OF A.O.T. (Plat 69-194), located within
> Section 13, Township 13 North, Range 4 West, Seward
> Meridian, Alaska, according to Plat No. 83-510, Records of the
> Anchorage Recording District, State of Alaska.

37.    By warranty deed dated November 23, 2001, and recorded on

November 26, 2001, Albert Maffei and Bonita Maffei (although she had no ownership

interest in the property) conveyed the real property at UNIT 2 of N.E. 8th & "N" Building to

Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited

Partnership.

38.    By corrected warranty deed dated December 6, 2001, and recorded on

December 6, 2001, Albert Maffei and Bonita Maffei (although she had no ownership

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)        Page 10 of 32        **Ex. A, p. 10 of 32**

interest in the property) conveyed the real property at UNIT 2 of N.E. 8th & "N" Building to

the Maffei Family Limited Partnership.

        39.     From and after May 13, 1996, Albert Maffei was the beneficiary of a

deed of trust on the following described real property:

> Lot Two (2) STETSON SUBDIVISION, according to the
> official plat thereof, filed under Plat No. 64-134, in the records
> of the Anchorage Recording District, Third Judicial District,
> State of Alaska.

        40.     In a document dated January 25, 2002, and recorded on the same date,

Albert Maffei assigned his beneficial interest in the deed of trust for Lot Two (2) Stetson

Subdivision to the Maffei Family Limited Partnership.

        41.     From and after December 7, 1976, Albert Maffei was the sole legal

owner of the leasehold interest in the following described real property by virtue of an

Assignment and Assumption of Apartment Lease recorded on October 2, 1992:

> Apartment No. 125 of that certain Condominium Project
> known as "LAHAINA SHORES", as shown on Condominium
> Map No. 219 filed in the Bureau of Conveyances of the State of
> Hawaii and Condominium Map No. 361 filed in the Office of
> the Assistant Registrar of the Land Court of the State of
> Hawaii, and described in the Declaration of Horizontal Property
> Regime dated June 14, 1974, recorded in the Bureau of
> Conveyances of the State of Hawaii, in Book 9983, Page 485,
> and also filed on the Office of the Assistant Registrar of the
> Land Court as Document No. 686530, as the same may be
> amended.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 11 of 32

Ex. A, p. **11 of 32**

42.    By Special Trustee's Deed dated July 17, 1992, and recorded on October 13, 1992, Albert Maffei became the sole legal owner of the fee interests in the real property described in the preceding paragraph.

43.    By warranty deed dated March 26, 2002, and recorded on March 28, 2002, Albert Maffei conveyed the real property at Apartment 125 of the Lahaina Shores Condominium Project to the Maffei Family Limited Partnership.

44.    By statutory warranty deed dated April 1, 1998, and recorded on April 2, 1998, Albert Maffei and Bonita Maffei became owners of the following described real estate:

> Lot 4 FATHREE SUBDIVISION, according to the official plat thereof, filed under Plat Number P-614, Records of the Anchorage Recording District, Third Judicial District, State of Alaska

45.    By warranty deed dated November 23, 2001, and recorded on November 26, 2001, Albert Maffei and Bonita Maffei conveyed the real property at Lot 4 Fathree Subdivision to Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership.

46.    By corrected warranty deed dated December 6, 2001, and recorded on December 6, 2001, Albert Maffei and Bonita Maffei conveyed the real property at Lot 4 Fathree Subdivision to the Maffei Family Limited Partnership.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)          Page 12 of 32

**Ex. A, p. 12 of 32**

47.    By statutory warranty deed dated November 10, 1986, and recorded November 12, 1986, Albert Maffei and Bonita Maffei became the owners as tenants by the entirety of the real property described as follows:

> UNIT 3 of N.E. 8th & "N" Building as delineated on the plot plan and floor plans filed in the office of the Recorder of the Anchorage Recording District, Third Judicial District, State of Alaska, on July 28, 1986, as Plat Number 86-133; and as identified and described in the Declaration of N.E. 8th & "N" Building recorded July 28, 1986, in Book 1462 at page 769, and Amendment To Declaration Of N.E. 8th & N Building Amending Schedule "A" Table Of Interests dated December 29, 1986, and recorded December 31, 1986, in Book 1547 at page 552, Anchorage, Recording District; TOGETHER with an undivided 51.88% interest in the Common Areas; and TOGETHER with those certain Limited Common areas to said Unit 3, all as described in said Declaration Of N.E. 8th & "N" Building on Lot Seven "B" (7-B), Block Eighty-Six, (86), L STREET SLIDE REPLAT, A RESUBDIVISION OF Lots 7B & 8A, BLOCK 86, L STREET SLIDE REPLAT OF A.O.T. (Plat 69-194), located within Section 13, Township 13 North, Range 4 West, Seward Meridian, Alaska, according to Plat No. 83-510, Records of the Anchorage Recording District, State of Alaska.

