

**HUGHES BAUMAN PFIFFNER**
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW

Direct Dial:
**(907) 263-8241**
E-mail:  FAP@hbplaw.net

February 22, 2006

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

Michael C. Geraghty
Delisio Moran Geraghty & Zobel, P.C.
943 West 6th  Avenue
Anchorage, Alaska  99501

Re:   *Lumbermens Mutual Casualty Company v. Maffei, et al.*
Our File No. 8172-3

Dear Gentlemen:

I have not heard back from you relative to the scheduling proposal set forth in my February 10, 2006, letter, another copy of which is attached other than Mr. Geraghty's general concurrence with the concept set forth in the letter.   Please let me know whether the scheduling set forth therein is acceptable so that I can prepare a stipulation or whether I have to file a motion.

I had proposed to take the depositions of Ivan Brudie, Scott Wilson, and Dan O'Connell during the last week in February to obtain their records relative to Maffei assets and asset transfers.  Obviously the last week in February is not going to work any more since this is already February 22. Please let me know what dates in early March will work as I want to get subpoenas out now.  If I don't hear anything, I will just serve subpoenas.

As part of the scheduling revisions, I believe that it appropriate to file a second amended complaint.   A copy of the proposed second amended complaint is attached.  The purpose of the amended pleading is to change factual allegations where the facts have changed since the first amended

**Ex. B, p. 1 of 6**

Albert Maffei
Michael C. Geraghty
February 22, 2006
Page 2

**HUGHES BAUMAN PFIFFNER**
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW

complaint was filed by alleging, by way of example, the entry of judgment against Albert Maffei and the specification in more detail of the amount of the claim as a result of the judgment. I would like to include this amendment to the pleadings in the stipulation if you are agreeable; if not I will file a motion on this issue as well.

  If you have any questions, please do not hesitate to contact me.

     Very truly yours,

     HUGHES BAUMAN PFIFFNER
     GORSKI & SEEDORF, LLC

     By _____
     Frank A. Pfiffner

FAP:cah/243417

Albert Maffei
Michael C. Geraghty
February 22, 2006
Page 3

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW

---

bcc:   Robert V. Miller
        Bruce Dickstein



**HUGHES BAUMAN PFIFFNER**
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW

February 10, 2006

Direct Dial:
**(907) 263-8241**
E-mail: FAP@hbplaw.net

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

Michael C. Geraghty
Delisio Moran Geraghty & Zobel, P.C.
943 West 6th  Avenue
Anchorage, Alaska  99501

Re:   *Lumbermens Mutual Casualty Company v. Maffei, et al.*
Our File No. 8172-3

Dear Gentlemen:

I have now reviewed in some detail the discovery and scheduling issues that are presented by the status of this case.  Both of you have commented directly or indirectly on this issue when we continued the expert report deadlines.  You have both indicated that you would not oppose a motion for a new scheduling conference if I deemed that necessary.

Let me relate what I believe to be the scheduling and discovery issues and my proposed solution to them.  First of all, there are a number of depositions that I would like to take.  My present proposed list of deponents include Albert and Bonita Maffei, George Goerig, Laurie Beth Gregory, Roni Noonan Agre, perhaps Carolynn Tomory, Ivan Brudie, Scott Wilson, and Dan O'Connell.  There are depositions scheduling issues. While my schedule is relatively free, I want to resolve the present discovery disputes before proceeding with most of the substantive depositions.   Specifically, I want answers to several interrogatories directed to the defendants other than George Goerig. I believe that those answers should be forthcoming in light of the waiver of the attorney client privilege relative to the communications with Mr. Goerig.  I have submitted a separate letter to Mr. Maffei on this issue.  I also want financial documents Mr. and Mrs. Maffei have objected to providing without a protective order.  I am providing a final draft of such a proposed protective order by separate letter.   Finally, I will be propounding more interrogatories and requests for production that I would like to have answers to before the Goerig and Maffei depositions.  Mr. and Mrs. Maffei are limited in deposition scheduling by Mrs. Maffei's current medical condition.  Mr. Geraghty has a difficult schedule with time for depositions only in the last week of February to a limited

Ex. B, p. 4 of 6

Albert Maffei
Michael C. Geraghty
February 10, 2006
Page 2

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW

---

degree and some availability in the first two weeks of April.

I proposed deposing the Maffei financial advisers (Brudie, Wilson, and O'Connell) by subpoena duces tecum in the last week of February. I suggest the remaining depositions that I want to take occur during the first two weeks of April. I am generally available for any depositions you want to take. Presumably the discovery dispute between Lumbermens and the Maffei defendants will be resolved by early March with a court ruling so that the defendants can take any plaintiff witnesses other than experts although in reality this is a case where most of the discovery needs to be undertaken by plaintiff.

We have a final witness list now scheduled for March 10 and expert reports scheduled for March 20. I don't believe that a final witness list should be due until some time after the proposed April depositions. I suggest a two month delay to May 10, 2006. I suggest another delay of expert reports until May 22, 2006. Expert reports will not be meaningful without the proposed April deposition testimony, which will take some time to transcribe and be reviewed by the experts. I also suggest that the stipulated deadline for supplementation of the record for the motion to dismiss be extended to May 22, 2006, so that any useful material from the depositions can be transcribed and provided to the court by an appropriate supplementation.

I suggest that the discovery deadline be extended from May 1 to July 3, 2006. The parties will have the opportunity for additional discovery that arises out of the proposed April depositions and the expert reports.

My proposed discovery and scheduling solution calls for no more than a two month discovery extension. Thus, we may not need a new scheduling conference. I propose to submit this revised schedule to the court by stipulation with an explanation that is acceptable to each of you. I propose to suggest that the parties are amenable to a new scheduling conference but believe that it is not necessary in light of the stipulation.

Albert Maffei
Michael C. Geraghty
February 10, 2006
Page 3

I look forward to your thoughts and suggestions.

Very truly yours,

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

By _____
Frank A. Pfiffner

FAP:cah/242893

Ex. B, p. 6 of 6