Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>             Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>             Defendants. | 3:03-cv-00262-JWS |

**MOTION TO COMPEL DISCOVERY RESPONSES**

On December 1, 2003, Lumbermens Mutual Casualty Company ("Lumbermens") propounded discovery requests on Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership ("MFLP") and the Maffei, Inc. Profit Sharing Trust (collectively,

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)

"the Maffei Defendants"). Included in the discovery requests from Lumbermens to the Maffei Defendants were three interrogatories which seek financial information related to the sale of assets identified in the complaint in this action. Albert Maffei and the Maffei Defendants have repeatedly stalled and refused to produce the information based upon a variety of excuses. Therefore, the plaintiff seeks the court's assistance in compelling disclosure.

## BACKGROUND

On December 1, 2003, Lumbermens propounded discovery requests on the Maffei Defendants.[1] Included in the discovery requests were the following three interrogatories:

4. Relative to the real property referenced in paragraphs 36 and 37 of the complaint, please provide the name of the buyer of the property, the date of sale, the amount of the sale price, and account for the disposition and/or present location of the sale proceeds.

5. With regard to the real property referenced in paragraph 59 of the complaint, please state the purchase price for the property, the terms of the purchase, and the source of the money for the down-payment.

6. Have you sold or liquidated any of the securities referenced in your March 2001 financial statement to First National Bank of Anchorage and as provided in the listing of securities provided to Lumbermens Mutual Casualty Company when the payment and performance bond were being obtained for the Cold

---

[1] *See* Plaintiff's Discovery Requests to Defendants Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, and the Maffei, Inc. Profit Sharing Trust dated December 1, 2003, a copy of which are attached hereto as Exhibit A.
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)

>Bay project? Is so, please state the date of sale or other disposition of the securities, the selling price, and account for the proceeds of the sale or other disposition of the securities.

When the Maffei Defendants finally responded to the December 1, 2003 discovery requests on August 12, 2005, they promised to provide the information requested by the aforementioned interrogatories only if Lumbermens and its attorneys retain all information received confidentially, do not disclose or distribute the responses to any other parties without permission of the defendants and/or order of the court, and agree to punishment for violation of their agreement to take such precautions.[2]

Lumbermens attempted on several occasions to obtain the cooperation of the Maffei Defendants regarding the production of the financial information called for by Interrogatory Nos. 4-6, and on February 10, 2006, counsel for Lumbermens provided a Stipulation for Entry of Protective Order and a proposed order to Mr. Maffei for his execution.[3] On February 25, 2006, Albert Maffei responded to Lumbermens requests by claiming that he would respond only after March 15, 2006, at which time he anticipated a decision from the court regarding whether the Profit Sharing Trust would be dismissed.[4]

---

[2] *See* Maffei's Discovery Responses dated August 12, 2005 (a copy of which is attached hereto as Exhibit B), Interrogatory Nos. 1 and 2.

[3] *See* February 10, 2006, letter from Frank Pfiffner to Albert Maffei with draft protective order, a copy of which is attached hereto as Exhibit C.

[4] *See* February 25, 2006, letter from Albert Maffei to Frank Pfiffner, a copy of which is attached hereto as Exhibit D.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)

On March 2, 2006, Mr. Maffei also executed the Stipulation for Entry of Protective Order.[5] The Order was approved by the court on March 6, 2006.[6]

On March 6, 2006, counsel for Lumbermens notified Maffei that the Protective Order had been entered by the court:

> The court has now entered the protective order that you have requested. Please produce as soon as possible the documents that you have previously withheld from production on the grounds that the documents are confidential and that you needed the benefits of the protective order before producing the documents.[7]

On March 20, 2006, Mr. Maffei responded that he would not produce the documents.[8]

## ARGUMENT AND CITATION OF AUTHORITIES

Parties may obtain discovery regarding any matter, not privileged, whether it relates to a claim or defense of the party seeking discovery or the claim or defense of another party, so long as the requests are reasonably calculated to lead to the discovery of admissible evidence.[9] If the party under obligation to respond evades the request or provides incomplete disclosures, answers, or responses, the party propounding the

---

[5] *See* Stipulation attached hereto as Exhibit E.

