

**HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC**
ATTORNEYS AT LAW

Est. 1939

February 10, 2006

Direct Dial:
**(907) 263-8241**
E-mail: FAP@hbplaw.net

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

Re:   *Lumbermens Mutual Casualty Company v. Maffei, et al.*
      Our File No. 8172-3

Dear Mr. Maffei:

On January 10, 2006, Ron Bussey sent you a letter with a request that you produce documents where you claimed an attorney/client privilege in your August, 2005, discovery responses. It is my understanding that you have advised Mr. Bussey verbally that you no longer are asserting an attorney/client privilege relative to your communications with Mr. Goerig but that you have no additional documents to produce. If my understanding is incorrect, please advise me immediately. I anticipate that your deposition will be taken in the near future and I do not want to go to the deposition with the attorney/client issue unresolved. If Bonita or you contemplate asserting the attorney/client privilege in any regard concerning your communications with Mr. Goerig, please advise me immediately so that I can get a judicial determination on this issue before your deposition or the deposition of Bonita.

Since you have waived the attorney/client privilege as to communications with Mr. Goerig, please answer Interrogatory Nos. 1 and 2 of the interrogatories answered in August, 2005. Please provide me with those answers within the next 15 days so as to avoid a motion to compel.

Ron Bussey provided you with a draft confidentiality agreement so that we could obtain the information requested in Interrogatory Nos. 4 through 6. You have not responded to Mr. Bussey's inquiry on this issue. Enclosed is what I believe to be an appropriate protective order relative to the financial information requested. Please execute this document and provide me with the requested information within the next 15 days in order to avoid a motion to compel on this issue as well.

In the August, 2005, discovery responses of the Maffei defendants, pages 4 and 10 of the Restatement of Maffei, Inc. Employees' Profit-Sharing Plan were produced in blank. Could you please produce the actual pages 4 and 10 of that document?

Exhibit C, Page 1 of 12

Albert Maffei
February 10, 2006
Page 2

**HUGHES BAUMAN PFIFFNER**
**GORSKI & SEEDORF, LLC**
ATTORNEYS AT LAW

If you have any questions, please do not hesitate to contact me.

Very truly yours,

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

By *[signature]*
Frank A. Pfiffner

FAP:cah/242865
cc: Michael C. Geraghty

Exhibit C, Page 2 of 12

Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for
Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>　　　　　Defendants. | 3:03-cv-00262-JWS |

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CERTAIN EVIDENCE

The parties hereto, Plaintiff Lumbermens Mutual Casualty Co., Defendants Albert Maffei, Bonita Maffei, Maffei Family Limited Partnership and Maffei, Inc. Profit

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)　　　　　　　　　　Page 1 of 7　　　　　　　　Exhibit C, Page 3 of 12

Sharing Trust and George Goerig, by and through respective counsel, hereby stipulate to the entry of a protective order as follows:

1. The subject matter of this stipulation and protective order is any evidence, no matter in what form, documentary, testimonial, or demonstrative, which relates in any way to defendants' bank records, brokerage statements, non-public valuations of real and personal property, purchase and sale prices of real and personal property, financial statements, not previously produced in this case or in the underlying case (A01-309 CV (JWS)) and any other financial records defendants consider confidential.

2. The evidence referenced in paragraph 1 above shall be treated as confidential if any such documentary evidence is designated as such by the producing party stamping the word "confidential" on each page that is to be treated as confidential.

3. If any party believes a document not described in the above paragraphs should nevertheless be considered confidential, that party may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

4. If a party believes that a document designated or ought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, any party may apply to the court for

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)               Page 2 of 7                Exhibit C, Page 4 of 12

a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

5. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. In submitting materials to the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as confidential, and only those specific portions of briefs, applications, and other pleadings that contain verbatim confidential data, or that set forth the substance of such confidential information.

6. To the extent produced in this litigation, access to the evidence to be treated as confidential is restricted to the following authorized persons: A) attorneys of record in this litigation, consulting attorneys and regular employees of such attorneys to whom it is necessary that the evidence be shown for the purposes of this litigation, B) the parties to this litigation, C) independent third persons retained by the attorneys of record in this litigation for the purposes of discovery, preparation, and trial of this litigation, such as

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)     Page 3 of 7     Exhibit C, Page 5 of 12

independent experts, consultants, or expert witnesses, and D) witnesses to whom it is necessary to show the evidence for the purpose of testimony in this litigation.

