**ALBERT MAFFEI**
ATTORNEY AT LAW

TELEPHONE (907) 277-2503
FAX (907) 277-1239

8328 LAKE OTIS PARKWAY
ANCHORAGE, ALASKA 99507

P.O. BOX 100674
ANCHORAGE, ALASKA 99510-0674

February 25, 2006

Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 10901
Anchorage, AK 99503

☐ HD  OTHER_____
RECEIVED

FEB 28 2006

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

      RE: Lumbermens v. Maffei et al
           Your File 8172-3

Dear Mr. Pfiffner:

By this letter, I will attempt to answer all your correspondences from January 5, 2006 through February 23, 2006.

1. The fax sent me on January 5, 2006 containing the stipulation for entry of protective order regarding certain evidence has been signed, which has been previously signed by Mr. Geraghty and yourself. The signed stipulation is enclosed.

2. Your letter dated February 9, 2006. This letter is either instructive or threatening. Assuming it is instructive, you should be advised that I have read the Order From Chambers a number of times. Although I do not agree with Judge Sedwick's conclusions particularly regarding the conclusion that Albert Maffei's interest is subject to a lien of the judgment in this case (A01-309). The statute only provides that it is subject to a charging order. The last sentence of Judge Sedwick's Order dated the 20th day of September, 2005 was far beyond the statutory requirements and apparently it is his interpretation. Whatever my interpretation, I intend to follow Judge Sedwick's Orders, and I have done so, and I do not need your instructions.

3. On February 10, 2006, there are two letters. First I will address the three-page letter. On the second page of the letter, you set out a proposed change in the Scheduling Order regarding the witness list, and discovery, and supplementing the motion to dismiss. I have no objection to extending the deadlines mentioned in that letter. However, I believe that they are conservative, and I would suggest extending the deadlines for at least one further month since you have accommodated yourself, but failed to understand that I may wish to depose Mr. Thomas and Mr. Dickstein. Therefore I would believe that the extension for discovery end August 30th.

Regarding the two-page letter concerning discovery, I have now answered interrogatories numbers 1 and 2.

Exhibit D, Page 1 of 3

Frank A. Pffifner
RE: Your file 8172-3
February 25, 2006
Page Two

As to interrogatories numbers 4 through 6, I will respond to those after March 15, 2006 after the Court has made its decision as to whether the Maffei, Inc. Profit Sharing Trust will be dismissed..

The request on the Profit Sharing Trust I also believe to be irrelevant. Whatever the pages 4 and 10 contain do not add to any discoverable evidence.

4. On February 22, 2006, there are two letters. I will address first the letter concerning the proposal changing the scheduling order which I have already addressed. I have also received your proposed Second Amended Complaint which I have reviewed and I would oppose the amendment which appears to me to be totally unnecessary.

If you will review my answer to the Amended Complaint, you will note that I have already addressed the fact that judgment was entered. Any other reference to the judgment would be immaterial to the case.

The second letter is one again concerning the Court Order signed by Judge Sedwick which should have been a charging order rather than a lien. However, as I have previously stated, that appears to be the law at the moment and I intend to comply with it. It may well be a subject of appeal depending on what occurs in the future.

5. Your letter of February 23, 2006. In that letter, you propose retaining a certified appraiser to appraise the Lahaina Shores condominium. The letter is addressed to me personally. First, I would remind you that I do not have title to that condominium. Therefore I am not able to give a request or authorization and permission to conduct the appraisal. As you well know, the partnership owns the property; not myself. All I have is a limited partnership interest. Secondly, even if I were able to give the permission and authorization, I would not grant it. This is a blatant disregard of the status of the second case. Until and if you get a judgment in Lumbermen's favor, that would be the time to address this matter. I would therefore advise you that you should not send an appraiser to the property without the partnership's consent, and I will so advise the management that if your appraiser approaches the property, that appraiser will be denied access until such time as you receive the consent from the proper party which is the Maffei Family Limited Partnership.

I have reviewed your third discovery request mailed on the 16th day of February, 2006. I find it to be offensive, burdensome, and beyond the limits of discovery. You are

Frank A. Pffifner
RE: Your file 8172-3
February 25, 2006
Page Two Three

requiring that I again produce documents regarding George Goerig even though they have already been produced. This is totally contrary to your own position taken regarding my request to compel Lumbermens to answer our discovery requests. In the opposition, Lumbermens states to the Court that the items requested are either introduced in the other case, or have been previously introduced in the instant case.

I intend to file a motion for a protective order, or simply follow your procedure and refuse to answer the interrogatories and produce the documents.

I consider this to be harassment. I will not tolerate it.

        Very truly yours,

        LAW OFFICE, LLC

        Albert Maffei

AM/bfm
Enclosure