Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for
Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>            Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>            Defendants. | 3:03-cv-00262-JWS |

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER
REGARDING CERTAIN EVIDENCE**

The parties hereto, Plaintiff Lumbermens Mutual Casualty Co., Defendants

Albert Maffei, Bonita Maffei, Maffei Family Limited Partnership and Maffei, Inc. Profit

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
Case No. 3:03-cv-00262-JWS
(8172-3/242890)                           Page 1 of 6

Sharing Trust and George Goerig, by and through respective counsel, hereby stipulate to the entry of a protective order as follows:

1. The subject matter of this stipulation and protective order is any evidence, no matter in what form, documentary, testimonial, or demonstrative, which relates in any way to defendants' bank records, brokerage statements, non-public valuations of real and personal property, purchase and sale prices of real and personal property, financial statements, not previously produced in this case or in the underlying case (A01-309 CV (JWS)) and any other financial records defendants consider confidential.

2. The evidence referenced in paragraph 1 above shall be treated as confidential if any such documentary evidence is designated as such by the producing party stamping the word "confidential" on each page that is to be treated as confidential.

3. If any party believes a document not described in the above paragraphs should nevertheless be considered confidential, that party may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

4. If a party believes that a document designated or ought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, any party may apply to the court for

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
*Case No. 3:03-cv-00262-JWS*
*(8172-3/242890)*   Page 2 of 6   Exhibit E, Page 2 of 6

a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

5. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. In submitting materials to the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as confidential, and only those specific portions of briefs, applications, and other pleadings that contain verbatim confidential data, or that set forth the substance of such confidential information.

6. To the extent produced in this litigation, access to the evidence to be treated as confidential is restricted to the following authorized persons: A) attorneys of record in this litigation, consulting attorneys and regular employees of such attorneys to whom it is necessary that the evidence be shown for the purposes of this litigation, B) the parties to this litigation, C) independent third persons retained by the attorneys of record in this litigation for the purposes of discovery, preparation, and trial of this litigation, such as

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
*Case No. 3:03-cv-00262-JWS*
*(8172-3 242890)*   Page 3 of 6   Exhibit E, Page 3 of 6

independent experts, consultants, or expert witnesses, and D) witnesses to whom it is necessary to show the evidence for the purpose of testimony in this litigation.

7. With respect to persons identified in paragraph 6, prior to their obtaining access to the evidence to be treated as confidential, they must: A) be informed of this stipulation and order, and B) agree in writing to be bound by its terms.

8. With respect to persons identified in paragraph 6, those persons who do not agree in writing to be bound by the terms of this stipulation and order, as provided in paragraph 7, shall not be given access to the evidence.

9. Within 60 days after the entry of a final judgment in this suit or within 60 days after the conclusion of a final appeal, if an appeal is taken, or the execution of settlement releases, from which no appeal has been or can be taken, all evidence covered by this stipulation and order which is in the possession of persons identified in paragraph 3 shall be either delivered to counsel for the original producing party or shall be destroyed, and counsel for the receiving party shall certify in writing to counsel for the original producing party that the evidence has been destroyed.

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
*Case No. 3:03-cv-00262-JWS*
*(8172-3/242890)*     Page 4 of 6     Exhibit E, Page 4 of 6

DATED at Anchorage, Alaska, this 2nd day of March, 2006.

>HUGHES BAUMAN PFIFFNER
>GORSKI & SEEDORF, LLC
>Attorneys for Plaintiff Lumbermens
>Mutual Casualty Company
>
>By:  s/ Frank A. Pfiffner
>     Frank A. Pfiffner
>     3900 C Street, Suite 1001
>     Anchorage, Alaska 99503
>     Telephone: 907-274-7522
>     Facsimile: 907-263-8320
>     FAP@hbplaw.net
>     ABA No. 7505032

DATED at Anchorage, Alaska, this 2nd day of March, 2006.

>DeLisio Moran Geraghty & Zobel, P.C.
>Attorneys for Defendant George Goerig
>
>By:  s/ Michael C. Geraghty
>     Michael C. Geraghty
>     943 West 6th Avenue
>     Anchorage, AK 99501-2033
>     Telephone: 907-279-9574
>     Facsimile: 907-276-4231
>     mgeraghty@dmgz.com
>     ABA No. 7811097

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
*Case No. 3:03-cv-00262-JWS*
*(8172-3/242890)*   Page 5 of 6                        Exhibit E, Page 5 of 6

DATED at Anchorage, Alaska, this 2nd day of March, 2006.

        Law Offices of Albert Maffei
        Attorneys for Defendants Albert
        Maffei, Bonita Maffei, Maffei
        Family Limited Partnership and
        Maffei, Inc. Profit Sharing Trust

By:   s/ Albert Maffei
       Albert Maffei
       8328 Lake Otis Parkway
       Anchorage, Alaska 99507
       Telephone: 907-277-2503
       Facsimile: 907-277-1239
       almaffei@alaska.net
       ABA No. 5311009

### Certificate of Service

I hereby certify that on March 2, 2006, a copy of the Stipulation For Entry of Protective Order Regarding Certain Evidence was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507

s/ Frank A. Pfiffner

Stipulation For Entry of Protective Order Regarding Certain Evidence
*Lumbermens Mutual Casualty Company v. Maffei, et al.*
*Case No. 3:03-cv-00262-JWS*
*(8172-3 242890)*    Page 6 of 6    Exhibit E, Page 6 of 6