Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone: (907) 277-2503
Facsimile: (907) 277-1239
almaffei@alaska.net
Attorney for Defendants, Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei, Inc. Profit
Sharing Trust

LUMBERMENS MUTUAL CASUALTY )
COMPANY, )
                                           )
              Plaintiff, ) Case No. 3:03-cv-00262-JWS
                                           )
vs. )
                                           )
ALBERT MAFFEI; BONITA MAFFEI; )
MAFFEI FAMILY LIMITED PARTNER- )
SHIP; MAFFEI, INC. PROFIT SHARING )
TRUST; and GEORGE E. GOERIG, )
                                           )
              Defendants. )
_____)

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR PERMISSION TO OBTAIN AN APPRAISAL

This memorandum is in response to the plaintiff's motion dated the 29th day of March, 2006.

**FACTS**

The reference by Lumbermens to the "underlying action" is not only improper, but is also irrelevant, and prejudicial, and has no relevant connection to the

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal
Page 1 of 11

above-entitled matter.  The Maffei Family Limited Partnership, Bonita Maffei and the Maffei, Inc. Profit Sharing Trust were not parties to that litigation.

Likewise, the reference to the Judgment in the underlying action is improper, irrelevant and prejudicial.  The intent that must be proven by Lumbermens takes place at the time of the alleged fraudulent transfers.  The salient part of AS 34.40.010 is:

. . . made with the intent to hinder, delay, or defraud creditors . . .

Whether a judgment could have been anticipated at the time the defendants made the transfers would be purely speculative at best particularly due to the fact that Lumbermens had provided inconsistent information to Maffei.  The Judgment itself cannot be used in this case as evidence of intent in November, 2001.  The Judgment was not entered until February, 2005, approximately three and one-half years after the transfers had been made.

Lumbermens further reasons that the Court may not ultimately have jurisdiction over the property located in Hawaii and, therefore, Lumbermens must retain an appraiser to evaluate the Lahaina Shores condominium so that <u>in the event</u> (emphasis added) the Court is not able to order transfer of the property, it will have adequate information is which to award damages.  Lumbermens further states that the current deadline for the production of expert reports in this case is May 22, 2006 and that, in order to meet that date, Lumbermens must have an order from the Court to allow the

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

appraiser to enter the property and make the appraisal. These statements are inappropriate for the reason that Lumbermens does not now have, nor is Lumbermens assured that it will obtain a judgment in this case which is a predicate to the actions that Lumbermens wishes to take. The expert report could only be relevant if and only if Lumbermens were successful in obtaining a judgment in this case.

In addition thereto, this motion is a duplication of the request under Rule 34, which Lumbermens has previously filed, and which has been opposed by the defendants.

**ARGUMENT**
**I.  LUMBERMENS IS ENTITLED TO ARGUE THE VALUE OF THE PROPETY TO THE JURY AS A BADGE OF FRAUD**

Lumbermens cites a number of the Federal Rules of Civil Procedure including Rule 26(b)(1) which provides that for <u>good cause</u> the court may order the discovery of any matter <u>relevant</u> to the subject matter involved in the action. (emphasis added)

Defendants have already submitted opposition to Lumbermens' Request, under Rule 34, to enter upon land for the purpose of conducting an appraisal.

At page 6 of Lumbermens' Argument, Lumbermens states that the value of the property in relation to the debt owed by Albert Maffei to Lumbermens through the general indemnity agreement as proven in the underlying action is strong circumstantial evidence of the intent of Maffei to hinder, delay and defraud Lumbermens in its attempt

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

Page 3 of 11

1  to recover its expenses under the general indemnity agreement.  This argument is

2  specious.  Lumbermens' Third Party Complaint was filed on December 20, 2001 and a

3  Summons issued on the said date.  It was served on the defendants on December 24,

4  2001.  Therefore there was no action pending on November 21, 2001 when the Maffei

5  Family Limited Partnership ("MFLP") was executed, and many of the conveyances

6  

7  precede the filing of the action by Lumbermens against defendants.  Further,

8  Lumbermens, in their opposition to the motion to compel discovery, argues that

9  Lumbermens should not be compelled to present any evidence, which occurred after the

10  November 21st date.  Now it appears that Lumbermens has taken a contrary approach

11  obviously for the benefit of Lumbermens.

