Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone: (907) 277-2503
Facsimile: (907) 277-1239
almaffei@alaska.net
Attorney for Defendants, Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei, Inc. Profit
Sharing Trust

LUMBERMENS MUTUAL CASUALTY )
COMPANY, )
 )
        Plaintiff, ) Case No. 3:03-cv-00262-JWS
 )
vs. )
 )
ALBERT MAFFEI; BONITA MAFFEI; )
MAFFEI FAMILY LIMITED PARTNER- )
SHIP; MAFFEI, INC. PROFIT SHARING )
TRUST; and GEORGE E. GOERIG, )
 )
        Defendants. )
_____)

## OPPOSITION TO MOTION FOR PERMISSION
## TO FILE SECOND AMENDED COMPLAINT

On the 3rd day of April, 2006, Lumbermens filed its motion for permission to file its Second Amended Complaint on the grounds that it is necessary for the purposes of accuracy and clarification as a result of (1) entry of judgment in the underlying action; and (2) information obtained during the course of discovery in this case.

Lumbermens has failed to meet the factors appropriate for a motion for leave to amend.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition to Motion For Permission To
File Second Amended Complaint

1       The proposed amendments fail to meet the test of undue delay, prejudice to the defendants, futility of amendment, and that the plaintiff has previously amended its Complaint.

    Of particular concern to the defendants is the addition of paragraphs 23 and 24 which identify the judgment in another case. The same applies to the wording added to paragraph 26. The insertion of the Judgment in the Second Amended Complaint is not only irrelevant and immaterial, but extremely prejudicial to the defendants. The allegations should only set forth the situation as it existed at the time the Maffei Family Limited Partnership ("MFLP") was executed and the transfers made; not four years later when a Judgment was entered.

    Regarding the amendments to paragraphs 27 and 29 of the Second Amended Complaint, Lumbermens states that during the course of discovery, they learned that Bonita Maffei also transferred assets as well. This is contrary to the allegations of the Complaint and Amended Complaint wherein paragraphs 31, 34, 37, 45, 48 and 51, as well as other allegations are transfers by Bonita Maffei and therefore the amendment is simply redundant.

    In *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.,1990), the Court reviewed the exercise of discretion by a lower court concerning a motion to amend pleadings and stated, as follows:

> . . . In exercising its discretion, however, the district court must be guided by the command of Fed. R. Civ. P. 15(a) which provided that 'leave shall be freely given when justice so requires.'
>
> Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Ascon Properties,* 886 F.2d at 1160.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition to Motion For Permission To
File Second Amended Complaint

Lumbermens has failed in four respects regarding the factors: (1) undue delay; (2) prejudice to the defendants; (3) futility of amendment; and (4) that plaintiff has previously amended its Complaint.

### I. THE JUDGMENT ENTERED IN THE UNDERLYING ACTION PROVIDES THE PRIMARY JUSTIFICATION FOR AMENDING THE CURRENT COMPLAINT.

Lumbermens further states that the right to relief was based on Lumbermens' "claims" rather than a judgment. Lumbermens had it right in the first place. Their right to relief should only be based on claims, not the judgment. The Court should not allow the jury to have any knowledge of the Judgment since the Judgment is irrelevant in this case for the reason that there was no judgment at the time of the alleged fraudulent conveyances, nor were there any expectations of a judgment being entered at that time since only claims had been made, but no action had been filed against the defendants.

Lumbermens is also subject to the defense of undue delay and prejudice to the opposing party since the Judgment was entered in February of 2005, whereas, Lumbermens did not file the motion to amend the Complaint or request the consent to file the Second Amended Complaint until a year after the Judgment was entered. The prejudice is that the defendants would now be required to file an answer to the proposed Second Amended Complaint, which is voluminous while at the same time, the parties are engaged in discovery and discovery motions. Lumbermens has also failed to show the requisite good cause required under Fed. R. Civ. P. 15(a).

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition to Motion For Permission To
File Second Amended Complaint

Page 3 of 6

II. **THE PROPOSED AMENDMENT ADDS INFORMATION OBTAINED DURING DISCOVERY IN THIS CASE.**

Lumbermens argues that the Second Amended Complaint is necessary because Lumbermens has obtained information during the discovery; the information regarding the fact that Bonita Maffei transferred her assets as well as Albert Maffei. As stated in the first page of this opposition, Bonita Maffei's name was mentioned on a number of occasions as being a party to transfers of her own interest in property. Adding other assets is simply a factual issue and not a pleading issue. *Palmer v. Board of Educ. of Community, Unit Sch. Dist.*, 201-U, 46 F.3d 682 (7th Cir. 1995).

III. **NO PREJUDICE IS BORNE BY THE DEFENDANTS AS A RESULT OF THE PROPOSED AMENDMENTS**

Lumbermens admits that the Second Amended Complaint does not add any claims for relief, nor assert a new legal theory. However, it states in essence the amendment is an attempt to reconcile the allegations in the complaint to the facts which have been discovered or otherwise established since the original Complaint was filed.

In other words, every time there is a change in facts, or facts are added Lumbermens intends to file new pleadings. This is contrary to Rule 8(a) of Fed. R. Civ. P., particularly paragraph (a)(2)(3). Paragraph (2) provides that that the pleadings shall contain a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition to Motion For Permission To
File Second Amended Complaint

Page 4 of 6

Lumbermens further states that the revisions are not due to dilatory tactics, and attempts to place the blame on the defendants where Lumbermens has phrased the actions of the defendants as dilatory conduct, failure to respond, not meeting the discovery obligations in a timely manner.  However, the record fails to support Lumbermens.  Lumbermens has no justifiable reason for its delay when the final Judgment in the other case was entered in February, 2005 and discovery was responded to by the defendants in this case on August 12, 2005.  Lumbermens was aware of all its proposed amendments prior to the deadline for filing amended pleadings.

## **CONCLUSION**

The motion should be denied for the reasons that Lumbermens has failed to explain the undue delay; the fact that there is prejudice to the defendants; the futility of amendment, particularly regarding the insertion of the Judgment in the other case; and, of course, that plaintiff has already amended its Complaint once and should not be allowed to amend it a second time.

Respectfully submitted this 18th day of April, 2006.

LAW OFFICES, LLC

By: s/ Albert Maffei
    Albert Maffei
    Attorney for Defendants Albert
    Maffei, Bonita Maffei, Maffei
    Family Limited Partnership and
    Maffei, Inc. Profit Sharing Trust
    ABA No. 5311009

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition to Motion For Permission To
File Second Amended Complaint

Certificate of Service

1    I hereby certify that on April 18, 2006, a copy of the Objection To Motion For Permission To File Second Amended Complaint was served electronically on:

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska, 99503

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska, 99501

s/ Albert Maffei

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition to Motion For Permission To
File Second Amended Complaint