Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>    Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br>3:03-cv-00262-JWS |

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PERMISSION TO OBTAIN AN APPRAISAL**

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

Lumbermens replies briefly to the inaccuracies and misstatements contained in Defendants' Response to Plaintiff's Motion for Permission to Obtain Appraisal as follows:

1. **THE "FACTS" SECTION OF DEFENDANTS' RESPONSE DOES NOT RECITE FACTS.**

As a preliminary matter, the Response Brief of Albert and Bonita Maffei, the Maffei Family Limited Partnership ("MFLP"), and the Maffei, Inc. Profit Sharing Trust ("the Maffei Defendants") begins with a section entitled "Facts" which sets forth nothing more than the opinions and arguments of Albert Maffei. Rather than set forth facts in support of the right to deny Lumbermens access to the property in Hawaii, the Maffei Defendants argue in their fact statement that (1) the underlying action had no relevant connection to the instant case; (2) the Judgment in the underlying action has no relevance to the instant case; and (3) an appraisal could only have relevance if Lumbermens obtained a judgment in this case. There are no citations to facts in the record in this case.

The Maffei Defendants are wrong when they argue at length that the underlying action, Civil Case A01-0309 CV (JWS), and the Judgment entered therein are irrelevant to this case. Lumbermens alleges in this case that Albert Maffei, with the assistance of his wife, Bonita, and his attorney, George Goerig, fraudulently conveyed real and personal property into a family partnership in order to avoid meeting Maffei's financial obligations to Lumbermens under a general indemnity agreement ("GIA") and thereby

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

Page 2 of 14

speaks directly to Albert Maffei's motive in creating the MFLP when he did and transferring all of his assets into it. The Judgment in the underlying case legally established the existence of the obligation of Maffei under the GIA. How could the underlying case be more relevant?

Likewise, the Maffei Defendants' assertion that an appraisal could only have relevance if Lumbermens obtained a judgment in this case is specious. As explained in Lumbermens' Motion, it is entitled to argue the value of the Hawaii property as a badge of fraud – and an obvious example of the fruit of Maffei's dishonest activity.

On a much more fundamental level, the argument by the Maffei Defendants that Lumbermens is not entitled to value a property which was fraudulently transferred by Maffei resulting in this litigation because the value of the property is irrelevant is ludicrous. Consider, for example, Lumbermens' Fifth Cause of Action against the Maffei Defendants for Racketeering. Paragraph 101 of Lumbermens Amended Complaint:

> Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig *received income from a pattern of racketeering activity and used the income or the proceeds of the income in acquisition of an interest in enterprises engaged in, or the activities of which affect, interstate commerce.*[1]

The appreciation of the value of the property is income to the enterprise inasmuch as it provides increased collateral for additional purchases by the MFLP for the benefit of the

---

[1] (emphasis supplied).

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/245660)

Maffei family, and provides the potential for a vast windfall as soon as this litigation has ended if Maffei is successful in this fraud.

Moreover, pursuant to 18 U.S.C. § 1964(c), Lumbermens is entitled to recover its actual damages and three times the damages it has sustained as a result of the racketeering of the Maffei Defendants. If the property had been transferred to Lumbermens in 2001 consistent with the GIA, Lumbermens would have been the beneficiary of the appreciation on the property, and the loss of the appreciation represents actual damages. The value of the property is highly relevant, therefore, to the actual damages that Lumbermens will argue at trial.

It is common knowledge that the value of property in Hawaii has sky rocketed over the past three years. The increase in the value of the Lahaina Shores Condominium is of direct benefit to the MFLP and to those who have any interest in the partnership, not only because it represents potential income if ultimately transferred, but because the value may be used today as collateral for additional purchases. Moreover, the financial sophistication of Albert Maffei, both individually and through his advisors, make it extremely likely that he was aware of the potential appreciation when he transferred the property into the MFLP. This is just a single example of the relevance of the value of the Hawaii property to this action.

