Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>　　　　　　Defendants. | 3:03-cv-00262-JWS |

**MOTION TO COMPEL DISCOVERY RESPONSES**

On February 16, 2006, Lumbermens Mutual Casualty Company ("Lumbermens") propounded its Third Discovery to Defendants Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership ("MFLP") and the Maffei, Inc. Profit Sharing Trust

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

(collectively, "the Maffei Defendants"). The discovery contained twenty-eight requests for production designed to obtain financial information at issue in this action. On March 20, 2006, Albert Maffei responded on behalf of the Maffei Defendants, objecting to twenty-two of the twenty-eight requests on the grounds of relevancy, and refusing to produce any documents in response to said requests. The undersigned attempted again on April 10, 2006, to resolve the discovery dispute with counsel for the Maffei Defendants by correspondence. On April 18, 2006, counsel received a response from the Maffei Defendants which produced documents in response to five of the disputed requests, but which reasserted objections to seventeen requests. The undersigned has attempted in good faith to resolve this discovery dispute without success. Therefore, the plaintiff seeks the court's assistance in compelling production.

## BACKGROUND

On February 16, 2006, Lumbermens propounded its third set of discovery requests to the Maffei Defendants.[1] The discovery contained twenty-eight requests for production designed to obtain financial information at issue in this action. The requests for production included: (1) requests relating to wills, trust agreements, power of attorney documents and estate planning documents for the Maffeis;[2] (2) documents identifying

---

[1] *See* Third Discovery to Defendants Albert Maffei, Bonita Maffei, The Maffei Family Limited Partnership, and The Maffei, Inc. Profit Sharing Trust, a copy of which is attached hereto as Exhibit A.

[2] *See* Exhibit A, Request Nos. 3-7.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

beneficiaries of and contributors to the Maffei, Inc. Profit Sharing Trust;[3] (3) beneficiaries of and contributors to the MFLP and/or Albert Maffei;[4] and miscellaneous accounting documents.[5]

On March 20, 2006, Albert Maffei responded on behalf of the Maffei Defendants, objecting to twenty-two of the twenty-eight requests on the grounds of relevancy and refusing to produce any documents for said requests. With regard to Request Nos. 3-7, addressing personal financial information, and requests 10-13, addressing the Maffei, Inc. Profit Sharing Trust, Mr. Maffei stated:

> The Request for Discovery is not relevant to any disputed issue of this case and cannot reasonably lead to the discovery of relevant evidence.

With regard to Request Nos. 16-28, which sought to identify information relating to the MFLP and Albert Maffei, together with information relating to accountants of Mr. Maffei, the defendant offered the following objections:

> This Request is in violation of the Court issued Charging Order which you have referenced to on a number of occasions as well as being prohibited by AS 32.11.340(b). This Request is also objectionable on the grounds that to this date, no judgment has been entered against the Maffei Family Limited Partnership or any of the other defendants except Albert

---

[3] *See* Exhibit A, Request Nos. 10-13.

[4] *See* Exhibit A, Request Nos. 16-27.

[5] *See* Exhibit A, Request No. 28.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

> Maffei, which Judgment was entered in a totally separate action and this action cannot be used to attempt to recover that Judgment. Further, the Request for Discovery is not relevant to any disputed issue in this case and cannot reasonably lead to the discovery of relevant evidence.

On April 10, 2006, counsel for Lumbermens again requested that the Maffei Defendants reconsider their objections.[6] In correspondence dated April 17, 2006, the Maffei Defendants withdrew their objections to Requests 3-7 and produced wills and powers of attorney.[7] Albert Maffei reasserted the objections to the remaining seventeen requests.[8]

Lumbermens has attempted in good faith to resolve the discovery dispute between the parties without resorting to motion practice, but has been unsuccessful. Therefore, the plaintiff seeks the court's assistance in compelling production.

### ARGUMENT AND CITATION OF AUTHORITIES

Parties may obtain discovery regarding any matter, not privileged, whether it relates to a claim or defense of the party seeking discovery or the claim or defense of another party, so long as the requests are reasonably calculated to lead to the discovery of

---

[6] *See* Correspondence from Frank Pfiffner to Albert Maffei dated April 10, 2006, a copy of which is attached hereto as Exhibit B.

[7] *See* Correspondence from Albert Maffei to Frank Pfiffner dated April 17, 2006, attached hereto as Exhibit C.

[8] *See* Exhibit C.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

admissible evidence.[9]  If the party under obligation to respond evades the request or provides incomplete disclosures, answers, or responses, the party propounding the discovery requests, after making a good faith attempt to obtain discovery responses, may move for an order compelling answers, inspection, or production.[10]

If the motion to compel is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the party or attorney advising such conduct or both to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the behavior of the non-movant is somehow justified.[11]

Generally, the discovery rules should be given broad, liberal interpretation.[12] In particular, relevancy in the discovery context is extremely broad, and a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action.[13] The purposes of discovery are to narrow

---

[9]  FRCP 26(b)(1).

