

# Hughes Bauman Pfiffner
## Gorski & Seedorf, LLC
ATTORNEYS AT LAW

Est. 1939

Direct Dial:
**(907) 263-8241**
E-mail: FAP@hbplaw.net

April 10, 2006

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507

Re: *Lumbermens Mutual Casualty Company v. Maffei, et al.*
Our File No. 8172-3

Dear Mr. Maffei:

On February 16, 2006, I provided you with twenty-eight requests for production of documents. On March 20, 2006, you responded by objecting and refusing otherwise to respond to twenty-two of them. After a quick review of your objections and the subject requests, it is apparent that your objections are made solely for the purpose of delay.

With regard to Request Nos. 3-7, which seek information and documents pertaining to wills, trust agreements, power of attorney documentation and other estate planning documentation, such requests are clearly relevant on their face. The allegations in this action are based on the fraudulent transfer of assets. I refer you to Paragraphs 9, 12, and 28 of the General Indemnity Agreement which specifically entitle Lumbermens to access your financial books and records and to receive notice of the transfer of any principal assets.

Not only are your wills, trust agreements, power of attorney documentation and other estate planning documentation relevant, but also those of Bonita Maffei would be relevant as well. This is a fraudulent conveyance action and Lumbermens must assure itself that the pertinent assets have been identified and properly valued. Moreover, you are aware that the liberal discovery rules are interpreted to favor disclosure, not the withholding of information. Investigation of assets is patently relevant.

Likewise, this action asserts that the Maffei Family Limited Partnership ("MFLP") and the Profit Sharing Trust were created or used to receive assets improperly. As you well know, the fraudulent transfer of assets does not end when an asset enters a bank

Albert Maffei
April 10, 2006
Page 2

**HUGHES BAUMAN PFIFFNER**
**GORSKI & SEEDORF, LLC**
ATTORNEYS AT LAW

---

account, a partnership, or a trust, but continues if and when such assets are sold. Lumbermens is entitled to trace such assets. The movement and the value of such assets are highly relevant to the claims in this action. Your objections to Request Nos. 10-13 are not well taken, and to argue that they are irrelevant is inappropriate.

Finally, you have objected to Request Nos. 16-28 on the grounds that they are in violation of the charging order and AS 32.11.340(b). I urge you to review the charging order and the statute, which both deal specifically with collection of the judgment in the underlying matter *via* Albert Maffei's interest in the MFLP. Neither the order nor the statute prohibit Lumbermens from pursuing information in this action which is reasonably calculated to lead to the discovery of admissible evidence on the subject of the fraudulent conveyance of Albert Maffei's assets. The activities of both the MFLP and the Profit Sharing Trust are clearly relevant to this action and the relevance goes well beyond collection of the judgment in the underlying case.

I am writing to you in a good faith attempt to avoid approaching the court on yet another discovery matter. I will anticipate your response to the requests identified herein within seven days of the date of this letter or a motion to compel will be filed with the court on the eighth day after the date of this letter.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

By *[signature]*
Frank A. Pfiffner

FAP:cah/245368
cc: Michael C. Geraghty