The indemnitors and the contractor recognize that this is a legal document and that each has had the opportunity to review the same with any person of their choice including an attorney. By executing this document, each acknowledges such review or an intentional waiver thereof.

# FIRST INDEMNITY OF AMERICA INSURANCE COMPANY OR ANY QUOTA SHARE PARTNER

## AGREEMENT OF INDEMNITY

DEPOSITION EXHIBIT 210

PJL TX 8-22-01

THIS AGREEMENT of Indemnity, made and entered into this _____10th_____ day of _____August_____, 20__01__, by Luciano Enterprises, dba
(Insert full name and address of Contractor)

Luciano General, L.L.C. 2132 Post Road, Anchorage, Alaska 99501 (hereinafter called the Contractor) and

Albert Maffei 729 N. Street, Anchorage, Alaska 99501
(Insert full names and addresses of Indemnitors, if any)

Edwin N. Luciano and wife Gina B. _____ (hereinafter called the Indemnitors, if any) and
3331 W. 31st Ave., Anchorage, Alaska 99517

FIRST INDEMNITY OF AMERICA INSURANCE COMPANY Parsippany, New Jersey (hereinafter called Surety or Company). The Contractor and Indemnitors are sometimes referred to hereafter collectively as the "Undersigned."

### WITNESSETH:

WHEREAS, the Contractor, in the performance of contracts and the fulfillment of obligations generally, whether in its own name solely or as co-venturer with others, may desire, or be required to give or procure certain surety bonds, undertakings or instruments of guarantee, and to renew, or continue or substitute the same from time to time; or new bonds, undertakings or instruments of guarantee with the same or different penalties, and/or conditions, may be desired or required, in renewal, continuation, extension or substitution thereof; any one or more of which are hereinafter called Bonds; or the Contractor and Indemnitors may request the Surety to refrain from cancelling said Bonds; and

WHEREAS, at the request of the Contractor and the Indemnitors and upon the express understanding that this Agreement of Indemnity should be given, the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Contractor; and

WHEREAS, the Indemnitors have substantial, material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from cancelling said Bonds. NOW, THEREFORE, in consideration of the premises the Contractor and Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the Surety, its successors and assigns, as follows:

### PREMIUMS

FIRST: The Contractor and Indemnitors will pay to the Surety in such manner as may be agreed upon all premiums and charges of the Surety for the Bonds in accordance with its rate filings, its manual of rates, or as otherwise agreed upon, until the Contractor or Indemnitors shall serve evidence satisfactory to the Surety of its discharge or release from the Bonds and all liability by reason thereof.

### INDEMNITY

SECOND: The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds. (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety, unless otherwise agreed. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and the Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

### ASSIGNMENT

THIRD: The Contractor, the Indemnitors hereby consenting, will assign, transfer and set over, and does hereby assign, transfer and set over to Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract to become effective as of the date of the bond covering such contract, but only in the event of: (1) any abandonment, forfeiture or breach of any contracts referred to in the Bonds or of any breach of any said Bonds; or (2) of any breach of the provisions of any of the paragraphs of this Agreement; or (3) of a default in discharging such other indebtedness or liabilities when due or (4) of any assignment by the Contractor for the benefit of creditors, or of the appointment, or of any application for the appointment, of a receiver or trustee for the Contractor whether insolvent or not; (5) or any proceeding which deprives the Contractor of the use of any of the machinery, equipment, plant, tools or material referred to in section (b) of this paragraph; or (6) of the Contractor's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisoned if the Contractor be an individual; (a) All the rights of the Contractor in, and growing in any manner out of all contracts referred to in the Bonds, or in or growing in any manner out of the Bonds; (b) All the rights, title and interest of the Contractor in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all of said sites; (c) All the rights, title and interest of the Contractor in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts; (d) All actions, causes of actions, claims and demands whatsoever which the Contractor may have or acquire against any subcontractor, laborer or materialman, or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts and against any surety or sureties of any subcontractor, laborer, or materialman; (e) Any and all percentages retained and any and all sums that may be due or hereafter become due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Contractor has an interest.

### TRUST FUND

FOURTH: If any of the Bonds are executed in connection with a contract which by its terms or by law prohibits the assignment of the contract price, or any part thereof, the Contractor and Indemnitors covenant and agree that all payments received for or on account of said contract shall be held as a trust fund in which the Surety has an interest, for payment of obligations incurred in the performance of the contract and for labor, materials, and services furnished in the prosecution of the work provided in said contract or any authorized extension or modification thereof; and, further, it is expressly understood and declared that all monies due and to become due under any contract or contracts covered by the Bonds are trust funds, whether in the possession of the Contractor and Indemnitors or otherwise, for the benefit of and for payment of all such obligations in connection with any such contract or contracts for which the Surety would be liable under any of said Bonds, which said trust also inures to the benefit of the Surety for any liability or loss it may have or sustain under any said Bonds; and this Agreement and declaration shall also constitute notice of such trust. The contractor further agrees that contract proceeds from any bonded contract shall be maintained in a separate account apart from the general funds of the contractor. The surety shall have the right at any time to examine and review such accounts in accordance with the purposes and intent of this agreement.

