Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone:  (907) 277-2503
Facsimile:   (907) 277-1239
almaffei@alaska.net
Attorney for Defendants , Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei ,Inc. Profit
Sharing Trust

LUMBERMENS MUTUAL CASUALTY   )
COMPANY,                     )
                             )
        Plaintiff,           )   Case No. 3:03-cv-00262-JWS
                             )
vs.                          )
                             )
ALBERT MAFFEI; BONITA MAFFEI;)
MAFFEI FAMILY LIMITED PARTNER-)
SHIP; MAFFEI, INC. PROFIT SHARING )
TRUST; and GEORGE E. GOERIG, )
                             )
        Defendants.          )
_____)

## RESPONSE TO MOTION TO COMPEL DISCOVERY RESPONSES
[Filed April 7, 2006]

This response is in the Motion To Compel Discovery Responses of Lumbermens Mutual Casualty Company ["Lumbermens"] dated December 1, 2003.  The plaintiff has particularly requested response to Interrogatories numbers 4-6.

Interrogatory No. 4 requests that the defendants provide the name of the buyer of the property set out in paragraphs 36 and 37 of the Complaint, the date of sale, the amount of the sale price, and account for disposition and/or present location of the

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Response To Motion To Compel Discovery Responses
Family Limited Partnership

1  sale proceeds. The defendants responded on the 5th day of January, 2004 which did

2  provide the name of the seller and buyer, and the date of sale, but did not wish to state the

3  sale price or account for the disposition unless the plaintiff and its attorneys retain all

4  information received confidentially.

5

6  Defendants made further discovery responses on August 12, 2005

7  regarding the waiver of the attorney-client privilege with attorney George Goerig.

8  The Court entered its Judgment against Albert Maffei on February 16,

9  2005. At the request of Lumbermens, the Court entered its Charging Order in Case No.

10  A01-309-CIV (JWS) on September 20, 2005.

11

12  The Charging Order was in compliance with a State of Alaska statute,

13  which limited Lumbermens in that Lumbermens could not execute and sell a limited

14  partner interest and Lumbermens was restricted on what Lumbermens could require from

15  Albert Maffei and the Maffei Family Limited Partnership ["MFLP"]. AS 32.11.340 (b)

16  provides as follows:

17
18  . . . Other remedies, including foreclosure on the general or limited
    partner's partnership interest and a court order for directions, accounts, and
19  inquiries that the debtor general or limited partner might have made, are
    not available to the judgment creditor attempting to satisfy the judgment
20  out of the judgment debtor's interest in the limited partnership and may not
    be ordered by a court.
21

22  Aside from that point, the Court must ultimately determine whether the matter is relevant

23  or that it could reasonably lead to relevant evidence.

24

25  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
    Response To Motion To Compel Discovery Responses
    Family Limited Partnership
                            Page 2 of 6

At page 6 of its Motion To Compel [Docket 83], Lumbermens states three reasons why the discovery should be allowed: (1) know the value of the property at the time it was transferred; (2) know the value of the property when it was sold; and (3) confirm that information for itself by tracing the property.

As Lumbermens has stated, the Courts have been liberal in the interpretation of the term "relevant" and the possibility that the information may be relevant to the general subject matter of the action. However, there are limitations. To be relevant, the discoverable evidence must have some connection to the issues of the case. In this case, the only issue is defendants' intent on November 21, 2001 or when the conveyances were made. Lumbermens has, however, failed to submit supportive facts that would require defendants to produce the discovery requested. Except for the fact that financial information is required under the GIA, Lumbermens fails to state how this would produce relevant evidence or the possibility that it might lead to relevant evidence.

In reviewing the claims for relief under the Amended Complaint, the Court will notice that the claims for relief are as follows: Fradulent conveyance; conspiracy to commit a fraudulent conveyance; aiding and abetting a fraudulent conveyance; legal malpractice; RICIO claims; and injunctive relief. The prayer for relief requests judgment for voiding the transfer conveyances and for general and special damages, and for punitive damages in an amount to be proven at the time of trial, and for costs and disbursements including reasonable attorneys' fees. In *Bottaro v. Hatton*

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Response To Motion To Compel Discovery Responses
Family Limited Partnership

Page 3 of 6

*Associates*, 96 F.R.D. 158 U.S. Dist. Ct. Eastern District of New York (1982), at page 159, stated as follows:

> The Federal Rules of Civil Procedure provide for a very liberal range of discovery.  Rule 26(b), which applies to all forms of discovery, provides generally that the parties 'may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action.'  Relevance in this context is broader than that required for admissibility at trial.  Moore's Federal Practice para. 26.56[1] at 26-116 (2d ed. 1982).  The Rule itself states: 'It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'  F.R.Civ.P. 26(b).  Thus, while admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosures of otherwise inadmissible materials will issue.

The Court, at page 160, also stated:

> . . . While it is true that a settling defendant's liability for contribution depends on whether he paid his share of any damage award, (citing cases) this determination cannot be made until a final judgment has been rendered. . . .

How the price and terms of a sale of the MFLP's property or the sale of its stock assets could lead to relevant information has not been stated, nor can the information be material to any proof of the allegations of the Amended Compliant.  The focal point of the issues of this case are the intent of the defendant in creating the MFLP on November 21, 2001 and the subsequent transfers of property thereto, not what happened several years later.  It is quite evident that Lumbermens is attempting to obtain information in this case, which it cannot obtain in the case where the Judgment is entered against Albert Maffei.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Response To Motion To Compel Discovery Responses
Family Limited Partnership

1  Lumbermens further cites portions of the alleged GIA .  However, this
2  fails to state that on November 21, 2001, Lumbermens produced a three-page document
3  which does not contain some of the items set forth in Lumbermens' brief and the
4  remaining articles are not relevant for the reason that Lumbermens was not mentioned in
5  the agreement or referred to in any manner.  Defendants had no legal document that
6  provided Albert Maffei's liability to Lumbermesn.
7  Defendants are in the process of preparing for protective order and/or
8  motion in limine so that issues in this case can be adjudicated by the Court since the
9  parties are completely unable to agree on the simple issues of this case.

**CONCLUSION**

The Motion To Compel should be denied and defendants should be entitled to their attorney's fees and costs in opposing the motion.

Respectfully submitted this 24th day of April, 2006.

LAW OFFICES, LLC


By: s/Albert Maffei _____
    Albert Maffei
    Attorney for Defendants Albert
    Maffei, Bonita Maffei, Maffei
    Family Limited Partnership and
    Maffei, Inc. Profit Sharing Trust
    ABA No. 5311009

Certificate of Service

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Response To Motion To Compel Discovery Responses
Family Limited Partnership

I hereby certify that on April 24, 2006, a copy of the Objection To Motion For Permission To File Second Amended Complaint was served facsimile and U.S. mail on:

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska, 99503

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska, 99501

s/ Albert Maffei
Albert Maffei

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Response To Motion To Compel Discovery Responses
Family Limited Partnership

Page 6 of 6