**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**


LUMBERMENS MUTUAL                )
CASUALTY COMPANY,                )
                                 )
        Plaintiff,             )     3:03-cv-262 JWS
                                 )
   vs.                           )     OPINION AND ORDER
                                 )
ALBERT MAFFEI, *et al.*,           )     [Re:   Motion at Docket 56]
                                 )
       Defendants.            )
_____)


## I.  MOTION PRESENTED

At docket 56, defendant Albert Maffei ("Maffei") moves for an order compelling plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") to provide discovery responses to certain requests for production and interrogatories.  The motion has been fully briefed.  Oral argument would not assist the court.


## II.  BACKGROUND

In the case at bar judgment creditor Lumbermens seeks to set aside certain conveyances as fraudulent in order to collect on a judgment against defendant Albert Maffei, which was recovered in an earlier lawsuit in this court.[1]  The earlier case was filed on October 18, 2001, pursuant to the Miller Act[2], by Remtech, Inc.  That litigation

---

[1]As filed, the lawsuit was case number A01-309 CV.  Using the current system of case identification, the case number is 3:01-cv-309.

[2]40 U.S.C. § 3131 *et seq.*, formerly cited as 40 U.S.C. § 270a-e.

arose from a dispute about performance of a construction project in Cold Bay, Alaska.[3] The United States awarded a construction contract to Luciano Enterprises, LLC ("Luciano")  for the Cold Bay, Alaska, White Alice Radar Restoration Project ("Project").[4]

As the general contractor, Luciano was required to provide a surety bond guaranteeing performance of the contract and payment of those providing labor and materials to the Project.  Luciano obtained the necessary bonds, and when the surety insisted that its obligations on the bonds be indemnified, Luciano procured several indemnitors, including Albert Maffei.

After being sued on the payment bond by Remtech, Inc., a provider of equipment and labor on the Project, Lumbermens brought a third-party claim against Luciano and Maffei, among others, alleging they were required to indemnify Lumbermens from Remtech's claim and other smaller claims.[5]  On February 12, 2003, Remtech and Lumbermens entered a settlement agreement,[6] but other aspects of the litigation continued.  Eventually, after the dispute had been reduced to Lumbermens' claims against Luciano and Maffei, and in anticipation of the upcoming jury trial, the court realigned the parties: Lumbermens was aligned as plaintiff and Luciano and Maffei as defendants.[7]

Lumbermens' claims against defendants were tried to a jury commencing February 8, 2005.  The jury returned verdicts for Lumbermens against defendants on February 15, 2005, in the amount of $1,485,696.87.[8]

The conveyances which Lumbemens attacks as fraudulent and seeks to set aside in the case bar are conveyances of property by Maffei and conveyances by Maffei

---

[3]Doc. 9 at 2-3; doc. 11 at 2-3 in case number 3:01-cv-309.

[4]*Id.* at 3.

[5]Doc. 11 at 15 in case number 3:01-cv-309.

[6]Doc. 84, ex. A in case number 3:01-cv-309.

[7]Doc. 188 in case number 3:01-cv-309.

[8]Doc. 209 and 210 in case number 3:01-cv-309

and his wife, Bonita Maffei, to the Maffei Family Limited Partnership and others.  Most of the conveyances were made in November of 2001 and December of 2002 to the Maffei Family Limited Partnership, but others were made as late as November of 2002.[9]

The discovery requests at issue and Lumbermens' responses to them were filed as exhibits A and B to Maffei's memorandum in support of the motion to compel.[10]  They are described and discussed in more detail below.

### III.  STANDARD OF REVIEW

Discovery rules are liberally construed to effect the just, speedy, and inexpensive resolution of litigation.[11]  Discovery's scope is broad.  The Federal Rules of Civil Procedure afford parties the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery . . . ."[12]  The rules further specify that "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."[13]

### III.  DISCUSSION

As Maffei has accurately summarized the situation: "The gist of Lumbermens' complaint is that Albert Maffei made fraudulent conveyances with the intent to hinder,

---

[9]Doc. 1.  Although in his briefing at docket page 2 of docket 72, Maffei himself implies that the last relevant conveyance was in March of 2002; in paragraphs 57 thru 61 of Lumbermens' complaint at docket 1 references are made to several conveyances and related transactions in November of 2002.

[10]Doc. 56.  The documents were not scanned into ECF, but are available in paper form in the court's file.

[11]8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure,* § 2001 at 44 (2d ed. 1994) ("*Wright*").

[12]*See* Fed. R. Civ. P. 26(b)(1).

[13]*Id.*

delay and defraud Lumbermens, Albert Maffei's principal creditor, and [these conveyances were] in violation of AS 34.40.010."[14]  The court agrees with Maffei that "[s]ince the statute and the allegations in the complaint rely on intent, then to explore that issue, the defendant [is entitled] to discover all matters that have reference to intent."[15]

Lumbermens' briefing argues at length the obvious proposition that Maffei is not entitled to re-litigate issues which were decided in the earlier lawsuit.  To the extent Maffei seeks information that would only be useful for that purpose, it is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.  However, evidence that is relevant to or is reasonably calculated to shed light on Maffei's intent at the time he made the allegedly fraudulent conveyances is discoverable, whether or not it would also be relevant to the foreclosed re-litigation of issues previously determined. The touchstone is the relationship between what Maffei seeks and his intent at the time of the conveyances.

