Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>　　　　　Defendants. | 3:03-cv-00262-JWS |

**REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL DISCOVERY RESPONSES**
[Filed April 7, 2006]

　　　　Maffei is wrong to claim that the value of the property he transferred into

the Maffei Family Limited Partnership ("MFLP") is irrelevant to his intent to defraud. A

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/246145)
Page 1 of 8

jury will conclude that the value of the property, together with the level of financial sophistication of the defendant and his financial advisors, are sufficient circumstantial evidence of intent to protect assets from Lumbermens. Moreover, proceeds from the sale of any such assets which were wrongfully returned to the MFLP rather than having been distributed to Lumbermens in accordance with Maffei's obligations under the General Indemnity Agreement ("GIA") are profit to the illicit enterprise which forms the basis for Lumbermens' RICO claim against the defendants. Finally, the Maffei Defendants have offered no good cause, or any explanation at all, for having waited nearly two-and-a-half years to object to the subject discovery requests, and as a result have waived their right to complain now.

>   I.   **THE INFORMATION REQUESTED IS RELEVANT AND REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.**

The Maffei Defendants' assertion that the financial information sought by Lumbermens could only have relevance if Lumbermens obtained a judgment in this case is specious. As explained in Lumbermens' Motion, it is entitled to argue the value of the Maffei property, together with profits on the property, as badges of fraud – and an obvious example of the fruit of Maffei's dishonest activity. The value of the property and other assets, and the profits earned from the sale of such assets, is therefore relevant to Mr. Maffei's intent to hide his assets from Lumbermens.

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/246145)

Page 2 of 8

On a much more fundamental level, the argument by the Maffei Defendants that Lumbermens is not entitled to know the value of various assets which were fraudulently transferred by Maffei or the profit earned on those assets is ludicrous, since such information relates directly to Lumbermens' RICO claim.  Paragraph 101 of Lumbermens Amended Complaint states:

> Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig *received income from a pattern of racketeering activity and used the income or the proceeds of the income in acquisition of an interest in enterprises engaged in, or the activities of which affect, interstate commerce.*[1]

The argument goes as follows:

- Albert Maffei promised under the GIA to stand good for his son-in-law's obligations on the Cold Bay project, and in support of the project identified property to be used as collateral.

- Albert Maffei was obligated to produce property to the surety for the project under the GIA if the project failed.

- In November, 2001, Lumbermens called Maffei on his obligation.

- Rather than produce the collateral, Maffei created a limited partnership, the MFLP, and began fraudulently conveying all of his assets into it, with the intent to protect them from Lumbermens.

- Profits recognized by the MFLP (and ultimately by the Maffeis) through income on and the appreciation and sale of such assets represent the basis for Lumbermens' RICO claim.

---

[1] (Emphasis supplied).

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/246145)

Moreover, pursuant to 18 U.S.C. § 1964(c), Lumbermens is entitled to recover its actual damages and three times the damages it has sustained as a result of the racketeering of the Maffei Defendants. If the property at issue in the subject discovery requests had been transferred to Lumbermens in 2001 consistent with the GIA, Lumbermens would have been the beneficiary of the appreciation on the property, and the loss of the appreciation represents actual damages. The value of the property is highly relevant, therefore, to the actual damages that Lumbermens will argue at trial. Additionally, the financial sophistication of Albert Maffei, both individually and through his advisors, make it extremely likely that he was aware of the potential appreciation of the real property at issue when he transferred the property into the MFLP.

Finally, the Maffei Defendants completely ignore the fact that Lumbermens has claims asserted against George Goerig as well. In the ultimate event that Lumbermens is unable to sell the property awarded under any judgment entered in this action in its favor, its recovery against Goerig will be directly related to the value of the property. As discussed in greater detail in Lumbermens' motion for an appraisal, Bonita Maffei, the Maffei Family Limited Partnership, and George Goerig are charged by Lumbermens with having conspired with Albert Maffei to execute the fraudulent transfer and all, including Goerig, are potentially liable under the theory of conspiracy, to the

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/246145)

same extent as Albert Maffei.[2] In the event that the fraudulent conveyance remedy, declaring the conveyances void, is inadequate, these parties will likewise be liable for the lesser of the value of the property or the remaining debt. The court cannot determine the extent of the damages authorized under this common law rule if it does not know the value of the property.

II. **MAFFEI CANNOT MAKE A VALID OBJECTION TWO-AND-A-HALF YEARS AFTER A DISCOVERY REQUEST IS PROPOUNDED.**

Fed. R. Civ. P. 33(b)(4) clearly states:

> All grounds for an objection to an interrogatory shall be stated with specificity. **Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown**.

As this court correctly noted in its April 26, 2006 Opinion and Order in this matter, a party has 30 days in which to respond to discovery requests.[3] In fact, several courts have cautioned or concluded that "the failure to object within the time fixed for its answer generally constitutes a waiver of any objection."[4] Thus, "in the absence of an extension of time or good cause, the failure to object to interrogatories within the time

---

[2] *See generally*, *Summers v. Hagen*, 852 P.2d 165, 1169-70 (Alaska 1993).

[3] Doc. 95, p.4, n.17.

[4] *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62 (D.D.C. 1984) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Pa. 1979); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2173 at 544 (1970)).

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/246145)

fixed by Rule 33 constitutes a waiver of any objection."[5] This is true even when the party objects to disclosure because it claims that the information sought is privileged.[6]

As set forth in greater detail in Lumbermens' Motion to Compel, there was no objection stated by Maffei to the subject discovery requests until late March, 2006, more than two years after the discovery requests were propounded and more than seven months after the Maffei Defendants' initial discovery responses. A delay in objecting by more than two years is not timely under any interpretation of the term, and the defendants have offered no justification or good cause for their delay in objecting. They have waived any right to object to these interrogatories and should be required to respond accordingly.[7]

### III. DEFENDANTS' CONTINUAL RELIANCE ON THE CHARGING ORDER IS MISPLACED.

The Maffei Defendants' reference to the charging order of the court in the underlying action as a basis for denying Lumbermens access to financial information related to assets at issue in this case is off target. The Judgment in the underlying action established a basis for recovering sums owed to Lumbermens under the GIA. The assets

---

[5] *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41-42 (D. Conn. 1989) (*citing Davis v. Fendler*, 650 F.2d at 1160). *See also Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (footnote omitted).

[6] *Davis v. Fendler*, 650 F.2d at 1160 (citations omitted).

[7] *See Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618 (D.Ct. Kan. 2005) (holding that Plaintiffs were not allowed to assert privilege and work product immunity for the first time in their opposition to a motion to compel).

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/246145)

Page 6 of 8

wrongfully transferred by Maffei in this case are both evidence of wrongdoing and a resource for recovery.

IV.    **CONCLUSION.**

Defendants' two stated reasons for refusing to answer interrogatories related to Maffei assets – that the charging order in the underlying action does not allow it, and that even if it did, such information is irrelevant – are both incorrect. Financial information for the subject assets is relevant specifically because it was intended to, and no doubt continues to, produce income for the MFLP, and ultimately for Albert and Bonita Maffei. As such, it is the primary basis for Lumbermens' RICO claim against the Maffei Defendants. The value of the assets will also directly impact Lumbermens' recovery against George Goerig, an alleged co-conspirator. And the Charging Order in the underlying action does not prohibit obtaining discovery relating to financial information in this case, particularly where such information is likely to demonstrate or lead to evidence which is indicative of fraud or improper profit by the Maffei Defendants. Perhaps even more important, the Maffei Defendants did not bother to raise their objections to Lumbermens' discovery requests until nearly two-and-a-half years had elapsed. Without a showing of good cause for the delay, the Maffei Defendants have waived their objections. Lumbermens respectfully requests that this court grant its Motion to Compel dated April 7, 2006.

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/246145)

Page 7 of 8

DATED at Anchorage, Alaska, this 2nd day of May, 2006.

          HUGHES BAUMAN PFIFFNER
          GORSKI & SEEDORF, LLC
          Attorneys for Plaintiff Lumbermens
          Mutual Casualty Company

By:   s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska  99503
       Telephone: 907-274-7522
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

### Certificate of Service

I hereby certify that on May 2, 2006, a copy of the Reply to Defendants' Response to Plaintiff's Motion to Compel Discovery Responses was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507


s/ Frank A. Pfiffner

Reply to Defendants' Response to Motion to Compel Discovery Responses
*Lumbermens v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/246145)