1  Law Offices of Albert Maffei
   ABA No. 5311009
2  8328 Lake Otis Parkway
   Anchorage, Alaska 99507
3  Telephone:  (907) 277-2503
   Facsimile:  (907) 277-1239
4  almaffei@alaska.net
   Attorney for Defendants , Albert Maffei, Bonita Maffei,
5  Maffei Family Limited Partnership, Maffei, Inc. Profit
   Sharing Trust
6

7  LUMBERMENS MUTUAL CASUALTY       )
   COMPANY,                          )
8                                    )
                Plaintiff,           )  Case No. 3:03-cv-00262-JWS
9                                    )
   vs.                               )
10                                   )MOTION FOR PROTECTIVE  ORDER;
11 ALBERT MAFFEI; BONITA MAFFEI;     )MOTION IN  LIMINE; AND
   MAFFEI FAMILY LIMITED PARTNER-    )OPPOSITION TO LUMBERMENS'
12 SHIP; MAFFEI, INC. PROFIT SHARING )MOTION TO COMPEL [THIRD]
   TRUST; and GEORGE E. GOERIG,      )DISCOVERY RESPONSES
13                                   )
14              Defendants.          )
   _____)
15
16              It appears that the parties are at an impasse regarding discovery and

17 therefore this motion is made both under the Rule 26 F.R.C.P.; one motion requests a

18 protective order and the other motion is for an order in limine.  The reason for two

19 motions is that the motion for protective order addresses the relevancy of the matters

20 requested in discovery and not whether they are admissible at trial.   The motion in limine

21 is for the purpose of limiting testimony or documents that can be produced at trial.  Both

22

23 Lumbermens v. Albert Maffei, et al
24 Case No. 3:03-cv-00262-JWS
   Motion For Protective Order; And Motion In Limine
25 And Opposition To Lumbermens' Motion To Compel [Third]
   Discovery Responses
                        Page 1 of 17

motions are essential at this time since it appears that the parties are unable to agree on the issues in this case.

The response to Lumbermens Motion To Compel [Third] Discovery Responses is likewise addressed in this motion.

## **BACKGROUND**

The plaintiff has filed its initial Third Party Complaint based on alleged fraudulent conveyances, conspiracy to commit a fraudulent conveyance, aiding and abetting a fraudulent conveyance, and action under the RICO Act, as well as injunctive relief.

Defendants have denied the allegations. The case is now in the discovery stage of the proceedings. Defendants submitted their first discovery requests to the plaintiff on the 24th day of August, 2005. The attorney for plaintiff responded to the Requests For Production and Interrogatories on the 26th day of September, 2005 on the grounds that the requested discovery was not relevant to any disputed issues in the case and cannot reasonably lead to the discovery of relevant evidence. The defendants filed a motion to compel and for sanctions against the plaintiff on the 21st day of December, 2005. The plaintiff filed its opposition to the motion on the 31st day of January, 2006 after the parties had agreed, by stipulation, that plaintiff have additional time to respond. The defendants filed their reply on the 17th day of February, 2006 also after stipulated

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

extensions.  The motion is pending awaiting the plaintiff deposing defendants Albert

Maffei and Bonita Maffei.

Lumbermens filed its first discovery request on December 1, 2003.

On the 18th day of December, 2003, defendants filed their motion to

dismiss the Complaint.  Lumbermens filed opposition.   The Court, on the 5th day of

April, 2004, ordered that all proceedings were stayed pending a determination of Albert

Maffei's liability in case number A01-309 CIV (JWS) hereinafter referred to as the "other

case".

Judgment was entered in the other case on February 16, 2005.  On March

1, 2005, the Court entered an order requiring counsel for plaintiff to file an updated status

report on April 22, 2005.  Counsel, Paul Stockler, withdrew from representation of the

defendants in April, 2005 and Albert Maffei was substituted as attorney for the

defendants.  All the files and records concerning the case were delivered to Albert

Maffei's office shortly after the substitution of counsel.

On July 29, 2005, by letter, counsel for Lumbermens advised the

undersigned attorney, that the discovery responses to the December 1, 2003 and

December 3, 2003 discovery  requests had not been responded to and that counsel for

defendants must file responses by August 12, 2005 as shown by Exhibit B attached to

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

plaintiff Lumbermens' Motion To Compel Discovery Responses.  The discovery was responded to on August 12, 2005.

On September 20, 2005, the Court entered a charging order in the other case.  The Court concluded that the plaintiff is not entitled to have a regular, financial disclosure requirement included in the charging order.  [p. 9, plaintiff's Motion To Compel (docket 89)]  At page 9 of the motion to compel, Lumbermens further sets out the requirements of AS 32.11.340(b) which provides in part that the section provides the exclusive remedy for a judgment creditor against the interest of the limited partner in the partnership.  AS 32.11.340 (b) provides as follows.

> Other remedies, including foreclosure on the general or limited partner's interest and a court order for directions, accounts and inquiries that the debtor general or limited partner might have made are not available to the judgment creditor attempting to satisfy the judgment out of a judgment debtor's interest in the limited partnership and may not be ordered by the court.

Defendants responded to that part of the December 3, 2003 discovery which defendants originally objected to on the attorney-client privilege.  The attorney-client privilege was waived and the responses were made on the 25th day of February, 2006.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1  Defendants have also produced the estate matters requested by

2  Lumbermens as per a letter dated April 17, 2006.   A motion to compel was filed on April

3  18, 2006, and a response is due on the 8th day of May, 2006.

4  The Motion to Compel and the response thereto, and the motions for

5  protective order, and in limine concerns paragraphs 10 through 13, and paragraphs 16

6

7  through 28 of Lumbermens' request.

8  **<u>ARGUMENT</u>**

9  Discovery matters are covered under Rule 26 of the F.R.C.P.   Rule

10  26(b)(1) provides:

11

12  Parties may obtain discovery regarding any matter, not privileged, that is
   relevant to the claim or defense of any party, including the existence,

13  description, nature, custody, condition, and location of any books,
   documents or other tangible things and the identity and location of persons

14  having knowledge of any discoverable matter.  For good cause, the Court
   may order discovery of any matter relevant to the subject matter involved

15  in the action.  . . .

16  Rule 26(b)(2) provides the limitations.

17  Rule 26(c) provides for protective orders.  This matter is particularly

18  concerned with Rule 26(c)(4) which provides that the Court may order:

19

20  "certain matters not be inquired into, or that the scope of the disclosure or
   discovery be limited to certain matters.

21

22

23  Lumbermens v. Albert Maffei, et al
24  Case No. 3:03-cv-00262-JWS
   Motion For Protective Order; And Motion In Limine
25  And Opposition To Lumbermens' Motion To Compel [Third]
   Discovery Responses
   Page 5 of 17

The crux of this motion and the Federal Civil Rule are that the evidence requested must either be relevant or reasonably calculated to lead to discovery of admissible evidence.

Rule 401 of the Federal Rules of Evidence defines relevant evidence, as follows:

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 of the Federal Rules of Evidence provides as follows:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress. by these rules, or by other rules prescribed by the Supreme court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Requests for production 1 through 9, Exhibit A to the plaintiff's Motion To Compel (filed under Docket 89) have been complied with.

Requests for production 10 and 11 require that the defendants produce a copy of every document that shows the identity and financial interest of each beneficiary of the Maffei Inc. Profit Sharing Trust, as of the formation of the Maffei Family Limited

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1   Partnership (hereinafter referred to as "MFLP")  and also every document that shows the

2   identity and financial interest of each beneficiary of the Maffei Inc. Profit Sharing Trust

3   from the formation of the MFLP to the present.

4            Providing to the plaintiff the identity of the documents requested from

5   November 21, 2001 to date may well be moot because there is currently before the Court

6   a motion to dismiss the Trust from this litigation which has not yet been ruled upon.  But,

7   in addition, assuming that the both Albert Maffei and Bonita Maffei are beneficiaries of

8   the Trust (which they are not; Albert Maffei has no interest in the Trust and Bonita

9   Maffei has the only interest), how the information requested could somehow relate to the

10  issues in this case is not explained and is so irrelevant that it could not reasonably lead to

11  any relevant evidence.  The only reason that the Maffei Inc. Profit Sharing Trust is

12  involved is due to the fact that somehow plaintiff has arrived at the notion that a trade

13  transaction between the Trust and Albert Maffei is a fraudulent conveyance when, in fact,

14  it has been explained to the Court in the motion to dismiss the Trust that the only purpose

15  of the transaction was to exchange properties of equal value.  The plaintiff continues to

16  ignore this assertion by the defendants without submitting any contradicting evidence, but

17  continues to press for information that is totally out the realm of relevance in this case.  .

18           Requests for production 12 and 13 request production of documents

19  showing contributions of real or personal property to the Maffei Inc. Profit Sharing Trust

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses
Page 7 of 17

and every document showing loans or withdrawal of real or personal property from the Trust from January 1, 1995 to the present.  How any information requested could be germane or have any probative value from January 1, 1995 to the latter part of 2001 requires a great stretch of imagination.  Lumbermens cannot show any connection between the activities of the Trust for those years that relates to the cause of action before the Court.  Request for production number 14 requests copies of the documents in connection with the exchange of interest real property in the Palmer Recording District with Albert Maffei that occurred on or about November 23, 2001.  These documents have been produced and are attached to the motion to dismiss the two defendants, Bonita Maffei and the Maffei Inc. Profit Sharing Trust.

Request for production number 15 requests a copy of every document received by the Trust in connection with the exchange of interest in real property in the Palmer Recording District, with Albert Maffei, that occurred on or about November 23, 2001.  The only documents in this regard are the documents mentioned in the preceding request for production.

Request for production number 16 requests a copy of every document that shows any loans, withdrawals or transfers of real or personal property made by anyone from the Maffei Family  Limited Partnership from November 21, 2001 to the present.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses
Page 8 of 17

1   The Court in its Opinion And Order dated April 26, 2006 regarding the motion at docket

2   56 [Maffei's Motion To Compel Discovery By Lumbermens], at page 4, provided:

3              . . . evidence that is relevant to or is reasonably calculated to shed light on
               Maffei's intent at the time he made the allegedly fraudulent conveyances,
4              is discoverable . . .

5              . . . The touchtone is the relationship between what Maffei seeks and his
6              intent at the time of the conveyances.

7              In its Motion To Compel Discovery Responses dated April 18, 2006, at

8   page 11, Lumbermens states that the request is reasonably calculated to identify the

9   movement of assets - a critical component of this action against the Maffei Defendants.

10

11             The only movement of assets that Lumbermens is entitled to is the assets

12  that were conveyed to the MFLP on November 21, 2001 or shortly thereafter.  These

13  have not only been produced to Lumbermens by defendants, but Lumbermens has listed

14  all of the assets in its pleadings, and, in addition, has filed Lis Pendens against all the

15  properties.

16

17             Lumbermens is also requesting the production of documents from the

18  MFLP from November 21, 2001 to the present.  Lumbermens states that this request has

19  no relationship to the Judgment in the underlying case where a charging order has been

20  entered.  At  page 9 of the motion, Lumbermens cites AS 32.11.340(b) which provides, in

21  part, that:

22

23  Lumbermens v. Albert Maffei, et al
24  Case No. 3:03-cv-00262-JWS
    Motion For Protective Order; And Motion In Limine
25  And Opposition To Lumbermens' Motion To Compel [Third]
    Discovery Responses
                            Page 9 of 17

. . .  and a court order for directions, accounts and inquiries that the debtor general or limited partner might have made, are not available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited partnership and may not be ordered by the court.

Obviously, Lumbermens is attempting to circumvent not only the statute but the court order.

A good example of this are the requests for production numbers 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27.  Request for production number 17 specifically requests the barred information from the date of the charging order, September 21, 2005 to the present.  Request for production number 18, requests documents showing transfers to the MFLP from January 1, 2005 to the present.   How these documents would be relevant to show the intent of the defendants on November 21, 2001 is not explained and is so far removed that any intent on subsequent dates after January 1, 2005 would be of no relevancy except to influence and confuse the jury.  The reference to the charging order and the date of Sepetember 21, 2005 relate directly to the attempt to recover under the Judgment in the other case.  The Motion for Protective Order and Motion In Limine would not allow any of the said documents to be permitted as evidence in this case.

Requests for production 19, 20, 21, 22, 23, 24 are directly requesting documents and other information that is not available to Lumbermens in the other case where judgment was entered.  This is an end around attempt by Lumbermens to get

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

information in this case that they are barred from obtaining in the other case. These fall

directly under the prohibition of AS 32.11.340(b) that does not allow the Court to enter

an order for directions, accounts and inquiries.

Request for production number 25 requires production of copies of all

financial records of every kind and description, and all financial transactions of real and

personal property transfers for the MFLP from November 21, 2001 to the execution of

the charging order of September 20, 2005. These inquiries are barred by the charging

ordered entered by the court in the other case and by the State statute, and should not be

allowed to be produced in this proceeding which should not be concerned with the

partnership transactions after November 21, 2001 except for the transfer made by the

defendants to the partnership on that date and shortly thereafter. Request for production

number 26 requests the tax returns of Albert and Bonita Maffei, the Maffei Family

Limited Partnership, and the Maffei Inc. Profit Sharing Trust for 2001 through the

present. How these tax returns would reflect on the intent of the parties on November 21,

2001 is not explained. The tax returns are for the purpose of showing IRS the income of

the parties and their authorized expenditures leading to the net income on which income

taxes can be levied by the IRS. By this request, is Lumbermens attempting to in some

way discover what Lumbermens may believe to be an unlawful expense or some other

unlawful matter that can be presented to the IRS?

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

Request for production number 27 requests the financial statements or reports of the MFLP and the Profit Sharing Trust from 2001 through present. The argument regarding the statements or reports of the MFLP have already been argued and the financial statements of the Profit Sharing Trust could in no way relate to the single transaction between Albert Maffei and the Trust in an exchange of like value property.

Request for production number 28 requests that defendants produce documents provided to the defendants' CPA, their life insurance agent, and their brokerage agent.

Lumbermens has issued subpoenas ducus tecum to CPA's Brudie And Hunsaker, and brokerage agent, Daniel C. O'Connell of Wachovia Securities, and has attached an Exhibit A to the subpoena requesting the same information requested from the defendants under request for production number 28. A copy of Exhibit A is attached to this motion. The same Exhibit A is attached to the each of the subpoenas of the said parties. The depositions are scheduled for the 10th, 11th and 12th of May, 2006.

Lumbermens, at page 11 of its motion to compel (third) discovery responses, states that this is not an underlying action and that Lumbermens is not seeking a regular accounting, that the information is not sought for the purpose of assisting in the collection of the judgment in the underlying case. However, the requests are a blatant and obvious attempt to obtain information to pursue the collection of the judgment since

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses
Page 12 of 17

1    Lumbermens is referring to the charging order issued in the other case.   Lumbermens

2    correctly states that the charging order in the underlying case deals solely with the

3    collection of judgment against Albert Maffei as does the subject statute.  However,

4    Lumbermens fails to state how requests numbers 19, 20, 21, 22, 23, 24 and 25 which

5    relate directly to and reference the charging order issued by the Court on September 20,

6    2005 in the underlying case has relevance to the issues in this case.

7

8            Lumbermens is attempting to do in this case exactly what it is prohibited

9    from doing in the underlying case.

10           Lumbermens cities several paragraphs of the GIA as support for their

11   motion to compel.  Paragraph 12 which is cited is irrelevant since paragraph 12 is on the

12   page that was missing from the document forwarded to Maffei  by Darren Thomas in

13   October of 2001, and could not be considered as being available to the defendants until

14   approximately a year and a month after the MFLP was executed.

15

16           Paragraph 28 of the GIA which is referred to could have been relevant if

17   the surety in the document presented by Darren Thomas actually showed Lumbermens as

18   the surety.  As stated many times, Lumbermens was not mentioned in any capacity in  the

19   copy of  the GIA that was presented to Maffei  by Darren Thomas which, incidentally, is

20   the only document that Maffei and the defendants had in their possession when the MFLP

21   was created and transfers made.  Lumbermens also makes reference to paragraph 9 of the

22

23   Lumbermens v. Albert Maffei, et al
24   Case No. 3:03-cv-00262-JWS
     Motion For Protective Order; And Motion In Limine
25   And Opposition To Lumbermens' Motion To Compel [Third]
     Discovery Responses

GIA which pertains to books and records.  However, again, that portion of the GIA was contained on the page which was missing from the documents which defendant Maffei received from Darren Thomas,

In order for the discovery to be germane and relevant, it must relate to evidence which will support the defendants' mental status regarding their alleged obligations to Lumbermens as they existed on November 21, 2001.  The evidence in this case must be such that it represents the true status of the parties and their intent at the time that the partnership was created and the transfers made to the partnership, or it could reasonably lead to other matter that could bear on any issue that is or may be before the Court in this case

Although it is true as Lumbermens states that the Courts have taken a liberal view of the term relevancy and good cause in relationship to discovery, however, there are limitations.  *Broadway & Ninety-Sixth Street Realty Co. v. Loew's Inc.* 21 F.R.D. 347, 352, states as follows:

> … Examinations must be permitted on all matters winch appear to be reasonably relevant under the rules at this stage of the action.  However, practical considerations dictate that the parties should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.  If this places some limitations on the scope of the examination beyond those flowing from a broad interpretation of the rules, it is because the rules themselves contemplate that the procedure they authorize will

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1  itself be used to limit and narrow the issues.  Indeed, if this were not done
2  in cases such as the case at bar, the deposition-discovery proceedings
   would become practically endless.

3

4     In *National Utility v. Northwestern Steel*, 456 F. 2d 222, 225 (7th Cir.

5  1970), the Court states as follows:

6     No set requirements or formalities are imposed for the establishment of
7     good cause.  Moore's Federal Practice para. 34.08 (1969).  It is clear that a
      production motion may be verified in any reasonable manner
8     demonstrating that the material sought is relevant to the issues and that
      there is some good reason for enlisting the power of the court in
9     uncovering that information.  See Schlagenhauf v. Holder, 379, U.S. 104,
10    118-119, 85 S. Ct. 234, 13 L. Ed 2d 152.  The judicially imposed
      requirement that 'special circumstances' be demonstrated no more
11    specifies the method by which those exigencies may be shown than it
      constricts the breadth of the 'special circumstances' justifying discovery.
12    Cf. Hanley v. James McHugh Construction Co., 419 F.2d 955 (7th Cir.
13    1969)   Good cause for discovery may be apparent from the pleadings
      alone (Schlagenhauf v. Holder, supra, 379 U.S. at p.120, 85 S. Ct. 234)
14    from the motion itself without any accompanying affidavit where the
      records and pleadings warrant.  E.g., Goosman v. A. Duie Pyle, Inc., 320
15    F.2d 45 (4th Cir. 1963); Rekeweg v. Federal Mutual Ins. Co., 27 F.R.D.
      431 (N.D.Ind.1961).
16

17                          **CONCLUSION**

18     It is apparent from Lumbermens third discovery requests and

19  Lumbermens' motion to compel, that Lumbermens has gone far beyond the scope of

20  relevance, and has failed to provide any good reasons why the discovery should be had as

21  set out in its motion.

22

23
   Lumbermens v. Albert Maffei, et al
24 Case No. 3:03-cv-00262-JWS
   Motion For Protective Order; And Motion In Limine
25 And Opposition To Lumbermens' Motion To Compel [Third]
   Discovery Responses
                          Page 15 of 17

1    The Court should therefore enter the protective order,  and the order in

2    limine requested by the defendants which would restrict the discovery to the issue of the

3    intent of defendants at the time the MFLP was created and the property transfers made.

4    Defendants request that the proposed orders be entered limiting any discovery between

5    the dates September 1, 2001 and April 1, 2002,  and that no reference be made to the

6    other case.

7    

8                    Respectfully submitted this 8th day of May, 2006.

9                                            LAW OFFICES, LLC

10

11                                   By: s/  Albert Maffei
                                              Albert Maffei
12                                            Attorney for Defendants Albert
                                              Maffei, Bonita Maffei, Maffei
13                                            Family Limited Partnership and
                                              Maffei, Inc. Profit Sharing Trust
14                                            ABA No. 5311009

15

16

17

18

19

20

21

22

23   Lumbermens v. Albert Maffei, et al
     Case No. 3:03-cv-00262-JWS
24   Motion For Protective Order; And Motion In Limine
     And Opposition To Lumbermens' Motion To Compel [Third]
25   Discovery Responses

1

2

<u>Certificate of Service</u>

3          I hereby certify that on May 8,, 2006, a copy of the Motion For Protective

Order,  Motion In Limine, And Opposition to Lumbermens' Motion To Compel [Third]

4    Discovery Responses  was served electronically on :

5    Frank A. Pfiffner

6    Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001

7    Anchorage, Alaska, 99503

8    Michael C. Geraghty

9    DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue

10   Anchorage, Alaska, 99501

11   <u>s/ Albert Maffei</u>

12

13

14

15

16

17

18

19

20

21

22

23

24   Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS

25   Motion For Protective Order; And Motion In Limine
And Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses