Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone:  (907) 277-2503
Facsimile:   (907) 277-1239
almaffei@alaska.net
Attorney for Defendants , Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei, Inc. Profit
Sharing Trust

LUMBERMENS MUTUAL CASUALTY )
COMPANY, )
 )
          Plaintiff, ) Case No. 3:03-cv-00262-JWS
 )
vs. )
 )
ALBERT MAFFEI; BONITA MAFFEI; )MOTION IN  LIMINE
MAFFEI FAMILY LIMITED PARTNER- )
SHIP; MAFFEI, INC. PROFIT SHARING )
TRUST; and GEORGE E. GOERIG, )
 )
          Defendants. )
_____ )

       This Motion In Limine is for the purpose of limiting testimony or

documents that can be produced at the trial of this case.

## BACKGROUND

       This Motion In Limine concerns paragraphs 10 through 13, and

paragraphs 16 through 28 of Lumbermens' set of discovery dated February 16, 2006.

## ARGUMENT

       Federal Rules of Evidence provide as follows regarding relevant evidence.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 of the Federal Rules of Evidence provides as follows:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress. by these rules, or by other rules prescribed by the Supreme court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Requests for production 1 through 9, Exhibit A to the plaintiff's Motion To Compel (filed under Docket 89) have been complied with.

Requests for production 10 and 11 require that the defendants produce a copy of every document that shows the identity and financial interest of each beneficiary of the Maffei Inc. Profit Sharing Trust, as of the formation of the Maffei Family Limited Partnership (hereinafter referred to as "MFLP") and also every document that shows the identity and financial interest of each beneficiary of the Maffei Inc. Profit Sharing Trust from the formation of the MFLP to the present.

Providing to the plaintiff the identity of the documents requested from November 21, 2001 to date may well be moot because there is currently before the Court

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

a motion to dismiss the Trust from this litigation which has not yet been ruled upon.  But, in addition, assuming that the both Albert Maffei and Bonita Maffei are beneficiaries of the Trust (which they are not; Albert Maffei has no interest in the Trust and Bonita Maffei has the only interest), how the information requested could somehow relate to the issues in this case is not explained and is so irrelevant that it could not reasonably lead to any relevant evidence.  The only reason that the Maffei Inc. Profit Sharing Trust is involved is due to the fact that somehow plaintiff has arrived at the notion that a trade transaction between the Trust and Albert Maffei is a fraudulent conveyance when, in fact, it has been explained to the Court in the motion to dismiss the Trust that the only purpose of the transaction was to exchange properties of equal value.  The plaintiff continues to ignore this assertion by the defendants without submitting any contradicting evidence, but continues to press for information that is totally out the realm of relevance in this case.  .

Requests for production 12 and 13 request production of documents showing contributions of real or personal property to the Maffei Inc. Profit Sharing Trust and every document showing loans or withdrawal of real or personal property from the Trust from January 1, 1995 to the present.  How any information requested could be germane or have any probative value from January 1, 1995 to the latter part of 2001 requires a great stretch of imagination.  Lumbermens cannot show any connection between the activities of the Trust for those years that relates to the cause of action before the Court.  Request for production number 14 requests copies of the documents in

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

connection with the exchange of interest real property in the Palmer Recording District

with Albert Maffei that occurred on or about November 23, 2001.  These documents have

been produced and are attached to the motion to dismiss the two defendants, Bonita

Maffei and the Maffei Inc. Profit Sharing Trust.

Request for production number 15 requests a copy of every document

received by the Trust in connection with the exchange of interest in real property in the

Palmer Recording District, with Albert Maffei, that occurred on or about November 23,

2001.  The only documents in this regard are the documents mentioned in the preceding

request for production.

Request for production number 16 requests a copy of every document that

shows any loans, withdrawals or transfers of real or personal property made by anyone

from the Maffei Family  Limited Partnership from November 21, 2001 to the present.

The Court in its Opinion And Order dated April 26, 2006 regarding the motion at docket

56 [Maffei's Motion To Compel Discovery By Lumbermens], at page 4, provided:

> . . .  evidence that is relevant to or is reasonably calculated to shed light on
> Maffei's intent at the time he made the allegedly fraudulent conveyances,
> is discoverable . . .

In its Motion To Compel Discovery Responses dated April 18, 2006, at

page 11, Lumbermens states that the request is reasonably calculated to identify the

movement of assets - a critical component of this action against the Maffei Defendants.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

Page 4 of 11

The only movement of assets that Lumbermens is entitled to is the assets that were conveyed to the MFLP on November 21, 2001 or shortly thereafter.  These have not only been produced to Lumbermens by defendants, but Lumbermens has listed all of the assets in its pleadings, and, in addition, has filed Lis Pendens against all the properties.

Lumbermens is also requesting the production of documents from the MFLP from November 21, 2001 to the present.  Lumbermens states that this request has no relationship to the Judgment in the underlying case where a charging order has been entered.  At  page 9 of the motion, Lumbermens cites AS 32.11.340(b) which provides, in part, that:

> . . .  and a court order for directions, accounts and inquiries that the debtor general or limited partner might have made, are not available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited partnership and may not be ordered by the court.

Obviously, Lumbermens is attempting to circumvent not only the statute but the court order.

A good example of this are the requests for production numbers 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27.  Request for production number 17 specifically requests the barred information from the date of the charging order, September 21, 2005 to the present.  Request for production number 18, requests documents showing transfers to the MFLP from January 1, 2005 to the present.   How these documents would be

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

relevant to show the intent of the defendants on November 21, 2001 is not explained and is so far removed that any intent on subsequent dates after January 1, 2005 would be of no relevancy except to influence and confuse the jury. The reference to the charging order and the date of September 21, 2005 relate directly to the attempt to recover under the Judgment in the other case. The Motion for Protective Order and Motion In Limine would not allow any of the said documents to be permitted as evidence in this case.

Requests for production 19, 20, 21, 22, 23, 24 are directly requesting documents and other information that is not available to Lumbermens in the other case where judgment was entered. This is an end around attempt by Lumbermens to get information in this case that they are barred from obtaining in the other case. These fall directly under the prohibition of AS 32.11.340(b) that does not allow the Court to enter an order for directions, accounts and inquiries.

Request for production number 25 requires production of copies of all financial records of every kind and description, and all financial transactions of real and personal property transfers for the MFLP from November 21, 2001 to the execution of the charging order of September 20, 2005. These inquiries are barred by the charging ordered entered by the court in the other case and by the State statute, and should not be allowed to be produced in this proceeding which should not be concerned with the partnership transactions after November 21, 2001 except for the transfer made by the defendants to the partnership on that date and shortly thereafter. Request for production

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

number 26 requests the tax returns of Albert and Bonita Maffei, the Maffei Family

Limited Partnership, and the Maffei Inc. Profit Sharing Trust for 2001 through the

present.  How these tax returns would reflect on the intent of the parties on November 21,

2001 is not explained.   The tax returns are for the purpose of showing IRS the income of

the parties and their authorized expenditures leading to the net income on which income

taxes can be levied by the IRS.  By this request, is Lumbermens attempting to in some

way discover what Lumbermens may believe to be an unlawful expense or some other

unlawful matter that can be presented to the IRS?

Request for production number 27 requests the financial statements or

reports of the MFLP and the Profit Sharing Trust from 2001 through present.  The

argument regarding the statements or reports of the MFLP have already been argued and

the financial statements of the Profit Sharing Trust could in no way relate to the single

transaction between Albert Maffei and the Trust in an exchange of like value property.

Request for production number 28  requests that defendants produce

documents provided to the defendants' CPA, their life insurance agent, and their

brokerage agent.

Lumbermens has issued subpoenas ducus tecum  to CPA's Brudie And

Hunsaker, and brokerage agent, Daniel C. O'Connell of Wachovia Securities, and has

attached an Exhibit A to the subpoena requesting the same information requested from

the defendants under request for production number 28.  A copy of Exhibit A is attached

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

Page 7 of 11

to this motion.  The same Exhibit A is attached to the each of the subpoenas of the said

parties.  The depositions are scheduled for the 10th, 11th and 12th of May, 2006.

Lumbermens, at page 11 of  its motion to compel (third) discovery

responses, states that this is not an underlying action and that Lumbermens is not seeking

a regular accounting, that the information is not sought for the purpose of assisting in the

collection of the judgment in the underlying case.  However, the requests are a blatant

and obvious attempt to obtain information to pursue the collection of the judgment since

Lumbermens is referring to the charging order issued in the other case.   Lumbermens

correctly states that the charging order in the underlying case deals solely with the

collection of judgment against Albert Maffei as does the subject statute.  However,

Lumbermens fails to state how requests numbers 19, 20, 21, 22, 23, 24 and 25 which

relate directly to and reference the charging order issued by the Court on September 20,

2005 in the underlying case has relevance to the issues in this case.

Lumbermens is attempting to do in this case exactly what it is prohibited

from doing in the underlying case.

Lumbermens cities several paragraphs of the GIA as support for their

motion to compel.  Paragraph 12 which is cited is irrelevant since paragraph 12 is on the

page that was missing from the document forwarded to Maffei  by Darren Thomas in

October of 2001, and could not be considered as being available to the defendants until

approximately a year and a month after the MFLP was executed.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

Paragraph 28 of the GIA which is referred to could have been relevant if the surety in the document presented by Darren Thomas actually showed Lumbermens as the surety.  As stated many times, Lumbermens was not mentioned in any capacity in  the copy of  the GIA that was presented to Maffei  by Darren Thomas which, incidentally, is the only document that Maffei and the defendants had in their possession when the MFLP was created and transfers made.  Lumbermens also makes reference to paragraph 9 of the GIA which pertains to books and records.  However, again, that portion of the GIA was contained on the page which was missing from the documents which defendant Maffei received from Darren Thomas.

In order for the evidence to be submitted at trial be germane and relevant, it must relate to evidence which will support the defendants' mental status regarding their alleged obligations to Lumbermens as they existed on November 21, 2001.  The evidence in this case must be such that it represents the true status of the parties and their intent at the time that the partnership was created and the transfers made to the partnership.

<u>**CONCLUSION**</u>

Defendants are requesting that the Court enter an order in limine which would provide as follows:

1.  That the plaintiff , its witnesses  and counsel shall, at trial,  make no mention of, referral to, or interrogation about any copy of the GIA other than the 3 page

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion In Limine

1   GIA forwarded to defendant Albert Maffei by Darren Thomas of Lumbermens

2   accompanying a letter dated October 27, 2001.

3           2.  That Lumbermens, its witnesses, and counsel shall, at trial, make no

4   mention of, referral to, or interrogation regarding any matters in Case No. A01-309 CIV

5   (JWS), particularly regarding the Judgment and the Charging Order against the

6
7   defendant, Albert Maffei.

8           The purpose of the motion is to prevent the parties from straying from the

9   issues in this case.   Defendants are requesting that the motion be granted to preclude the

10  admission at trial of matters which had no relationship to the issue in this case which is

11
12  the specific intent of the defendants at the time that the MFLP was created and the

13  transfers thereto which should be limited in time to May 1, 2002.

14          Respectfully submitted this 9th day of May, 2006.

15                              LAW OFFICES, LLC

16

17                          By: s/  Albert Maffei
                                Albert Maffei
18                              Attorney for Defendants Albert
                                Maffei, Bonita Maffei, Maffei
19                              Family Limited Partnership and
                                Maffei, Inc. Profit Sharing Trust
20                              ABA No. 5311009

21

22

23

24  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
25  Motion In Limine

                        Page 10 of 11

1

2

<u>Certificate of Service</u>

3          I hereby certify that on May 9,  2006, a copy of the Motion In Limine
served electronically on :

4

5   Frank A. Pfiffner
    Hughes Bauman Pfiffner Gorski & Seedorf, LLC
6   3900 C Street, Suite 1001
    Anchorage, Alaska, 99503

7

8   Michael C. Geraghty
    DeLisio Moran Geraghty & Zobel, P.C.
9   943 West 6th Avenue
    Anchorage, Alaska, 99501

10

11  <u>s/ Albert Maffei</u>

12

13

14

15

16

17

18

19

20

21

22

23

24  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
25  Motion In Limine

Page 11 of 11