Law Offices of Albert Maffei
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone:  (907) 277-2503
Facsimile:   (907) 277-1239
almaffei@alaska.net
Attorney for Defendants , Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei, Inc. Profit
Sharing Trust

LUMBERMENS MUTUAL CASUALTY  )
COMPANY,                                            )
                                                              )
                         Plaintiff,               )  Case No. 3:03-cv-00262-JWS
                                                              )
vs.                                                        )
                                                              )
ALBERT MAFFEI; BONITA MAFFEI;       )
MAFFEI FAMILY LIMITED PARTNER-   )OPPOSITION TO LUMBERMENS'
SHIP; MAFFEI, INC. PROFIT SHARING   )MOTION TO COMPEL [THIRD]
TRUST; and GEORGE E. GOERIG,           )DISCOVERY RESPONSES
                                                              )
                         Defendants.           )
_____)

It appears that the parties are at an impasse regarding discovery and

therefore this response is made under the Rule 26 F.R.C.P. and is in response to

Lumbermens' Motion To Compel [Third] Discovery Responses.

## **BACKGROUND**

The plaintiff has filed its initial Third Party Complaint based on alleged

fraudulent conveyances, conspiracy to commit a fraudulent conveyance, aiding and

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1  abetting a fraudulent conveyance, and action under the RICO Act, as well as injunctive

2  relief.

3          Defendants have denied the allegations.  The case is now in the discovery

4  stage of the proceedings.  Defendants submitted their first discovery requests to the

5  plaintiff on the 24th day of August, 2005.  The attorney for plaintiff responded to the

6  Requests For Production and Interrogatories on the 26th day of September, 2005 on the

7  grounds that the requested discovery was not relevant to any disputed issues in the case

8  and cannot reasonably lead to the discovery of relevant evidence.  The defendants filed a

9  motion to compel and for sanctions against the plaintiff on the 21st day of December,

10  2005.  The plaintiff filed its opposition to the motion on the 31st day of January, 2006

11  after the parties had agreed, by stipulation, that plaintiff have additional time to respond.

12  The defendants filed their reply on the 17th day of February, 2006 also after stipulated

13  extensions.  The motion is pending awaiting the plaintiff deposing defendants Albert

14  Maffei and Bonita Maffei.

15          Lumbermens filed its first discovery request on December 1, 2003.

16          On the 18th day of December, 2003, defendants filed their motion to

17  dismiss the Complaint.  Lumbermens filed opposition.   The Court, on the 5th day of

18  April, 2004, ordered that all proceedings were stayed pending a determination of Albert

19  Maffei's liability in case number A01-309 CIV (JWS) hereinafter referred to as the "other

20  case".

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1    Judgment was entered in the other case on February 16, 2005.  On March

2   1, 2005, the Court entered an order requiring counsel for plaintiff to file an updated status

3   report on April 22, 2005.  Counsel, Paul Stockler, withdrew from representation of the

4   defendants in April, 2005 and Albert Maffei was substituted as attorney for the

5   defendants.  All the files and records concerning the case were delivered to Albert

6   Maffei's office shortly after the substitution of counsel.

7

8    On July 29, 2005, by letter, counsel for Lumbermens advised the

9   undersigned attorney, that the discovery responses to the December 1, 2003 and

10  December 3, 2003 discovery  requests had not been responded to and that counsel for

11  defendants must file responses by August 12, 2005 as shown by Exhibit B attached to

12  plaintiff Lumbermens' Motion To Compel Discovery Responses.  The discovery was

13  responded to on August 12, 2005.

14

15

16   On September 20, 2005, the Court entered a charging order in the other

17  case.  The Court concluded that the plaintiff is not entitled to have a regular, financial

18  disclosure requirement included in the charging order.  [p. 9, plaintiff's Motion To

19  Compel (docket 89)]  At page 9 of the motion to compel, Lumbermens further sets out

20  the requirements of AS 32.11.340(b) which provides in part that the section provides the

21  exclusive remedy for a judgment creditor against the interest of the limited partner in the

22  partnership.  AS 32.11.340 (b) provides as follows.

23

24  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
25  Opposition To Lumbermens' Motion To Compel [Third]
    Discovery Responses
                         Page 3 of 16

1

2

3

4

        Other remedies, including foreclosure on the general or limited partner's interest and a court order for directions, accounts and inquiries that the debtor general or limited partner might have made are not available to the judgment creditor attempting to satisfy the judgment out of a judgment debtor's interest in the limited partnership and may not be ordered by the court.

5

6

        Defendants responded to that part of the December 3, 2003 discovery which defendants originally objected to on the attorney-client privilege.  The attorney-

7

8

client privilege was waived and the responses were made on the 25th day of February,

9

2006.

10

        Defendants have also produced the estate matters requested by

11

Lumbermens as per a letter dated April 17, 2006.   A motion to compel was filed on April

12

18, 2006, and a response is due on the 8th day of May, 2006.

13

14

        This response to the Motion To Compel concerns paragraphs 10 through 13, and paragraphs 16 through 28 of Lumbermens' requests.

15

16

### <u>ARGUMENT</u>

17

        Discovery matters are covered under Rule 26 of the F.R.C.P.   Rule

18

26(b)(1) provides:

19

20

21

22

23

       Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  . . .

24

25

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1    Rule 26(b)(2) provides the limitations.

2         Rule 26(c) provides for protective orders.  This matter is particularly

3    concerned with Rule 26(c)(4) which provides that the Court may order:

4
5    "certain matters not be inquired into, or that the scope of the disclosure or
     discovery be limited to certain matters.

6         The crux of this motion and the Federal Civil Rule are that the evidence

7    requested must either be relevant or reasonably calculated to lead to discovery of

8    admissible evidence.

9
10        Rule 401 of the Federal Rules of Evidence defines relevant evidence, as
     follows:

11
12   'Relevant evidence' means evidence having any tendency to make the
     existence of any fact that is of consequence to the determination of the
13   action more probable or less probable than it would be without the
     evidence.

14
15        Rule 402 of the Federal Rules of Evidence provides as follows:

16   All relevant evidence is admissible, except as otherwise provided by the
     Constitution of the United States, by Act of  Congress. by these rules, or
17   by other rules prescribed by the Supreme court pursuant to statutory
     authority.  Evidence which is not relevant is not admissible.

18
19        Rule 403 provides:

20   Although relevant, evidence may be excluded if its probative value is
     substantially outweighed by the danger of unfair prejudice, confusion of
21   the issues, or misleading the jury, or by considerations of undue delay,
     waste of time, or needless presentation of cumulative evidence.

22

23

24   Lumbermens v. Albert Maffei, et al
     Case No. 3:03-cv-00262-JWS
25   Opposition To Lumbermens' Motion To Compel [Third]
     Discovery Responses

Requests for production 1 through 9, Exhibit A to the plaintiff's Motion To Compel (filed under Docket 89) have been complied with.

Requests for production 10 and 11 require that the defendants produce a copy of every document that shows the identity and financial interest of each beneficiary of the Maffei Inc. Profit Sharing Trust, as of the formation of the Maffei Family Limited Partnership (hereinafter referred to as "MFLP") and also every document that shows the identity and financial interest of each beneficiary of the Maffei Inc. Profit Sharing Trust from the formation of the MFLP to the present.

Providing to the plaintiff the identity of the documents requested from November 21, 2001 to date may well be moot because there is currently before the Court a motion to dismiss the Trust from this litigation which has not yet been ruled upon. But, in addition, assuming that the both Albert Maffei and Bonita Maffei are beneficiaries of the Trust (which they are not; Albert Maffei has no interest in the Trust and Bonita Maffei has the only interest), how the information requested could somehow relate to the issues in this case is not explained and is so irrelevant that it could not reasonably lead to any relevant evidence. The only reason that the Maffei Inc. Profit Sharing Trust is involved is due to the fact that somehow plaintiff has arrived at the notion that a trade transaction between the Trust and Albert Maffei is a fraudulent conveyance when, in fact, it has been explained to the Court in the motion to dismiss the Trust that the only purpose of the transaction was to exchange properties of equal value. The plaintiff continues to

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

ignore this assertion by the defendants without submitting any contradicting evidence, but continues to press for information that is totally out the realm of relevance in this case.  .

Requests for production 12 and 13 request production of documents showing contributions of real or personal property to the Maffei Inc. Profit Sharing Trust and every document showing loans or withdrawal of real or personal property from the Trust from January 1, 1995 to the present.  How any information requested could be germane or have any probative value from January 1, 1995 to the latter part of 2001 requires a great stretch of imagination.  Lumbermens cannot show any connection between the activities of the Trust for those years that relates to the cause of action before the Court.  Request for production number 14 requests copies of the documents in connection with the exchange of interest real property in the Palmer Recording District with Albert Maffei that occurred on or about November 23, 2001.  These documents have been produced and are attached to the motion to dismiss the two defendants, Bonita Maffei and the Maffei Inc. Profit Sharing Trust.

Request for production number 15 requests a copy of every document received by the Trust in connection with the exchange of interest in real property in the Palmer Recording District, with Albert Maffei, that occurred on or about November 23, 2001.  The only documents in this regard are the documents mentioned in the preceding request for production.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1             Request for production number 16 requests a copy of every document that

2 shows any loans, withdrawals or transfers of real or personal property made by anyone

3 from the Maffei Family Limited Partnership from November 21, 2001 to the present.

4 The Court in its Opinion And Order dated April 26, 2006 regarding the motion at docket

5

6 56 [Maffei's Motion To Compel Discovery By Lumbermens], at page 4, provided:

7             . . .  evidence that is relevant to or is reasonably calculated to shed light on
Maffei's intent at the time he made the allegedly fraudulent conveyances,

8             is discoverable . . .

9             . . . The touchtone is the relationship between what Maffei seeks and his

10             intent at the time of the conveyances.

11             In its Motion To Compel Discovery Responses dated April 18, 2006, at

12 page 11, Lumbermens states that the request is reasonably calculated to identify the

13 movement of assets - a critical component of this action against the Maffei Defendants.

14

15             The only movement of assets that Lumbermens is entitled to is the assets

16 that were conveyed to the MFLP on November 21, 2001 or shortly thereafter.  These

17 have not only been produced to Lumbermens by defendants, but Lumbermens has listed

18 all of the assets in its pleadings, and, in addition, has filed Lis Pendens against all the

19 properties.

20             Lumbermens is also requesting the production of documents from the

21 MFLP from November 21, 2001 to the present.  Lumbermens states that this request has

22

23 no relationship to the Judgment in the underlying case where a charging order has been

24 Lumbermens v. Albert Maffei, et al

25 Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1    entered.  At  page 9 of the motion, Lumbermens cites AS 32.11.340(b) which provides, in

2    part, that:

3            . . .  and a court order for directions, accounts and inquiries that the debtor
4            general or limited partner might have made, are not available to the
             judgment creditor attempting to satisfy the judgment out of the judgment
5            debtor's interest in the limited partnership and may not be ordered by the
             court.
6

7            Obviously, Lumbermens is attempting to circumvent not only the statute

8    but the court order.

9            A good example of this are the requests for production numbers 17, 18,

10   19, 20, 21, 22, 23, 24, 25, 26, and 27.  Request for production number 17 specifically

11
     requests the barred information from the date of the charging order, September 21, 2005
12

13   to the present.  Request for production number 18, requests documents showing transfers

14   to the MFLP from January 1, 2005 to the present.   How these documents would be

15   relevant to show the intent of the defendants on November 21, 2001 is not explained and

16   is so far removed that any intent on subsequent dates after January 1, 2005 would be of

17
     no relevancy except to influence and confuse the jury.  The reference to the charging
18

19   order and the date of September 21, 2005 relate directly to the attempt to recover under

20   the Judgment in the other case.  The Motion for Protective Order and Motion In Limine

21   would not allow any of the said documents to be permitted as evidence in this case.

22           Requests for production 19, 20, 21, 22, 23, 24 are directly requesting

23
     documents and other information that is not available to Lumbermens in the other case
24   Lumbermens v. Albert Maffei, et al
     Case No. 3:03-cv-00262-JWS
25   Opposition To Lumbermens' Motion To Compel [Third]
     Discovery Responses
                                         Page 9 of 16

where judgment was entered.  This is an end around attempt by Lumbermens to get information in this case that they are barred from obtaining in the other case.  These fall directly under the prohibition of AS 32.11.340(b) that does not allow the Court to enter an order for directions, accounts and inquiries.

Request for production number  25 requires production of copies of all financial records of every kind and description, and all financial transactions of real and personal property transfers for the MFLP from November 21, 2001 to the execution of the charging order of September 20, 2005.  These inquiries are barred by the charging ordered entered by the court in the other case and by the State statute, and should not be allowed to be produced in this proceeding which should not be concerned with the partnership transactions after November 21, 2001 except for the transfer made by the defendants to the partnership on that date and shortly thereafter.  Request for production number 26 requests the tax returns of Albert and Bonita Maffei, the Maffei Family Limited Partnership, and the Maffei Inc. Profit Sharing Trust for 2001 through the present.  How these tax returns would reflect on the intent of the parties on November 21, 2001 is not explained.   The tax returns are for the purpose of showing IRS the income of the parties and their authorized expenditures leading to the net income on which income taxes can be levied by the IRS.  By this request, is Lumbermens attempting to in some way discover what Lumbermens may believe to be an unlawful expense or some other unlawful matter that can be presented to the IRS?

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1    Request for production number 27 requests the financial statements or

2    reports of the MFLP and the Profit Sharing Trust from 2001 through present.  The

3    argument regarding the statements or reports of the MFLP have already been argued and

4    the financial statements of the Profit Sharing Trust could in no way relate to the single

5    transaction between Albert Maffei and the Trust in an exchange of like value property.

6

7    Request for production number 28  requests that defendants produce

8    documents provided to the defendants' CPA, their life insurance agent, and their

9    brokerage agent.

10    Lumbermens has issued subpoenas ducus tecum  to CPA's Brudie And

11    Hunsaker, and brokerage agent, Daniel C. O'Connell of Wachovia Securities, and has

12    attached an Exhibit A to the subpoena requesting the same information requested from

13    the defendants under request for production number 28.  A copy of Exhibit A is attached

14    to this motion.  The same Exhibit A is attached to the each of the subpoenas of the said

15    parties.  The depositions are scheduled for the 10th, 11th and 12th of May, 2006.

16

17    Lumbermens, at page 11 of  its motion to compel (third) discovery

18    responses, states that this is not an underlying action and that Lumbermens is not seeking

19    a regular accounting, that the information is not sought for the purpose of assisting in the

20    collection of the judgment in the underlying case.  However, the requests are a blatant

21    and obvious attempt to obtain information to pursue the collection of the judgment since

22    Lumbermens is referring to the charging order issued in the other case.   Lumbermens

23

24    Lumbermens v. Albert Maffei, et al

25    Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

correctly states that the charging order in the underlying case deals solely with the collection of judgment against Albert Maffei as does the subject statute.  However, Lumbermens fails to state how requests numbers 19, 20, 21, 22, 23, 24 and 25 which relate directly to and reference the charging order issued by the Court on September 20, 2005 in the underlying case has relevance to the issues in this case.

Lumbermens is attempting to do in this case exactly what it is prohibited from doing in the underlying case.

Lumbermens cities several paragraphs of the GIA as support for their motion to compel.  Paragraph 12 which is cited is irrelevant since paragraph 12 is on the page that was missing from the document forwarded to Maffei  by Darren Thomas in October of 2001, and could not be considered as being available to the defendants until approximately a year and a month after the MFLP was executed.

Paragraph 28 of the GIA which is referred to could have been relevant if the surety in the document presented by Darren Thomas actually showed Lumbermens as the surety.  As stated many times, Lumbermens was not mentioned in any capacity in  the copy of  the GIA that was presented to Maffei  by Darren Thomas which, incidentally, is the only document that Maffei and the defendants had in their possession when the MFLP was created and transfers made.  Lumbermens also makes reference to paragraph 9 of the GIA which pertains to books and records.  However, again, that portion of the GIA was

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

contained on the page which was missing from the documents which defendant Maffei

received from Darren Thomas,

       In order for the discovery to be germane and relevant, it must relate to

evidence which will support the defendants' mental status regarding their alleged

obligations to Lumbermens as they existed on November 21, 2001.  The evidence in this

case must be such that it represents the true status of the parties and their intent at the

time that the partnership was created and the transfers made to the partnership, or it could

reasonably lead to other matter that could bear on any issue that is or may be before the

Court in this case

       Although it is true as Lumbermens states that the Courts have taken a

liberal view of the term relevancy and good cause in relationship to discovery, however,

there are limitations.  *Broadway & Ninety-Sixth Street Realty Co. v. Loew's Inc.* 21

F.R.D. 347, 352,

states as follows:

> … Examinations must be permitted on all matters winch appear to be
> reasonably relevant under the rules at this stage of the action.  However,
> practical considerations dictate that the parties should not be permitted to
> roam in the shadow zones of relevancy and to explore matter which does
> not presently appear germane on the theory that it might conceivably
> become so.  If this places some limitations on the scope of the examination
> beyond those flowing from a broad interpretation of the rules, it is because
> the rules themselves contemplate that the procedure they authorize will
> itself be used to limit and narrow the issues.  Indeed, if this were not done
> in cases such as the case at bar, the deposition-discovery proceedings
> would become practically endless.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses

1

2    In *National Utility v. Northwestern Steel*, 456 F. 2d 222, 225 (7th Cir.

3    1970), the Court states as follows:

4

5         No set requirements or formalities are imposed for the establishment of
          good cause.  Moore's Federal Practice para. 34.08 (1969).  It is clear that a
6         production motion may be verified in any reasonable manner
          demonstrating that the material sought is relevant to the issues and that
7         there is some good reason for enlisting the power of the court in
          uncovering that information.  See Schlagenhauf v. Holder, 379, U.S. 104,
8         118-119, 85 S. Ct. 234, 13 L. Ed 2d 152.  The judicially imposed
          requirement that 'special circumstances' be demonstrated no more
9         specifies the method by which those exigencies may be shown than it
          constricts the breadth of the 'special circumstances' justifying discovery.
10        Cf. Hanley v. James McHugh Construction Co., 419 F.2d 955 (7th Cir.
          1969)   Good cause for discovery may be apparent from the pleadings
11        alone (Schlagenhauf v. Holder, supra, 379 U.S. at p.120, 85 S. Ct. 234)
          from the motion itself without any accompanying affidavit where the
12        records and pleadings warrant.  E.g., Goosman v. A. Duie Pyle, Inc., 320
          F.2d 45 (4th Cir. 1963); Rekeweg v. Federal Mutual Ins. Co., 27 F.R.D.
13        431 (N.D.Ind.1961).

14

15                               **<u>CONCLUSION</u>**

16         The defendants have filed concurrently with this response a Motion For

17   Protective Order and Motion In Limine. These motions are necessary in order to narrow

18   the issues and permit production of evidence that supports those issues.  The simple issue

19   in this case is the intent of the defendants at the time the MFLP was created  and the

20   conveyances thereto.  Defendants are requesting a time limit which would be no earlier

21   than August 13, 2001  when a GIA was executed by Maffei, and May 1, 2002 which are

22

23

24   Lumbermens v. Albert Maffei, et al
     Case No. 3:03-cv-00262-JWS
25   Opposition To Lumbermens' Motion To Compel [Third]
     Discovery Responses
                                   Page 14 of 16

1  the dates that are in question in this case.  Beyond these dates, the evidence should be

2  inadmissible.

3              Respectfully submitted this 9th day of May, 2006.

4                          LAW OFFICES, LLC

5

6                  By: s/  Albert Maffei

7                      Albert Maffei
                       Attorney for Defendants Albert
8                      Maffei, Bonita Maffei, Maffei
                       Family Limited Partnership and
9                      Maffei, Inc. Profit Sharing Trust
                       ABA No. 5311009
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
25  Opposition To Lumbermens' Motion To Compel [Third]
    Discovery Responses

1

2

<u>Certificate of Service</u>

3          I hereby certify that on May 9,, 2006, a copy of the Motion For Protective
Order,  Motion In Limine, And Opposition to Lumbermens' Motion To Compel [Third]

4 Discovery Responses  was served electronically on :

5 Frank A. Pfiffner
6 Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
7 Anchorage, Alaska, 99503

8 Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
9 943 West 6th Avenue
10 Anchorage, Alaska, 99501

11 <u>s/ Albert Maffei</u>

12

13

14

15

16

17

18

19

20

21

22

23

24 Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
25 Opposition To Lumbermens' Motion To Compel [Third]
Discovery Responses