Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty
Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br> 3:03-cv-00262-JWS |

### REPLY TO DEFENDANTS' OPPOSITION TO LUMBERMENS' MOTION TO COMPEL [THIRD] DISCOVERY RESPONSES

       The Maffei Defendants have repeatedly delayed the progress of this action

by attempting to constrict discovery to a single issue: What was Albert Maffei's intent on

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)
Page 1 of 25

November 21, 2001. Such a myopic view of the case ignores the obvious: There are more causes of action pleaded by Lumbermens than fraudulent conveyance, and even fraudulent conveyance must be proven by circumstantial evidence. Moreover, such a narrow view of the case ignores the causes of action by Lumbermens for aiding and abetting and conspiracy claims against parties other than Albert Maffei. Finally, the repeated refrain of Maffei that Lumbermens is trying to "circumvent" the court's charging order in the underlying action is an attempt to expand the language of that order beyond its intent and to prohibit legitimate discovery in this action.

The documents sought by Lumbermens' Third Discovery to Defendants Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership ("MFLP"), and the Maffei, Inc. Profit Sharing Trust (collectively, "the Maffei Defendants") is reasonably calculated to lead to the discovery of admissible evidence relating both to the various causes of action asserted by Lumbermens, and to the relief sought. Some such evidence has already been obtained by Lumbermens and provides a perfect example to the court of the need for the requested discovery.

## I.    INTENT IS PROVEN THROUGH CIRCUMSTANTIAL EVIDENCE.

As an initial matter, it is highly unlikely that Albert Maffei or any of the Maffei Defendants will step to the microphone and testify directly that they intended to defraud Lumbermens. Circumstantial evidence is the primary method of proving fraud.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)

Page 2 of 25

In *Nerox Power Systems, Inc. v. M-B Contracting Co., Inc.*,[1] the Alaska Supreme Court noted that several fact specific inquiries must be made in a fraudulent conveyance action:

> The prohibition against fraudulent conveyances has been codified in Alaska law. **The intent to defraud through a conveyance "is a question of fact usually to be proved by circumstantial evidence." Many circumstantial factors can indicate the existence of fraud.** "Badges of fraud must be viewed within the context of each particular case."[2]

The badges of fraud associated with fraudulent conveyances may include inadequate consideration, anticipation of litigation, insolvency of the debtor, a failure to promptly record the instrument, the totality of the transfer in relation to the debtor's assets, the continued possession of the debtor following the transfer, depletion of the assets of the debtor, and the relationship of the parties to the transfer.[3] Such indicia are proven through circumstantial evidence. The actions of the Maffei Defendants in (1) creating the MFLP on the heels of the demand letter from Lumbermens; (2) moving all of their assets into the MFLP, including the fraudulent transfer of properties with the Maffei, Inc. Profit Sharing Trust (the "Trust"), (3) selling off assets from the MFLP after the initial fraudulent transfers; and (4) recognizing profit and indirect benefit from the

---

[1] 54 P.3d 791, 796 (Alaska 2002).

[2] (Emphasis supplied) (*citing Blumstein v. Phillips Ins. Ctr., Inc.* 409 P.2d 1213, 1223 (Alaska 1971).

[3] *See First Nat'l Bank of Fairbanks v. Enzler*, 537 P.2d 517, 522 (Alaska 1975) (*citing Evans v. Trude*, 193 Or. 648, 240 P.2d 940, 944 (1952).

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 3 of 25

entire process are all circumstantial evidence of an intent to defraud.  Consider the facts discussed in the following subsections.

### A.    The Last Will and Testament of Albert Maffei.

Lumbermens' Third Discovery to the Maffei Defendants included requests for the production of wills, trust agreements, living wills, powers of attorney, and other types of estate planning documentation for the Maffeis, both prior to and following the creation of the MFLP.[4]  Originally the Maffeis objected to producing such documents on the grounds that they were irrelevant to the claims asserted by Lumbermens.[5]  On the date Lumbermens filed its Motion to Compel Discovery Responses, Albert and Bonita Maffei produced their wills to Lumbermens.  A single Will, dated January 23, 2002,[6] provides the type of circumstantial evidence Lumbermens can expect to receive in response to its discovery requests if the Maffeis are compelled to produce the requested documents.

---

[4] *See* Exhibit A to Lumbermens Motion to Compel Discovery Responses dated April 18, 2006, Doc. No. 89, Request Nos. 1-7.

[5] *See* Exhibit C to Lumbermens Motion to Compel Discovery Responses dated April 18, 2006, Doc. No. 89, Request Nos. 1-7.

[6] Although the Maffeis have not marked the referenced Will as "Confidential" in accordance with the terms of the March 6, 2006 Protective Order, Lumbermens has produced the Will under seal as Exhibit A to this Reply Brief with the understanding that the nature of the document makes it likely that such failure by Mr. Maffei was an oversight.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

**Page 5 of Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' REPLY BRIEF HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

divestiture of his partnership status in the MFLP.[9] He nevertheless has taken steps, in his individual capacity, subsequent to the November 21, 2001, creation of the MFLP, to arrange for the passing on of these properties to his family. Clearly Albert Maffei's action in setting up such a Will after transferring the properties into the MFLP is strong circumstantial evidence of Maffei's intent to defraud Lumbermens, despite the fact that the Will was executed after the properties were conveyed to the MFLP. Moreover, the Will is strong evidence of perjury in this case by Albert Maffei regarding his ownership interest and/or his intent with regard to the subject properties, and the court cannot condone such perjury or allow Maffei to hide it behind a series of baseless objections to discovery requests.

### B.    Tax Documentation.

On May 10, 2006, Lumbermens took the depositions of the Maffeis' accountants, Eivin Brudie and Stuart Hunsaker.[10] In response to a subpoena duces tecum, Mr. Hunsaker produced at the deposition copies of Maffei tax return documents for the

---

[9] See, for instance, Maffeis Opposition to Lumbermens Motion for Permission to Obtain an Appraisal and the exhibits attached thereto, Doc. No. 85.

[10] *See* Affidavit of Frank A. Pfiffner, Paragraph 2, a copy of which is filed under seal as Exhibit B to this Brief, due to the attachment of certain confidential materials thereto.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 6 of 25

**Page 7 of Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' REPLY BRIEF HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 7 of 25

**Page 8 of Reply to Defendants' Opposition to Lumbermens' Motion to
Compel [Third] Discovery Responses**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE
ORDER**

**THIS PAGE OF LUMBERMENS' REPLY BRIEF HAS BEEN FILED UNDER
SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)

Page 8 of 25

on the part of the Maffeis to defraud Lumbermens.  Both provide direct evidence of actions in furtherance of an illicit scheme.  And both provide dramatic evidence on the issue of the lack of veracity and outright lying by the Maffeis in this case.

## II.    THERE IS MORE AT ISSUE THAN ALBERT MAFFEI'S INTENT ON NOVEMBER 21, 2001.

The entire theory of the Maffei objections to Lumbermens' discovery requests is set forth on page 13 of the Maffei Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses ["Maffei Defendants' Opposition Brief"]:

> In order for the discovery to be germane and relevant, it must relate to evidence which will support the defendants' mental status regarding their alleged obligations to Lumbermens as they existed on November 21, 2001.

While it is correct that the intent of the defendants at the time that the MFLP was created and at the time property was hidden in the MFLP by the defendants are important issues, it is an obvious misstatement to claim that such are the only issues before the court.  Even so, the Maffei Defendants' actions in carrying out their scheme to defraud their creditors, including Lumbermens, and the profit they have derived from their actions will provide substantial circumstantial evidence of fraudulent intent.[17]

---

[17] *See First National Bank of Fairbanks v. Enzler*, 537 P.2d 517, 522 (Alaska 1975)(badges of fraud defined).

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

Equally important, Lumbermens has asserted claims not only for fraudulent conveyance, but also for conspiracy, aiding and abetting, legal malpractice, racketeering, and a claim for injunctive relief. Each of these causes of action requires proof in the form of actions by the defendants, not only on November 21, 2001, but in the years following the conveyances as well. There are obviously more issues than the Maffei Defendants would have the court recognize.

### A.    Fraudulent Conveyance.

In order to prove liability for participation in a fraudulent conveyance scheme, Lumbermens must establish:  (1) an unlawful agreement; (2) specific intent of each participant in the scheme to hinder, delay and defraud a creditor of one who participated in the scheme; (3) acts committed pursuant to the unlawful agreement; and (4) damages caused by acts committed pursuant to the unlawful agreement.[18] The intent of the parties to the agreement makes up only 25% of the elements that Lumbermens must prove on this cause of action alone. Moreover, the actions of the parties in making an agreement and/or in furthering the agreement are also circumstantial evidence of the intent of the participants to the scheme. Actions taken by the parties to profit from the conveyance are in furtherance of the scheme and will obviously take place long after the initial conveyance takes place.

---

[18] *See Summers v. Hagen*, 852 P.2d 1165, 1169 (Alaska 1993).

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

1.    <u>Requests 10-13 Relating to the Maffei, Inc. Profit Sharing Trust</u>.

Requests 10-13, which the Maffei Defendants contend are irrelevant, seek information regarding the beneficiaries of the Trust at or after the formation of the MFLP, together with information related to the transfer of assets into or out of the Trust from 1995 through the present. On their face, these Requests relate directly to elements 2 and 3 of the fraudulent conveyance *prima facie* case in numerous ways:

- Motive is a primary consideration in proving intent. The structure of the Trust, the identity of the beneficiaries of the Trust, and the financial interest of individuals may provide strong circumstantial evidence of an intent to avoid financial obligations to Lumbermens for the specific benefit of other investors or beneficiaries.

- Learning the identity and financial interest of beneficiaries of the Trust would provide potential sources of discoverable information regarding the intent behind the movement of assets into and out of the Trust and the value of the assets retained in or divested from the Trust.

- Information on transfers into and out of the Trust prior to and following the formation of the MFLP would identify patterns and deviations relating to the treatment of assets owned by the Trust, before and after the Lumbermens demand.

As such, the information sought by Request Nos. 10-13 is clearly discoverable.

2.    <u>Requests 16-28 Regarding Asset Transfers of the MFLP and Financial Transactions for the Benefit of Albert Maffei</u>.

As discussed above, while the intent of Albert Maffei in November, 2001, is not the only issue in this case, it is also tied to the subsequent actions of the alleged

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)
Page 11 of 25

conspirators. Although the transfer of assets into the MFLP in November of 2001 and shortly thereafter is certainly relevant, the treatment of the property following such transfers is just as indicative of intent to benefit from their actions while protecting the assets from Lumbermens. Property transferred into the MFLP in 2001 or 2002, and subsequently sold by the MFLP for profit, is strong evidence of intent by both Albert and Bonita Maffei, through manipulation of the MFLP and the Trust, to "hinder, delay and defraud a creditor."

As telling, evidence that the MFLP has provided direct financial benefit to Albert and Bonita Maffei, through interest income or sales profit, or that it has provided indirect benefits to them through income or profit to their designees, loans from the MFLP to family members or other designees, or the simple transfer of real property to family members or other designees is also evidence of the Maffeis' intent to defraud Lumbermens for their own benefit and evidence of the culmination of their scheme to defraud. This is particularly true of Request Nos. 16-21, 24-25, and 27, which deal specifically with the MFLP.

Request Nos. 22-23 ask for financial information specific to Albert Maffei. The types of documents sought would be expected to identify not only the loans, income, revenue, and other benefits to Maffei from the transactions described therein, but should identify any collateral which he used to secure such benefits. If Albert Maffei's Will

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 12 of 25

offers any indication, such collateral will likely include property allegedly owned by the MFLP and/or the Trust. Such practice will prove not only to be valuable evidence of intent to profit at Lumbermens' expense, but also may identify actions taken in furtherance of the scheme.

The tax returns of the Maffei Defendants from 2001 forward are obviously relevant to the intent and the actions taken by the various defendants in furtherance of their fraudulent scheme, as described above in Section I(B). They would be expected to provide some evidence of the lack of legitimacy of Albert Maffei's professed disassociation with the MFLP, which in turn is circumstantial evidence of his intent to further defraud Lumbermens. The same justification supports Lumbermens' Request No. 28, which seeks documents provided to or by Albert Maffei's accountant, his insurance broker, and his financial advisor. Maffei's suggestion that Lumbermens is seeking this information in discovery in order to run to the IRS is ridiculous.

Even if intent were the only issue before the court, and even if fraudulent conveyance by Albert Maffei were the only cause of action, the documents and information sought by Lumbermens would still be relevant because actions provide the circumstantial evidence of intent. Profit through the transfer of assets in 2005 which should rightfully have been transferred to Lumbermens in 2001 is circumstantial evidence of intent to defraud and to profit as a result of their fraud. The fact finder is

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

Page 13 of 25

entitled to determine the weight to be given to such evidence. Lumbermens is entitled to discover it.

### B.    Conspiracy and Aiding and Abetting.

As set out in greater detail in Lumbermens' Opposition to Maffei's Motion to Dismiss Two Defendants, the conspiracy and aiding and abetting claims asserted by Lumbermens are tort claims separate from the actual real and personal property conveyances at issue in the case. Conspiracy liability, as discussed above, is defined in *Summers v. Hagen*, 852 P.2d 1165, 1169-70 (Alaska 1993). Unlike conspiracy liability, aiding and abetting liability does not require an agreement among parties.[19] The elements of an aiding and abetting claim, which was recognized in *Halbersam*, are:

> (1) The party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortuous activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation.[20]

Bonita Maffei is potentially liable for conspiracy and aiding and abetting the fraudulent conveyances at issue in this action. She signed the deeds as grantor, and she may be the sole general partner of the MFLP after Albert Maffei's purported

---

[19] *Halbersam v. Welch*, 705 F.2d 472, 477-79 (D.C. Cir. 1983).

[20] *Id.* at 477.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)

resignation in 2003.[21]  In fact, Bonita Maffei legally controls all of the assets that have been fraudulently conveyed.  She was also a facilitator for at least two of the fraudulent conveyances due to the ownership of those parcels as tenants by the entirety.[22]  She has exercised her control over the properties so that the assets would have the most protection possible from the claims of Lumbermens.

For the same reasons they were relevant to the fraudulent conveyance claim, Requests 10-13, 16-21, 24-25, and 27 bear directly on the conspiracy and aiding and abetting claims against Bonita Maffei.  As such, the information is clearly discoverable.

Both Bonita Maffei and the Trust are implicated by the actions of Albert Maffei in transferring property between the Trust and the MFLP.  Not only was such action an obvious substitution of property fit for liquidation for property with no real saleable value, but also the transfer itself was illegal.  During the deposition of Eivin Brudie on May 10, 2006, Albert Maffei specifically asked the accountant whether there was anything wrong with the transfer.  Mr. Brudie replied that such a transfer was

---

[21] *See* Exhibit 7 to Plaintiff's Opposition to Defendants' Motion to Dismiss as to Two Defendants, dated January 31, 2006, Doc. No. 63.

[22] *See* Exhibit 5 to Plaintiff's Opposition to Defendants' Motion to Dismiss as to Two Defendants, dated January 31, 2006, Doc. No. 63.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 15 of 25

**Page 16 of Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' REPLY BRIEF HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

**Page 17 of Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' REPLY BRIEF HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

knows or should know that such transaction constitutes a direct or indirect (A) sale or exchange, or leasing, of any property between the plan and a party in interest . . . ." Albert Maffei, at the time of the transfers, was clearly a "party in interest" as that term is defined under 29 USC § 1002(14)(A). Neither was adequate consideration provided for the transfer in compliance with 29 U.S.C. § 1108(e)(1).

By selling assets from the MFLP, the enterprise realizes profit. By extending loans to family, friends, or other designees, the enterprise realizes indirect benefit. The enterprise continues to profit from its fraud. The beneficiaries of the Trust and the MFLP are potential sources of information relating to those benefits.

Lumbermens seeks through Request Nos. 10-13 and 16-28 to identify admissible evidence on the profit to the enterprise. This would seem to be so fundamentally clear as to be beyond dispute, if it were not for the insistence of the Maffei Defendants that the only issue for resolution and the only issue worthy of discovery is Albert's intent on November 21, 2001.

### D.    Injunctive Relief.

The Requests at issue are reasonably calculated to lead to the discovery of admissible evidence in support of Lumbermens' Sixth Cause of Action, seeking injunctive relief. Beginning at Paragraph 108 of its Second Amended Complaint,

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)
Page 18 of 25

Lumbermens alleges that it has been irreparably harmed by the actions of the Maffei

Defendants, that damages are an inadequate remedy, and therefore Lumbermens:

> requests that the court grant injunctive relief against Albert
> Maffei, Bonita Maffei, the Maffei Family Limited
> Partnership, the Maffei Inc. Profit Sharing Trust, and George
> Goerig to prevent defendants from engaging in any additional
> activity to fraudulently convey real property or other assets
> and that Albert Maffei, Bonita Maffei, and the Maffei Family
> Limited Partnership be enjoined form transferring real
> property or other assets to anyone other than Lumbermens
> without further order of this court.

Perhaps more than any other single cause of action, the request by

Lumbermens for injunctive relief requires the type of support contemplated by Request

for Production Nos. 10-13 and 16-28. Those Requests are clearly intended in part to

identify documents and information demonstrating a pattern by the Maffei Defendants of

not only wrongfully moving assets into the Trust and the MFLP which should rightfully

have been transferred to Lumbermens, but also of selling off those assets for the benefit

of the Maffei Defendants. The injunctive relief sought by Lumbermens would put a stop

to such behavior. The evidence sought by the subject discovery requests are expected to

support the relief requested in Lumbermens' Sixth Cause of Action.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)
Page 19 of 25

### III.    RELIANCE ON THE CHARGING ORDER IN THE UNDERLYING ACTION IS MISPLACED.

Maffei has repeatedly complained to the court that Lumbermens is somehow attempting to circumvent the court's Charging Order and AS 32.11.340(b).[30] AS 32.11.340(b) provides in relevant part:

> This section provides the exclusive **remedy** that a judgment creditor of a general or limited partner or of the general or limited partner's assignee may use **to satisfy a judgment** out of the judgment debtor's interest in the partnership.

On September 20, 2005, Judge Sedwick entered a Charging Order in A01-309 CV (JWS) charging the partnership interests of defendant Albert Maffei in the MFLP as a source of recovery in the underlying matter.[31]

In the underlying action, Albert Maffei objected to the entry of that portion of a Charging Order that would have required him to provide financial records of the MFLP showing any revenues received and sums paid out on a monthly basis until the judgment in A01-309 CV (JWS) is satisfied. The court agreed with Mr. Maffei *to the extent that it held that* "Neither the federal discovery rules nor the Alaska discovery rules contemplate **regular, monthly disclosure** such as plaintiff requests. Plaintiff is not

---

[30] *See* Maffei Defendants' Opposition Brief, Doc. No. 99, pp. 9-11.

[31] A copy of the court's Charging Order is attached hereto as Exhibit C for the court's convenience.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 20 of 25

entitled to have **a regular, financial disclosure requirement** included in the Charging Order."[32]   In other words, Lumbermens was not entitled to a regular accounting of the partnership for purposes of assisting in the recovery of the judgment in A01-309 CV (JWS).  The court's order did not prohibit obtaining financial information (1) through the discovery process (2) in a separate action – especially where such information is relevant to the causes of action asserted therein.

Albert Maffei's assertion that Lumbermens' request for information relating to the activity of the Trust or the MFLP is a violation of the Charging Order in the underlying case, or of AS 32.11.340(b) is disingenuous.  The information sought by Lumbermens is reasonably calculated to lead to the discovery of admissible evidence on the subject of the intent and the actions of the Maffei Defendants in furtherance of a fraudulent conveyance of the assets, of their profit through the activities of a fraudulent scheme of racketeering, and of the necessity for Lumbermens' request for injunctive relief.

The fraudulent conveyance of assets does not end when an individual first hides his assets, but continues when that legal construct divests itself of the assets and money is taken in.  It continues, even as assets are bought and sold by the defendants.  It continues as benefits are conferred on the designees of the racketeers.  And the continued

---

[32] (Emphasis supplied).

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)
Page 21 of 25

profiting of the enterprise is circumstantial evidence of the intent of the conspirators.

Finally, this action, 3:3-CV-00262-JWS, is a separate action against all of the Maffei Defendants and against George Goerig for fraudulent conveyance of assets into a legal construct to assist Albert Maffei in hiding money and other resources which should rightfully have been provided to Lumbermens in 2001, and subsequent thereto. This is not the underlying action. Lumbermens is not seeking a regular accounting. The information is not sought for the purpose of assisting in the collection of the judgment in the underlying case. Lumbemens is working to identify and track the assets fraudulently conveyed by Maffei into the MFLP, including those which were subsequently sold for the profit of the MFLP and/or Trust beneficiaries.

The court's Charging Order in the underlying case deals solely with the collection of a judgment against Albert Maffei, as does the subject statute. In this case, Lumbermens has asserted claims against both Albert and Bonita Maffei, the two legal constructs – the MFLP and the Trust, and their attorney, George Goerig, in an effort to locate the assets wrongfully transferred. The statute and the Charging Order are inapplicable to the circumstances presented here.

Of course the Charging Order in the other action does not exist in a vacuum. Neither do Albert and Bonita Maffei, the MFLP, the Trust, or the assets owned by any of the Maffei Defendants. The financial activity of the Maffeis, the MFLP, or the Trust

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)

following the court's entry of the Charging Order, depending on the nature of the activity, would be circumstantial evidence of further intent by the Maffei Defendants to continue to defraud Lumbermens.  It would be a blatant effort by the Maffei Defendants to continue their illicit enterprise, as described in Lumbermens' Complaint.  Discovery of such improper behavior is not prohibited by the Charging Order or by AS 32.11.340(b), because the discovery is not (1) a regular accounting; (2) an effort to collect a judgment by a creditor; or (3) directed solely at Albert Maffei.  It is reasonably calculated to lead to the discovery of admissible evidence on the fraudulent intent of the conspirators, their actions in furtherance of the scheme, and their illicit profit.

## IV.  THE MAFFEI DEFENDANTS' MOTION TO DISMISS AS TO TWO DEFENDANTS PROVIDES ADDITIONAL BASES FOR THE DISCOVERY REQUESTS.

As the Maffei Defendants note in their Opposition Brief, there is currently pending a motion to dismiss Bonita Maffei and the Trust from this action.[33]  Lumbermens opposed the motion on several grounds, all of which are premised on the fact that Bonita Maffei and the Trust have played pivotal roles in the scheme to defraud their creditors. This does not, however (contrary to Defendants' position) mean that the discovery requests at issue may be moot.  Rather, Lumbermens has been afforded the opportunity to

---

[33] *See* Maffei Defendants' Opposition Brief, Doc. No. 99, p. 6.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)

conduct discovery regarding the role the Trust and Bonita Maffei have played in the scheme to defraud Lumbermens.

The Maffei Defendants cannot, on the one hand, say that there is no evidence that Bonita Maffei and the Trust were involved in the conspiracy to defraud, and on the other hand refuse to produce documents which, as explained above, should provide circumstantial or direct evidence of the fraudulent intent of the conspirators by identifying important actions taken to effect and benefit from the fraud.

## V.    CONCLUSION.

Lumbermens has requested documents relating to (1) the activities of the Trust from six years preceding the initiating of the alleged scheme to defraud by the Maffei Defendants until the present; (2) the activities of the MFLP from its conception until the present; (3) the benefits conferred upon the Maffeis by the Trust and the MFLP, both directly, through income, or indirectly, as collateral for other benefits; and (4) information conveyed to or received from financial advisors of the Maffeis. The documents and information sought are reasonably calculated to lead to the discovery of admissible evidence relating to the intent of the Maffei Defendants to defraud Lumbermens, the actions taken in furtherance of the scheme to defraud, the profit recognized by the enterprise, and the need for injunctive relief. Even if the discovery rules were not as broadly construed as they are under our system of jurisprudence, such

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery
Responses
(8172-3/246592)

information would still be available as clearly relevant to the elements of the causes of action pleaded in Lumbermens' Complaint.

DATED at Anchorage, Alaska, this 15th day of May, 2006.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Plaintiff Lumbermens
> Mutual Casualty Company
>
>
> By:    s/ Frank A. Pfiffner
>         Frank A. Pfiffner
>         3900 C Street, Suite 1001
>         Anchorage, Alaska  99503
>         Telephone: 907-274-7522
>         Facsimile: 907-263-8320
>         FAP@hbplaw.net
>         ABA No. 7505032

## Certificate of Service

I hereby certify that on May 15, 2006, a copy of the Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507

s/ Frank A. Pfiffner

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
(8172-3/246592)