☐ HD  OTHER ___
RECEIVED
SEP 2 2 2005
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC

FILED
SEP 2 1 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Dep'y

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) <br> ) |
| Plaintiff, | ) A01-309 CV (JWS) <br> ) |
| vs. | ) ORDER FROM CHAMBERS <br> ) |
| LUCIANO ENTERPRISES, LLC, and ALBERT MAFFEI, | ) [Re:   Motion at Docket 257] <br> ) |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 257, plaintiff Lumbermens Mutual Casualty Co. moves for an order charging the partnership interests of defendant Albert Maffei. At docket 259, Maffei opposes the motion for a charging order in part. Oral argument has been requested, but would not be of assistance to the court.

## II. BACKGROUND

After a jury trial, judgment was entered against Maffei on February 16, 2005, totaling $1,577,738.72. Maffei has appealed that judgment but did not file a supersedeas bond or otherwise seek a stay of enforcement of the judgment. Plaintiff

now seeks a charging order against the partnership interest Maffei holds in the Maffei Family Limited Partnership, of which Maffei is a limited partner.[1]

### III. Discussion

Plaintiff moves for a charging order pursuant to Rule 69, Federal Rules of Civil Procedure, which provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

The court has jurisdiction to enforce the judgment pursuant to Rule 69, because Maffei did not file a supersedeas bond or otherwise seek to stay enforcement of the judgment.[2]

The parties agree that Alaska law allows for enforcement proceedings against a judgment debtor's interest in an Alaska Limited Partnership. In fact, Maffei "has no objection to the Court entering a charging order as allowed by AS 32.11.340(a)...."[3] Maffei does, however, object to the court also entering an order that would require the Maffei Family Limited Partnership to provide regular disclosure of its financial affairs to plaintiff.

---

[1] Maffei was a general partner as well until he resigned on or about April 14, 2003. *See* ex. 3, doc. 259.

[2] *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000).

[3] Doc. 259 at 3. AS 32.11.340(a) provides, in pertinent part, that "[o]n application to a court of competent jurisdiction by a judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest."

-2-

Plaintiff has requested that Maffei be ordered to provide it with all the financial records of the Maffei Family Limited Partnership showing any revenues received and sums paid out on a monthly basis until such time as the February 16, 2005 judgment is paid in full. Plaintiff contends that such a disclosure is necessary "to lend credibility and enforceability to the charging order."[4] Without such a disclosure requirement, plaintiff suggests that Maffei would be "free to completely ignore the charging order imposed by the court,"[5] presumably because the partnership in question is a family partnership over which plaintiff believes Maffei has virtually complete control. Plaintiff contends that requiring this monthly disclosure is well within the court's power to enforce its own judgment and cites to *Peacock v. Thomas*[6] for support. In *Peacock*, the Supreme Court observed that in defining a federal court's inherent power to enforce its own judgments, the Court has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of judgments -- including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances."[7]

Maffei argues that *Peacock* has no application here and that requiring the financial disclosures that plaintiff has requested would be contrary to AS 32.11.340(b). AS 32.11.340(b) provides that a charging order is

> the exclusive remedy that a judgment creditor of a general or limited partner or of the general or limited partner's assignee may use to satisfy a judgment out of the judgment debtor's interest in the partnership. Other remedies, including foreclosure on the general or limited partner's partnership interest and a court order for directions, accounts, and inquiries that the debtor general or limited partner might have made, are not available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited partnership and may not be ordered by a court.

---

[4] Doc. 257 at 9.

[5] *Id.* at 9.

[6] 516 U.S. 349 (1996).

[7] *Id.* at 356.

Ex. C, p. 3 of 5

Because the statute expressly prohibits a court from ordering remedies other than a charging order, Maffei argues that the court cannot grant plaintiff's request for regular, monthly financial disclosures.

Plaintiff's response to Maffei's objection to the financial disclosure requirement is somewhat confusing. First, plaintiff argues that Maffei's objection is based on *state procedural law* and is thus not well taken. Because Maffei does not cite to any state procedural rules in his briefing on the instant motion, the court is at a loss as to why plaintiff makes this argument. Maffei relies on a state statute which creates and defines the extent of a remedy, something which is substantive law.

Plaintiff then asserts that Maffei is taking a position that a *state substantive law* trumps the court's inherent power to enforce its judgments and argues that such cannot be the case. Plaintiff cites to no authority to support its contention that a state substantive law could not somehow limit the court's power to enforce its own judgments.

The court is convinced that this is a situation in which a state substantive law does in fact limit the court's power to enforce its own judgments, and *Peacock* is not to the contrary. There, the Supreme Court observed that "[t]o protect and aid the collection of a federal judgment, the Federal Rules of Civil Procedure provide fast and effective mechanisms for execution."[8] Rule 69(a) of the Federal Rules of Civil Procedure expressly provides that the procedure for execution, "shall be in accordance with the practice and procedure of the state in which the district court is held...." In the case of a judgment creditor attempting to satisfy a judgment out of a judgment debtor's interest in a limited partnership, Alaska law limits the remedies that a court may order.[9] The court may charge the partner's interest in the partnership but nothing more. The

---

[8] *Peacock*, 516 U.S. at 359.

[9] AS 32.11.340(b). It is perhaps worth noting that Alaska is one of only two states with such broad limits in the charging order provisions of their Uniform Limited Partnership Acts. The charging order statutes of a majority of states permit the court to order the remedies that the Alaska statute precludes.

financial disclosure that plaintiff requests would appear to be outside the bounds of what is permitted under AS 32.11.340(b).

Plaintiff then argues that its request for regular, monthly financial disclosure falls under the heading of "discovery," which is permitted by Rule 69. Rule 69 provides that "the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Because such discovery could include interrogatories and requests for production directed toward the financial records of the Maffei Family Limited Partnership, plaintiff argues that the court has the authority to include regular, financial disclosure as part of the charging order.

Neither the federal discovery rules nor the Alaska discovery rules contemplate regular, monthly disclosure such as plaintiff requests. Plaintiff is not entitled to have a regular, financial disclosure requirement included in the charging order.

## IV. CONCLUSION

Based on the foregoing, plaintiff's motion for a charging order at docket 257 is **GRANTED** in part and **DENIED** in part. Consistent with the discussion herein, it is **ORDERED** that defendant Albert Maffei's interest in the Maffei Family Limited Partnership is subject to a lien of judgment in this case. Until such time as the judgment against Albert Maffei has been fully satisfied, Albert Maffei's share in any distribution of money, other personal property, any real property or the proceeds of any sale, transfer, assignment or conveyance of his interest in the partnership itself, shall instead be paid to Lumbermens Mutual Casualty Company.

DATED at Anchorage, Alaska this 20th day of September 2005.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A01-0309--CV (JWS)   9-21-05
--------------------------------------------------
A. MAFFEI
P. PFIFFNER (HUGHES)
P. STOCKLER

-5-

Ex. C, p. 5 of 5