1  Law Office, LLC
   Albert Maffei, Esquire
2  ABA No. 5311009
   8328 Lake Otis Parkway
3  Anchorage, Alaska 99507
   Telephone:  (907) 277-2503
4  Facsimile:   (907) 277-1239
   almaffei@alaska.net
5  Attorney for Defendants, Albert Maffei, Bonita Maffei,
   Maffei Family Limited Partnership, Maffei, Inc. Profit
6  Sharing Trust

7  LUMBERMENS MUTUAL CASUALTY   )
8  COMPANY,                     )
                                )
9        Plaintiff,             ) Case No. 3:03-cv-00262-JWS
                                )
10 vs.                          )
                                )
11                              )
   ALBERT MAFFEI; BONITA MAFFEI; )
12 MAFFEI FAMILY LIMITED PARTNER- )
   SHIP; MAFFEI, INC. PROFIT SHARING )
13 TRUST; and GEORGE E. GOERIG,  )
                                )
14       Defendants.            )
15 _____)

16
## MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY TO
17 ## DEFENDANTS' OPPOSITION TO LUMBERMENS' MOTION TO COMPEL
## [THIRD] DISCOVERY RESPONSES
18

19                          **BACKGROUND**

20        Lumbermens filed their motion to compel discovery responses on April

21 18, 2006 [Docket 89].  Defendants filed their response in opposition to the motion to

22 compel discovery responses on May 9, 2006 (Docket 99).  Lumbermens filed its reply on

23 Lumbermens v. Albert Maffei, et al
24 Case No. 3:03-cv-00262-JWS
   Motion To Strike Portions of Plaintiff's Reply To Defendants' Opposition To
25 Lumbermens' Motion to compel [Third] Discovery Responses

                              Page 1 of 6

May 15, 2006 [Docket 103] and also filed documents under seal on said date [Docket 104].

This motion is made on the grounds that Lumbermens has failed to follow the Local Rules of the District Court for the District of Alaska, particularly Rule 7.1(b).

## ARGUMENT

Rule 7.1(b) provides as follows:

> A reply memorandum by the party initiating a motion is optional, and, if filed, must be restricted to rebuttal of factual and legal arguments raised in the opposition.

Lumbermens has gone beyond the factual and legal arguments raised in the opposition.

### I. A. The Last Will and Testament of Albert Maffei

Lumbermens refers to the Last Will And Testament of Albert Maffei dated January 23, 2002, which, in Lumbermen's opinion, provides the type of circumstantial evidence Lumbermens can expect to receive in response to its discovery requests if the Maffeis are compelled to produce the requested documents. Then Lumbermens, at page 5, sets out the terms of the Will and argues that the properties are devised specifically when, in fact, the property is in the name of the Partnership.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion To Strike Portions of Plaintiff's Reply To Defendants' Opposition To Lumbermens' Motion to compel [Third] Discovery Responses

Page 2 of 6

The Last Will and Testament of Albert Maffei was never discussed, either factually or legally in the defendants' response to plaintiff's motion to compel, and therefore should be stricken.

### I. B. Tax Documentation.

At page 8 of the reply, Lumbermens discusses the tax documentation and states that those documents indicate that Maffei has perjured himself either to this Court or to the IRS.

Again, these are new factual and legal matters that were not discussed in the response.

### I. C. Racketeer Influenced and Corrupt Organizations Act (RICIO).

At page 16 of the reply, Lumbermens again refers to the joint income tax returns and argues that the salary to the legal secretary was excessive. This paragraph should also be stricken as new factual and legal matters not discussed in the response.

### II. A. Fraudulent Conveyance.

Statements made on pages 10, 11, 12, and 13 are not made in response to any of the facts and legal arguments set forth in the response. At page 12 of the reply, at the middle of the page, a paragraph deals directly with interest income or sales profit, neither of which were ever discussed in the response. At the bottom of page 12, reference is made to loans, income, revenue and other benefits to Maffei from

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion To Strike Portions of Plaintiff's Reply To Defendants' Opposition To Lumbermens' Motion to compel [Third] Discovery Responses

Page 3 of 6

transactions described therein (in documents that were not previously identified), but should identify any collateral which he used to secure such benefits.  Then at the bottom of page 12 and at the top of page 13, Lumbermens again discusses the Last Will and Testament of Albert Maffei.  The second paragraph on page 13 relates to tax returns which were not discussed in the response.   Pages 10, 11, 12 and 13 should be stricken.

### II. B. Conspiracy and Aiding and Abetting.

Conspiracy and aiding and abetting were not discussed in the response to Lumbermens' motion to compel.  On page 15 of the reply, Lumbermens, in the third paragraph, second sentence, states "Not only was such an action an obvious substitution of property fit for liquidation for property with no real saleable value, but also the transfer itself was illegal. "  These items were not discussed in the response.  The sentence following that discusses the deposition of Eiven Brudie which was never part of the response.  At page 18, second paragraph, Lumbermens states that, "[b]y selling assets from the MFLP, the enterprise realizes profit.  By extending loans to family, friends, or other designees, the enterprise realizes indirect benefit.   The enterprise continues to profit from its fraud."  These items were never discussed in the response.

The reason for the local Rule is quite obvious.  If a party produces new evidence and new matter in a reply, it is apparent that the other party has no chance to respond since the reply is the last document allowed in pleading motions.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion To Strike Portions of Plaintiff's Reply To Defendants' Opposition To Lumbermens' Motion to compel [Third] Discovery Responses

In this case, particularly, defendants have a good and valid defense to all of those new allegations submitted by Lumbermens, but have absolutely no opportunity to present these to the Court under current status of the pleadings and therefore they remain unopposed.

This is a blatant disregard of the Local Rule by Lumbermens and they should be sanctioned.

The proper procedure in this case would be for Lumbermens to follow Rule 7.1(h) which provides that supplemental briefs may not be filed without leave of Court.

Rule 7.1(h)(2) provides for the filing of supplemental factual materials, e.g. deposition inserts, discovery responses, and affidavits responding to new materials filed with the reply briefs on account of a change in circumstances to be filed only by leave of Court.

## **CONCLUSION**

Filing a reply adding new materials and new legal arguments denies the responding party the privilege of controverting those new allegations and therefore the reply should be stricken. Since it difficult to separate the non-responsive items from those that are allowed, the entire reply should be stricken.

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion To Strike Portions of Plaintiff's Reply To Defendants' Opposition To Lumbermens' Motion to compel [Third] Discovery Responses

Page 5 of 6

Respectfully submitted this 22nd day of May, 2006.

LAW OFFICE, LLC

By: s/ Albert Maffei
Albert Maffei
Attorney for Defendants
ABA No. 5311009

Certificate of Service

I hereby certify that on May 22, 2006, a copy of the Motion To Strike Portions Of The Plaintiff's Reply To Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses  was served electronically on :

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska, 99503

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska, 99501

s/ Albert Maffei

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Motion To Strike Portions of Plaintiff's Reply To Defendants' Opposition To Lumbermens' Motion to compel [Third] Discovery Responses

Page 6 of 6