FRANK A. PFIFFNER
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>            Defendants. | 3:03-cv-00262-JWS |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING DEFENDANTS' MOTION TO DISMISS AS TO TWO DEFENDANTS AND FOR AN ADDITIONAL RULE 56(f) CONTINUANCE**

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss  As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

I.   **INTRODUCTION.**

Despite its best efforts, Lumbermens Mutual Casualty Company ("Lumbermens") still has not been able to depose the George Goerig ("Goerig") witnesses or the Maffeis. Due to discovery conflicts, including two pending motions to compel discovery from the Maffei Defendants, Lumbermens does not believe it will be able to complete its depositions until August. Therefore, Lumbermens requests a Fed. R. Civ. P. 56(f) continuance until August 30, 2006 (the deadline for the close of discovery other than expert discovery).

Based on the discovery Lumbermens has been able to obtain so far, there is now ample evidence of a continuing conspiracy to defraud Lumbermens and to reduce available assets in order to defeat any meaningful recovery in this action. The newly discovered evidence points most directly at the conspiracy, aiding and abetting and RICO claims against Albert and Bonita Maffei, but it also directly implicates the other parties as well. The newly discovered evidence, in the form of the Maffei tax returns for 2001-2004, the Maffei wills, and documents from Goerig's file, together with testimony by the Maffeis' financial advisors, contradicts the statements of the defendants and establishes additional questions of fact.

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

Page 2 of 15

II.   **ARGUMENT.**

### A. There Should Be An Additional Rule 56(f) Continuance.

Lumbermens has sought diligently to complete written discovery and take the depositions of the defendant witnesses in this case.[1] The initial refusal of Goerig's counsel to respond to discovery requests, however, prevented Lumbermens from obtaining all of the necessary information to prepare for the depositions of George Goerig and other "Goerig" witnesses. The depositions of the Goerig witnesses[2] have now been set for June 16-21, 2006.[3] In addition to Mr. Goerig, the deponents are members of his staff who were involved in the creation of the Maffei Family Limited Partnership ("MFLP") and the transfer of assets into it.

Lumbermens has also worked diligently to obtain written discovery and take depositions of the Maffeis in this case. Unlike Goerig, the Maffei defendants

---

[1] Exs. 9-11 Frank A. Pfiffner letters dated February 10 and 22 and April 11, 2006 to counsel for defendants. Lumbermens is continuing the exhibit numbering from the Opposition Memorandum dated January 31, 2001 (Docket No. 63) so as to avoid confusion.

[2] *See* Affidavit of Frank A. Pfiffner at ¶ 2.

[3] *See* Ex. 12, which contains the deposition notices for each of the Goerig witnesses. An additional Goerig witness has been scheduled for June 16, 2006, although the deposition notice has not yet been prepared because the location for the deposition has not been set yet. *See* Affidavit of Frank A. Pfiffner at ¶3.

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

continue to obstruct discovery, forcing Lumbermens to file two motions to compel.[4] Without the relevant documents, the depositions of the Maffeis would be a futile exercise, since the Maffeis' practice in responding to inquiries in this action has been to deny, deny and deny some more. Beside the Maffeis have not provided Lumbermens with times available for their depositions.[5]

Even in the absence of discovery compliance by the defendants, Lumbermens has been able to obtain significant proof not only of Albert Maffei's intent to hinder, delay, and defraud Lumbermens through the fraudulent conveyance of assets, but also of the conspiracy, aiding and abetting, and racketeering involving the remaining defendants as well. To understand the significance of the evidence described below, the court need only note the following elements to the relevant prima facie cases:

1.  A *prima facie* case of conspiracy to commit fraudulent conveyance requires: (1) an unlawful agreement; (2) the specific intent of each participant in the scheme to hinder, delay and defraud a creditor of one who participated in the scheme; (3) a common pursuit to the unlawful agreement; and (4) damages caused by the acts committed pursuant to the unlawful agreement.[6]

---

[4] See Docket Nos. 83 and 89. The motions are now fully briefed and ready for decision by the court.

[5] See Affidavit of Frank a. Pfiffner at ¶ 4.

[6] *Summers v. Hagen*, 852 P.2d 1165, 1169-70 (Alaska 1993).

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

**Page 5 of Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and For an Additional Rule 56(f) Continuance**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' SUPPLEMENTAL MEMORANDUM HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
(8172-3/247059)
Page 5 of 15

**Page 6 of Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and For an Additional Rule 56(f) Continuance**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' SUPPLEMENTAL MEMORANDUM HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
(8172-3/247059)

**Page 7 of Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and For an Additional Rule 56(f) Continuance**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' SUPPLEMENTAL MEMORANDUM HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
(8172-3/247059)

**Page 8 of Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and For an Additional Rule 56(f) Continuance**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' SUPPLEMENTAL MEMORANDUM HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
(8172-3/247059)

Page 8 of 15

unknown at present. However, Lumbermens is concerned that assets may have been transferred to the Maffei, Inc. Profit Sharing Trust of which Bonita Maffei may be the only owner.[22] Wachovia Securities did not produce monthly statements in response to an initial deposition notice and subpoena.[23] A second deposition notice and subpoena specifically detailing a request for applicable monthly statements has been issued for a deposition on June 2, 2006.[24] The subpoena specifically includes a request for statements relating to the Maffei, Inc. Profit Sharing Trust.[25] Thus the Maffei, Inc. Profit Sharing Trust has exposure from the original transfer exchanges and any assets that have subsequently been transferred into it.

The actions of the Maffeis and the results described herein are not only evidence of a continuing conspiracy to defraud Lumbermens, but also of intent to continue to profit from an illicit scheme. Those actions involve Bonita Maffei intimately.

    **C.**    **The Transfers of Property and Liquidation of Assets by Albert and Bonita Maffei Provide Substantial Evidence of Fraud by the**

---

[22] *See* Affidavit of Frank A. Pfiffner at ¶6.

[23] *See* Affidavit of Frank A. Pfiffner and Ex. 15 (Initial Notice of Deposition and Subpoena).

[24] Ex. 16.

[25] *Id.*

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

Page 9 of 15

**Maffei Defendants and Conspiracy and Aiding and Abetting by the Maffei Defendants and George Goerig.**

Albert Maffei also claims that there is nothing wrong with creating a limited partnership and putting assets in it because the assets are of equivalent value before and after the transfer.[26] Maffei is wrong on all counts. Assets in a limited partnership are harder to reach than assets owned outright.[27] Placing assets in a limited partnership when there is a known creditor claim as in this case amounts to a hindrance and delay to the creditor, i.e., a fraudulent conveyance under AS 34.40.010:

> a conveyance or assignment, in writing or otherwise, of an estate or interest in land, or in goods, or things in action, or of rents or profits issuing from them or a charge upon land, goods, or things in action, or upon the rents or profits from them, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, or a bond or other evidence of debt given, action commenced, decree or judgment suffered, with the like intent, as against the persons so hindered, delayed, or defrauded is void.

Furthermore, it is obvious that assets in a limited partnership with limited alienability are less valuable than assets that are freely transferable.[28] Finally, regarding the transfers of

---

[26] *See* Docket No. 71 at 13-14.

[27] *See* the court's Charging Order in Case No. A01-309 CV (JWS), a copy of which is attached to Doc. No. 89 in this action as Ex. E.

[28] "It is axiomatic that if an asset's marketability is restricted, it is less valuable than an identical marketable asset." *See Shackleford v. United States*, 262 F.3d 1028, 1032 (9th

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

**Page 11 of Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and For an Additional Rule 56(f) Continuance**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' SUPPLEMENTAL MEMORANDUM HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
(8172-3/247059)

Page 11 of 15

while siphoning off the assets which should rightfully have been conveyed to Lumbermens. And the conspiracy and the aiding and abetting continue to this day.

Nor was Goerig an innocent bystander after the creation of the MFLP and the transfer of assets into it. First, to the extent that the Maffeis have dissipated assets that existed when the MFLP was created, Goerig is liable to Lumbermens for the value of the assets dissipated because without Goerig's actions the Maffeis would not have had the ability to spend down the assets. Second, Goerig facilitated the transfers of the Lake Otis property to the MFLP in late 2002 by meeting with and writing to Homestate Mortgage and assuaging concerns of the mortgage broker.[32] Goerig was also kept apprised of events in the underlying Lumbermens' litigation and met with Albert Maffei to discuss litigation/assert strategies.[33] Goerig did not just draft the paperwork that created the MFLP and prepare the deeds for the property transfer to the MFLP as claimed by his lawyers.[34]

Albert Maffei claims that there is no proof that he went to Goerig immediately after receiving Lumbermens' November 12, 2001, demand for collateral

---

[32] Ex. 18.

[33] Ex. 19 and Ex 18 at 3.

[34] Docket No. 68 at 4.

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

Page 12 of 15

production.[35]  The documents that establish these facts, or at least create a question of fact, are the November 12, 2001 letter, the copy of the green card showing a certified receipt by Maffei from Lumbermens on November 21, 2001, Goerig's time sheets for November 21, 2001, which document the creation of the MFLP on November 21, and the MFLP which is dated November 21, 2001.[36]  Bonita Maffei signed the MFLP and was involved in a December 4, 2001 meeting at Goerig's office.[37]  The circumstances surrounding the creation of the MFLP more than satisfy the "badges of fraud" requirements for fraudulent conveyances, conspiracy to create a fraudulent conveyance, and aiding and abetting same as to all defendants.

### III.  CONCLUSION.

Lumbermens needs full discovery responses from the Maffeis and the deposition of the Maffeis as well as the deposition of the Goerig personnel in order to respond fully to the motion to dismiss and has requested a Fed.R.Civ.P. 56(f) continuance if that is necessary.  However, Lumbermens has now presented the court with continuing fraudulent conveyance and asset dissipation evidence to show that there is a continuing conspiracy, continuing aiding and abetting of the scheme, and plainly put, a pattern of

---

[35]  Docket No. 71 at 13.

[36]  Docket No. 63, Exs. 1, 2 and 3 at 43, 44, and 48.

[37]  *Id.*

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss  As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/247006)

racketeering activity. In addition Lumbermens has presented evidence through the Maffei wills and the Maffei tax returns that the property transfers have been a scam to defraud Lumbermens and have not been respected by the Maffeis in their wills or their tax returns. The motion to dismiss should be denied or, alternatively, Lumbermens should have additional time to gather the evidence that defendants are trying to keep under wraps.

DATED at Anchorage, Alaska, this 22nd day of May, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Plaintiff
Lumbermens Mutual Casualty Company


By:  s/ Frank A. Pfiffner
     Frank A. Pfiffner
     3900 C Street, Suite 1001
     Anchorage, Alaska  99503
     Telephone: 907-274-7522
     Facsimile: 907-263-8320
     FAP@hbplaw.net
     ABA No. 7505032

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
(8172-3/247006)

Page 14 of 15

Certificate of Service

I hereby certify that on May 22, 2006, a copy of the foregoing Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss As To Two Defendants and Motion for an Additional Rule 56(f) Continuance was served electronically on:


Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, AK  99507

s/ Frank A. Pfiffner

Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss  As To Two Defendants and Motion For An Additional Rule 56(f) Continuance
*Lumbermens Mutual Casualty Company v. Albert Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
(8172-3/247006)

Page 15 of 15