Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual
Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>                    Defendants. | 3:03-cv-00262-JWS |

**OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO LUMBERMENS' MOTION TO COMPEL [THIRD] DISCOVERY RESPONSES**
[Document No. 114]

I.      **INTRODUCTION**

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.:  3:03-cv-00262-JWS
(8172-3/247142)

The Maffei Defendants have the audacity to ask the court to strike portions of Lumbermens Mutual Casualty Company's ("Lumbermens") Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses [the "Reply Brief"] on the grounds that it provides new evidence, while completely ignoring the fact that the delay in obtaining the evidence was caused by the Maffei Defendants' refusal to produce the evidence which is at issue in the Motion to Compel itself. Aside from this obvious irony, the Maffei Defendants misconstrue Local Rule 7.1(b) to mean that a party cannot provide new evidence in its Reply, even when (1) the reply is timely, and (2) such evidence directly rebuts arguments made by a party in its Opposition Brief.

In addition to misinterpreting Local Rule 7.1(b), the Maffeis have utilized the wrong vehicle for addressing the new evidence presented by Lumbermens in its Reply Brief. The appropriate course of action for the Maffei Defendants would have been a Rule 7.1(h)(2) motion to file a sur-reply, since the language of the Rule speaks directly to the issue of responding to new evidence presented with a reply brief.

Finally, the accusation by the Maffei Defendants that Lumbermens is somehow in "blatant disregard" of the rules and should be sanctioned is disingenuous and itself worthy of appropriate rebuke by the court. Lumbermens

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

Page 2 of 15

has followed the proper procedure for responding to the factual and legal arguments set forth in the Maffei Defendants' Opposition and it has properly utilized the evidence at its disposal at the time of its reply in order to support its arguments and inform the court.  This is just another example of the Maffei Defendants pursuit of delay and obfuscation in this case which has necessitated the motions to compel currently before the court.

II.     FACTS

On February 16, 2006, Lumbermens Mutual Casualty Company ("Lumbermens") propounded its Third Discovery to Defendants Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership ("MFLP") and the Maffei, Inc. Profit Sharing Trust (the "Trust") (collectively, "the Maffei Defendants").[1] After Albert Maffei had asserted objections to producing documents in response to twenty-two of twenty-eight requests, counsel for Lumbermens again requested that the Maffei Defendants reconsider their objections.[2]  In correspondence received by Lumbermens' attorney on April 18, 2006, the Maffei Defendants withdrew their

---

[1] The February 16, 2006 Third Discovery was attached to Doc. 89 as Exhibit A.

[2] *See* Correspondence from Frank Pfiffner to Albert Maffei dated April 10, 2006, a copy of which is attached to Doc. 89. [fn 1] as Exhibit B.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.:  3:03-cv-00262-JWS
(8172-3/247142)

objections to Requests 3-7 and produced wills and powers of attorney.[3] Albert Maffei reasserted the objections to the remaining seventeen requests.[4] That same day, Lumbermens filed the motion to compel at issue ("the motion to compel").[5]

On March 9, 2006, the Maffei Defendants filed their Opposition to the motion to compel ("the Opposition), arguing that the evidence requested by Lumbermens was not relevant or reasonably calculated to lead to the discovery of admissible evidence, and that the only evidence relevant to this case must be such as would address the intent of the defendants "regarding their alleged obligations to Lumbermens as they existed on November 21, 2001."[6] The Opposition went on to state that the evidence must either relate to the status of the parties and their intent at the time the MFLP was created and the transfers were made to the MFLP, "or it could reasonably lead to other matter that could bear on any issue that is or may be before the court in this case."[7]

---

[3] See Correspondence from Albert Maffei to Frank Pfiffner dated April 17, 2006, a copy of which is attached to Doc. No. 89 [fn. 1] as Exhibit C.

[4] Id.

[5] Doc. No. 83.

[6] See Doc. No. 99, p. 13.

[7] See Doc. No. 99, p. 13.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

On May 10, 2006, Lumbermens took the depositions of the Maffeis' accountants, Eivin Brudie and Stuart Hunsaker.[8] In response to a subpoena duces tecum, Mr. Hunsaker produced at the deposition copies of Maffei tax return documents for the years 2001-2004 (2005 was not yet available).[9] Therefore, the wills and the tax returns that the Maffei Defendants object to in their Motion to Strike were not available at the time the Motion to Compel was drafted and filed. Further, the wills and tax returns are two of the categories of documents sought by Lumbermens' in its Third Discovery, which is at issue in the subject motion to compel. Most importantly, however, the wills and the tax returns were used in Lumbermens' Reply Brief in direct response to the arguments by the Maffei Defendants in their Opposition.

### III.     ARGUMENT

#### A.     The Maffei Defendants Misconstrue Local Rule 7.1(b).

Rule 7.1(b) clearly states:

---

[8] *See* Affidavit of Frank A. Pfiffner, Paragraph 2, a copy of which was filed under seal as Exhibit B to the Reply Brief, Doc. No. 104, due to the attachment of certain confidential materials thereto.

[9] *See* Exhibit B to the Lumbermens' Reply Brief, Doc. No. 104, Paragraph 3. Copies of the 2001-2004 tax returns were provided separately under seal, and are attached to the Affidavit of Frank Pfiffner, Exhibit B to Doc. No. 104, as Exhibit 1 thereto.

> A reply memorandum by the party initiating a motion is optional, and if filed, **must be restricted to rebuttal of factual and legal arguments** raised in the opposition.[10]

The Maffei Defendants have apparently interpreted the language of the Local Rule to mean that a reply may not contain any new evidence unless the same evidence was cited in the Opposition. Of course the Maffeis did not discuss the wills or tax returns in their Opposition, because (1) these documents support Lumbermens' case in chief, and (2) they are at the heart of the motion to compel. More importantly, these documents were used in direct response to the factual and legal arguments discussed at length by the Maffei Defendants in their Opposition.

    1.    <u>The Maffei Defendants argued in their Opposition that the only relevant evidence must address the Maffeis' mental state in November, 2001</u>.

The crux of the Maffeis' argument in their Opposition to the motion to compel was that "[i]n order for the discovery to be germane and relevant, it must relate to evidence which will support the defendants' mental status regarding their alleged obligations to Lumbermens as they existed on November 21, 2001."[11] The clear implication (and the argument throughout the Maffeis' Opposition) was

---

[10] (Emphasis added).

[11] Doc. No. 99, p. 13.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

**Page 7 of Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses [Document No. 114]**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' OPPOSITION TO MOTION TO STRIKE HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses [Document No. 114]
(8172-3/247059)

continuing to enjoy the benefits of ownership. Lumbermens provided such argument by reference to the Maffeis' tax returns from 2001 through 2004, and were intended to demonstrate the Maffeis' intent from November, 2001 forward. As with the wills, Lumbermens specifically relied on the tax documents in its Reply Brief because: (1) they provide evidence that directly addresses the Maffeis' "intent at the time of creation and transfer" argument; and (2) they are the exact type of evidence requested by the subject discovery requests.[13]

Maffei is asking the court to ignore evidence of the relevance of the documents he is withholding because he did not cite to it in the Opposition. Of course he did not cite to it – it is evidence of his intent to defraud Lumbermens. Of course Lumbermens did not cite to it earlier – Maffei would not produce it when it was requested. Of course he wants Lumbermens to have to seek additional permission to file these documents in reply to his Opposition – his course of conduct has been to delay and obstruct at every turn in this case.

To suggest that Lumbermens should have to seek permission to introduce new evidence in its Reply when (1) the evidence had been improperly withheld by the Maffeis, (2) it directly rebuts Maffei's argument, and (3)

---

[13] The tax documentation was also requested by Lumbermens in the subject discovery requests, and was obtained only through the subpoenaing of the Maffeis' accountants. As with the wills, the tax documents were not cited in the original motion to compel itself because Maffei would not produce them.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

Lumbermens is entitled to reply to his arguments is absurd. These are not supplemental factual materials, as Maffei suggests. They are facts that became available only after the original motion was filed, but before the reply was due. And they were properly presented to the court in support of Lumbermens' Reply to the arguments set forth throughout the Opposition filed by the Maffeis.

    2.    <u>The Maffei Defendants' admitted in their Opposition that the discovery requests may seek documents that may reasonably lead to other matter that could bear on any issue that is or may be before the court in this case.</u>

The Opposition clearly acknowledges that evidence sought by Lumbermens must either relate to the status of the parties and their intent at the time the MFLP was created and the transfers were made to the MFLP, "or it could reasonably lead to other matter that could bear on any issue that is or may be before the court in this case."[14] Nevertheless, the overwhelming theme of the Opposition, and the primary theme of the Maffeis in this case, has been that Lumbermens is only entitled to evidence relating to the intent of the Maffeis at the time the MFLP was created. But, as set forth in Lumbermens' Reply Brief, this case is not that narrow. Lumbermens has asserted claims for conspiracy, aiding and abetting, and RICO, in addition to the fraudulent conveyance claim. In its

---

[14] *See* Doc. No. 99, p. 13.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

**Page 10 of Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses**
**[Document No. 114]**

**IN ACCORDANCE WITH THE COURT'S MARCH 6, 2006 PROTECTIVE ORDER**

**THIS PAGE OF LUMBERMENS' OPPOSITION TO MOTION TO STRIKE HAS BEEN FILED UNDER SEAL.**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses [Document No. 114]
(8172-3/247059)

Page 10 of 15

provided as support, directly address the Maffei Defendants' claim that none of the information sought by Lumbermens can lead to admissible evidence. Lumbermens presented evidence in support of its conspiracy and aiding abetting claims, specifically in the form of Eivin Brudie's deposition testimony, the tax documentation, and information obtained from the Maffeis' financial advisor in order to demonstrate not only that there was a conspiracy among the parties to defraud Lumbermens, but also that the actions of the Maffeis in moving property from the Trust to the MFLP was improper and was part of the scheme. Such information was presented for the purpose of demonstrating to the court, in direct contradiction to the Maffeis' arguments in their Opposition, that the information sought by Lumbermens in the subject discovery was extremely likely to lead to discoverable evidence related to claims in this case other than fraudulent conveyance.

      Similar to the issue of intent relating to fraudulent conveyance, the Maffeis' argument that the information and documents regarding the conspiracy claim, the aiding and abetting claim, and the RICO claim should be disregarded by the court because such harmful evidence was not discussed by them in their Opposition is amazing. The evidence, and the arguments they support, are direct responses to the claim repeated throughout the Maffei Opposition that the

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

Page 11 of 15

discovery is not reasonably calculated to lead to the discovery of admissible evidence on any issue.

### B. The Maffei Defendants Misconstrue Local Rule 7.1(h).

While Maffei cites to Local Rule 7.1(h)(2) in suggesting that Lumbermens should have filed a motion seeking special permission to demonstrate his fraud to the court in Lumbermens' Reply, the fact of the matter is that Lumbermens was entitled to file its reply and to rebut the factual and legal arguments of Maffei. The Local Rule is designed for those parties who have exhausted their entitlement yet require additional briefing:

> **Supplemental Materials**.
>
> (1) Briefs and Pleadings. **Supplemental briefs** may not be filed without leave of court. If a party proposes to file a pleading or brief **not authorized by these rules,** the party must serve and file a motion requesting permission to do so and attach the original and a copy of the pleading or brief to the motion.
>
> . . . .
>
> (2) **Factual Materials**. Supplemental factual materials, e.g., deposition excerpts, discovery responses, and affidavits **responding to new materials filed with reply briefs**, or on account of a change in circumstances, may be filed only by leave of court.[15]
> . . . .

---

[15] Local Rule 7.1(h) (Emphasis added).

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

It is apparent from a review of Local Rule 7.1(h) that the proper course for Maffei to follow if he wanted to explain the will, the tax returns, and the deposition testimony of his financial advisors was to file a motion for permission to file a sur-reply "responding to new materials filed with [Lubmermens'] reply brief[]." Lumbermens most certainly had no such obligation. And Lumbermens would not have objected to a proper motion by Maffei to file such a sur-reply.[16]

IV.     **CONCLUSION**

The Maffeis have asked the court to strike Lumbermens' Reply Brief because it cites to evidence which the Maffeis did not mention in their Opposition. The evidence did, however, directly rebut the factual and legal arguments of the Maffeis contained in their Opposition by demonstrating that the documents sought by Lumbermens in its Third Discovery Requests to the Maffei Defendants was reasonably calculated to lead to the discovery of admissible evidence on the issue of the Maffeis' intent at the time of the creation of the MFLP and shortly thereafter, and was similarly likely to lead to the discovery of admissible evidence

---

[16] While Lumbermens states that it would not have objected to a request to file sur-reply by the Maffeis, it should not be lost on anyone that the documents at issue would have been presented to the court in the original motion to compel if the Maffei Defendants were not obstructing discovery, and that they would, in essence, be asking the court to forgive their improper obstruction by allowing them time to explain the withheld documents.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

on the conspiracy, aiding and abetting, and RICO claims. The newly cited evidence could not have been more on point in attacking the misstatements of the Maffeis in their Opposition. And Local Rule 7.1(h)(2) clearly anticipates this likelihood when it makes provision for a party defending against a motion to respond to new evidence cited in support of a reply by moving the court for permission to file a sur-reply.

It is apparent to even the most casual observer that the motion to strike filed by the Maffei Defendants makes no sense and is little more than yet another attempt to delay discovery in this matter, not only by withholding evidence from the court's consideration, but also by tacking on time for briefing of an opposition and a reply to the motion to strike, thus allowing additional time for the Maffeis to spend down their assets. The motion is inconsistent with the clear language of the Local Rule *that the Maffei Defendants cited*. And their behavior clearly warrants sanctions under Rule 11(b)(1) and (2) and 11(c).

Per Local Rule 7.4, a proposed order is provided herewith.

Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)

Page 14 of 15

DATED at Anchorage, Alaska, this 25th day of May, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Plaintiff Lumbermens
        Mutual Casualty Company

By:   s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska 99503
       Telephone: 907-274-7522
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

## Certificate of Service

I hereby certify that on May 25, 2006, a copy of the Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507


s/ Frank A. Pfiffner


Opposition to Motion to Strike Portions of Plaintiff's Reply to Defendants'
Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses
*Lumbermens v. Maffei*
Case No.: 3:03-cv-00262-JWS
(8172-3/247142)