Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>              Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>              Defendants. | 3:03-cv-00262-JWS |

**<u>OPPOSITION TO THE MAFFEI DEFENDANTS'</u>**
**<u>MOTION IN LIMINE</u>**
[Document No. 98-1]

I.      **<u>BACKGROUND.</u>**

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

On May 8, 2006, Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership ("MFLP") and the Maffei, Inc. Profit Sharing Trust (the "Trust") (collectively, "the Maffei Defendants"), filed a document entitled "Motion for Protective Order; Motion in Limine; and Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses."[1] Because separate motions are not to be filed with the court as a single document, the court elected to treat the composite document as a Motion for Protective Order ("the MPO").[2] On May 9, 2006, the Maffei Defendants filed with the court a separate Motion in Limine[3] and a separate Opposition to Lumbermens' Motion to Compel ("the Maffei Opposition Brief"). The body of the Maffei Defendants' Motion in Limine was a simple "cut and paste" of the MPO, with a new document title.[4]

Lumbermens' Reply to the Maffei Defendants' Opposition Brief was filed with the court on May 15, 2006, and responded to the arguments set out in the Maffei Defendants' Opposition Brief by demonstrating and arguing that Lumbermens' Third Discovery Requests are reasonably calculated to lead to the discovery of admissible evidence relating not only to the intent of the Maffei Defendants at the time of the illicit

---

[1] Doc. No. 97.

[2] *See* the court's order dated May 9, 2006.

[3] Doc. No. 98-1.

[4] Specifically, pages 1-9 of the Motion in Limine is a "cut and paste" of pages 5-13 of the Maffei Defendants' Opposition Brief, which was also a "cut and paste" from the MPO.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

property transfers at issue in this case, but also evidence relating to Lumbermens' causes of action for conspiracy, aiding and abetting, racketeering, and injunctive relief as well.[5] In fact, certain materials attached as exhibits to Lumbermens' Reply Brief demonstrate that relevant materials are already being uncovered which would be responsive to Lumbermens' Third Discovery Requests.

Because Lumbermens' Reply to the Maffei Defendants' Opposition Brief fully responds to the substantive arguments contained in the body of the Motion in Limine, Lumbermens' requests that the court permit the incorporation herein of Lumbermens' Reply to the Maffei Defendants' Opposition Brief and the exhibits filed therewith, including the documents filed under seal in accordance with the existing protective order. Because the two Maffei pleadings are virtually identical, Lumbermens' Reply is equally applicable to the Motion in Limine, and incorporation by reference will avoid the refiling of the same confidential materials under seal a second time.[6]

Unfortunately, after cutting and pasting the body of the MPO or Opposition Brief into the Motion in Limine, the Maffei Defendants requested relief in their

---

[5] *See* Lumbermens' Reply to Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses, Doc. No. 103.

[6] In fact, because there were three separate documents which were virtually identical copies of one another, permission to incorporate the Reply Brief as its Opposition, both to the MPO and the Motion in Limine, will avoid having to file (and review) three separate sets of the same materials under seal.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

conclusion that was not supported in the body of their motion. Therefore, Lumbermens responds separately below to the "Conclusion" of the Motion in Limine.

II. **THE MAFFEI DEFENDANTS' MOTION IN LIMINE BRIEF IS PRACTICALLY UNRELATED TO THE RELIEF SOUGHT IN THEIR CONCLUSION.**

As discussed above, the Maffei Defendants' Motion in Limine, pages 1-9 ("Argument") is simply a "cut and paste" of the Maffei Defendants' Opposition to Lumbermens' Motion to Compel [Third] Discovery Responses, pages 5-13. The argument contained therein deals specifically with Lumbermens' discovery requests to the Maffei Defendants for information relating to the Maffei, Inc. Profit Sharing Trust ("the Trust") and the MFLP, and probate, financial, and tax information relating to Albert and Bonita Maffei. The relief requested in the Motion in Limine, however, deals with the GIA and the Judgment and Charging Order in Case No. A01-309 CIV (JWS).[7]

A. **Maffei's Request to Preclude Reference to the GIA is Unsupported.**

The Maffei Defendants request in their conclusion that no mention be made at trial of any copy of the GIA other than a 3-page copy allegedly forwarded to Maffei on October 27, 2001, because a copy of the GIA sent to Maffei on that date had a missing page. **The only reference to this issue in the entire Motion in Limine** is the following unsupported statement at the bottom of page 8:

---

[7] *See* Motion in Limine, pp. 9-10.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

> Paragraph 12 which is cited is irrelevant since paragraph 12 is on the page that was missing from the document forwarded to Maffei by Darren Thomas in October of 2001, and could not be considered as being available to the defendants until approximately a year and a month after the MFLP was executed.

The statement is not evidence, does not cite to evidence, and overstates the impact of the missing page, even if it were true. It is simply an opinion inserted into the body of the Maffei brief.

Setting aside Maffei's lack of evidentiary support for his statement, his continued insistence that evidence in this case is only relevant if it points to the intent of the defendants on November 21, 2001, when the MFLP was created, ignores the bulk of Lumbermens' complaint. Yes, the complaint asserts claims against the defendants for conspiring to fraudulently convey property into the MFLP. It also, however, asserts claims for aiding and abetting such conveyances, for racketeering by profiting from the illicit enterprise, and for injunctive relief in order to avoid the waste of the Maffei assets. The GIA establishes the details of the financial obligation of Maffei to Lumbermens, an obligation which he continues to avoid through his improper withholding of properties which he promised to produce as collateral for his son-in-law's business venture. To say that a page of the GIA is irrelevant simply because Maffei did not read it is a gross oversimplification of this case.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

Page 5 of 10

Lumbermens' Complaint is crystal clear. The GIA, in large part, provides the legal basis for Albert Maffei's financial obligations to Lumbermens and as such is clearly relevant to this action.[8] Maffei was obligated to Lumbermens under the GIA to provide collateral support for the Cold Bay project. When he was called upon to produce the collateral, he began transferring his assets into a newly created legal construct in an effort to hide them from Lumbermens. Maffei's continuing refrain that he has *plausible deniability* because a page was missing in the October, 2001 correspondence has grown old. Such a refrain completely ignores Maffei's obligation to follow up on the demand of Lumbermens in November, 2001 instead of rushing his assets into the MFLP.

Albert Maffei knew in August of 2001 that he had entered into an agreement to provide security for the Cold Bay project.[9] He received written demands from Lumbermens pursuant to the GIA. He had an obligation to communicate with Lumbermens in response to the demand. He chose instead to attempt to put all of his assets under a protective umbrella, out of Lumbermens' reach. The GIA is clearly relevant in this action.

---

[8] *See e.g.* Lumbermens' Amended Complaint, ¶¶ 16 – 22.

[9] *See e.g.* Lumbermens' Amended Complaint, ¶¶ 16 – 22.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

### B. Maffei's Request to Preclude Reference to the Judgment in Case No. A01-309 CIV (JWS) is Unsupported.

The Maffei Defendants' request that no mention be made at trial of Case No. A01-309 CIV (JWS) is not supported by any evidence (or legal argument, for that matter) contained in the Motion in Limine. Rather, the Motion in Limine takes the position that Lumbermens is seeking discovery of financial information against Maffei in this case in order to assist it in collecting in the other case.[10] While all but admitting that he has no intent to pay the judgment in the other action, Maffei ignores the fact that the judgment in the other action is relevant to this case inasmuch as it established that Maffei had (and continues to have) a financial obligation to Lumbermens. In essence, he is asking the court to permit him to hide that obligation from the jury, and such a request is inappropriate.

A request to keep out evidence of the establishment of the Judgment and the Charging Order flies in the face of common sense, since the underlying action confirmed the obligation of Albert Maffei to provide the security described in this case, and the judgment explains in part the continued actions by the Maffei Defendants in the handling of their assets and the profiting from the fraudulent enterprise. The probative value of the evidence that Maffei's financial obligation has been definitively established is enormous and goes not only to the initial fraudulent conveyances, but also to the

---

[10] Doc. No. 98-1, p. 5.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

continued actions of the defendants in furtherance of their illicit scheme and the profit they are enjoying as a result. To say that Maffei's argument that such evidence is irrelevant is disingenuous is quite an understatement.

### C. The Relevant Behavior of the Defendants in this Action is not Limited to a Five Month Period.

As explained in great detail in Lumbermens' Reply Brief, the actions of the Maffei Defendants continue to be relevant well beyond the initial transfers of property into the MFLP. Moreover, although the intent of the Maffei Defendants in November, 2001, and shortly thereafter is certainly extremely relevant to most of the claims by Lumbermens in this case, it is not the only element that must be proven. The RICO claim and the claim for injunctive relief provide the two best examples of claims by Lumbermens which implicate the behavior of the Maffei Defendants to this date.

While Albert Maffei claims, in concluding the Motion in Limine, that the purpose of the motion is "to prevent parties from straying from the issues in this case," it is readily apparent that his restrictive definition of the issues in this case ignores most of Lumbermens' claims. Maffei is wrong to argue that "the issue in this case [] is the specific intent of the defendants at the time the MFLP was created and the transfers thereto. . . ."[11] The issues in this case include, but are certainly not limited to:

---

[11] Doc. No. 98-1, page 10.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

Page 8 of 10

1. Whether the Maffei Defendants intended to defraud Lumbermens when they transferred their assets into the MFLP and when they transferred property between the MFLP and the Trust;

2. Whether the Maffei Defendants took action to defraud Lumbermens;

3. Whether the Maffei Defendants continue to take action to defraud Lumbermens, and to profit by their actions;

4. Whether the Maffei Defendants are spending down their assets to avoid paying them over to Lumbermens, such that injunctive relief is appropriate; and

5. Whether each of the named defendants is liable for their actions in furtherance of this scheme.

As stated above, both the GIA and the Judgment and Charging Order are important evidence in establishing the obligations at the heart of this case.

## **CONCLUSION**

The Maffei Defendants have offered no evidence in this case supporting their claim that only 3 pages of the GIA should be produced to the jury or otherwise referenced in the trial of this action. Moreover, there is a judgment in the underlying action that confirms the obligation of Albert Maffei to Lumbermens under the GIA. There is a charging order in the underlying action which obligates Albert Maffei to pay the judgment obtained therein. Albert and Bonita Maffei continue to profit, however,

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)

Page 9 of 10

from their wrongful actions in avoiding Albert Maffei's financial obligations and defrauding Lumbermens.

DATED at Anchorage, Alaska, this 26th day of May, 2006.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Plaintiff Lumbermens
> Mutual Casualty Company
>
> By:  s/ Frank A. Pfiffner
>      Frank A. Pfiffner
>      3900 C Street, Suite 1001
>      Anchorage, Alaska 99503
>      Telephone: 907-274-7522
>      Facsimile: 907-263-8320
>      FAP@hbplaw.net
>      ABA No. 7505032

<u>Certificate of Service</u>

I hereby certify that on May 26, 2006, a copy of the Opposition to Maffei Defendants' Motion in Limine [Document No. 98-1] was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507


s/ Frank A. Pfiffner


*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to Maffei Defendant's Motion in Limine [Document No. 98-1]
(8172-3/246884)