Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty
Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>                     Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>                     Defendants. | 3:03-cv-00262-JWS |

**OPPOSITION TO THE MAFFEI DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
REGARDING DEFENDANTS' MOTION TO DISMISS AS TO TWO
DEFENDANTS AND FOR AN ADDITIONAL RULE 56(f) CONTINUANCE**

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental
Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for
an Additional Rule 56(f) Continuance
 (8172-3/247559)

Defendants' Motion to Strike Plaintiff's Supplemental Memorandum ("the Motion") is frivolous in light of the existing Order Approving Stipulations for Extending Dates in this case, which expressly extended the deadline for supplementing the record to May 22, 2006. The Motion is a prime example of Defendants' strategy in this case to delay and obfuscate and Defendants should be directly reprimanded by the court to avoid future behavior of this nature.

On January 6, 2006, the parties filed with the court a Stipulation Re Scheduling of Pending Motion Practice.[1] The January 6, Stipulation specifically permitted the parties to "file supplemental memoranda in connection with Defendant's Motion to Dismiss as to Two Defendants based on the Deposition of Bonita Maffei."[2] The Stipulation for the extension sets forth medical problems of Bonita Maffei and the need to depose Bonita Maffei prior to providing a complete response to the motion to dismiss.[3] The Stipulation was approved by Order dated January 9, 2006.[4]

---

[1] *See* Document No. 58.

[2] *Id.* at p. 2.

[3] *Id.* at p.3.

[4] *See* Document No. 59.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance
 (8172-3/247559)

On March 10, 2006, the parties to this action entered into a second Stipulation for Extending Dates.[5] Among the deadlines extended by stipulation was the deadline for supplementation of the record in relation to Defendants' motion to dismiss, which was moved to May 22, 2006.[6] Again, the primary basis for the extension of time to supplement the record was scheduling the Maffei Defendants' depositions, although the numerous discovery disputes in this action had also created problems in obtaining the necessary information.[7] The court approved the Stipulation for Extending Dates by Order dated March 14, 2006.[8]

As the Court well knows, the discovery disputes between the Plaintiff and the Maffei Defendants have not subsided over the past three months. Rather, they have increased, with Plaintiff being virtually unable to obtain responses to the most patently-relevant discovery requests. Plaintiff has already been forced to file two separate motions to compel discovery responses from the Maffei Defendants, together with a motion for permission to obtain an appraisal of the Lahaina Shores property.[9] And Plaintiff has still

---

[5]  *See* Document No. 78.

[6]  *Id.* at p. 2.

[7]  *Id.* at pp. 2-3.

[8]  *See* Document No. 79.

[9]  *See* Document Nos. 83, 89, and 81 respectively.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance
 (8172-3/247559)

not been able to depose Albert and Bonita Maffei. The whole basis for Plaintiff's request for an extension of the deadline for supplementing the record continues unchanged.

Even with the Maffei Defendants' obstinacy, Lumbermens has been able to obtain significant information in support of its claims by deposing persons other than the Maffei Defendants, including the Maffeis' accountants, Brudie and Hunsaker. Information obtained from this deposition was included not only in Plaintiff's Supplemental Memorandum, but in its Opposition to the Maffei Defendants' Motion in Limine[10] and Motion for Protective Order,[11] and in its Reply related to its second Motion to Compel.[12] Moreover, the new information provided in the Supplemental Memorandum was not "new" in the sense that it was unknown to the parties prior to the supplementation. Rather, it was unavailable to Lumbermens at the time Lumbermens filed its original opposition to the Maffei Defendants' Motion to Dismiss. Because so much of said evidence was obviously relevant to the request by the Maffeis to dismiss Bonita Maffei and the Maffei, Inc. Profit Sharing Trust from the case, Lumbermens determined that it should also be presented to the Court in this pertinent context.

---

[10] *See* Document No. 123.

[11] *See* Document No. 120.

[12] *See* Document No. 96.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance
(8172-3/247559)

While Local Rule 7.1(h) does provide that supplemental briefs may only be filed with leave of court, Lumbermens had leave of court, first in the form of the January 6, 2006 Stipulation and the related Order of January 9, 2006, and then by extension through the March, 2006 Stipulation and Order. The January Stipulation specifically allows additional time for the express purpose of filing supplemental memoranda in connection with the motion to dismiss.[13]

The Local Rule states that if a party proposes to file a pleading or brief ***not authorized by these rules***, the party must serve and file a motion requesting permission to do so. Lumbermens understood that since the January, 2006 and March, 2006 Stipulations and Orders specifically addressed the filing of supplemental briefing relating to the Maffei Defendants' Motion, and specifically explained the basis therefore – the discovery disputes between the parties – its supplemental memorandum was "authorized." Thus, no additional pleadings were filed beyond the memorandum itself.

As discussed above, the facts cited in the Supplemental Memorandum were not new to the case, but were new to the issue of the Maffei Defendants' Motion to Dismiss. The Maffei Defendants' intense efforts to hide this evidence from the court, first in their Motion to Strike Portions of Plaintiff's Reply to Defendants' Opposition to

---

[13] *See* Document No. 58 at p. 2.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance
(8172-3/247559)

Lumbermens' Motion to Compel [Third] Discovery Responses,[14] and now in the subject Motion, is predictable. So is their refusal to produce the same documents and information in response to Lumbermens' discovery requests. The documents and information that have come to light over the past thirty days, as discussed at length in the various briefs related to the aforementioned motions to compel, for protective order, and in *limine,* provide substantial support for each of Lumbermens' claims, from fraudulent conveyance to racketeering. The same evidence clearly and undeniably implicates both Bonita Maffei and the Maffei, Inc. Profit Sharing Trust.

In conclusion, Lumbermens relied on the January and March, 2006 Stipulations and Orders referenced herein and supplemented the record by explaining to the Court how the documents recently obtained relate directly to the Maffei Defendants' motion to dismiss. The documents and information have already been introduced in the case over the past month in response to other pleadings. It was necessary to provide the same documents and information in the context of the motion to dismiss. More to the point, the supplemental briefing was authorized.

In accordance with Local Rule 7.4, a proposed order is provided herewith.

---

[14] Document No. 114.

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance
(8172-3/247559)

DATED at Anchorage, Alaska, this 5th day of June, 2006.

    HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Plaintiff Lumbermens
Mutual Casualty Company


By:   s/ Frank A. Pfiffner
        Frank A. Pfiffner
        3900 C Street, Suite 1001
        Anchorage, Alaska 99503
        Telephone: 907-274-7522
        Facsimile: 907-263-8320
        FAP@hbplaw.net
        ABA No. 7505032

<u>Certificate of Service</u>

I hereby certify that on June 5, 2006, a copy of the Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska 99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska 99507


<u>s/ Frank A. Pfiffner</u>


*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Opposition to the Maffei Defendants' Motion to Strike Plaintiff's Supplemental Memorandum Regarding Defendants' Motion to Dismiss as to Two Defendants and for an Additional Rule 56(f) Continuance
(8172-3/247559)