1  Albert Maffei, Esquire
   LAW OFFICE, LLC
2  ABA No. 5311009
   8328 Lake Otis Parkway
3  Anchorage, Alaska 99507
   Telephone: (907) 277-2503
4  Facsimile:  (907) 277-1239
   e-mail: almaffei@alaska.net
5  Attorney for Defendants , Albert Maffei, Bonita Maffei,
   Maffei Family Limited Partnership, Maffei ,Inc. Profit
6  Sharing Trust

7
   LUMBERMENS MUTUAL CASUALTY    )
8  COMPANY,                      )
                                 )
9          Plaintiff,            )  Case No.: 3-03-cv-00262-JWS
                                 )
10 vs.                           )
                                 )
11                               )
   ALBERT MAFFEI; BONITA MAFFEI; )
12 MAFFEI FAMILY LIMITED PARTNER- )
   SHIP; MAFFEI, INC. PROFIT SHARING )
13 TRUST; and GEORGE E. GOERIG,  )
                                 )
14         Defendants.           )
15 _____)

16                    **REPLY TO**
      **OPPOSITION TO THE MAFFEI DEFENDANTS'**
17               **MOTION IN LIMINE**
                 [Document No. 98]
18

19 **I.      BACKGROUND**

20         Because both Motion For Protective Order and Motion In Limine request

21 identical relief, this reply will, although responding to the opposition to the Motion In

22 Limine, also include its reply to the opposition to the Motion For Protective Order.

23

24

25 Lumbermens v. Albert Maffei, et al
   Case No. 3:03-cv-00262-JWS
   Reply to Opposition to The Maffei Defendants'
   Motion In Limine

1

2
3
4

**II.    THE MAFFEI DEFENDANTS' MOTION IN LIMINE BRIEF IS PRACTICALLY UNRELATED TO THE RELIEF SOUGHT IN THEIR CONCLUSION.**

5
6

The defendants disagree with the Lumbermens' position on three  main issues which are set out in the opposition and they are as follows:

7

**A.  The GIA**

8
9
10
11
12
13
14
15
16
17
18
19
20
21

Defendants argue that the three-page document forwarded to Maffei on October 27, 2001 should be the only document allowed to be entered as evidence in this case.  Lumbermens argues that the four-page document should be  admitted.  What Lumbermens does not consider is that at all relevant times when the MFLP was being prepared and the conveyances made to the MFLP, the only document that the defendants had available to them was the document presented by Mr. Thomas of Lumbermens who stated this was the document that Maffei signed.  The four-page document did not surface or become part of this case until over a year after the creation of the MFLP.  There is no way that the defendants could have had any knowledge of the four-page document until long after the MFLP had been created and the transfers made to the MFLP.  This is crucial to the defendants' case, and it would be extremely prejudicial to allow the four-page document to be entered.

22
23

**B.  Lumbermens Intends To Provide As Evidence The Judgment In Case No. A01-109-CIV (JWS) As Evidence.**

24

25

Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Reply to Opposition to The Maffei Defendants'
Motion In Limine

1      Lumbermens states that, in essence, defendants are requesting the Court to

2   permit the defendants to hide the obligation of the Judgment from the jury.  It is difficult

3   to understand Lumbermens' argument since the Judgment was not entered until February

4   of 2005, three and one-half years after the MFLP was created.  As a matter of fact, on

5   November 21, 2001, no action had been filed against the defendants and the claims that

6   were made were unsupported by any documents.  Lumbermens states that Maffei ignores

7

8   the fact that the Judgment in the other action is relevant in this case inasmuch as it

9   established that Maffei (and continues to have) a financial obligation to Lumbermens.

10  This statement is totally contrary to the evidence.  Lumbermens has no evidence that

11  Maffei owed anything to Lumbermens on November 21, 2001 or thereafter when the

12  transfers were made.

13

14      Whether the Judgment established that Maffei had a financial obligation to

15  Lumbermens or that it confirmed the obligation of Albert Maffei is inappropriate since it

16  is the intent of Maffei on November 21, 2001 and for a short period thereafter when

17  transfers were being made to the MFLP that are relevant, not what occurred 3 and  1/2

18  years later.

19

20      Lumbermens further states that it is not using this case in order to collect

21  on the other case.  However, that does not appear to be the intent of Lumbermens.

22      Lumbermens has taken the deposition of Maffei's accountants, stock

23  broker and life insurance agent.

24

25  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
    Reply to Opposition to The Maffei Defendants'
    Motion In Limine

1       At the deposition of Scott Wilson, Maffei's life insurance agent for AXA

2   on May 12, 2006, Mr. Wilson produced copies of insurance policies on the life of Maffei.

3   The records show that Maffei was not the owner of the policies, but the owners were

4   family members, daughter Gina, daughter Lisa, and wife Bonita. Regardless of who

5   owned the policies, the life insurance policies had no connection to this case whatsoever.

6   The only possible conclusion to be reached is that Mr. Pfiffner, for Lumbermens, was

7   seeking assets to levy upon on the Judgment in the other case. Mr. Pfiffner, however, is a

8   vindictive and devious person and found that one of the policies owned by Gina Luciano

9   had a cash surrender value which was not reported in Gina's bankruptcy. Mr. Pfiffner

10  sent a letter to the undersigned advising that he would prosecute Gina Luciano for

11  potential bankruptcy fraud.  The first page of that letter is submitted herewith as Exhibit

12  A. From that letter and from the other actions of Mr. Pfiffner, the undersigned believes

13  that Mr. Pfiffner, on behalf of Lumbermens, is on a fishing expedition to obtain any

14  information that might lead him to satisfy his vindictiveness by his procedure to uncover

15  some morsel of irrelevant and immaterial evidence that could be used against the

16  defendants or the defendants' families.  To further demonstrate the point, see

17  Lumbermens' reply to the defendants' opposition to Lumbermens' Motion To Compel,

18  where Mr. Pfiffner, after taking the deposition of Stuart Hunsaker and Eiven Brudie, the

19  accountants who prepared the tax returns for the Maffeis, stated that Maffeis filed false

20  tax returns and committed perjury to the IRS by not filing partnership returns. With only

21

22

23

24

25  Lumbermens v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Reply to Opposition to The Maffei Defendants'
Motion In Limine

1   a small amount of research, Mr. Pfiffner could have learned that domestic partnerships

2   with ten or less partners are not required to file a partnership tax return if the partners pay

3   their pro rata share of the taxes that are due.

4
            On page 9 of the opposition to the Maffei defendants' Motion In Limine,

5
6   Lumbermens states five issues that it deems are relevant to this case.  The only item that

7   appears to be relevant is paragraph 2.  All the other items are totally irrelevant and

8   immaterial to the issues in this case.   Paragraph 1 should not include the Trust and limit

9   the evidence to the time when the assets were first transferred.  (The defendants have

10  suggested April 30, 2002.)  Paragraph 3 where Lumbermens states that defendants

11
12  continue to take action to defraud Lumbermens and to profit by their actions, which

13  paragraph would only apply to the other case since the defendants, except for Albert

14  Maffei, had no obligation to pay anything over to Lumbermens.   Paragraph 4 states that

15  Maffei defendants are spending down their assets to avoid paying them over to

16  Lumbermens such that injunctive relief is appropriate.  Injunctive relief is an equitable

17
18  relief and is not an issue to be tried by the jury.  If Lumbermens were serious about this

19  allegation, they would have moved forward with motion to enjoin the Maffei defendants

20  from actually spending down their assets as alleged.  Paragraph 5 is likewise

21  inappropriate for several reasons.  Whether the defendants are liable for their actions can

22  only be connected to the creation of the partnership and the initial transfers thereto,  and

23

24

25  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
    Reply to Opposition to The Maffei Defendants'
    Motion In Limine

1  that the actions are in furtherance of scheme fails to describe, or explain, or define what

2  "scheme" Lumbermens is referring to.

3  **CONCLUSION**

4
5  It is quite clear that Lumbermens and the defendants cannot agree on the

6  respective issues in this case and the evidence that should be limited to prove those

7  issues.  Therefore, it is necessary to obtain the Court's intervention in a protective order

8  and order in limine to first establish the issues and limit the evidence in discovery and at

9  the trial that are relevant to those issues.

10  Respectfully submitted this 5th day of June, 2006.

11
12  LAW OFFICES, LLC

13
       By: s/Albert Maffei _____
14          Albert Maffei
           Attorney for Defendants Albert
15          Maffei, Bonita Maffei, Maffei
           Family Limited Partnership and
16          Maffei, Inc. Profit Sharing Trust
17          ABA No. 5311009

18
       Certificate of Service
19
20  I hereby certify that on June 5,  2006,  Reply To Opposition To Maffei
    Defendants' Motion In Limine was served electronically on:
21
    Frank A. Pfiffner
22  Hughes Bauman Pfiffner Gorski & Seedorf, LLC
    3900 C Street, Suite 1001
23  Anchorage, Alaska, 99503

24

25  Lumbermens v. Albert Maffei, et al
    Case No. 3:03-cv-00262-JWS
    Reply to Opposition to The Maffei Defendants'
    Motion In Limine

1

2   Michael C. Geraghty
     DeLisio Moran Geraghty & Zobel, P.C.
3   943 West 6th Avenue
     Anchorage, Alaska, 99501
4

5   /Albert Maffei
     Albert Maffei
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Lumbermens v. Albert Maffei, et al
      Case No. 3:03-cv-00262-JWS
      Reply to Opposition to The Maffei Defendants'
      Motion In Limine