UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 3:03-cv-00262-JWS |
| vs. | ) ) | ORDER AND OPINION |
| ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNER-SHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG, | ) ) ) ) ) ) ) | [Re: Motions at docs. 55, 60 & 124] |
| Defendants. | ) ) | |

## I. MOTIONS PRESENTED

At docket 55, defendants Bonita Maffei ("Bonita") and Maffei, Inc. Profit Sharing Trust ("Trust") moved to dismiss the complaint against them under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted. Alternatively, they asked the court to consider the affidavits of Bonita Maffei and Albert Maffei, treat the motion as a motion for summary judgment under FED. R. CIV. P. 56, and grant them summary judgment. At docket 60 defendant George E. Goerig ("Goerig") joined the motion with respect to one claim (the fifth). At docket 63, plaintiff Lumbermens Mutual Casualty Insurance Co. ("Lumbermens") opposed the motions, requested a continuance under FED. R. CIV. P. 56(f), and, at docket 115, filed a supplemental opposition. Bonita, the Trust, and Goerig have all replied to Lumbermens' opposition. At docket 124 Bonita and the Trust have moved to strike the supplemental opposition filed by Lumbermens at

docket 115, which Lumbermens has opposed. The parties have not requested oral argument, and it would not assist the court.

## II. BACKGROUND

Defendant Albert Maffei ("Albert"), together with others not parties to this action, entered into an indemnity agreement in connection with the issuance of certain contract payment and performance bonds for the benefit of Luciano Enterprises, LLC in favor of the government. Under the terms of that agreement, Albert agreed to indemnify the bonding company for any loss that might arise out of the issuance of the bonds. Lumbermens issued the bonds. Luciano Enterprises subsequently defaulted on the project, and Lumbermens was called upon to honor the bonds. Lumbermens brought suit against the indemnitors, including Albert, and was awarded a joint and several judgment in the amount of $1,577,738.72.[1]

In its amended complaint, Lumbermens has asserted six claims for relief as follows:[2]

First Claim: Seeks to set aside as fraudulent under AS § 34.40.010 the conveyances of certain real and personal property owned by Albert and the conveyances of certain real and personal property jointly owned by Albert and Bonita.

Second Claim: Alleges a conspiracy by all defendants to hinder, delay or defraud Lumbermens, a creditor of Albert, by the conveyance of the real and personal property owned by Albert Maffei and jointly by Albert and Bonita, which conspiracy was consummated by the conveyances alleged in the first claim for relief.

Third Claim: Alleges that the defendants aided and abetted each other in making the fraudulent conveyances alleged in the first claim for relief.

Fourth Claim: Alleges that in participating in the alleged scheme to defraud creditors, defendant George Goerig committed malpractice.

---

[1] *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al*, Case No. A01-00309-CIV(JWS), Docket 213.

[2] Docket 30, Amended Complaint.

2

<u>Fifth Claim</u>: Alleges that the conduct of the defendants in the scheme of fraudulently conveying the real and personal property constituted an enterprise under the Racketeer Influenced and Corrupt Practices Act ("RICO").

<u>Sixth Claim</u>: Seeks to enjoin the defendants from further fraudulent conveyances of property.

### III.  ISSUES PRESENTED

In her motion Bonita raises two issues: (1) that, as to the properties in which she had no ownership interest, she could not have been a co-conspirator as to the alleged fraudulent conveyances of properties owned by Albert; and (2) as to the properties she co-owned, she only conveyed the interests that she owned.

In its motion, the Trust asserts that the property Albert transferred to it was in exchange for property of equal value transferred by the Trust to the Maffei Family Limited Partnership ("Family Partnership").

In his motion, Goerig raises the issue that, as an outside professional who did not participate in the management of the enterprise, he is not liable under the RICO statutes under the holding in *Reves v. Ernst & Young*.[3]

### IV.  STANDARD OF REVIEW

Rule 12(b) provides in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * *, (6) failure to state a claim upon which relief can be granted, * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and

---

[3] 507 U.S. 170 (1993).

> all parties shall be given reasonable opportunity to present all
> material made pertinent to such a motion by Rule 56.

Because they are unnecessary to a determination of the motions of Bonita and the Trust to dismiss on the merits, the court, *sua sponte*, excludes the affidavits of Bonita Maffei and Albert Maffei. The Court declines to turn the motions into motions for summary judgment. Lumbermens' request for a Rule 56(f) continuance is denied as moot.

In ruling on a motion to dismiss under Rule 12(b), the court must treat all well pleaded facts as true and construe them in the light most favorable to the non-moving party.[4] A court does not, however, accept as true legal conclusions simply because they are cast in the form of factual allegations.[5] A dismissal under Rule 12(b)(6) is warranted only if Lumbermens can prove no facts in support of its claims that would entitle it to relief.[6]

Except for the Fifth Claim (RICO), the claims brought by Lumbermens are based on state law. When interpreting state law, this court is bound by the decisions of the state's highest court. In the absence of a decision by the highest state court, this court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."[7]

## V. DISCUSSION

### A. Bonita Maffei

Because it is not alleged that Lumbermens was a creditor of Bonita, the transfer by her of her own interest in the properties conveyed cannot constitute a fraudulent

---

[4] *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005).

[5] *Wyler Summit Partnership v. Turner Broadcasting System, Inc*, 135 F.2d 658, 665 (9th Cir. 1998).

[6] *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

[7] *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001); *Paulman v. Gateway Ventures Partners III L.P.* (*In re Filtercorp, Inc.*), 163 F.3d 570, 578 (9th Cir. 1998).

conveyance as to those properties. For that matter, it does not appear that Lumbermens is seeking to set aside the conveyances of Bonita's interest in the properties conveyed. However, with respect to the balance of the arguments raised by Bonita, the court agrees with Lumbermens. The fact that Bonita had no interest in some of the properties in whose transfer she joined does not insulate her from liability under the law as it has been explained by the Alaska Supreme Court:[8]

> We hold that to prove liability for participation in a fraudulent conveyance scheme, a plaintiff must establish:
>
> (1) An unlawful agreement;
>
> (2) The specific intent of each participant in the scheme to hinder, delay and defraud a creditor of one who participated in the scheme;
>
> (3) Acts committed pursuant to the unlawful agreement;
>
> (4) Damages caused by the acts committed pursuant to the unlawful agreement.
>
> * * * *
>
> The party against whom damages are claimed must be guilty of actual fraud, as opposed to constructive fraud. That is, [the party against whom damages are claimed] must know that the transfer will leave the debtor insolvent, that the transfer is for less than fair value, and that the purpose of the transfer is to hinder, delay, or . . . . defraud the creditor-plaintiff.

It is appropriate to consider what Lumbermens alleges in its Second Claim for Relief in light of the law explained by the Alaska court:[9]

> 73. The elements of the conspiracy to commit fraudulent conveyances included without limitation an unlawful agreement among Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig to convey real and personal property owned by Albert Maffei and Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust; the specific intent of Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig

---

[8] *Summers v. Hagen*, 852 P.2d 1165, 1169–1170 (Alaska 1993) (citations and footnotes omitted)

[9] Docket 30, Amended Complaint, pp. 19–20.

5

to defraud Lumbermens, Albert principal creditor; acts committed pursuant to the unlawful agreement (the creation of the Maffei Family Limited Partnership, the creation of the applicable warranty deeds, and the transfer of real and personal property from Albert Maffei and Albert Maffei and Bonita Maffei to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust); and damages to Lumbermens from Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig in an amount to be determined at trial.

In addition, as part of its Third Claim for Relief, Lumbermens alleges:[10]

> 79. Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig aided and abetted each other to commit fraudulent conveyances and in fact did fraudulently convey real and personal property and other assets to the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust.
>
> 80. Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig were aware of their role as part of the overall scheme to defraud Lumbermens at the time they aided and abetted each other to commit fraudulent conveyances and by fraudulent conveying real and personal property and other assets to the Maffei Limited Partnership and the Maffei Inc. Profit Sharing Trust.

Lumbermens' allegations are sufficient to plead a valid cause of action against Bonita as a participant in the alleged scheme to hinder, delay or defraud Lumbermens as a creditor of Albert under Alaska law.

## B. Maffei, Inc. Profit Sharing Trust

The thrust of the Trust's position is that it gave property of equal value in exchange for the property it received. The Trust's argument is not persuasive. The property it transferred in exchange for the property it received from Albert was transferred not to Albert, but to the Maffei Family Limited Partnership. Even if, as the Trust asserts, the property it transferred to the Maffei Family Limited Partnership was equivalent in value to the property it received the Trust would not prevail. The Trust has not cited, and independent research by the Court has not found, any authority for the

---

[10] *Id.*, pp. 21–22.

proposition that where the consideration given for the transfer is not given to the transferor but to a third-party, it is a transfer given in exchange for adequate consideration.

## C. George Goerig

Goerig's motion relies on the proposition that, as an outside professional, he is not liable under the RICO statutes.[11]  The U.S. Supreme Court held in *Reves* that an accountant who audited company records did not participate in the operation or management of the enterprise sufficient to be held liable under RICO.[12]  The Ninth Circuit, following *Reves*, stated that an attorney who wrote letters, prepared a partnership agreement, and assisted in a Chapter 7 proceeding, failed the "operation or management" test.[13]  The Ninth Circuit has also held that an attorney who assisted in setting up an alleged pyramid scheme but did not participate in the operation or management of the enterprise could not be held liable under the RICO statutes.[14]

In its Fifth Claim for Relief, Lumbermens has alleged:[15]

> 94.  The 18 U.S.C. § 1961(4) enterprises for the prohibited activities are the Maffei Family Limited Partnership of which Albert Maffei and Bonita Maffei are general partners; the Maffei, Inc. Profit Sharing Trust of which, on information and belief, Albert Maffei is the trustor and Albert Maffei and Bonita Maffei are believed to be the beneficiaries; and an on-going association-in-fact enterprise functioning as a hierarchical or consensual decision making structure and consisting of Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, the Maffei Inc. Profit Sharing Trust, and George Goerig.  Albert Maffei and George Goerig conceived and directed the association-in-fact enterprise as a scheme to defraud Lumbermens.  Bonita Maffei was a principal recipient of the benefits of the association-in-fact and assisted in the fraudulent conveyance of assets.  The fraudulently conveyed assets are being

---

[11] 18 U.S.C. §§ 1961 – 1968.

[12] *Reves v. Ernst & Young*, 507 U.S. at 184–185.

[13] *Baumer v. Pachl,* 8 F.3d 1341, 1344–1345 (9th Cir.1993).

[14] *Webster v. Omnitrition Intern., Inc.*, 79 F.3d 776, 789 (9th Cir. 1996).

[15] Docket 30, Amended Complaint, pp. 24–25.

7

> held by the Maffei Family Limited Partnership and the Maffei Inc. Profit Sharing Trust.

Goerig asserts in his reply memorandum that his only participation was to draft the Family Limited Partnership documents and warranty deeds. If established, this would fall squarely within the Ninth Circuit decisions. Unfortunately for Goerig, statements by counsel in briefs or memoranda do not constitute evidence.[16] While it may be highly questionable that plaintiff's allegations of the degree of participation by Goerig in the operation or management of the alleged enterprise will survive a motion for summary judgement, they are sufficient to withstand a motion to dismiss under Rule 12(b)(6).

## VI.  CONCLUSION

For the reasons set out above:

1.  The Motion at docket 55 is **GRANTED** as to the conveyance of Bonita Maffei's own property interests, but otherwise **DENIED** as to Bonita Maffei, and **DENIED** in its entirety as to Maffei, Inc. Profit Sharing Trust.

2.  The motion to dismiss by defendant George Goerig at docket 60 is **DENIED.**

3.  The motion at docket 124 is **DENIED** as moot.

DATED at Anchorage, Alaska this 18th day of July 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[16] *See Smith v. Mack Trucks,* 505 F.2d 1248, 1249 (9th Cir.1974) (per curiam).