UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 3:03-cv-262 JWS |
| vs. | ) ) | OPINION AND ORDER |
| ALBERT MAFFEI, et al | ) ) | [Re:   Motion at Docket 133] |
| Defendants. | ) ) ) | |

At docket 133 defendants have moved for reconsideration of the Order entered at docket 130 asserting that the court overlooked Exhibit B and erroneously stated: "The property [the Trust] transferred in exchange for the property it received from Albert was transferred not to Albert, but the Family Limited Partnership."

The court did not overlook Exhibit B, it did not even consider it for two reasons. First, the court declined to convert the motion from one under Rule 12(b)(6) to one under Rule 56.  Second, if the statement was erroneous it was caused by defendants. In their motion papers, defendants stated:

> The only involvement by the Trust is under Paragraph 54 of the Complaint where the plaintiff alleges that Albert Maffei conveyed his interest in certain real property to the Maffei, Inc. Profit Sharing Trust by warranty deed dated November 23, 2001.
>
> What plaintiff fails to show is that on that same date, November 21, 2001, the Profit Sharing Trust conveyed by warranty deed to the Maffei Limited Family Partnership an interest in another property which was, in fact, in exchange for equal value of properties between the profit sharing trust and the partnership. Attached as Exhibit B are copies of the deeds

showing the transactions. Therefore the Maffei, Inc. Profit Sharing Trust should not be a party to this transaction under any of the circumstances set forth in the Complaint.[1]

If the motion had been treated as a motion under Rule 56, the court had examined the exhibit and corrected the statement by defendants in their memorandum the outcome would not have changed.  The documents submitted by the parties show that the property that the Trust conveyed to Albert in exchange for the property it received was immediately transferred to the Family Limited Partnership. From this it may reasonably be inferred that Albert was merely a conduit or straw man and received no consideration in exchange for the property he transferred to the Trust.  This would support a finding by the jury that the Trust received property that Albert transferred to it with the intent to hinder, delay, or defraud creditors.

For the foregoing reasons, the motion at docket 133 is **DENIED**.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[1]Doc. 55, Memorandum in Support of Motion To Dismiss at pp. 13-14 of the memorandum.