UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

 LUMBERMENS MUTUAL CASUALTY CO    v.    ALBERT MAFFEI, et al 

THE HONORABLE JOHN W. SEDWICK

D<small>EPUTY</small> C<small>LERK</small>                                    CASE NO.  3:03-cv-00262-JWS 

 Linda Christensen 

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**        DATE: August 2, 2006

At docket 97, defendants Albert Maffei, Bonita Maffei, Maffei Family Limited Partnership, and Maffei, Inc. Profit Sharing Trust ("Defendants") moved for a protective order restricting the scope of discovery by plaintiff Lumbermens.  On July 18, 2006, at docket 131, the court ordered Defendant's counsel (as well as plaintiff's counsel with respect to discovery motions he had filed) to comply with the certification requirements of Fed R. Civ. P. 26(c).

Nearly two weeks later on July 31, 2006, at docket 136, Defendants' counsel filed what he styled an Amended Good Faith Certificate.  Therein Defendants' lawyer states that he left a voice mail message for opposing counsel at 11:30 a.m. on July 31, 2006, informing opposing counsel of his willingness to meet and confer, but adding that he was leaving the next day to take a deposition in New Jersey on August 9.  When the voice mail message had not been returned by 5:00 p.m. on July 31, the document at docket 136 was filed saying that as a result of the failure to

[]{IA.WPD*Rev.12/96}

return the phone call a conference could not resolve the discovery dispute.

The court does not view the facts here--waiting two weeks to place a call, leaving a voice mail that went unanswered for half a business day, and then declaring that the dispute cannot be resolved as a good faith attempt to confer within the meaning of the requirement in Rule 26(c).  For failure to comply with Rule 26(c), the Motion for a Protective Order at docket 97 is **DENIED**.

[]{IA.WPD*Rev.12/96}