UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>   vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNER-SHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>         Defendants. | 3:03-cv-262-JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Motion at Docket 98] |

## I.  MOTIONS PRESENTED

At docket 98 defendants have moved *in limine* to exclude certain evidence, to wit: (1) any copy of the General Indemnification Agreement ("GIA"), other than the 3-page GIA forwarded to defendant Albert Maffei by Darren Thomas of Lumbermens accompanying a letter dated October 27, 2001; and (2) any matters in *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al.*, Case No. 3:01-cv-00309-JWS, particularly regarding the Judgment and the Charging Order against the defendant, Albert Maffei.  Lumbermens has opposed the motion and defendants have replied.  The parties have not requested oral argument, and it would not assist the court.

## II.  BACKGROUND

Defendant Albert Maffei ("Albert"), together with others not parties to this action, entered into an indemnity agreement in connection with the issuance of certain contract payment and performance bonds for the benefit of Luciano Enterprises, LLC in favor of the government.  Under the terms of that agreement, Albert agreed to indemnify the

bonding company for any loss that might arise out of the issuance of the bonds. Lumbermens issued the bonds. Luciano Enterprises subsequently defaulted on the project, and Lumbermens was called upon to honor the bonds. Lumbermens brought suit against the indemnitors, including Albert, and was awarded a joint and several judgment in the amount of $1,577,738.72.[1]

In its amended complaint Lumbermens has asserted six claims for relief.[2]

First Claim: Seeks to set aside as fraudulent under AS § 34.40.010 the conveyances of certain real and personal property owned by Albert and the conveyances of certain real and personal property jointly owned by Albert and Bonita.

Second Claim: Alleges a conspiracy by all defendants to hinder, delay or defraud Lumbermens, a creditor of Albert, by the conveyance of the real and personal property owned by Albert Maffei and jointly by Albert and Bonita, which conspiracy was consummated by the conveyances alleged in the first claim for relief.

Third Claim: Alleges that the defendants aided and abetted each other in making the fraudulent conveyances alleged in the first claim for relief.

Fourth Claim: Alleges that in participating in the alleged scheme to defraud creditors, defendant George Goerig committed malpractice.

Fifth Claim: Alleges that the conduct of the defendants in the scheme of fraudulently conveying the real and personal property constituted an enterprise under the Racketeer Influenced and Corrupt Practices Act ("RICO").

Sixth Claim: Seeks to enjoin the defendants from further fraudulent conveyances of property.

At docket 130 the court granted the motion of Bonita Maffei to dismiss the action as against her to the extent that she conveyed her interest in certain properties. The court, however, denied the motion to dismiss filed by the Maffei, Inc. Profit Sharing Trust.

---

[1] *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al*, Case No. 3:01-cv-00309-JWS, Docket 213.

[2] Docket 30, Amended Complaint.

### III.  ISSUES PRESENTED

Defendants argue that the evidence sought to be excluded is irrelevant to any issues in this case, citing FED. R. EVID. 401, 402, and 403.

### IV.  LEGAL STANDARDS

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3]  Generally, all relevant evidence is admissible and irrelevant evidence inadmissible.[4]  However, even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[5]

### V.  DISCUSSION

The court finds defendants' arguments unpersuasive, if not frivolous. Lumbermens' complaint seeks to set aside conveyances "made with the intent to hinder, delay, or defraud creditors."[6]  Even a contingent obligation may form the basis of a creditor-debtor relationship under Alaska law.[7]

Defendants argue that there was a page missing from the copy of the GIA sent to Albert in October 2001 and, therefore, that page should be excluded from evidence. First, there is no evidence that the page was missing.[8]  Second, the obligation of Albert to Lumbermens arose at the time Albert executed the GIA, albeit a contingent obligation at that moment in time, which it is undisputed Albert executed prior to October 2001.  To

---

[3] FED. R. EVID. 401.

[4] FED. R. EVID. 402.

[5] FED. R. EVID. 403.

[6] AS § 34.40.010.

[7] *First Nat. Bank of Fairbanks v. Enzler*, 537 P.2d 517, 521 (Alaska 1975).

[8] Statements by counsel in memoranda are not evidence. *Smith v. Mack Truck*, 505 F.2d 1248, 1249 (9th Cir.1974) (*per curium*).

argue that Albert, whether in his personal or representative capacity when he made transfers of property at a later date, could not have had knowledge of the terms of the alleged missing page or his obligations under the GIA rings hollow.

As to the judgment entered against Albert in *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al.*, Case No. 3:01-00309-CIV(JWS), it is relevant to at least two issues. First, it not only changes the contingent obligation under the GIA to a fixed obligation, it sets the amount of the indebtedness owed by Albert to Lumbermens. Second, contrary to defendants' arguments, the existence of the unsatisfied judgment is a critical element of the conspiracy to defraud allegations of the complaint.[9] The contingent obligation Albert owed at the time of the allegedly fraudulent conveyances has merged in the judgment—it is the unsatisfied obligation. Third, the argument that Lumbermens is simply using this case to collect the judgment in the earlier case does not preclude admission of the evidence in this case. Of course Lumbermens is using this case as a vehicle to collect the obligation it is owed. If Lumbermens were not owed an obligation, *i.e.*, the judgment unsatisfied, it would not be a creditor and would lack any right to set aside the conveyances or to recover the alternative damages if avoiding the transfers is inadequate to satisfy the obligation.[10]

## VI.  CONCLUSION

Based upon the foregoing, defendants Motion *in Limine* at docket 98 is **DENIED**.
DATED at Anchorage, Alaska, this 9th day of August, 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[9] *See Summers v. Hagen*, 852 P.2d 1165, 1170 n.6 (Alaska 1993).

[10] *Id.*, 852 P.2d at 1169–70.