Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>　　　　　Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>　　　　　Defendants. | 3:03-cv-00262-JWS |

**MOTION FOR RECONSIDERATION**

Lumbermens Mutual Casualty Company ("Lumbermens") moves for reconsideration of the court's order dated August 9, 2006, denying Lumbermens' motions at Dockets 81, 83, and 89 for failure to comply with LR 37.1(a)(1) or LR 37(a)(2).

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Motion for Reconsideration
(8172-3/250130)

(Docket 140.)  The basis for the motion for reconsideration is that the court has mistakenly applied local rules that do not exist at least in published form to members of the bar.  There is no LR 37.1(a)(1) or LR 37(a)(2)!

By the court's order dated July 18, 2006, (Docket 131) the court ordered Lumbermens to comply with LR 37.1(a).  Lumbermens complied with the court order with its filing of a certificate of LR 37.1(a) compliance dated August 4, 2006.  (Document 139.)  The certificate details Lumbermens' unsuccessful contact with opposing counsel in an attempt to resolve the discovery disputes.  Lumbermens' counsel provides a good faith certification of his efforts to resolve the dispute.  Lumbermens did not use Form 37.1 to certify the good faith efforts to resolve the dispute; however LR 37.1(a) does **not** require use of Form 37.1.  The content of Form 37.1 was included in the certificate that was filed.  (Docket 139.)

The Local Rules for the District of Alaska effective October 1, 2002, and the January 3, 2006, revisions to those rules (primarily dealing with electronic filing) do not contain LR 37.1(a)(1) or (a)(2) as cited by the court as the basis for the denial of Lumbermens' motions.  There are no other published and applicable local rules.  The undersigned has had his staff check with the court clerk's staff to confirm that counsel has not overlooked any existing local rules.  Thus Lumbermens has no idea what it did wrong when it filed the good faith certification at Docket 139.

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Motion for Reconsideration
(8172-3/250130)

Rule 1 of the Fed R. Civ. P. states that the rules should be construed so as to secure the "just" determination of every action. In light of the spirit and the letter of the federal rules, the court should reconsider and reverse its order at Docket 140 since the order is based on non-existent local rules.

DATED at Anchorage, Alaska, this 14th day of August, 2006.

>	HUGHES BAUMAN PFIFFNER
>	GORSKI & SEEDORF, LLC
>	Attorneys for Plaintiff Lumbermens
>	Mutual Casualty Company
>
>	By:  s/ Frank A. Pfiffner
>	Frank A. Pfiffner
>	3900 C Street, Suite 1001
>	Anchorage, Alaska  99503
>	Telephone: 907-274-7522
>	Facsimile: 907-263-8320
>	FAP@hbplaw.net
>	ABA No. 7505032

Certificate of Service

      I hereby certify that on August 14, 2006, a copy of the Motion for Reconsideration was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507


s/ Frank A. Pfiffner