MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**LUMBERMENS MUTUAL**     v.     **ALBERT MAFFEI,** *et al.*,
**CASUALTY COMPANY**

THE HONORABLE JOHN W. SEDWICK     CASE NO. **3:03-cv-262 JWS** (JWS)

PROCEEDINGS:    **ORDER FROM CHAMBERS**     Date: August 16, 2006

---

     At docket 142 Lumbermens Mutual Casualty Co. ("Lumbermens") moves for reconsideration of the order at docket 140 denying Lumbermens' motions at docket 81, 83, and 89. Lumbermens asserts that in relying on D.Ak. LR 37.1 in its order, "the court has mistakenly applied local rules that do not exist at least in published form to the members of the bar." Lumbermens is partly correct.

     The order at docket 140 relied on D.Ak. LR 37.1 as it was amended in 2004, to take effect on December 31, 2004. The print version of this court's local rules has been published by Lexis/Nexis, or its predecessor, Book Publishing Co., for a number of years under an agreement between the publisher and the court. The amended rule was published by Lexis/Nexis in an update mailed to subscribers in November 2004. In compliance with the E-Government Act, the court also posts its local rules on its website. The version of Local 37.1, as it was amended in 2004, was posted on the court's website in November 2004 and again in February 2005. Unfortunately, due to a clerical error, the version of the local rules posted on the court's website thereafter in December 2005 did not include D.Ak. LR 37.1 as it had been amended in 2004. From December 2005 onward, the website included an outdated version of D.Ak. LR 37.1. The error did not come to the attention of the court until Lumbermens filed its motion.

     The court acknowledges and apologizes for the error. The court finds that counsel could have reasonably relied on and did rely on the website version of D. Ak. LR 37.1. Such reliance misled counsel as to the scope of the consultation obligation required by the local rules. Finally, the court finds that the consultation described by counsel was sufficient under the rule as it appeared on the website.

     For the reasons above, the order at Docket 140 is hereby **VACATED**. The court will address the motions at dockets 81, 83, and 89 on the merits in due course.

---