Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone: 907-274-7522
Facsimile: 907-263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Lumbermens Mutual Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNERSHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,<br><br>                    Defendants. | 3:03-cv-00262-JWS |

**MEMORANDUM OUTLINING BASIS FOR A JURY TRIAL**

By order dated August 1, 2006 (Docket 137), the court has requested that

Lumbermens Mutual Casualty Company ("Lumbermens") file a memorandum outlining

the basis for a jury trial.  This memorandum details the basis for Lumbermens' jury trial

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)

demand dated November 10, 2003.  However, it should be noted that all defendants also filed a demand for jury trial dated December 1, 2003.

The question (right to a jury trial) is simple but the answer, as seen from the discussion below, is complicated.  Lumbermens offers to obviate the complicated discussion of the jury trial issue.  Lumbermens offers to withdraw the jury demand on **all** issues in the case pursuant to Fed. R. Civ. P. 38(d) if all defendants likewise agree to withdraw their jury demand as to **all** issues in the case.  In other words, Lumbermens is agreeable to a trial by the court of **all** issues.  If the defendants are not agreeable to a waiver of a jury as to all cases issues, then Lumbermens requests that a jury trial be had on all issues that are triable by jury.  The court will then have to consider the jury trial analysis set forth below.

The amended complaint sets forth a mixture of legal and equitable claims.  The fraudulent conveyance claims relative to the transfer of real property and the request for injunctive relief are equitable.  There is no right to a jury trial as to those claims.  To the extent that Lumbermens seeks monetary damages in the fraudulent conveyance claims and the conspiracy and aiding and abetting claims, it is asserting legal claims that should be tried by a jury given the jury demands.  Likewise, the legal malpractice claim against George Goerig is a legal claim that is subject to trial by jury.

The starting point for the jury trial analysis is the Seventh Amendment to the U. S. Constitution.  It provides:  "In Suits at common law, where the value in

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)
Page 2 of 8

controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The U.S. Supreme Court has interpreted the phrase "Suits at common law" to refer to suits in which legal rights were to be ascertained and determined as opposed to those in which equitable rights alone were recognized and equitable remedies were administered. *Granfinanciera, S.A. v. Nordberg*, 292 U.S. 33, 41, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989). According to the *Granfinanciera* Court, the framework for analysis of the right to a jury trial is first to compare the action or claim to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Id.* Second, and more importantly, the court must examine the remedy sought and determine whether it is legal or equitable. *Id.*

In *Granfinanciera*, the Supreme Court determined that a fraudulent conveyance claim where the plaintiff sought money damages passed the jury trial test. Prior to *Granfinanciera*, the courts of appeal including the Ninth Circuit consistently have taken the position that any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to jury trial attached. *In re John Pasquariello*, 16 F.3d 525, 530 (3rd Cir. 1994), and *Johnson v. Gardner*, 179 F.2d 114 (9th Cir. 1949). The Third Circuit has maintained the fraudulent conveyance to undue real property transfers vs. the fraudulent conveyance for money damages distinction post *Granfinanciera* although the Third Circuit has noted that

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)
Page 3 of 8

some courts now allow for jury trials in all fraudulent conveyance actions. *In re John Pasquariello*, 16 F.3d 525, 530-31 (3rd Cir. 1994).

In the present action, Lumbermens requests that certain real property transfers be undone but it also seeks money damages where property transfers cannot be undone. *See* Amended Complaint at ¶¶ 68-9, 74-5, and 81-2. The distinction between real property transfers and the claim for money damages will have real significance in this case. Based on discovery to date, Lumbermens believes that the evidence at trial will show that Albert Maffei conveyed almost **all** of his assets to the Maffei Family Limited Partnership including real property and securities and cash.[1] Lumbermens believes that the evidence will further show that the significant cash and securities transferred have now all disappeared. Thus Lumbermens will have claims for monetary damages of several hundred thousand dollars against the defendants under the fraudulent conveyance, conspiracy, and aiding and abetting claims for the cash and securities that have disappeared.[2] Lumbermens believes that it is entitled to a jury trial for at least those monetary damage claims relating to the cash and securities that have disappeared.[3] *See*

---

[1] The evidence to support the factual assertions is contained in the Maffei depositions, which were taken on August 16 and 17, 2006. The transcripts from those depositions are not yet available. Lumbermens is prepared to provide the court with the actual transcript citations if the court deems that necessary.

[2] Conspiracy claims are legal claims to which the right to trial by jury attaches. *In re Jensen*, 946 F.2d 369 (5th Cir. 1991).

[3] Lumbermens also has a punitive damage claim against the defendants for their outrageous behavior. *See* Amended Complaint at ¶¶ 70, 76, 83, and 89. Punitive damage

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)
Page 4 of 8

*Feltner v. Columbia Pictures TV, Inc.*, 523 U.S. 340, 352, 140 L. Ed. 2d 438, 118 S. Ct. 1279 (1998), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962).

When a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to the equitable claim, remains intact. *Curtis v. Loether*, 415 U.S. 189, 196 n.11, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1974). The right to a jury trial cannot be abridged by characterizing the legal claim as incidental to the equitable relief sought. *Tull v. United States*, 481 U.S. 412, 425, 95 L. Ed. 2d 365, 107 S. Ct. 1831 (1987). Generally, the legal claims should be heard before or contemporaneous with the equitable claim. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959).

Generally legal malpractice actions sound in tort and seek money damages. A jury trial is the normal rule. See *Anders S. Billing v. Ravin, Greenberg & Zackin*, P.A., 22 F.3d 1242, 1245 (3rd Cir. 1994), and *In the Matter of RDM Sports Group, Inc.*, 260 B.R. 915, (Bankr. N.D. Ga. 2001). Legal malpractice actions in Alaska state court are commonly tried to a jury. See *Griffith v. Taylor*, 12 P.3d 1163 (Alaska 2000), and *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20 (Alaska 1998). Thus any malpractice

---

claims are legal claims that are entitled to be tried to a jury. See *Curtis v. Loether*, 415 U.S. 189, 196, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1974), and *NSC Int'l Corp. v. Ryan*, 531 F. Supp. 362 (N.D. Ill. 1981)(treble damages under RICO).

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)

claims against George Goerig should be tried to a jury absent agreement of the parties to the contrary.

      To the extent that any RICO claims remain at trial, those RICO claims are subject to trial by jury. The right to a jury trial attaches to statutory rights that are analogous to common law causes of action. *See, e.g., Curtis v. Loether*, 415 U.S. 189, 193, 94 S. Ct. 1005, 39 L. Ed.2d 260 (1974). A civil conspiracy claim under the rubric of a RICO claim would be such a statutory right to which a jury trial attaches. *See, e.g., Iron Workers Local Union No. 17 Insurance Fund v. Philip Morris Inc.*, 29 F. Supp. 2d. 801, 814 n.35 (N.D. Ohio 1998), *NSC Int'l Corp. v. Ryan*, 531 F. Supp. 362 (N.D. Ill. 1981), and *In re Southern Industrial Banking Corp. v. FDIC*, 67 B.R. 399 (Bankr. E.D. Tenn. 1986).

      Finally, Lumbermens has a claim for injunctive relief, a claim that is now of little value, since almost all of the Maffei assets have been transferred to the Maffei Family Limited Partnership. Injunctive relief is commonly recognized as equitable relief for which there is no right to a trial by jury. *See, e.g., Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 278 (M.D. Fla. 2002).

*Lumbermens v. Maffei, et al.*
Case No.: 3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)
Page 6 of 8

DATED at Anchorage, Alaska, this 22nd day of August, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Plaintiff Lumbermens
        Mutual Casualty Company

By:  s/ Frank A. Pfiffner
      Frank A. Pfiffner
      3900 C Street, Suite 1001
      Anchorage, Alaska  99503
      Telephone: 907-274-7522
      Facsimile: 907-263-8320
      FAP@hbplaw.net
      ABA No. 7505032

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)

Page 7 of 8

Certificate of Service

I hereby certify that on August 22, 2006, a copy of the Memorandum Outlining Basis for a Jury Trial was served electronically on:

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska  99501-2033

Albert Maffei
8328 Lake Otis Parkway
Anchorage, Alaska  99507


s/ Frank A. Pfiffner

*Lumbermens v. Maffei, et al.*
Case No.:  3:03-cv-00262-JWS
Memorandum Outlining Basis for a Jury Trial
(8172-3/250457)