Albert Maffei, Esquire
LAW OFFICE, LLC
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone: (907) 277-2503
Facsimile: (907) 277-1239
e-mail: almaffei@alaska.net
Attorney for Defendants , Albert Maffei, Bonita Maffei,
Maffei Family Limited Partnership, Maffei, Inc. Profit
Sharing Trust

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. 3:03-cv-00262-JWS ) |
| vs. | ) ) |
| ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNER- SHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG, | ) ) ) ) ) |
| Defendants. | ) ) |

### REPLY MEMORANDUM TO
### PLAINTIFF'S MEMORANDUM OUTLINING BASIS FOR A JURY TRIAL

Lumbermens has filed a Memorandum Outlining Basis For A Jury Trial.

On page 2 of the memorandum, in the first full paragraph, Lumbermens

offers to obviate the complicated discussion of the jury trial issue by withdrawing the jury

Lumbermens Mutual Casualty Co. v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Reply Memorandum To Plaintiff's Memorandum Outlining
Basis For a Jury Trial

demand on all issues provided all defendants likewise agree to withdraw their jury demand as to all issues in the case.

The defendants, Albert Maffei, Bonita Maffei, Maffei, Inc. Profit Sharing Trust and the Maffei Family Limited Partnership all emphatically state that they will not join in any withdrawal of the jury demand and request a jury trial on all issues in the case.

The action is brought under the Alaska fraudulent conveyance statute, AS 34.40.010.

That statute is supplemented by AS 34.40.090 which states that the question of fraudulent intent in a case arising under the provisions of this Chapter is a question of fact and not of law.

The Alaska Supreme Court, in interpreting the two statutes in *Blumenstein v. Phillips Insurance Center, Inc.*, 490 P.2d 1213, 1218 (Alaska 1971), states as follows:

> … AS 34.40.010 provides that a conveyance of goods made with intent to hinder, delay or defraud creditors is invalid. This statute provides Alaska's basic prohibition against transactions in fraud of creditors. AS 34.40.090 complements the basic prohibition by providing that the existence of fraudulent intent is a question of fact. Thus, under normal circumstances, fraud will not be presumed. Schreyer v. Scott, 134 U.S. 405, 10 S.Ct. 579, 33 L. Ed. 955 (1890); Matheson v. Patenaude, 8 Alaska 238 (D. Alaska 1930).

Lumbermens Mutual Casualty Co. v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS
Reply Memorandum To Plaintiff's Memorandum Outlining
Basis For a Jury Trial

1    In a later case entitled *Denali Federal Credit Union v. Lange*, 924 P.2d

2    429, 431 (Alaska 1996), the Court decided that fraudulent conveyance cases must be tried

3    by a jury.

4    The facts in that case were that in May, 1985, Denali  filed a civil action

5    against William Lange.

6

7    In August, 1985, William Lange conveyed his interest in four properties to

8    his wife, Susanne Lange, for $10.00.

9    In November, 1985, William Lange, signed a confession of judgment for

10   $1,070,000.00, plus interest, in Denali's favor.

11   In February 1987, the Superior Court entered a judgment against William

12   Lange for $1,187,700.00.

13

14   In September, 1993, Denali moved for a writ of execution on the 1897

15   judgment against two properties William Lange had conveyed to his wife.  Denali alleged

16   the conveyance was fraudulent.  Susanne Lange moved for and was granted leave to

17   intervene.  She requested a jury trial on the question whether William Lange had any

18   remaining interest in the properties.  In discussing the fraudulent conveyance issue, the

19   Court, at page 431, stated as follows:

20

21   When a third party claims an interest in property against which a judgment
     creditor seeks to execute, the superior court must first determine the

22

23   Lumbermens Mutual Casualty Co. v. Albert Maffei, et al
     Case No. 3:03-cv-00262-JWS
24   Reply Memorandum To Plaintiff's Memorandum Outlining
     Basis For a Jury Trial
25

Page 3 of 6

1    interests of the third party claimant.  *See Keltner v. Curtis*, 695 P.2d 1076
2    N. 4 (Alaska 1985). . . .

3  At page 432, the Court further stated that:

4        . . . Susanne Lange argued that she, and not the judgment debtor, William
       Lange, owned the property against which Denali sought to execute.  In
5        response, Denali raised genuine issues of material fact regarding whether
       William Lange's conveyance to Susanne Lange was fraudulent.  *See*
6        *Burgess v. Burgess*, 710 P.2d 417, 421 (Alaska 1985) ('[A] Fraud is
       committed when one spouse, without consideration, transfers property to
7        the other in order to place the property beyond the reach of creditors.').
       The fraudulent conveyance issue should have been resolved before the
8        court ruled on Denali's motion. *Keltner*, 695 P.2d at 1079 n.4.
9
       The Court further, at page 432, stated as follows:
10
11       Furthermore, resolution of the fraudulent conveyance issue should have
       been by jury trial, since that is what Susanne Lange demanded.  *Cf.*
12       *Keltner*, 695 P.2d at 1079 ('[A] party to a proceeding adjudicating
       ownership of personal property should be entitled to a jury trial.')  A jury
13       trial demand, once made, may not be withdrawn without the consent of the
       other parties to the action.  Alaska R. Civ. P. 38(d); *see Hill v. Vetter*, 525
14       P.2d 529, 531 (Alaska 1974).  On remand absent such consent from
       Denali, the fraudulent conveyance issue must be tried by a jury.
15
16       At page 432 in the Conclusion, the Court denied the Denali's motion for
17
   writ of execution and provided that the case was remanded for a jury trial on the issue of
18
   whether William Lange's conveyance to Susanne Lange was fraudulent.
19
20       There is also support for the fact that the above Court should reference the
21  decisions of the courts of the state where the parties lived and the transactions took place.
22

1    See *Schreyer v. Scott*, 134 U.S. 405, 409, 10 S.Ct. 579, 33 L. Ed 955 decided March 24,

2    1890, at page 409, where the Court stated as follows:

3              . . . Obviously, very clear and direct testimony is essential to support an

4              adjudication that these various transfers  were fraudulent and void as
             against this subsequent creditor.  In determining the rules applicable to

5              such transactions reference should be had not only to the decisions of this
             court, but also to those of the courts of New York, where the parties lived

6              and the transactions took place.  *Allen v. Massey*, 17 Wall. 351: *Graham v.*

7              *Railroad Company*, 102 U.S. 148; *Wallace v. Penfield*, 106 U.S. 260, 263,
             264.

8

9              Having reviewed the memorandum of Lumbermens and reviewed the

10   principal case cited therein, *Granfinanciera, S.A. v. Nordberg*, 292 U.S. 33, 41, 106 L.

11   Ed. 2d 26, 109 S. Ct. 2782 (1989), it is clear that the parties are entitled to a jury trial on

12   all of the issues in this case.

13             In conclusion, the undersigned attorney for the defendants except for

14
     George Goerig respectfully contend that jury trial is not only allowed, but is required as a
15
     matter of law.
16
              Respectfully submitted  this 1st day of September, 2006.
17

18                                            LAW OFFICE, LLC

19                                             /s/ Albert Maffei
                                            Attorney for Defendants Albert
20                                            Maffei, Bonita Maffei, Maffei
                                            Family Limited Partnership and
21                                            Maffei, Inc. Profit Sharing Trust
                                            ABA No. 5311009
22
     Lumbermens Mutual Casualty Co. v. Albert Maffei, et al
23   Case No. 3:03-cv-00262-JWS
     Reply Memorandum To Plaintiff's Memorandum Outlining
24   Basis For a Jury Trial
25
                                     Page 5 of 6

1

2

<u>Certificate of Service</u>

3

    I hereby certify that on September 1,  2006, a copy of Reply Memorandum

4

To Plaintiff's Memorandum Outlining Basis For A Jury Trial was served electronically on:

5

6

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC

7

3900 C Street, Suite 1001
Anchorage, Alaska, 99503

8

9

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, P.C.

10

943 West 6th Avenue
Anchorage, Alaska, 99501

11

<u>/Albert Maffei</u>

12

13

14

15

16

17

18

19

20

21

22

23

Lumbermens Mutual Casualty Co. v. Albert Maffei, et al
Case No. 3:03-cv-00262-JWS

24

Reply Memorandum To Plaintiff's Memorandum Outlining
Basis For a Jury Trial

25

Page 6 of 6