IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>ALBERT MAFFEI, BONITA MAFFEI, )<br>MAFFEI FAMILY LIMITED )<br>PARTNERSHIP, MAFFEI, INC. )<br>PROFIT SHARING TRUST, and )<br>GEORGE E. GOERIG, )<br>)<br>          Defendants. )<br>_____) | Case No.: 3:03-cv-00262 JWS (JWS) |

## **RESPONSE TO PLAINTIFF'S MEMORANDUM OUTLINING BASIS FOR JURY TRIAL**

**INTRODUCTION**

On August 1, 2006, the court requested that plaintiff, Lumbermens Mutual Casualty Company ("Lumbermens"), file a memorandum outlining the basis for a jury trial. The court allowed ten days from the date of plaintiff's filing for defendants to file their response, if any. Defendant, George Goerig ("Goerig"), by and through his undersigned counsel, hereby submits his response to plaintiff's Memorandum Outlining Basis for Jury Trial.

Goerig and the Maffei defendants filed a demand for jury trial on December 1, 2003. Goerig agrees with Lumbermens

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.*; Case No. A03-0262 CV (JWS); Page 1 of 9

analysis outlining the basis for a jury trial on the various issues. However, Goerig requests the court to sever Goerig's trial, should it be necessary, from the trial of the Maffei defendants. This request should be granted based upon the holding under *Summers v. Hagen,* 852 P.2d 1165 (Alaska 1993), which limits Goerig's liability for potential damages to Lumbermens.

**DISCUSSION**

A separate trial is necessary to provide an expeditious and economical means for trying the issues against Goerig. Furthermore, a separate trial is needed to avoid any prejudice against defendant Goerig.

Federal Rule of Civil Procedure 42(b) states the court:

> In furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Rule 42(b) confers broad discretion upon the district court to order separate trials. *Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004); *see also Lis v.*

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.;* Case No. A03-0262 CV (JWS); Page 2 of 9

*Robert Packer Hospital,* 579 F.2d 819, 824 (3d Cir. 1978); *Gardco Mfg., Inc. v. Herst Lighting Co.,* 820 F.2d 1209, 1212 (Fed. Cir. 1987). When reviewing a district court's decision whether to sever a trial, the district court's decision is reviewed for an abuse of discretion. *Hangarter* at 1021. "In making such a decision, the court should consider whether separate trials would further judicial economy and avoid prejudice and confusion." *M2 Software, Inc., v. Madacy Entertainment,* 421 F.3d 1073, 1088 (9th Cir. 2005). "Rule 42(b) does not call for a bright-line test; rather, a factual and legal analysis of each case informs the court as to the propriety of separate trials." *Bowers v. Navistar Int'l Transp. Corp.,* 1993 U.S. Dist. LEXIS 6129 (S.D.N.Y. May 10, 1993).

One favored purpose of bifurcation under Rule 42(b) is to avoid a difficult question by first dealing with an easier, dispositive issue. *Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir. 1982); *see also Amato v. City of Saratoga Springs,* 170 F.3d 311, 316 (2d Cir. 1999)(holding that "bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue…or where one party will be prejudiced by evidence presented against another party."); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (2d ed. 1995)("If a single issue could

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.;* Case No. A03-0262 CV (JWS); Page 3 of 9

be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try the other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties.").

The crux of Lumbermens' case is based upon a claim that the Maffei defendants fraudulently conveyed their property into the Maffei Family Limited Partnership ("MFLP") with the assistance of Goerig. Lumbermens alleges these actions made it impossible for it to execute upon the Maffeis' property which had previously been pledged under the General Agreement of Indemnity.

The remedy provided for by the Fraudulent Conveyance Act, AS 34.40.010, states in part, a "conveyance…made with the intent to hinder, delay, or defraud creditors…is void." The Alaska Supreme Court in *Summers v. Hagen* expanded this remedy by allowing "one who has been legally harmed to recover damages from the party causing the harm where the existing equitable remedy of voiding the transfer is inadequate." *Summers v. Hagen,* 852 P.2d 1165, 1169 (Alaska 1993). Therefore, Lumbermens would be entitled to receive monetary damages from Goerig only if voiding the Maffeis' property transfers will not provide an adequate remedy.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.;* Case No. A03-0262 CV (JWS); Page 4 of 9

During Mr. Maffei's deposition, he indicated that certain properties currently in the MFLP are very valuable (in excess of one million dollars) and keep appreciating in value.[1] If Mr. Maffei is found liable for fraudulently conveying his property to the MFLP, it is certainly possible that unraveling the conveyances will provide an adequate remedy to Lumbermens, leaving Goerig free of any liability for damages.

A separate trial is necessary in order to ensure Goerig will not suffer any prejudice in the eyes of the jury, and that the parties do not waste time litigating issues that may not require litigation. As mentioned above, Lumbermens' claims rest almost entirely upon the premise that the Maffeis' property was fraudulently conveyed. There are additional issues that will require resolution. However, before the issue of Goerig's liability for aiding and abetting and conspiracy can be decided, the court must first determine whether the Maffeis are liable for fraudulently conveying their property to the MFLP. Until

---

[1] Mr. Maffei testified that he received a document for the tax assessed value of his condominium in Hawaii, which listed the assessed value at $652,300. He also testified that, "there are two units that are comparable that are up for sale now. One about – one's at 117 or 125, maybe about eight units away from us. It was originally up for $1,500,000 or $1,100,000. And they have now reduced the value to a $1,050,000. But it's been on the market now for about three or four months. And there's a unit right above us on the 6th floor, there's a one-bedroom unit. That's listed for $1,650,000, which has been on the market for a while." (Deposition of Albert Maffei, August 16, 2006, pp. 101-102).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.*; Case No. A03-0262 CV (JWS); Page 5 of 9

that threshold determination is made, the remaining claims should not be tried.

In order to prove participation in a fraudulent conveyance scheme, a plaintiff must establish: 1) an unlawful agreement; 2) the specific intent of each participant in the scheme to hinder, delay, and defraud a creditor of one who participated in the scheme; 3) acts committed pursuant to the unlawful agreement; and 4) damages caused by the acts committed pursuant to the unlawful agreement. *Summers v. Hagen*, 852 P.2d 1165, 1169-79 (Alaska 1993)(citing *McElhanon v. Hing*, 728 P.2d 256 (Ariz. App. 1985)). The *Summers* court held that, "if the fraudulent conveyance remedy, i.e., voiding the transfer as to the creditor, is adequate, the plaintiff is not entitled to damages. If voiding the transfer is inadequate, however, the plaintiff is entitled to damages equaling the lesser of the value of the property fraudulently transferred or the amount of the debt." *Id*.

The pertinent case law holds that Goerig would only be liable to Lumbermens under a fraudulent conveyance scheme if unraveling the conveyances would provide an inadequate remedy to Lumbermens. If this were the case, Goerig would only be liable for those damages equaling the lesser of the value of the property fraudulently transferred, or the amount of the debt.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.*; Case No. A03-0262 CV (JWS); Page 6 of 9

These issues would be more appropriately adjudicated in separate trials.

Accordingly, the court should sever the trial of the Maffei defendants from Goerig's trial.  In order for Goerig to be liable to Lumbermens for any amount of damages, two things must happen: 1) the Maffei defendants must be found liable for fraudulently conveying their property to escape liability to Lumbermens; <u>and</u> 2) the unraveling of the "fraudulent conveyances" must be determined to be an inadequate remedy to satisfy Lumbermens' judgment against the Maffeis.  Until these two conditions are met, Goerig would not be liable to Lumbermens per the holding in *Summers v. Hagen.*  Only after these points are answered in the affirmative should the proceedings against Goerig move forward.  If the above points are answered in the negative, further prosecution of Goerig is unnecessary.

## **CONCLUSION**

Trying the Maffei defendants and Goerig together would prove to be an inefficient use of the court's time and resources.  It is appropriate to sever the trials and try Goerig separately, if necessary.  Due to the fact that all of plaintiff's claims pertaining to Goerig's liability revolve around the underlying issue of whether there was a fraudulent

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.;* Case No. A03-0262 CV (JWS); Page 7 of 9

conveyance scheme, the appropriate course of action would be to try the claims against the Maffei defendants' first.

Goerig intends to file several dispositive motions with the court in the near future, and should the court grant those motions it would simplify the trial(s). However, regardless if the case proceeds with all claims or a reduced number of claims, it is appropriate for the court to exercise its discretion under Civil Rule 42(b) and sever the trials of the Maffei defendants from Goerig's trial.

DATED this 6th day of September, 2006, at Anchorage, Alaska.

                              DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
                              Attorneys for George E. Goerig

By: /s/ Michael C. Geraghty
    Michael C. Geraghty
    943 West 6th Avenue
    Anchorage, Alaska 99501
    Telephone: (907) 279-9574
    Fax: (907) 276-4231
    mgeraghty@dmgz.com
    ABA No. 7811097

By: /s/ Adolf V. Zeman
    Adolf V. Zeman
    943 West 6th Avenue
    Anchorage, Alaska 99501
    Telephone: (907) 279-9574
    Fax: (907) 276-4231
    azeman@dmgz.com
    ABA No. 0411082

DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, Alaska
99501-2033
(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.*; Case No. A03-0262 CV (JWS); Page 8 of 9

<u>Certificate of Service</u>

This is to certify that on this 6th day of September, 2006, a copy of the Responses to Plaintiff's Memorandum Outlining Basis for Jury Trial was served electronically on:

Frank Pfiffner, Esq.
Hughes Thorsness et. al.
550 W. 7th Ave., #1100
Anchorage, AK 99501-3563

Albert Maffei, Esq.
8328 Lake Otis Parkway
Anchorage, AK 99507

/s/ Annette R. Cartier

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____
(907) 279-9574

Doc. No. 105081
*Lumbermens v. Maffei et. al.;* Case No. A03-0262 CV (JWS); Page 9 of 9