# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| **LUMBERMENS MUTUAL CASUALTY INSURANCE COMPANY,** | ) ) ) | **3:03-cv-262 JWS** |
| **Plaintiff,** | ) ) | **ORDER AND OPINION** |
| **vs.** | ) ) ) | **[Re:  Motions at docs. 81, 83 & 89]** |
| **ALBERT MAFFEI; BONITA MAFFEI; MAFFEI FAMILY LIMITED PARTNER- SHIP; MAFFEI, INC. PROFIT SHARING TRUST; and GEORGE E. GOERIG,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 81 plaintiff Lumbermens Mutual Casualty Insurance Company ("Lumbermens") moves for an order compelling defendant Maffei Family Limited Partnership ("Partnership") to permit an appraiser to enter a condominium unit within the Lahaina Shores Project, located in Maui, Hawaii ("Lahaina property"), for the purpose of inspecting the property for appraisal.  At docket 83 Lumbermens moves for an order compelling defendants Albert Maffei ("Albert"), Bonita Maffei ("Bonita"), the Partnership, and Maffei, Inc. Profit Sharing Trust ("Trust") (collectively "Maffei Defendants") to respond to three interrogatories propounded by Lumbermens seeking information concerning the sale of two parcels of real property and the transfer of certain securities by Albert.  At docket 89 Lumbermens moves for an order compelling the Maffei Defendants to produce certain financial documents, including: (1) wills, trust agreements, power of attorney documents and estate planning documents for Albert

and Bonita; (2) documents identifying beneficiaries of and contributors to the Trust; (3) beneficiaries of and contributors to the Partnership and/or Albert; and (4) miscellaneous accounting documents.  The motions are opposed and have been fully briefed.  Oral argument would not assist the court in deciding the motions.

## II.  BACKGROUND

Albert, together with others not parties to this action, entered into an indemnity agreement related to certain contract payment and performance bonds for the benefit of Luciano Enterprises, LLC., under the terms of which Albert agreed to indemnify the bonding company, Lumbermens, for any loss that might arise out of the issuance of the bonds.  Luciano Enterprises defaulted on the project, and Lumbermens was required to honor the bonds.  Lumbermens sued the indemnitors and recovered a joint and several judgment in the amount of $1,577,738.72.[1]

In its amended complaint Lumbermens pled six claims for relief.[2]  In its first claim, it seeks to set aside as fraudulent under AS § 34.40.010 the conveyances of certain real and personal property owned by Albert and the conveyances of certain real and personal property jointly owned by Albert and Bonita.  The second claim alleges a conspiracy by all defendants to hinder, delay or defraud Albert's creditor, Lumbermens, through conveyance of real and personal property owned by Albert and jointly by Albert and Bonita, consummated by the conveyances alleged in the first claim.  Lumbermens' third claim asserts that the defendants aided and abetted one another in making the fraudulent conveyances alleged in the first claim for relief.  The fourth claim alleges that by participating in the alleged scheme to defraud creditors, defendant George Goerig committed malpractice.  The fifth claim is that defendants' conduct in the scheme of fraudulent conveyances constituted an enterprise under the Racketeer Influenced and

---

[1] *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al.*, Case No. A01-00309-CIV(JWS), Docket 213.

[2] Docket 30, Amended Complaint.

Corrupt Practices Act ("RICO").  Finally, the sixth claim asks the court to enjoin the defendants from further fraudulent conveyances.

## III.  STANDARD OF REVIEW

The broad scope of discovery permissible in federal district courts is set forth in FED. R. CIV. P. 26(b)(1):

> In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26 (b)(2)(I), (ii), and (iii).

As the Ninth Circuit has stated:[3]

> We start with the premise that pre-trial discovery is ordinarily accorded a broad and liberal treatment. If no claim of privilege applies, a non-party can be compelled to produce evidence regarding any matter relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence. This broad right of discovery is based on the general principle that litigants have a right to every man's evidence, and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.

## IV.  DISCUSSION

This litigation focuses on two questions:  Did Albert transfer certain assets to the Partnership or the Trust with the intent to defraud creditors?  Did Bonita, the Partnership, and the Trust conspire or otherwise join with and assist Albert in facilitating

---

[3] *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993) (internal quotation marks and citations omitted).

the transfer of the assets.[4]  Discovery requests which seek admissible information which would tend to answer either question or which are reasonably calculated to lead to such information fall within the scope of permissible discovery.

### A.  Motion at docket 81

The motion at docket 81 seeks to compel an inspection for the purpose of appraising the Lahaina property allegedly transferred by Albert to the Partnership.  It is based on an exchange of correspondence.  In a February 23, 2006 letter request to Albert, counsel for Lumbermens stated:[5]

> On behalf of Lumbermens, I am in the process of retaining a certified appraiser to conduct a fair market value appraisal of Unit 125 of the Lahaina Shores Condominium. The appraisal of this property is needed because the property is not subject to the direct jurisdiction of the United State District Court for the District of Alaska. If, for some reason, the property cannot be or is not transferred to Lumbermens when the court enters a judgment finding that the transfer of title from you to the Maffei Family limited Partnership was a fraudulent conveyance, the measure of damages against the defendants will be the current fair market value of the property. That value can best be established through the appraisal process.

Albert's response declined to make the Lahaina property available for inspection.

Albert's letter stated:[6]

> In [your] letter, you propose retaining a certified appraiser to appraise the Lahaina Shores condominium. The letter is addressed to me personally. First, I would remind you that I do not have title to that condominium. Therefore I am not able to give authorization

---

[4] Lumbermens also pled a RICO cause of action.  However, the RICO claim rests upon the fraudulent conveyance action—unless Lumbermens prevails on its fraudulent conveyance claims there is no predicate civil wrong to support the RICO claim.  Moreover, although the issue is not presently before the court, it is doubtful that Lumbermens has pled a proper RICO claim.  A civil RICO action based upon a civil conspiracy can only be maintained where the underlying act is tortious. *Beck v. Prupis*, 529 U.S. 494, 503–504 (2000).  A fraudulent conveyance under Alaska law sounds in equity, not in tort. *Summers v. Hagen*, 852 P.2d 1165, 1169–1170 (Alaska 1993).

[5] Docket 81-3, p. 7, Motion for Permission to Obtain Appraisal, Exh B-2, p. 1.

[6] Docket 81-3, p. 10, Motion for Permission to Obtain Appraisal, Exh B-3, p. 2.

and permission to conduct the appraisal. As you well know, the partnership owns the property; not myself. All I have is a limited partnership interest. Secondly, even if I were able to give the permission and authorization, I would not grant it. This is a blatant disregard of the status of the second case. Until and if you get a judgment in Lumbermens favor, that would be the time to address this matter. I would therefore advise you that you should not send an appraiser to the property without the partnership's consent, and I will so advise the management that if your appraiser approaches the property, that appraiser will be denied access until such time as you receive the consent from the proper party which is the Maffei Family Limited Partnership.

Albert's response is not well founded.  First, the correspondence from Lumbermen's counsel to Albert was addressed to him as counsel for the Partnership, not to Albert personally.[7]  In fact, Albert signed the response on behalf of Law Office, LLC, not in his personal capacity.  Second, contrary to the position taken by Albert on behalf of the Partnership, no judgment need be entered in this case.  The Partnership misreads *Summers v. Hagen*.[8]  The relevant time for valuing the property that cannot be re-conveyed is the date of the conveyance or the date that *the creditor reduces the debt to judgment*, whichever is later.[9]  The debt in question is the debt owed to the creditor by the transferor.  Lumbermens reduced the debt owed it by Albert to judgment on February 16, 2005.[10]  The date that judgment may be entered in this fraudulent conveyance action is irrelevant.

On the other hand, Lumbermen's treatment of the February correspondence as the basis for a motion to compel inspection ignores the rules intended to govern such discovery.  A party may serve on another party a request to permit entry upon land for

---

[7] The court concurs with Lumbermens that it would have been improper for counsel for Lumbermens to have contacted the Partnership or its general partner directly.

[8] 852 P.2d 1165 (Alaska 1993).

[9] *Id.*, 852 P.2d at 1170.

[10] *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al.*, Case No. A01-00309-CIV(JWS), Docket 213.

the purpose of inspecting it.[11/]  The request must specify a reasonable time, place, and manner for making the inspection and performing the related tasks.[12/]  Within 30 days, or such shorter or longer time as may be directed by the court or agreed to by the parties, the party upon whom the request is served must respond in writing as to whether the request will be permitted or an objection interposed.[13/]  "The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."[14/]

It is the March 29, 2006, Lumbermens' Rule 34 request to inspect the Lahaina property that might properly be used to support a motion to compel entry.  That request was served on counsel and stated that "[t]he property must be produced for entry by Lumbermens' retained expert by April 30, 2006,"[15/] and generally meets the requirements of Rule 34.  Yet, incredibly, the motion to compel and the Rule 34 request were actually made on the very same day.[16/]   As a result, when Lumbermens filed the motion no objection had yet been interposed and the time for complying with the second request had not yet lapsed.  The motion is, therefore, premature and procedurally deficient.  The motion at docket 81 must be denied, based on Lumbermens' failure to comply with the applicable rules.

**B.  Motion at docket 83**

At docket 83 Lumbermens seeks to compel a response to three interrogatories. On December 1, 2003, Lumbermens served Discovery Requests to Defendants Albert

---

[11/] FED. R. CIV. P. 34(a).

[12/] FED. R. CIV. P. 34(b).

[13/] *Id.*

[14/] *Id.*

[15/] Docket 88-2, Reply to Defendants' Response to Plaintiff's Motion for Permission to Obtain an Appraisal, Exh. A.

[16/] The motion was filed at docket 83 on March 29, 2006.  A copy of the Rule 34 request appears at docket 88-2 which shows that it was served on March 29, 2006.

Maffei, Bonita Maffei, the Maffei Family Limited Partnership, and the Maffei, Inc. Profit Sharing Trust, which included the following:

4.    Relative to the real property referenced in paragraphs 36 and 37 of the complaint, please provide the name of the buyer of the property, the date of sale, the amount of the sale price, and account for the disposition and/or present location of the sale proceeds.

5.    With regard to the real property referenced in paragraph 59 of the complaint, please state the purchase price for the property, the terms of the purchase, and the source of the money for the down-payment.

6.    Have you sold or liquidated any of the securities referenced in your March 2001 financial statement to First National Bank of Anchorage and as provided in the listing of securities provided to Lumbermens Mutual Casualty Company when the payment and performance bond were being obtained for the Cold Bay project? Is so, please state the date of sale or other disposition of the securities, the selling price, and account for the proceeds of the sale or other disposition of the securities.

In their initial response to the interrogatories on August 12, 2005, the Maffei Defendants agreed to provide the information requested by the interrogatories if Lumbermens and its attorneys would retain all information received confidentially, not disclose or distribute the responses to any other parties without permission of the defendants and/or order of the court, and agree to punishment for violation of their agreement to take such precautions.[17] On March 6, 2006, the court entered a protective order on the stipulation of the parties.[18] On the same date, counsel for Lumbermens notified Albert of the entry of the order and requested that the information be provided.[19] On March 20, 2006, Albert responded.[20]

You, on behalf of Lumbermens, have taken a position that prevents my production of those documents. In Plaintiffs Opposition To Defendants' Motion To Compel And For Sanctions, at page 8, you

---

[17] Docket 83-5, pp. 15–16, Motion to Compel Discovery Response, Exh. B, pp.15–16.

[18] Docket 77.

[19] Docket 83-10, Motion to Compel Discovery Response, Exh. G.

[20] Docket 83-11, Motion to Compel Discovery Response, Exh. H.

state: "The present action insofar as the present motion is
concerned, does not relate to Lumbermens' conduct or events that
occurred subsequent to November 21, 2001. Thus Darren Thomas
conduct after November 21, 2001 (Ex. A, Request For Production
No.2); disclosures and copies of the indemnity agreement produced
in the first case (Ex. A, Request for Production No.3); and Bruce
Dicksteins November 25, 2002, affidavit (Ex. A, Request for
Production No.4 and Interrogatory Nos. 6 and 7) simply are not
relevant to any issue in the pending litigation." You further state that
the documents are not relevant and have no bearing on any intent
that Maffei might have had or not had after November 21st.

Although I do not agree with your conclusions, if it is your practice
to withhold documents from me which occurred after November 21,
2001, then I am privileged to do likewise.

Therefore, pending the Court's review and order regarding
defendants' motion to dismiss, there will be no further production
unless ordered by the Court. The Court must make a determination
on what documents are relevant and which are not. Until then, I will
follow the precedent you have established.

The objection, which refuses a response, is contrary to the position initially taken
which conditioned a response only on procurement of a protective order which was
obtained.  Moreover, the objection was not raised until more than six months after the
initial response to the discovery requests.  The objection lacks merit, and even if it were
valid,[21] it is untimely and has been waived.[22]  The motion at docket 83 will be granted.

### C.  Motion at docket 89

In the motion at docket 89 Lumbermens requests the court to compel the Maffei
Defendants to produce numerous financial documents.  On February 16, 2006,
Lumbermens served its third discovery requests on the Maffei Defendants containing 28
requests for the production of financial documents.[23]  The Maffei Defendants interposed

---

[21] The court does not consider "tit-for-tat" objections to discovery to be legitimate
objections.  If the opposing party is recalcitrant in responding to discovery requests, the rules
provide a mechanism for compelling responses and/or imposing sanctions.  The rules do not
authorize one party to withhold discoverable material in retaliation for the opposing party's
withholding of discoverable material.

[22] *See Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court, supra.*

[23] Docket 89-4, Motion to Compel Discovery Responses, Exh. A.

objections to most of those requests on the grounds of relevancy.[24]  Lumbermens
seeks to compel production in response to the seventeen requests to which an
objection was interposed and not resolved by the parties.

The disputed requests may be divided into two sets.  Requests 10 to 13,
inclusive, seek information concerning the Trust; specifically the identity and financial
interests of each beneficiary and all financial transactions between the Trust and any
other person from January 1, 1995, to the present.  Requests 16 to 28, inclusive, seek
information concerning the Partnership; specifically, concerning the transfers of
property, cash, loans, withdrawals, and other financial transactions between the
Partnership and any other person, and the income or earnings of the Partnership.  The
requests cover two periods of time: one beginning on November 21, 2001, and one
beginning September 20, 2005, the date the charging order was entered.[25]

To establish relevancy, Lumbermens relies on the obligation of Albert under the
General Indemnity Agreement ("GIA") to provide substantial financial information.
Lumbermens' reliance is misplaced for two reasons: (1) it was the obligation of Albert,
not the Partnership or the Trust; and (2) whatever obligations Albert had under the GIA
merged in the judgment and the rights of Lumbermens upon the judgment were
substituted for the rights under the GIA.[26]

Transactions between Albert and the Partnership or the Trust are clearly relevant
to the basic subject matter of this action–whether Albert fraudulently conveyed assets to
the Trust or the Partnership with the intent to defraud creditors.  Also clearly relevant is

---

[24] Although the motion purports to quote the objections verbatim, it does not refer to the
document from which the quote is derived, nor is the document attached as an exhibit.  Counsel
for Lumbermens is reminded that statements by counsel in briefs or memoranda are not
evidence. *See Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir.1974) (*per curiam*).
The motion did, however, have attached a copy of correspondence from Albert in which he
reiterated the general objection of irrelevancy.

[25] The Requests do not identify the charging order but the court presumes that it is the
Charging Order entered by this court in *Lumbermens Mutual Casualty Co. v. Luciano
Enterprises, LLC, et al.*, Case No. A01-00309-CIV(JWS), Docket 263.

[26] RESTATEMENT (SECOND) OF JUDGMENTS, § 18, cmt. a. (1982).

whether the Trust and/or the Partnership had knowledge of Albert's intent. However, the requests propounded by Lumbermens go far beyond those issues. Lumbermens argues, however, that a fraudulent conveyance does not end when an individual first conveys the asset, but continues when the transferee divests itself of the assets transferred. The court agrees that information which relates to tracing the property which was allegedly fraudulently transferred is within the scope of discoverable materials. However, the requests also go far beyond that objective also.

Several of the requests concerning transactions occurring after September 20, 2005, *i.e.*, 17, 19, 20, 21, 22, 23, and 24, appear to be attempts to circumvent the court's denial of Lumbermens' request that the Charging Order in *Lumbermens Mutual Casualty Co. v. Luciano Enterprises, LLC, et al.*, Case No. A01-00309-CIV(JWS)[27] contain a requirement for periodic financial reports. While the scope of the Charging Order does not preclude discovery in this case, discovery in this case must be relevant to the issues here. The arguments advanced by Lumbermens in its motion do not establish the relevance of the broad requests for discovery it has made.[28]

A complete response to the very broad requests likely would include information that might lead to the discovery of admissible evidence, *i.e.*, concerning transactions between Albert and the Partnership and/or the Trust. On the other hand, the requests for production as propounded sweep so broadly as to demand information that would not be relevant. The requests as drafted are so broad that they cannot be enforced. On the other hand, it appears that the only objection made to the requests is relevance, and the information sought regarding transactions with Albert is relevant within the meaning of the rules governing discovery.

Under the circumstances, the court concludes that the appropriate disposition of the motion is to order defendants to produce that information which shows or relates to

---

[27] If Lumbermens has cause to believe that the Partnership is circumventing the Charging Order, the appropriate avenue for relief is in connection with that order, not this case.

[28] In its reply Lumbermens raises additional arguments regarding relevancy to the issues in this case. The court does not ordinarily address matters raised for the first time in a reply memorandum and Lumbermens provides no reason for the court to depart from that rule.

any event or transaction as to which Albert was an actor or party and to otherwise deny the motion.

## V. CONCLUSION

For the reasons set out above, Lumbermens' Motion for Permission to Obtain Appraisal at docket 81 is **DENIED**; Lumbermens' Motion to Compel Discovery Response at docket 83 is **GRANTED**; and Lumbermens' Motion to Compel Discovery Responses at docket 89 is **GRANTED** in part and **DENIED** in part, and

**IT IS FURTHER ORDERED**:  Within 20 days of the date of the entry of this order defendants Albert Maffei, Bonita Maffei ("Bonita"), the Maffei Family Limited Partnership, and Maffei, Inc. Profit Sharing Trust must answer Interrogatories 4, 5, and 6 of the December 1, 2003 Discovery Requests to Defendants Albert Maffei, Bonita Maffei, the Maffei Family Limited Partnership, and the Maffei, Inc. Profit Sharing Trust and shall respond to Request for Production Nos. 10-13 and 16-28 but only to the extent of providing information which shows or concerns events or transactions to which Albert Maffei was one of the actors or parties.

Given the disposition of the motions, it appears to the court that it would be inappropriate to award fees and costs to any of the parties, but any party which genuinely believes that it is entitled to an award of costs and fees sufficient to justify

further motion practice may make a motion seeking the same within 7 days from the date of this order.[29/]

      DATED at Anchorage, Alaska, this 20th day of September 2006.


                                    _____/s/_____
                                      JOHN W. SEDWICK
                                UNITED STATES DISTRICT JUDGE

---

[29/] Fed. R. Civ. P. 37(a)(4)(C).