48.    By warranty deed dated November 23, 2001, and recorded on November 26, 2001, Albert Maffei and Bonita Maffei conveyed the real property at UNIT 3 of N.E. 8th & "N" Building to Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership and thereby severed any tenancy by the entirety ownership of that property.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 13 of 32

Ex. A, p. 13 of 32

49.     By corrected warranty deed dated December 6, 2001, and recorded on December 6, 2001, Albert Maffei and Bonita Maffei conveyed the real property at UNIT 3 of N.E. 8th & "N" Building to the Maffei Family Limited Partnership.

50.     From and after April 18, 1997, Albert Maffei had an ownership interest in the real property described as follows:

> Government Lot One (1), Section 18, Township 21 North, Range 4 West, Seward Meridian; Government Lots Two (2) and Three (3), Section 12, Township 21 North, Range 5 West, Seward Meridian; and Government Lot One (1) Section 13, Township 21 North, Range 5 West, Seward Meridian, Palmer Recording District, Third Judicial District, State of Alaska.

51.     By statutory warranty deed dated November 30, 2001, and recorded on December 3, 2001, Albert Maffei and Bonita Maffei (although she had no interest in the real property) conveyed the real property described in the preceding paragraph to Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership.

52.     By corrected statutory warranty deed dated December 6, 2001, and recorded January 7, 2002, Albert Maffei and Bonita Maffei (although she had no interest in the real property) conveyed the real property described in the preceding paragraph to the Maffei Family Limited Partnership.

53.     The Maffei, Inc. Profit Sharing Trust is an Alaska trust that was created by Albert Maffei incident to Albert Maffei's practice of law in the State of Alaska.

54.     From and after January 2, 1987, Albert Maffei had an ownership interest in the following described real property:

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)          Page 14 of 32

Ex. A, p. 14 of 32

> The South one-half of the North one-half of the Northwest One-quarter of the Southwest one-quarter (S ½ N ½ NW ¼ SW ¼) and the North one-half of the South one-half of the Northwest one-quarter of the Southwest one-quarter (N ½ S ½ NW ¼ SW ¼) of Section 3, Township 16 North, Rage 3 West, Seward Meridian, Palmer Recording District, Third Judicial District, State of Alaska.

55.    By statutory warranty deed November 23, 2001, and recorded December 3, 2001, Albert Maffei conveyed his interest in the real property described in the preceding paragraph to the Maffei, Inc. Profit Sharing Trust.

56.    From and after September 14, 1972, Albert Maffei had a recorded interest as sole owner of the real property described as follows:

> The Southwest one-quarter of the Northwest one-quarter of the Northeast one-quarter (SW ¼ NW ¼ NE ¼) of Section 4, Township 13 North, Range 4 West, Seward Meridian, records of the Palmer Recording District, Third Judicial District, State of Alaska.

57.    By statutory warranty deed dated November 23, 2001, and recorded on December 3, 2001, Albert Maffei and Bonita Maffei (although she had no interest in the real property) conveyed the real property described in the preceding paragraph to Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership.

58.    By corrected warranty deed dated December 6, 2001, and recorded on January 7, 2002, Albert Maffei and Bonita Maffei as general partners of the Maffei Family Limited Partnership conveyed the real property described in paragraph 56 to the Maffei Family Limited Partnership.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS                                    **Ex. A, p. 15 of 32**
(8172-3/242857)              Page 15 of 32

59.    Albert and Bonita Maffei were the owners of $144,000 in cash in November, 2001.  Albert and Bonita Maffei attributed the ownership of one-half of the amount of cash to Albert Maffei and the ownership of one-half of the amount of cash to Bonita Maffei.

60.    In November, 2001, Albert Maffei was the owner of a 1995 Cadillac and a 1991 Chevy pickup truck.

61.    In November, 2001, Bonita Maffei was the owner of a 1996 Chevy Blazer and a 1988 Motor Home.

62.    On November 21, 2001, Albert Maffei and Bonita Maffei executed an assignment agreement whereby the property referenced in the three preceding paragraphs as well as all property of any kind of Albert Maffei and Bonita Maffei was assigned to Albert Maffei and Bonita Maffei as General Partners of the Maffei Family Limited Partnership. By this assignment agreement Albert Maffei and Bonita Maffei intended to the extent possible to convey all of their assets to the Maffei Family Limited Partnership.

63.    On December 7, 2001, Albert Maffei and Bonita Maffei obtained State of Alaska Certificates of Vehicle Title whereby title to the 1995 Cadillac, the 1996 Chevy Blazer, and the 1988 Motor Home were placed in the name of the Maffei Family Limited Partnership.  On November 23, 2001, Albert Maffei and Bonita Maffei obtained a State of Alaska Certificate of Vehicle Title whereby title to the 1991 Chevy pickup truck was placed in the name of the Maffei Fam Ptn Rev Trust.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS                                    **Ex. A, p. 16 of 32**
(8172-3/242857)              Page 16 of 32

64.    On or about September 18, 2002, the indebtedness secured by the deed of trust for Lot Two (2), Stetson Subdivision was paid off.

65.    By statutory warranty deed dated November 13, 2002, and recorded on November 18, 2002, the Maffei Family Limited Partnership conveyed ownership of the real property at Unit 2 of N.E. 8th & "N" Building to Walker, Walker and Associates LLC.

66.    By statutory warranty deed dated November 13, 2002, and recorded on November 14, 2002, the Maffei Family Limited Partnership conveyed ownership of the real property at Unit 3 of N.E. 8th & "N" Building to William M. Walker and Donna P. Walker.

67.    By statutory warranty deed dated November 13, 2002, and recorded on November 19, 2002, Albert Maffei and Bonita Maffei acquired as their principal residence ownership as tenants by the entirety of the real property located at 8328 Lake Otis Parkway, Anchorage, Alaska 99507 and more particularly described as the following property located in the Anchorage Recording District, Third Judicial District, State of Alaska:

> That portion of the Southeast One-Quarter of the Northeast One-Quarter (SE ¼ NE ¼) of Section 8, Township 12 North, Range 3 West, Seward Meridian, filed in the Anchorage, Recording District, Third Judicial District, State of Alaska, more particularly described as:
>
> A tract of land bounded by a line beginning at a point on the West boundary of Lake Otis Road which is 50 feet West of Southeast corner of said quarter of quarter section; thence West along the South boundary of said quarter of quarter section 200 feet; thence North 0 degrees 07' West 200 feet; thence East 200 feet to the West boundary of said Lake Otis Road; thence South 0 degrees 07' East, along the West boundary of said Lake Otis Road, 200 feet to the point of beginning.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 17 of 32

Ex. A, p. 17 of 32

68.    On November 13, 2002, Albert Maffei and Bonita Maffei executed a deed of trust in the stated amount of $240,000 on the real property located at 8328 Lake Otis Parkway, Anchorage, Alaska 99507 with Homestate Mortgage Company, LLC as the beneficiary.  The deed of trust was recorded on November 19, 2002.

69.    In violation of the terms of the deed of trust, Albert Maffei and Bonita Maffei conveyed ownership of the real property located at 8328 Lake Otis Parkway, Anchorage, Alaska 99507 to the Maffei Family Limited Partnership by warranty deed dated November 19, 2002, and recorded on November 20, 2002, and thereby severed any tenancy by the entirety ownership of the property.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Fraudulent Conveyance)

70.    Lumbermens incorporates herein by reference the allegations contained in paragraphs one through 69 of the second amended complaint.

71.    Albert Maffei's conveyances of his real and personal property assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust and Albert Maffei and Bonita Maffei's conveyances of their jointly owned real and personal property assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust were fraudulent conveyances made with the intent to hinder, delay, and defraud Lumbermens, Albert Maffei's principal creditor, and were in violation of AS 34.40.010.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 18 of 32

**Ex. A, p. 18 of 32**

72.    Albert Maffei's conveyances of his real and personal property assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust and Albert Maffei and Bonita Maffei's conveyances of their jointly owned real and personal property assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust meet the "badges of fraud" test to establish that the conveyances were fraudulent. Without limiting the foregoing, Albert Maffei conveyed substantially all of his real and personal property assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust. Albert Maffei was rendered insolvent or nearly so by the conveyances of his real and personal property assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust. Albert Maffei retained possession of the real and personal property although title to the real and personal property was transferred to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust, entities with whom Albert Maffei maintained a trust and fiduciary relationship. Albert Maffei transferred the real and personal property shortly after receiving Lumbermens' written demand for collateral security in the amount of $1,100,000. The instruments effecting the transfer of the real property suspiciously state the transfers are in fact bona fide (The warranty deeds state that the transfers are "for estate planning purposes."). The transfers of the real and personal property were not made for adequate consideration.

73.    Lumbermens requests that the court order the real and personal property transfers by Albert Maffei and by Albert Maffei and Bonita Maffei to the Maffei

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)        Page 19 of 32

**Ex. A, p. 19 of 32**

Family Limited Partnership and the Maffei Inc. Profit Sharing Trust be declared void and that the real and personal property be transferred to Lumbermens in satisfaction of Lumbermens' judgment and claims against Albert Maffei.

74.    To the extent that the court cannot void the real and personal property conveyances because the real property has been subsequently conveyed to third parties or because the real and personal property is beyond the jurisdiction of the court, Lumbermens requests that the court order the defendants to convey the property to Lumbermens and award damages in an amount to be determined at trial against Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust and George Goerig.

75.    The Maffei Family Limited Partnership is also liable to Lumbermens for the wrongful acts of its general partners, Albert Maffei and Bonita Maffei, pursuant to AS 32.11.890 and AS 32.06.305 and Lumbermens is entitled to damages against the Maffei Family Limited Partnership in an amount to be proven at trial and as a proximate result of that liability.

76.    The real and personal property conveyances by Albert Maffei and Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust were done intentionally and outrageously to defraud Lumbermens and were done with reckless disregard of the interests of Lumbermens such that Lumbermens is entitled to an award of punitive damages against Albert Maffei, Bonita

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 20 of 32

Ex. A, p. 20 of 32

Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig in an amount to be determined at trial.

SECOND CLAIM FOR RELIEF

(Conspiracy to Commit a Fraudulent Conveyance)

77.    Lumbermens incorporates herein by reference the allegations contained in paragraphs one through 76 of the second amended complaint.

78.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig participated in a fraudulent conveyance scheme to convey real and personal property owned by Albert Maffei and Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc Profit Sharing Trust and in fact did consummate the conspiracy by the fraudulent conveyance of real and personal property and other assets to the Maffei Family Limited Partnership and the Maffei, Inc. Profit Sharing Trust.

79.    The elements of the conspiracy to commit fraudulent conveyances included without limitation an unlawful agreement among Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig to convey real and personal property owned by Albert Maffei and Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc Profit Sharing Trust; the specific intent of Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig to defraud Lumbermens, Albert

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)        Page 21 of 32

**Ex. A, p. 21 of 32**

Maffei's principal creditor; acts committed pursuant to the unlawful agreement (the creation of the Maffei Family Limited Partnership, the creation of applicable warranty deeds, and the transfer of real and personal property from Albert Maffei and Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust); and damages to Lumbermens from Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust and George Goerig in an amount to be determined at trial.

80.    Lumbermens requests that the court order the real and personal property transfers by Albert Maffei and by Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust be declared void and that the real and personal property be transferred to Lumbermens in satisfaction of Lumbermens' judgment and claims against Albert Maffei.

81.    To the extent that the court cannot void the real and personal property conveyances because the real and personal property has been subsequently conveyed to third parties or because the real and personal property is beyond the jurisdiction of the court, Lumbermens requests that the court order the defendants to convey the property to Lumbermens and award damages in an amount to be determined at trial against Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust and George Goerig.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 22 of 32

Ex. A, p. 22 of 32

82.    The Maffei Family Limited Partnership is also liable to Lumbermens for the wrongful acts of its general partners, Albert Maffei and Bonita Maffei, pursuant to AS 32.11.890 and AS 32.06.305 and Lumbermens is entitled to damages against the Maffei Family Limited Partnership in an amount to be proven at trial and as a proximate result of that liability.

83.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig knew of the claims of Lumbermens and yet they acted intentionally and outrageously to defraud Lumbermens and with reckless disregard of the interests of Lumbermens such that Lumbermens is entitled to an award of punitive damages against Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust and George Goerig in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

### (Aiding and Abetting a Fraudulent Conveyance)

84.    Lumbermens incorporates herein by reference the allegations contained in paragraphs one through 83 of the second amended complaint.

85.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig aided and abetted each other to commit fraudulent conveyances and in fact did fraudulently convey real and

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 23 of 32

Ex. A, p. **23 of 32**

personal property and other assets to the Maffei Family Limited Partnership and the Maffei, Inc. Profit Sharing Trust.

86.     Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig were aware of their role as part of an overall scheme to defraud Lumbermens at the time that they aided and abetted each other to commit fraudulent conveyances and in fact did fraudulently convey real and personal property and other assets to the Maffei Family Limited Partnership and the Maffei, Inc. Profit Sharing Trust.

87.     Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig knowingly and substantially assisted in the overall scheme to defraud Lumbermens by aiding and abetting each other to commit fraudulent conveyances and by fraudulently conveying real and personal property and other assets to the Maffei Family Limited Partnership and the Maffei, Inc. Profit Sharing Trust.

88.     Lumbermens requests that the court order the real and personal property transfers by Albert Maffei and by Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust be declared void and that the real and personal property be transferred to Lumbermens in satisfaction of Lumbermens' claims against Albert Maffei.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 24 of 32

Ex. A, p. 24 of 32

89.    To the extent that the court cannot void the real and personal property conveyances because the real and personal property has been subsequently conveyed to third parties or because the real and personal property is beyond the jurisdiction of the court, Lumbermens requests that the court order the defendants to convey the property to Lumbermens and award damages in an amount to be determined at trial against Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust and George Goerig.

90.    The Maffei Family Limited Partnership is also liable to Lumbermens for the wrongful acts of its general partners, Albert Maffei and Bonita Maffei, pursuant to AS 32.11.890 and AS 32.06.305 and Lumbermens is entitled to damages against the Maffei Family Limited Partnership in an amount to be proven at trial and as a proximate result of that liability.

91.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig knew of the claims of Lumbermens and yet they acted intentionally and outrageously to defraud Lumbermens and with reckless disregard of the interests of Lumbermens such that Lumbermens is entitled to an award of punitive damages against Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust and George Goerig in an amount to be determined at trial.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 25 of 32          **Ex. A, p. 25 of 32**

## FOURTH CLAIM FOR RELIEF

### (Legal Malpractice)

92.     Lumbermens incorporates herein by reference the allegations contained in paragraphs one through 91 of the complaint.

93.     George Goerig's conduct as described above constitutes legal malpractice and negligence.

94.     George Goerig owed a duty to Lumbermens as a creditor of Albert Maffei to use such skill, prudence and diligence as other members of the profession commonly possess and exercise. George Goerig's relevant duties are embodied in part by Alaska Rules of Professional Conduct 1.1(a), 1.2(d), 1.16(a), and 8.4(c).

95.     George Goerig breached his duties to Lumbermens by engaging in the conduct described above.

96.     Lumbermens was proximately damaged by the legal malpractice and negligence of George Goerig and is entitled to damages against George Goerig in an amount to be determined at trial but estimated to equal Lumbermens judgment against Albert Maffei in the amount of $1,577,738.72 plus the expert fees, attorneys' fees and cost in prosecuting this lawsuit.

97.     George Goerig's conduct in engaging in legal malpractice and negligence was intentional, outrageous, and committed with reckless indifference to the

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 26 of 32          **Ex. A, p. 26 of 32**

rights of Lumbermens such that Lumbermens is entitled to punitive damages against George

Goerig in an amount to be determined at trial.

FIFTH CLAIM FOR RELIEF

(Racketeer Influenced and Corrupt Organizations Act (RICIO) claims)

(18 U.S.C. §§ 1961-1968)

98.    Lumbermens incorporates herein by reference the allegations contained in paragraphs one through 97 of the complaint.

99.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig engaged in activities prohibited by 18 U.S.C. § 1962(a)-(d).

100.    Specifically, the pattern of conduct of Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig as an enterprise of racketeering activity in conspiring to fraudulently convey and in fraudulently conveying real and personal property and other assets to the Maffei Family Limited Partnership and the Maffei, Inc. Profit Sharing Trust to defraud Lumbermens, the principal creditor of Albert Maffei, constitutes violations of 18 U.S.C. § 1962(a)-(d).

101.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig received income from a pattern of racketeering activity and used the income or the proceeds of the income in acquisition of an interest in enterprises engaged in, or the activities of which affect, interstate commerce.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 27 of 32        **Ex. A, p. 27 of 32**

102.    The 18 U.S.C. § 1961(4) enterprises for the prohibited activities are the Maffei Family Limited Partnership of which Albert Maffei and Bonita Maffei are general partners; the Maffei, Inc. Profit Sharing Trust of which, on information and belief, Albert Maffei is the trustor and Albert Maffei and Bonita Maffei are believed to be the beneficiaries; and an on going association-in-fact enterprise functioning as a hierarchical or consensual decision-making structure and consisting of Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig.  Albert Maffei and George Goerig conceived and directed the association-in-fact enterprise as a scheme to defraud Lumbermens.  Bonita Maffei was a principal recipient of benefits of the association-in-fact enterprise and assisted in the fraudulent conveyance of assets.  The fraudulently conveyed assets are being held by the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust.

103.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, George Goerig, and the association-in-fact enterprise used an instrumentality of interstate commerce, the United States Postal Service, to execute the defendants' fraudulent scheme of conveying assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust to defraud Lumbermens, Albert Maffei's principal creditor.

104.    Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig engaged in a pattern of racketeering

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)        Page 28 of 32

Ex. A, p. 28 of 32

activity that constitutes a scheme to defraud and that involved use of the U.S. Postal Service in violation of 18 U.S.C. § 1341. Specifically, the defendants used the U.S. mail to register the Maffei Family Limited Partnership and further used the U.S. mail to send and receive the warranty deeds fraudulently conveying real estate to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust.

105.    Lumbermens was injured and damaged in its business or property by reason of defendants' violations of 18 U.S.C. § 1962 in that Lumbermens has not been paid on its judgment and claims against Albert Maffei and has been deprived of assets to obtain recovery against Albert Maffei by the fraudulent transfers set forth herein. Pursuant to 18 U.S.C. § 1964(c), Lumbermens is entitled to recover its actual damages and three times the damages it has sustained and the costs of the suit including a reasonable attorney's fee.

106.    Pursuant to 18 U.S.C. § 1964(a), Lumbermens requests that the court dissolve the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust, transfer the assets of the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust to Lumbermens, enjoin the defendants from engaging in similar endeavors as the prohibited conduct set forth herein, and prohibit Albert Maffei from disposing of or transferring any additional assets without prior court approval.

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242857)        Page 29 of 32

Ex. A, p. **29 of 32**

## SIXTH CLAIM FOR RELIEF

### (Injunctive Relief)

107.    Lumbermens incorporates herein by reference the allegations contained in paragraphs one through 106 of the complaint.

108.    Lumbermens has been irreparably harmed by the actions of Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig as described herein.

109.    Damages are an inadequate remedy at law to protect the rights and interests of Lumbermens.

110.    Lumbermens requests that the court grant injunctive relief against Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig to prevent defendants from engaging in any additional activity to fraudulently convey real property or other assets and that Albert Maffei, Bonita Maffei, and the Maffei Family Limited Partnership be enjoined form transferring real property or other assets to anyone other than Lumbermens without further order of this court.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 30 of 32                    **Ex. A, p. 30 of 32**

1.    For judgment against the Defendants voiding the fraudulent conveyances, for an order transferring assets to Lumbermens, for injunctive relief, for general and special damages, and for punitive damages in an amount to be proven at the time of trial;

2.    For costs and disbursements, including reasonable attorneys' fees, to the extent allowed by law or in equity; and

3.    For such other and further relief as the court deems just and equitable.

DATED at Anchorage, Alaska, this ___ day of February, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Plaintiff Lumbermens
Mutual Casualty Company


By:    s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska  99503
       Telephone: 907-274-7522
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)        Page 31 of 32

Ex. A, p. 31 of 32

Certificate of Service

I hereby certify that on February __, 2006, a copy of the Second Amended Complaint was served electronically on:


Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

s/ Frank A. Pfiffner _____

I hereby certify that on February __, 2006, a copy of the foregoing Second Amended Complaint was served by regular U.S. Mail on:


Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

s/ Frank A. Pfiffner _____


Second Amended Complaint
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/242857)          Page 32 of 32

**Ex. A, p. 32 of 32**