[6] *See* Order attached hereto as Exhibit F.

[7] A copy of the March 6, 2006, correspondence from Frank Pfiffner to Albert Maffei is attached hereto as Exhibit G.

[8] A copy of Albert Maffei's March 20, 2006, letter to Frank Pfiffner is attached hereto as Exhibit H.

[9] FRCP 26(b)(1).
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)

discovery requests, after making a good faith attempt to obtain discovery responses, may move for an order compelling answers, inspection, or production.[10]

If the motion to compel is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the party or attorney advising such conduct or both to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the behavior of the non-movant is somehow justified.[11]

Generally, the discovery rules should be given broad, liberal interpretation.[12] In particular, relevancy in the discovery context is extremely broad, and a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action.[13] The purposes of discovery are to narrow

---

[10]  FRCP 37(a)(2)(B).

[11]  FRCP 37(a)(4).

[12]  *Sinco, Inc. v. B & O Mfg.*, 2005 U.S. Dist. LEXIS 12086, *4-5 (D. Minn. 2005) (*citing Edgar v. Finley*, 312 F.2d 533, 535 (8th Cir. 1963)).

[13]  *Id.  See also Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992); and *Gladfelter v. Wal-Mart Stores*, 162 F.R.D. 589 (D. Neb. 1995) (stating that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action); and *Adelman v. Brady*, 1990 U.S. Dist. LEXIS 4842 (D. Pa. 1990) (stating that relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. Rather, discovery requests may be deemed

the issues, obtain evidence for use at trial, and secure information about where and how such evidence can be obtained.[14] The burden is on the party objecting to discovery to show that discovery should not be had.[15]

The three interrogatories at issue are obviously related to the claims of the plaintiff in this case. Interrogatory No. 4 requests information regarding real property identified in paragraphs 36 and 37 of the plaintiff's complaint which were fraudulently transferred by Maffei into the MFLP, and which was subsequently sold by the MFLP.[16] There is no question the plaintiff is entitled to (1) know the value of the property at the time it was transferred; (2) know the value of the property when it was sold; and (3) confirm that information for itself by tracing the property. Rather than produce the information, Maffei complained that such confidential information should be protected from

---

relevant if there is any possibility that the information may be relevant to the general subject matter of the action).

[14] *Hodges v. Heap*, 40 F.R.D. 314, 315 (D. N.D. 1966). *See also Burlington Northern & Santa Fe Railway Company v. United States District Court for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (noting that the purpose of discovery is "to provide a mechanism for making relevant information available to the litigants").

[15] *Mueller v. Walker*, 124 F.R.D. 654, 656 (D. Or. 1989). *See also Johnson & Johnston v. R.E. Serv. Co.*, 2004 U.S. Dist. LEXIS 26973, *4 (N.D. Cal. 2004) (stating that Case law supports a requirement that a party objecting to a discovery request state specific facts in support of its objection)..

[16] *See* Exhibit A.

disclosure to third parties by the entry of a protective order.[17] Yet after Lumbermens jumped through the necessary hoops to put in place an agreed to protective order, Maffei changed his basis for refusing to produce the information.[18] His basis for withholding the information now appears to be a warped sense of "tit for tat."[19]

    Aside from the fact that Maffei may not base his refusal to provide discoverable information on what he perceives to be a discovery violation by Lumbermens on a separate issue, his reasoning makes no sense. Lumbermens refused earlier to provide information regarding the actions of Lumbermens employees after the creation of the MFLP because at that point, Lumbermens actions were no longer relevant to the case. Maffei had avoided his obligations by creating a vehicle for hiding his assets. Lumbermens has alleged that on November 21, 2001, with the assistance of his attorney, Maffei created a vehicle to hide his assets from Lumbermens, and there has been no explanation by Maffei as to how the actions of Lumbermens' employees after November 21, 2001 is relevant to his fraudulent conveyance of property. The transactions by the MFLP and the Maffeis after November 21, 2001, particularly with regarding to the movement of property that should have been conveyed to Lumbermens by Maffei in

---

[17] *See* Exhibit A at Interrogatory No. 4.

[18] *See* Exhibit H.

[19] *See* Exhibit H.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)

satisfaction of his obligation is a completely different matter and is relevant to even the most casual observer.

Similarly, Interrogatory No. 5 seeks financial information regarding property which Lumbermens alleges was wrongfully purchased with assets that should rightfully have been used to meet Maffei's obligations to Lumbermens. Lumbermens responded to the request for confidentiality by the Maffei Defendants by agreeing and stipulating to the entry of a protective order, even thought the information sought is not, on its face, the type of information for which such protective orders are typically entered. Again, the Maffei Defendants then changed their reasons for not providing the requested information. They have yet to provide a valid or justified objection, however, and at two-and-a-half years after the service of the requests, it can hardly be argued that new objections at this point in the litigation would be effective anyway.

Likewise, in Interrogatory No. 6, Lumbermens request for information regarding Maffei's securities referenced in your March 2001 financial statement to First National Bank of Anchorage and as provided in the listing of securities provided to Lumbermens Mutual Casualty Company when the payment and performance bond were being obtained for the Cold Bay project is clearly and obviously relevant to this action? The same refusals have been made to produce the requested information without justifiable support.

As on example of the support for Lumbermens' entitlement to the financial information sought, Paragraph 12 of the GIA is entitled, "Security Agreement" and states the following, in part:

> Further, the Indemnitor and the Contractor hereby create a lien in favor of the Company in all of their property described herein, to the fullest extent permitted by law upon the filing hereof until the complete satisfaction of all of the obligations of the indemnitor and the Contractor to the Company. The Surety is hereby specifically empowered to make, file, and record any instrument including real and personal mortgages in the name of the Indemnitors encumbering any property, real or personal, known to the Surety to be owned by the Indemnitor and which is lawful collateral for the purposes expressed in this agreement.

Moreover, Paragraph 28 of the GIA is entitled, "Financial Information" and states the following:

> The undersigned hereby covenant and agree that the Surety will be given immediate notice of the transfer of hypothecation of any principal asset of the undersigned. The undersigned further shall provide annual financial statements of each at least annually, in form acceptable to the Surety, which statement shall be certified as accurate and truthful.

Paragraph 28 further requires the indemnitors to provide at least annual financial statements to the Surety. The same issue is approached under Paragraph 9, entitled "Books and Records"

> At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, the Surety shall have the right to reasonable access to the books, records, and accounts of the Contractor and Indemnitors: and any bank depository, materialman, supply house or other person, firm,

> or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.

There would appear to be little debate over Lumbermens' entitlement to the discovery information that it is seeking from the Maffei Defendants and Albert Maffei as a direct result of the fraudulent conveyance of assets in this case.

In summary, Lumbermens has requested information that is directly relevant on its face to its claims in this action. The Maffei Defendants disingenuously offered to provide the information only if steps were taken to protect against the disclosure of such information to third parties. Once adequate steps were taken to protect against such disclosure by entry of a protective order, the Maffei Defendants changed their reasoning to an even less justifiable: "You can't have mine because you won't let me see yours." This position is not legally supportable. It makes no sense given the allegations in this case. And it is obviously nothing more than an attempt by the Maffei Defendants to continue to delay the progress of this case and to hide their financial information from Lumbermens.

## CONCLUSION

Lumbermens requests that the court compel the Maffei Defendants to properly respond to Interrogatory Nos. 4-6, which were not objected to at all by the Maffei Defendants, but rather resulted in a response that such information would not be

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)

produced until proper assurances of non-disclosure – a protective order – had been given. A protective order has been entered by the court and there exists no justifiable cause for the Maffei Defendants' continued refusal to properly respond to discovery.

DATED at Anchorage, Alaska, this 7th day of April, 2006.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Plaintiff Lumbermens
> Mutual Casualty Company
>
> By:  s/ Frank A. Pfiffner
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, Alaska  99503
> Telephone: 907-274-7522
> Facsimile: 907-263-8320
> FAP@hbplaw.net
> ABA No. 7505032

<u>Certificate of Service</u>

  I hereby certify that on April 7, 2006, a copy of the Motion to Compel Discovery Responses was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507


<u>s/ Frank A. Pfiffner</u>

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245113)