7. With respect to persons identified in paragraph 6, prior to their obtaining access to the evidence to be treated as confidential, they must: A) be informed of this stipulation and order, and B) agree in writing to be bound by its terms.

8. With respect to persons identified in paragraph 6, those persons who do not agree in writing to be bound by the terms of this stipulation and order, as provided in paragraph 7, shall not be given access to the evidence.

9. Within 60 days after the entry of a final judgment in this suit or within 60 days after the conclusion of a final appeal, if an appeal is taken, or the execution of settlement releases, from which no appeal has been or can be taken, all evidence covered by this stipulation and order which is in the possession of persons identified in paragraph 3 shall be either delivered to counsel for the original producing party or shall be destroyed, and counsel for the receiving party shall certify in writing to counsel for the original producing party that the evidence has been destroyed.

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)           Page 4 of 7           Exhibit C, Page 6 of 12

DATED at Anchorage, Alaska, this ____ day of February, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Plaintiff Lumbermens
        Mutual Casualty Company

By: s/ Frank A. Pfiffner
   Frank A. Pfiffner
   3900 C Street, Suite 1001
   Anchorage, Alaska 99503
   Telephone: 907-274-7522
   Facsimile: 907-263-8320
   FAP@hbplaw.net
   ABA No. 7505032

DATED at Anchorage, Alaska, this ____ day of February, 2006.

        DeLisio Moran Geraghty & Zobel, P.C.
        Attorneys for Defendant George Goerig

By: s/ Michael C. Geraghty
   Michael C. Geraghty
   943 West 6th Avenue
   Anchorage, AK 99501-2033
   Telephone No.: 907-279-9574
   mgeraghty@dmgz.com
   ABA No. 7811097

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
*Case No. 3:03-cv-00262-JWS*
*(8172-3/242890)* Page 5 of 7 Exhibit C, Page 7 of 12

DATED at Anchorage, Alaska, this _____ day of February, 2006.

                              Law Offices of Albert Maffei
                              Attorneys for Defendants Albert
                              Maffei, Bonita Maffei, Maffei
                              Family Limited Partnership and
                              Maffei, Inc. Profit Sharing Trust

By: _____
          Albert Maffei
          ABA No. 5311009

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)   Page 6 of 7

Exhibit C, Page 8 of 12

## Certificate of Service

I hereby certify that on February ___, 2006, a copy of the Stipulation For Entry of Protective Order Regarding Certain Evidence was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033

s/ Frank A. Pfiffner

I hereby certify that on February ___, 2006, a copy of the foregoing Stipulation For Entry of Protective Order Regarding Certain Evidence was served by regular U.S. Mail on:

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507

s/ Frank A. Pfiffner

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)          Page 7 of 7          Exhibit C, Page 9 of 12

Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty
Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>              Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>              Defendants. | 3:03-cv-00262-JWS |

**PROPOSED ORDER APPROVING STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CERTAIN EVIDENCE**

Proposed Order Approving Stipulation For Entry of Protective Order Regarding Certain
Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242892)

Exhibit C, Page 10 of 12

Page 1 of 3

Having reviewed the stipulation of the parties setting forth an entry of a protective order, and being otherwise fully advised in the premises,

IT IS SO ORDERED, that the Stipulation For Entry of Protective Order Regarding Certain Evidence is hereby approved.

DATED this _____ day of February, 2006.

_____
John W. Sedwick
Judge of the U.S. District Court

## Certificate of Service

     I hereby certify that on February __, 2006, a copy of the Proposed Order Approving Stipulation For Entry of Protective Order Regarding Certain Evidence was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033


s/ Frank A. Pfiffner


     I hereby certify that on February ___ 2006 a copy of the Proposed Order Approving Stipulation For Entry of Protective Order Regarding Certain Evidence was served by regular U.S. Mail to:

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507


s/ Frank A. Pfiffner


Proposed Order Approving Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/242892)

Exhibit C, Page 12 of 12