12  

13        At page 7 of Lumbermens memorandum, Lumbermens states as follows:

14  "Lumbermens has attempted through correspondence to assert its right to inspect and

15  evaluate the property and has been rebuffed by counsel for Maffei Defendants, Albert

16  Maffei.  The superficial and insincere response by Albert Maffei was that (1) he does not

17  have title to the condominium, and (2) even if he did, he would not permit an appraisal

18  because Lumbermens should be forced to await a judgment in this action."  Albert

19  Maffei's letter dated February 25, 2006 filed as an Exhibit 3, page 1 of 3 to the motion

20  speaks for itself, and the Court can view that letter and determine on its own, rather than

21  relying on the conclusions reached by Lumbermens, whether they have been rebuffed and

22  whether the letter is a superficial and an insincere response.

23  

24  

25  Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

1   Lumbermens refers to its letter of November 12, 2001 which apparently
2   Lumbermens intends to present to the jury.   However, Lumbermens consistently and
3   continually totally disregards the letter issued by Darren Thomas of Lumbermens dated
4   October 27, 2001, wherein Mr. Thomas stated that he has enclosed to Maffei a copy of
5
6   the indemnity agreement that Maffei signed.  As stated a number of times, the agreement
7   was a three-page agreement, and had no reference to Lumbermens whatsoever.  What
8   Lumbermens also fails to state is that letter and the documents enclosed with it have
9   never been produced by Lumbermens in their disclosures and never been acknowledged
10  by them, nor has Mr. Thomas ever acknowledged that he wrote the letter or stated that he
11
12  made an error when he transmitted a three-page indemnity document.  The Court has
13  called this sloppiness.
14   Lumbermens has stated many times in their pleadings that immediately
15  following the receipt of the letter of November  20, 2001 from Thomas to Maffei, Maffei
16  rushed to attorney Goerig's office and hurriedly had the partnership agreement prepared
17  without citing any proof whatsoever.  What Lumbermens fails to mention is that in order
18
19  to prepare such a family partnership agreement as Mr. Goerig prepared, it would require
20  at least one, but more than likely a number of interviews with the client, and then to
21  prepare the agreement and have it reviewed does not fit the scenario submitted by
22  Lumbermens.
23
24
25  Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

Page 5 of 11

1    The other matter that Lumbermens fails to admit is that they have been given relief on the judgment by the Court issuing a Charging Order which, in effect, provides that if there is any distribution from the MFLP to Maffei, that distribution must be made to Lumbermens.

## II. THE LOCATION OF THE LAHAINA SHORES CONDOMINIUM MAKES IT VALUATION NECESSARY.

The next argument by Lumbermens is that the request will lead to discovery of admissible evidence; that is, the value of the property fraudulently transferred to the MFLP. That argument is not persuasive for the reason that Lumbermens as yet does not have judgment against the MFLP requiring it to disgorge the property.

Lumbermens also treats the transfer of the property from Maffei to the MFLP as having no value. This is contrary to the Alaska Statutes. AS 32.06.401(a) provides as follows:

> . . . Each partner is considered to have an account that is
> (1) credited with an amount equal to
> (A) the money and the value of any other property, net of the amount of any liabilities, the partner contributes to the partnership; …

In other words, at the time of transfer, the partnership interest is equal to the value of the property transferred.

Lumbermens cites *Summers v. Hagen*, 852 P.2d at 1070 as authority for the purpose of establishing the value of the purported damages to be awarded which,

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

according to the said case, are to be the lesser of the amount of the value of the property or the remaining debt.

That case, however, is misapplied. What Lumbermens fails to state is that in *Hagen*, the question of damages arose after a stipulated judgment had been entered into and, in valuing the fraudulently transferred property, the Court, at page 1170 of that case, stated as follows:

> . . . The value of the fraudulently transferred property should be determined as of the time of the fraudulent transfer or when the creditor reduces the debt to judgment, whichever occurs later.

In this case, the value should be determined after a judgment is entered. Therefore there is absolutely no reason for determining the value at this date. The value at this date would be totally irrelevant since it is neither the value at the time of transfer or at the time after judgment.

Lumbermens refers to the fact it is now up against a deadline for providing an expert witness list and expert report by May 22, 2006. That date was set by stipulation extending an earlier date for the filing of the expert witness list and the report. The question is has Lumbermens shown due diligence in pursuing the request for appraisal. This Court has in the past stressed the fact that due diligence is required.

The property in question was transferred by deed to the MFLP on March 26, 2002. A copy of the deed is attached as Exhibit A. The Complaint in this action was filed by Lumbermens in November, 2003. The allegations in the Complaint clearly

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

show that Lumbermens was aware of the transfer of the Hawaii property when the Complaint was filed.  Therefore, Lumbermens cannot now complain it is operating on a deadline which incidentally was set by Lumbermens and agreed to by stipulation.

1. Lumbermens states that the Hawaii property is possibly beyond the jurisdiction of the Court.  If such is the case, then the motion should be denied without further argument.  Lumbermens, however, has filed an exemplified copy of a foreign judgment in Hawaii.  A. copy of the Notice Of Filing Foreign Judgment is attached as Exhibit B.

2. That the underlying case has been appealed and is currently on appeal at the Ninth Circuit Court of Appeals.  That appeal is still pending and if the appeal is granted, appellants have requested a new trial, which, if granted, would require the Court in this case to again place this case in an abeyance status.

3. Lumbermens treats the Judgment entered in the underlying case (Exhibit A to plaintiff's motion) as being the judgment applicable to this case and to this motion (citing *Summers v. Hagan, supra*).  However, that case on its facts is not applicable to the issue on the Lumbermens' motion because, in the *Summers* case, a stipulated judgment had been entered into, whereas, in this case, no judgment has been entered.

4. According to *Summers v. Hagan*, supra, as cited hereinabove, the request for an appraisal is irrelevant at this time since the value is to be determined either

at the time the transfer is made or at the time a judgment is entered, whichever is later. Therefore there is no reason for the Court to determine the damages, if any, prior to the issuance of a judgment in this case.

### III. AN ORDER PERMITTING AN APPRAISAL OF THE LAHANIA SHORES CONDOMINIUM WOULD NOT PREJUDICE THE DEFENDANTS.

Whether the defendants are prejudiced or not is really not an issue that needs to be considered in this case. Again, Lumbermens cites the deadline of May 22, 2006 in which to file expert witness lists and reports. However, Lumbermens have not been diligent in pursuing an appraisal of the property. Lumbermens' initial request is dated February 23, 2006. (Exhibit 2 to plaintiff's motion) Lumbermens had notice that the property in Hawaii had been transferred when it filed its original Complaint on November 10, 2003 alleging that the subject property had been fraudulently conveyed. (¶ 41, pp. 10, 11 of the Complaint) Lumbermens filed its Amended Complaint on the 26th day of February, 2004 alleging again the fraudulent conveyance of the Hawaii property. The defendants have made disclosures to Lumbermens on the 12th day of August, 2005 which included a deed to the Hawaii property. (¶ 41, pp. 10, 11 of the

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

Page 9 of 11

Amended Complaint)  Therefore Lumbermens argument that timeliness is critical is inappropriate since Lumbermens had notice of the transfer of the Hawaii property for not months, but years.  That argument should fail.

5.  Lumbermens continues to refer to the transfers by Albert Maffei as an attempt to hide assets and that he is still trying to hide them which is contrary to the evidence that even Lumbermens has produced.  Lumbermens has placed a Notice of Lis Pendens on each parcel of real estate that has been transferred to the MFLP in Anchorage, the Matanuska-Susitna Borough and Hawaii.  Lumbermens has cited no authority that the value of the property somehow is circumstantial evidence of the defendants' intent to hinder and defraud Lumbermens.  Lumbermens continues to reference the demand letters by Darren Thomas of Lumbermens, but fails to mention the fact that Darren Thomas, acting on behalf of Lumbermens, supplied evidence that totally contradicted the demands being made.   This evidence Lumbermens has refused to supply under defendants' request for discovery.

Therefore, not only should be motion be denied, but the Court should enter a similar order to that entered to the opposition to the request, under Rule 34, to allow an appraiser to enter the land and on the same grounds.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission
To Obtain An Appraisal

Respectfully submitted this 13th day of April, 2006.

LAW OFFICES, LLC

By: s/ Albert Maffei
Albert Maffei
Attorney for Defendants Albert Maffei, Bonita Maffei, Maffei Family Limited Partnership and Maffei, Inc. Profit Sharing Trust
ABA No. 5311009

Certificate of Service

I hereby certify that on April 13, 2006, a copy of the Objection To Motion For Permission To File Second Amended Complaint was served electronically on:

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska, 99503

Michael c. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska, 99501

s/ Albert Maffei

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Defendants' Responses To Plaintiff's Motion For Permission To Obtain An Appraisal

Page 11 of 11