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

Finally, the Maffei Defendants' claim that Lumbermens' Motion was a duplication of a Rule 34 request, "which has been opposed by the defendants" is misleading. As pointed out in Lumbermens' Motion, a request was made to enter upon the property for the purpose of inspecting the property and obtaining an appraisal on February 23, 2006.[2] Albert Maffei, attorney for the Maffei Defendants, denied the request.[3] On March 29, 2006, Lumbermens served a second Rule 34 Request on the Maffei Defendants seeking permission to enter upon the property to inspect and obtain an appraisal.[4] Simultaneous with his filing of the Reply to Lumbermens' Motion to Permit Appraisal on April 13, 2006, Albert Maffei provided Lumbermens with a document entitled: OBJECTION TO LUMBERMENS REQUEST FOR ENTRY UPON LAND TO DEFENDANT MAFFEI FAMILY LIMITED PARTNERSHIP, again refusing access to the property.

More to the point, Lumbermens' Motion to Permit Appraisal was not a "duplication" of a request. It was an appeal to the court for assistance in obtaining access to the Lahaina Shores Condominium to make an appraisal in light of Albert Maffei's refusal to grant access. The unsupported arguments set forward in the Maffei

---

[2] *See* Exhibit B2 to Lumbermens Motion for Permission to Obtain Appraisal.
[3] *See* Exhibit B3 to Lumbermens Motion for Permission to Obtain Appraisal.
[4] A copy of LUMBERMENS' REQUEST FOR ENTRY UPON LAND TO DEFENDANT MAFFEI FAMILY LIMITED PARTNERSHIP is attached hereto as Exhibit A.

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

Defendants' recent Response Brief are clear examples of the type of foot dragging that Lumbermens has faced since it initiated this lawsuit.

2. **LUMBERMENS IS ENTITLED TO ARGUE THE VALUE OF THE PROPERTY TO THE JURY AS A BADGE OF FRAUD.**

The Maffei Defendants' reasoning in attacking Lumbermens' right to present the value of the property to the jury is odd. They claim that because there was no lawsuit pending on November 21, 2001, the conveyances to the MFLP made at that time could not have been fraudulent? Lumbermens' Complaint is crystal clear. Maffei was obligated to Lumbermens under the GIA to provide collateral support for the Cold Bay project. When he was called upon to produce the collateral, he began transferring his assets into a newly created legal construct in an effort to hide them from Lumbermens. And he continues to hide them there to this day.[5] While Lumbermens continues to pursue recovery of the money owed to it by Maffei, Maffei's assets, resting in the comfort of the MFLP, continue to appreciate.

As to Maffei's offer to allow the court to review his February 25, 2006 letter and to determine for itself whether Lumbermens was rebuffed in its request for an appraisal, there is no other possible interpretation. Lumbermens' letter of February 23, 2006 was

---

[5] Maffei's attempt to play a game of semantics in arguing that *the assets aren't "hidden" because Lumbermens knows where they are* is more than a little disingenuous. We are here before the court on this particular motion because Albert Maffei, counsel for the Maffei Defendants, refused to allow access to the property. The lawsuit was filed because Maffei hid the property from Lumbermens.

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

directed to Maffei, who represents the MFLP and the other Maffei Defendants.[6] Maffei attempted to avoid responsibility for his response by claiming disassociation with the title. A month and a half later, when confronted with a second requested, he denies access again. What is there to interpret? Maffei continues to play a shell game with the assets he transferred into the MFLP, and under the circumstances presented here, it must be stopped.

Maffei's repeated references to an October 27, 2001 letter from Darren Thomas are wholly irrelevant because the Judgment in the underlying action has already established the financial obligation of Albert Maffei under the GIA. Likewise, Mr. Maffei's communications with George Goerig immediately preceding the establishment of the MFLP hardly cleanse Maffei of impropriety. The business failure that resulted in Lumbermens calling Maffei on his obligation was owned by Maffei's son-in-law. Maffei clearly knew the financial situation with the Cold Bay project in advance of the November 21, 2001 letter from Lumbermens. The issues Maffei attempts to raise in the Maffei Defendants' Response are red herrings and do not free the Maffei Defendants from their discovery obligations in this case.

---

[6] Again, relying on semantics, Maffei self-servingly interpreted the February 23, 2006 letter from Lumbermens' attorney as being to him individually. Yet Maffei is involved in litigation as counsel for the Maffei Defendants, and he represents all of those defendants. Technically speaking, *all* of Lumbermens' correspondence is to Maffei as counsel for the Maffei Defendants, since to contact an individual who is represented by counsel would be improper.

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

Finally, the Maffei Defendants' reference to the charging order of the court in the underlying action as a basis for denying Lumbermens access to the property in Hawaii to obtain an appraisal in this action is off target. The Judgment in the underlying action established a basis for recovering sums owed to Lumbermens under the GIA. The assets wrongfully transferred by Maffei in this case are both evidence of wrongdoing and a resource for recovery.

### 3. THE LOCATION OF THE LAHAINA SHORES PROPERTY MAKES ITS VALUATION NECESSARY.

As explained briefly in Section 1 above, the importance of the value of the property in Hawaii is not limited to ultimate recovery in this case. It is evidence of continuing profit by Albert Maffei and the Maffei Defendants in the form of appreciation of the property wrongfully transferred in 2001. That evidence supports Lumbermens' RICO claim against the Maffei Defendants.

Further, the fact that the property continues to appreciate to the benefit of the Maffei family in spite of their wrongful transfer of the asset to avoid Albert Maffei's obligations is a badge of fraud, as discussed in Lumbermens' Motion. Lumbermens is entitled to argue to the jury that Albert Maffei and Bonita Maffei knew that the property in Hawaii would appreciate (and they were correct) and rather than use it to meet their obligations, they moved the asset into the MFLP, which is obviously constructed for the benefit of Albert and Bonita Maffei.

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

Maffei's argument that Lumbermens treats the transfer of the property from Maffei to the MFLP as having no value is simply wrong. The property did have value at the time it was transferred, and that amount was taken from Lumbermens wrongfully. However, Lumbermens has continued to suffer financial loss from the transfer as the property continued to appreciate to the benefit of Albert and Bonita Maffei, who have been wrongfully enriched.

The Maffei Defendants focus in their Response on the lack of a judgment in this case as a basis for denying an appraisal. If ultimate recovery of the value of the property were the only basis for seeking its valuation, the Maffei argument may have greater credibility. As it stands, however, the appreciation of the property, and the knowledge and expectation of Maffei at the time of the transfer of the property that such appreciation would occur, is evidence of motive -- intent to defraud.

Finally, the complaint by Maffei that Lumbermens has known of the transfer of the Hawaii property since the inception of the case and should not now be permitted to mention the upcoming deadline for obtaining expert reports is disingenuous. Not only does Maffei not mention that discovery in this case was stayed while the underlying action proceeded, but he ignores that his own feet dragging in allowing the appraisal is what is causing the delay and pushing Lumbermens up against the deadline. Moreover, a decision by the court following the submission of Lumbermens' Reply leaves ample time

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

to obtain the appraisal and to submit the referenced expert report. Again, the arguments made by Maffei are red herrings.

4. **IN RESPONSE TO MAFFEI'S NUMBERED PARAGRAPHS.**

1. Lumbermens has expressed concern that the property may be beyond the jurisdiction of the court and therefore requests an opportunity to obtain the appraisal so that the value of the property is known in the event the court is unable to order transfer of the real property. The MFLP, however, is not beyond the jurisdiction of the court, and can be ordered to participate in discovery in this case. The filing of the Notice of Filing of Foreign Judgment in Hawaii by Lumbermens is irrelevant on this issue.

2. The fact that the underlying case has been appealed by Albert Maffei has no apparent bearing on the request by Lumbermens to conduct discovery in this case, and his inference that this action may again be placed in abeyance at some point in the future is both speculative and irrelevant. Discovery in this case is taking place now.

3. Maffei's attempted distinction between this action and *Summers v. Hagan* is irrelevant. The underlying judgment establishes the fact that Maffei was obligated under the GIA to provide collateral support to Lumbermens for the Cold Bay project. Without that obligation, we would not be here.

4. Maffei's insistence that the value is relevant only to recovery is incorrect and has been addressed at length above. The appreciation of the property, combined with

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)
Page 10 of 14

Maffei's knowledge or expectation of that probability in 2001, is evidence of his motive and intent to hide the asset from Lumbermens for his own benefit and that of his family.

5. There is no prejudice to the Maffei Defendants resulting from an appraisal of the property and such is admitted in the Maffei Defendants' Response at page 9. Moreover, their insistence that Lumbermens has not been diligent is belied by the facts that (1) Lumbermens has been forced to continually prompt and prod Albert Maffei and the Maffei Defendants to participate in discovery (their initial responses to Lumbermens December 1, 2003 discovery requests were not provided until August 12, 2005)[7]; (2) Lumbermens has been forced to file motions to compel the participation of the Maffei Defendants in the discovery process; and (3) Lumbermens has again been forced to seek the court's assistance in obtaining relief here in the form of ordering that an entry be permitted under Rule 34.

6. Maffei's claim that Lumbermens has offered no authority that the value of property is circumstantial evidence of the defendant's intent to defraud is utterly confusing. A jury will conclude that the value of the property, together with the level of financial sophistication of the defendant and his financial advisors, are sufficient circumstantial evidence of intent to protect assets from Lumbermens. And Maffei's

---

[7] *See* Exhibits A and B to Lumbermens' April 7, 2006 Motion to Compel.

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

repeated loose references to Darren Thomas are unsupported by any citation or reference to specific evidence and must be disregarded.

5. **CONCLUSION**

In summary, the Maffei Defendants have steadfastly refused to allow Lumbermens access to property which the complaint specifically states was fraudulently transferred into a legal construct for the purpose of hiding it from Lumbermens. The appreciation of the property is relevant to Maffei's intent at the time of transfer as well as the actual damages suffered by Lumbermens. And it is relevant to the benefit Albert Maffei and the Maffei Defendants continue to enjoy from the property, which is relevant to Lumbermens' RICO claim.

It is well established that the discovery rules should be given broad, liberal interpretation.[8] In particular, relevancy in the discovery context is extremely broad, and a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action.[9] Rules 26 and 34 clearly

---

[8] *Sinco, Inc. v. B & O Mfg.*, 2005 U.S. Dist. LEXIS 12086, *4-5 (D. Minn. 2005) (*citing Edgar v. Finley*, 312 F.2d 533, 535 (8th Cir. 1963)).

[9] *Id. See also Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992); and *Gladfelter v. Wal-Mart Stores*, 162 F.R.D. 589 (D. Neb. 1995) (stating that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action); and *Adelman v. Brady*, 1990 U.S. Dist. LEXIS 4842 (D. Pa. 1990) (stating that relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/245660)

contemplate allowing discovery in situations such as is presented herein to the court and the Maffei Defendants have not offered a single citation to authority in their Response which would suggest otherwise. Lumbermens has sought proper discovery in good faith and requests that this court order the Maffei Defendants to permit entry upon the Lahaina Shores property for the purpose of inspecting the property and obtaining an appraisal.

DATED at Anchorage, Alaska, this 18th day of April, 2006.

    HUGHES BAUMAN PFIFFNER
    GORSKI & SEEDORF, LLC
    Attorneys for Plaintiff Lumbermens
    Mutual Casualty Company


By:   s/ Frank A. Pfiffner
      Frank A. Pfiffner
      3900 C Street, Suite 1001
      Anchorage, Alaska  99503
      Telephone: 907-274-7522
      Facsimile: 907-263-8320
      FAP@hbplaw.net
      ABA No. 7505032

---

the pleadings or to the merits of the case. Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action).

Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/245660)

Certificate of Service

I hereby certify that on April 18, 2006, a copy of the Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain an Appraisal was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507


s/ Frank A. Pfiffner


Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain An Appraisal
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/245660)