[10]  FRCP 37(a)(2)(B).

[11]  FRCP 37(a)(4).

[12] *Sinco, Inc. v. B & O Mfg.*, 2005 U.S. Dist. LEXIS 12086, *4-5 (D. Minn. 2005) (*citing Edgar v. Finley*, 312 F.2d 533, 535 (8th Cir. 1963)).

[13]  *Id.*  See also *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992); and *Gladfelter v. Wal-Mart Stores*, 162 F.R.D. 589 (D. Neb. 1995) (stating

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

the issues, obtain evidence for use at trial, and secure information about where and how such evidence can be obtained.[14] The burden is on the party objecting to discovery to show that discovery should not be had.[15]

### 1. The Information Sought Is Clearly Relevant.

Albert Maffei continues to object to seventeen of twenty-eight requests for production on the grounds that they are not relevant to this action. Such could not be further from the truth, especially in light of the broad and liberal interpretation to be granted the discovery rules under F.R.C.P. 26 and the presumption that discovery requests are relevant **unless it is clear** that the information has no bearing on the action's subject matter.

---

that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action); and *Adelman v. Brady*, 1990 U.S. Dist. LEXIS 4842 (D. Pa. 1990) (stating that relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action).

[14] *Hodges v. Heap*, 40 F.R.D. 314, 315 (D. N.D. 1966). *See also Burlington Northern & Santa Fe Railway Company v. United States District Court for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (noting that the purpose of discovery is "to provide a mechanism for making relevant information available to the litigants").

[15] *Mueller v. Walker*, 124 F.R.D. 654, 656 (D. Or. 1989). *See also Johnson & Johnston v. R.E. Serv. Co.*, 2004 U.S. Dist. LEXIS 26973, *4 (N.D. Cal. 2004) (stating that Case law supports a requirement that a party objecting to a discovery request state specific facts in support of its objection).

As Lumbermens was forced to point out in a prior motion to compel, a primary example of the support for Lumbermens' entitlement to the financial information sought is contained in the Agreement of Indemnity ("GIA").[16] Paragraph 12 of the GIA is entitled, "Security Agreement" and in part states the following:

> Further, the Indemnitor and the Contractor hereby create a lien in favor of the Company in all of their property described herein, to the fullest extent permitted by law upon the filing hereof until the complete satisfaction of all of the obligations of the indemnitor and the Contractor to the Company. The Surety is hereby specifically empowered to make, file, and record any instrument including real and personal mortgages in the name of the Indemnitors **encumbering any property, real or personal, known to the Surety to be owned by the Indemnitor and which is lawful collateral for the purposes expressed in this agreement.**[17]

Moreover, Paragraph 28 of the GIA is entitled, "Financial Information" and states the following:

> The undersigned hereby covenant and agree that the Surety will be given **immediate notice of the** transfer or hypothecation of any principal asset of the undersigned. **The undersigned further shall provide annual financial statements of each at least annually**, in form acceptable to the Surety, which statement shall be certified as accurate and truthful.[18]

---

[16] A copy of the GIA is attached hereto as Exhibit D.

[17] *See* Exhibit D, Paragraph 12 (emphasis supplied).

[18] *See* Exhibit D, Paragraph 28 (emphasis supplied).

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

Thus, Paragraph 28 further requires the indemnitors to provide detailed financial information to the Surety. The same issue is approached under Paragraph 9, entitled "Books and Records"

> At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, **the Surety shall have the right to reasonable access to the books, records, and accounts of the Contractor and Indemnitors**: and any bank depository, materialman, supply house or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.[19]

Lumbermens' is entitled to the discovery information that it is seeking from the Maffei Defendants and Albert Maffei as a direct result of the fraudulent conveyance of assets in this case. It is apparent to even the most casual observer that the discovery requests at issue have been designed and are reasonably calculated to lead to discovery relating to assets to which Lumbermens had a right, and which may ultimately have been fraudulently conveyed by Maffei into (and possibly out of) the MFLP and the Profit Sharing Trust. Both the MFLP and the Profit Sharing Trust are parties to this action. For Maffei to argue that the information requested is irrelevant is nothing more than a continued effort to hide information that is relevant to the claims in this case.

---

[19] *See* Exhibit D, Paragraph 9.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

2. **Neither The Court's Charging Order in A01-309 CV (JWS) Nor AS 32.11.340(b) Prohibits Requests In This Action Regarding the Activity of the MFLP.**

AS 32.11.340(b) provides:

> This section provides the exclusive remedy that a judgment creditor of a general or limited partner or of the general or limited partner's assignee may use to satisfy a judgment out of the judgment debtor's interest in the partnership. Other remedies, including foreclosure on the general or limited partner's partnership interest and a court order for directions, accounts, and inquiries that the debtor general or limited partner might have made, are not available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited partnership and may not be ordered by a court.

On September 20, 2005, Judge Sedwick entered a charging order in A01-309 CV (JWS) charging the partnership interests of defendant Albert Maffei in the MFLP as a source of recovery in the underlying matter.[20]

In the underlying action, Albert Maffei objected to the entry of that portion of a charging order that would have required him to provide financial records of the MFLP showing any revenues received and sums pain out on a monthly basis until the judgment in A01-309 CV (JWS) is satisfied. The court agreed with Mr. Maffei *to the extent that it held that* "Neither the federal discovery rules nor the Alaska discovery rules contemplate regular, monthly disclosure such as plaintiff requests. Plaintiff is not entitled to have a regular, financial disclosure requirement included in the charging order." In other words,

---

[20] A copy of the court's charging order is attached hereto as Exhibit E.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

Lumbermens was not entitled to a regular accounting of the partnership for purposes of assisting in the recovery of the judgment in A01-309 CV (JWS). Maffei now attempts to ride the court's decision too far.

Albert Maffei's assertion that Lumbermens' request for information relating to the activity of the MFLP is a violation of the charging order in the underlying case, or of AS 32.11.340 is off target, because the information sought by Lumbermens is reasonably calculated to lead to the discovery of admissible evidence on the subject of the fraudulent conveyance of the assets of Albert Maffei in this case. Paragraph 27 of Lumbermens' Second Amended Complaint states:

> Instead of paying Lumbermens the contractually required collateral security demanded in the November 12, 2001, Lumbermens letter, Albert Maffei and Bonita Maffei retained attorney George Goerig on November 21, 2001, the day after Albert Maffei received the November 12, 2001, letter by certified mail, to create the Maffei Family Limited Partnership **and to convey all of Albert and Bonita Maffei's assets to the Maffei Family Limited Partnership.**[21]

The fraudulent conveyance of assets does not end when an individual first hides his assets, but continues when that legal construct divests itself of the assets and money is taken in. It continues, even as assets are bought and sold by the defendants.

Request No. 16, which is similar to the other requests on which this objection was based, simply asks that Maffei:

---

[21] (emphasis supplied).
Lumbermens v. Albert Maffei, et al.
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

> Please produce a copy of every document that shows any loans, withdrawals or transfers of real or personal property made by anyone from the Maffei Family Limited Partnership from November 21, 2001 up to the present.

Such a request is reasonably calculated to identify the movement of assets – a critical component of this action against the Maffei Defendants.

This action, 3:3-CV-00262-JWS, is a separate action against all of the Maffei Defendants and against George Goerig for fraudulent conveyance of assets into a legal construct to assist Maffei in hiding money and other resources which should rightfully have been provided to Lumbermens in 2001, and subsequent thereto, stemming from the GIA. This is not the underlying action. Lumbermens is not seeking a regular accounting. The information is not sought for the purpose of assisting in the collection of the judgment in the underlying case. Lumbemens is working to identify the assets fraudulently conveyed by Maffei into the MFLP, including those which were subsequently sold by the MFLP.

The court's charging order in the underlying case deals solely with the collection of a judgment against Albert Maffei, as does the subject statute. In this case, Lumbermens has asserted claims against both Albert and Bonita Maffei, the two legal constructs – the MFLP and the Profit Sharing Trust, and their attorney, George Goerig, in an effort to locate the assets wrongfully transferred. Moreover, the statute which prohibits ordering of regular accounting does not prohibit proper discovery into the assets transferred into and out of the MFLP and the Profit Sharing Trust.

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

In summary, Lumbermens has requested information that is directly relevant to its claims in this action. The Maffei Defendants offer improper objections and wrongfully refuse to produce documents and information in this case which are clearly intended to identify admissible evidence.

## **CONCLUSION**

Lumbermens requests that the court compel the Maffei Defendants to properly respond to its third set of discovery dated February 16, 2006 and produce the documents and information requested therein. The continued delaying tactics of the Maffei defendants and Albert Maffei must be stopped and Lumbermens requests the court's assistance. Lumbermens further requests that appropriate sanctions be assessed against the Maffei Defendants for their continued dilatory behavior in responding to and providing proper discovery in this case.

DATED at Anchorage, Alaska, this 18th day of April, 2006.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Plaintiff Lumbermens
> Mutual Casualty Company
>
>
> By: s/ Frank A. Pfiffner
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, Alaska 99503
> Telephone: 907-274-7522
> Facsimile: 907-263-8320
> FAP@hbplaw.net
> ABA No. 7505032

*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion to Compel Discovery Responses
(8172-3/245354)

Certificate of Service

      I hereby certify that on April 18, 2006, a copy of the Motion to Compel Discovery Responses was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507


s/ Frank A. Pfiffner