### DECLINE EXECUTION

FIFTH: Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Contractor and Indemnitors agree to make no claim to the contrary in consideration of the Surety's receiving this Agreement; and if the Surety shall execute a Bid or Proposal Bond, it shall have the right to decline to execute any and all of the bonds that may be required in connection with any award that may be under the proposal for which the Bid or Proposal Bond is given and such declination shall not diminish or alter the liability that may arise by reason of having executed the Bid or Proposal Bond.

### TAKEOVER

SIXTH: In the event of any breach, delay or default asserted by the obligee in any said Bonds, or the Contractor has suspended or ceased work on any contract or contracts covered by any said Bonds, or failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance, Contractor's conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Contractor, or the appointment of a receiver or trustee for the Contractor, or the property of the Contractor or in the event of an assignment for the benefit of creditors of the Contractor, or if any action is taken by or against the contractor under or by virtue of the National Bankruptcy Act, or any similar bankruptcy law, or should reorganization or arrangement proceedings be filed by or against the Contractor under said Act, or if any action is taken by or against the Contractor under the insolvency laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contractor and Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

Revised 1/2001

**Ex. D, p. 1 of 4**

### CHANGES

SEVENTH: The Surety is authorized and empowered, without notice to or knowledge of the Indemnitors to assent to any change whatsoever in the Bonds, and/or any contracts referred to in the Bonds, and/or in the general conditions, plans and/or specifications accompanying said contracts, including, but not limited to, any change in the time for the completion of said contracts and to payments or advances thereunder before the same may be due, and to assent to or take any assignment or assignments, to execute or consent to the execution of any continuations, extensions or renewals of the Bonds and to execute any substitute or substitutes therefor, with the same or different conditions, provisions and obligees and with the same or larger or smaller penalties, it being expressly understood and agreed that the Indemnitors shall remain bound under the terms of this Agreement even though any such assent by the Surety does or might substantially increase the liability of said Indemnitors.

### ADVANCES

EIGHTH: The Surety is authorized and empowered to guarantee loans, to advance or lend to the Contractor any money, which the Surety may see fit, for the purpose of any contracts referred to in, or guaranteed by the Bonds; and all money expended in the completion of any such contracts by the Surety, or lent or advanced from time to time to the Contractor, or guaranteed by the Surety for the purposes of any such contracts, and all costs, and expenses incurred by the Surety in relation thereto, unless repaid with legal interest by the Contractor to the Surety when due, shall be presumed to be a loss by the Surety for which the Contractor and the Indemnitors shall be responsible, notwithstanding that said money or any part thereof should not be so used by the Contractor.

### BOOKS AND RECORDS

NINTH: At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, the Surety shall have the right to reasonable access to the books, records, and accounts of the Contractor and Indemnitors; and any bank depository, materialman, supply house or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.

### WAIVER OF DEFENSES

TENTH: The Indemnitors and the Contractor further expressly agree that in the event of an action at law by the Company against them to recover pursuant to the terms of this agreement, in consideration of the Company having agreed to provide bonds each will not raise as a defense in any jurisdiction the right of homestead nor claim any exemption as the result of an action for divorce or separation and hereby expressly waives the defense of the entire controversy doctrine in any jurisdiction in which the same may be raised and specifically waive any defense based on any applicable statute of limitation.

### NOTICE OF EXECUTION

ELEVENTH: The Indemnitors hereby waive notice of the execution of said Bonds and of the acceptance of this Agreement, and the Contractor and the Indemnitors hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as notice of any and all liability of the Surety under said Bonds, and any and all liability on their part hereunder, to the end and effect that, the Contractor and the Indemnitors shall be and continue liable hereunder, notwithstanding any notice of any kind of which they might have been or be entitled, and notwithstanding any defenses they might have been entitled to make.

### SECURITY AGREEMENT

TWELFTH: The Indemnitors herein consent to identification as the debtor for the purposes of the filing of this agreement as a Financing Statement and to the identification of the Company as the Secured party. The Indemnitors hereby create a lien pursuant to the provisions of the Uniform Commercial Code in favor of the Company to be secured by the filing of this agreement according to law which said lien attaches upon the filing hereof to all present and future contract proceeds due and owing to it or to become due and owing to it under any contract, whether bonded by the Company or not, to the full extent of any and all obligations the Indemnitor or the Contractor may have to the Company. Further, the Indemnitor and the Contractor hereby create a lien in favor of the Company in all of their property described herein, to the fullest extent permitted by law upon the filing hereof until the complete satisfaction of all of the obligations of the Indemnitor and the Contractor to the Company.

The Surety is hereby specifically empowered to make, file, and record any instrument including real and personal mortgages in the name of the Indemnitors encumbering any property, real or personal, known to the Surety to be owned by the Indemnitor and which is lawful collateral for the purposes expressed in this agreement.

### SETTLEMENTS

THIRTEENTH: The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

### SURETIES

FOURTEENTH: In the event the Surety procures the execution of the Bonds by other sureties, or executes the Bonds with co-sureties, or reinsures any portion of said Bonds with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

### SUITS

FIFTEENTH: Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit of the recovery of judgment upon any cause of action, shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

### OTHER INDEMNITY

SIXTEENTH: That the Contractor and the Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hereafter, with or without notice to or knowledge of the Contractor and the Indemnitors accepted or released other agreements of Indemnity or collateral in connection with the execution or procurement of said Bonds, from the Contractor or Indemnitors or others, it being expressly understood and agreed by the Contractor and the Indemnitors that any and all other rights which the Surety may have or acquire against the Contractor and the Indemnitors and/or others under any such other or additional Agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Surety under this Agreement.

### INVALIDITY

SEVENTEENTH: In case of any of the parties mentioned in this Agreement fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. It is understood and agreed by the Contractor and Indemnitors that the rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the Surety may have or acquire against the Contractor and Indemnitors or others whether by the terms of any other Agreement or by operation of law or otherwise. If any term or provision of this Agreement shall be declared invalid or unenforceable the remainder of this Agreement shall not be affected thereby and each term and provision of the Agreement shall remain valid and enforceable.

### ATTORNEY IN FACT

EIGHTEENTH: The Contractor and Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all of the rights of the Contractor and Indemnitors assigned, transferred and set over to the Surety in this Agreement, and in the name of the Contractor and Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Contractor and Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety as such attorney-in-fact.

### SERVICE OF PROCESS

The Indemnitors and the Contractor hereby constitute and appoint _____ as their agent for service of process to receive for them and on their behalf all process in connection with any action instituted by the Surety against them or any of them in any court of competent jurisdiction. With respect to any action brought by the Surety on this Agreement in a jurisdiction in which one or more of the Undersigned reside, are domiciled, are doing business or are found, each of the Undersigned not in the jurisdiction hereby designates each of the Undersigned in such jurisdiction as his agent to receive on his behalf service of process in such action. Each of the undersigned further agree that each will be bound by service of process by regular or certified mail in every jurisdiction which so permits in any action by the SURETY.

### TERMINATION

NINETEENTH: This Agreement may be terminated by the Contractor or Indemnitors upon thirty days' written notice sent by registered mail to the Surety at its administrative office, but any such notice of termination shall not operate to modify, bar, or discharge the Contractor or the Indemnitors as to the Bonds that may have been theretofore executed.

### MODIFICATION

TWENTIETH: This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed to form a part hereof.

TWENTY-FIRST: If for any reason the Surety shall deem it necessary to set up or to increase a reserve to cover any possible liability or loss for which the Undersigned will be obligated to indemnify the Surety under the terms of this Agreement, the Undersigned will deposit with the Surety, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to the Surety for such liability or loss. The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement. Surety shall have no obligation to invest, or to provide a return on, the deposit. The undersigned shall be entitled to the return of any unused portion of the deposit upon termination of the liability of the Surety on the Bonds and the performance by the Undersigned of all obligations to the Surety under the terms of this Agreement. The Surety's demand shall be sufficient if sent by Registered or Certified Mail to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, whether or not actually received.

## SUBORDINATION OF INDEMNITORS

TWENTY-SECOND: The Indemnitors shall have no rights of indemnity against the Contractor or his property until the Contractor's obligations to the Surety under this Agreement have been satisfied in full.

## NOTICE OF CLAIMS

TWENTY-THIRD: The Undersigned shall immediately notify Surety in writing upon becoming aware of any demand, notice or proceeding which may result in liability to Surety under any Bond.

## DISCHARGE FROM SURETYSHIP

TWENTY-FOURTH: The Undersigned will, at any time upon the request of the Surety, procure the discharge of Surety from any Bond and from all liability by reason thereof. Surety may, at any time, take such action as it deems necessary or proper to obtain its release from any and all liability under any Bond.

## DEFINITIONS

TWENTY-FIFTH: As used in this Agreement, words in the singular include the plural and words in the plural include the singular. The masculine pronoun shall be read as feminine or neuter as circumstances require. The word "person" shall mean and include individuals, partnerships, corporations and associations.
The terms "contract" shall include all documents comprising the contract documents including general and special conditions, specifications and drawings.
The word "Bond" shall mean a contract of suretyship, guaranty of indemnity, an agreement or consent to provide such a contract and the continuation, extension, alteration, renewal or substitution of such a contract, agreement or consent.

## REPRESENTATIONS

TWENTY-SIXTH: The undersigned represent to the Surety that they have carefully read the entire agreement and that there are no other agreements or understandings which in any way lessen or modify the obligations set forth herein.

TWENTY-SEVENTH: The undersigned agree that this agreement shall be governed by the laws of the State of New Jersey.

## FINANCIAL INFORMATION

TWENTY-EIGHTH: The undersigned hereby covenant and agree that the Surety will be given immediate notice of the transfer of hypothecation of any principal asset of the undersigned. The undersigned further shall provide annual financial statements of each at least annually, in form acceptable to the Surety, which statement shall be certified as accurate and truthful.

## NOTICE OF ASSIGNMENT OR HYPOTHECATION

TWENTY-NINTH: The undersigned each agree that the surety will be given immediate notice in writing of the assignment or hypothecation of contract funds relating to or arising out of any bonded contract.

IN WITNESS WHEREOF, we have hereunto set our hands and seals the day and year first above written.

ATTEST OR WITNESS:

Luciano Enterprises dba Luciano General, L.L.C.
(Full Name of Contractor)    (MEMBER)
By _____ Owner
(Corporate Officer) Edwin N. Luciano 038 8316    Title    (SEAL)
_____ 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
(Signature Corporate Officer Individually) Edwin N. Luciano

Gina B. Luciano
(Type or Print Additional Indemnitor Name) ADL 5619300
Sign _____ 574349473
Drivers Lic. # 6012719 ADL    SS# 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

Albert Maffei
(Type or Print Additional Indemnitor Name)
Sign _____
Drivers Lic. #    SS#

Ex. D, p. 3 of 4

## For Acknowledgment of Contractor's Signature
### INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____
COUNTY OF _____
On this _____ day of _____, in the year 20____, before me personally come(s) _____ to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that ____ he ____ executed the same.
Signed and sworn before me this _____ day of _____, 20____.
_____ (Seal)
(Notary Public)
My commission expires: _____

### CORPORATE ACKNOWLEDGMENT

STATE OF Alaska
COUNTY OF Anchorage
On this 13th day of August, in the year 20 01, before me personally comes Edwin N. Luciano to me known, who, being by me duly sworn, deposes and says that he resides in the City of Anchorage, Alaska that he is the ~~President~~ MEMBER of the Luciano Enterprises dba Luciano General, LLC the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation, that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
Signed and sworn before me this 13th day of Aug., 20 01.
Edith A. Douglas (Notary Public)
My commission expires: 3/24/2002

[Notary Seal: EDITH A. DOUGLAS, NOTARY PUBLIC, STATE OF ALASKA]

## For Acknowledgment of Indemnitor's Signature's
### INDIVIDUAL ACKNOWLEDGMENT

STATE OF Alaska
COUNTY OF Anchorage
On this 13th day of August, in the year 20 01, before me personally come(s) Edwin N. and Gina B. Luciano to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that they executed the same.
Signed and sworn before me this 13th day of Aug., 20 01.
Edith A. Douglas (Notary Public)
My commission expires: 3/24/2002

[Notary Seal: EDITH A. DOUGLAS, NOTARY PUBLIC, STATE OF ALASKA]

## For Acknowledgment of Indemnitor's Signature's
### INDIVIDUAL ACKNOWLEDGMENT

STATE OF Alaska
COUNTY OF Anchorage
On this 13th day of August, in the year 20 01, before me personally come(s) Albert Maffei to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that ____ he ____ executed the same.
Signed and sworn before me this 13th day of August, 20 01.
Edith A. Douglas (Notary Public)
My commission expires: 3/24/2002

[Notary Seal: EDITH A. DOUGLAS, NOTARY PUBLIC, STATE OF ALASKA]

### CORPORATE ACKNOWLEDGMENT

STATE OF _____
COUNTY OF _____
On this _____ day of _____, in the year 20____, before me personally come(s) _____ to me known, who, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the _____ of the _____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation, that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
Signed and sworn before me this _____ day of _____, 20____.
_____ (Seal)
(Notary Public)
My commission expires: _____

Ex. D, p. 4 of 4

Revised 1/2001