The court discusses the discovery requests in the paragraphs below.[16]  In responding to each of the requests, Lumbermens made the same objection–that the request sought information relevant to issues already determined in the earlier lawsuit and so was not relevant.  In its response to the motion, Lumbermen's objects that it has, in fact, produced much of the information sought in the requests for production of documents.  However, that objection is not timely.[17]

Request For Production No. 1.  Maffei's first request asks for a letter dated October 23, 2001, sent to him by Darren Thomas of Lumbermens, along with the enclosure which was a copy of the indemnity agreement.  Lumbermens' relevance

---

[14]Doc. 56, p. 2.

[15]*Id.*, p. 3.

[16]As explained above, Maffei's requests are found in Exhibit A Lumbermens' responses are in Exhibit B to docket 56.

[17]Fed. R. Civ. P. 34 (b).  The party responding to a request for production has 30 days in which to do so.

objection lacks merit.  The contents of Thomas' communication to Maffei on the date in question is at least reasonably calculated to shed light on the circumstances in which Maffei's intent was formed.  Lumbermens shall produce the documents requested.

Request For Production No. 2.  Here, Maffei asks for all documents "to or from Darren W. Thomas" relating to the agreement sent under cover of his letter of October 23, 2001.  In this instance the relevance objection is generally well taken.  The request does not seek information sent to or from Maffei.  It is Maffei's intent, not that of Thomas, which is at issue.  However, some of the communications could have been between Thomas and Maffei.  Lumbermens shall produce any communications between Maffei and Thomas, but is not otherwise required to respond to this request.

Request For Production Number 3:  This request seeks "the disclosure statement and all copies of the indemnity agreement produced as initial disclosures" in the original lawsuit initiated by Remtech.  The request does not by its terms seek things sent to Maffei, nor is it reasonable to simply assume and append that qualification to the request.  Because it is only Maffei's intent which is at issue, Lumbermens will not be required to respond to this request.

Request For Production Number 4:  This request seeks "the affidavit of Bruce Dickstein dated November 25, 2002, together with all exhibits attached thereto filed in Case No. A01-309 CIV."  Even if there might be information in or attached to the affidavit which would shed some light on Maffei's intent (unlikely), Maffei can obtain the requested information from the court's file in Anchorage.  Asking Lumbermens to produce another copy is unwarranted, despite its failure to raise a specific objection along these lines.[18]  Lumbermens will not be required to respond to this request.

Interrogatory Nos. 1 and 2: These interrogatories ask for basic information about Darren Thomas effective October 23, 2001.  That is the date he sent the letter which the court has ordered Lumbermens to produce.  Lumbermens shall respond to these interrogatories.

---

[18]*See* Fed. R. Civ. P. 1

Interrogator No. 3:  This interrogatory seeks information relevant to Thomas' knowledge, and possibly his intent, but not Maffei's intent.  Lumbermens need not respond.

Interrogatory No. 4 and Request For Production No. 5:  The interrogatory calls for information about communications between Thomas and Maffei which could lead to the discovery of admissible evidence.  If there were any such communication, then its production would be appropriate.  Lumbermens shall respond to interrogatory no. 4 and request no. 5.

The court has considered each of the remaining requests and interrogatories. They relate to Mr. Dickstein.  These discovery requests are not reasonably calculated to lead to the discovery of admissible evidence.  Lumbermens need not respond to any of them.

In the event of success on the merits of the motion, Maffei asks the court to consider whether sanctions should be imposed and whether to award attorneys' fees. The court finds no basis for imposing sanctions.  Although Lumbermens' failure to provide certain discovery has been determined to be erroneous by the court, it is also the case that not all discovery sought has been required.  Moreover, although the one objection stated by Lumbermens is insufficient with respect to several of the requests, it appears to the court to have been made in the good faith (and correct) belief that the information was relevant to claims already resolved in the earlier lawsuit.  Finally, it does appear to the court that Maffei has access to nearly all of what he asked Lumbermens to produce.

With respect to an award of attorneys' fees, the court notes several points.  First, attorneys' fees are routinely awarded in cases involving discovery disputes.  Second, Maffei is representing himself (and only himself) in connection with this discovery dispute.  Third, lay persons who represent themselves are not awarded compensation for the time they spend on their own litigation.  Fourth, public policy considerations weigh against making a distinction between *pro se* litigants who are lawyers and those who are not. Fifth, Maffei actually has access to much--perhaps most--of the

information he asked Lumbermens to provide. The court concludes that in the circumstances here, an award of attorneys' fees inappropriate.

## IV.  CONCLUSION

For the reasons above, the motion at docket 56 is **GRANTED** in part as follows:

1)  Lumbermens shall respond to Request for Production No. 1.

2)  If there were communications between Thomas and Maffei in addition to that sought by Request for Production No. 1, then Lubmermens shall produce them in response to Request for Production No. 2.

3)  Lumbermens shall respond to Interrogatory Nos. 1, 2, and 4.

4)  If there is material responsive to Request for Production No. 5, Lumbermens shall produce it.

5)  The responses required by the preceding shall be made within 30 days from the date of this order.

In all other respects, the motion at docket 56 is **DENIED**.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE